# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEAVAN BERRY and BENJAMIN WECHSLER ) on behalf of themselves and similarly ) situated employees, ) ) Plaintiffs, ) ) v. ) ) AMERICAN INCOME LIFE ) INSURANCE COMPANY, ) ) Defendant. ) | Civil Action No. 20-110 Magistrate Judge Lenihan ECF Nos. 18 & 31 |

## MEMORANDUM OPINION

Presently before the court are the Motions to Compel Arbitration (ECF Nos. 18 & 31) filed by Defendant American Income Life Insurance Company. For the reasons that follow, the Motions will be granted, and all further proceedings stayed pending the outcome of arbitration.

## FACTS

Plaintiffs Deavan Berry and Benjamin Wechsler ("Plaintiffs") file this putative collective and class action Complaint against Defendant American Income Life Insurance Company ("Defendant" or "AIL") alleging wage claims under the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act ("PMWA"), and the Pennsylvania Wage Payment and Collection Law ("WPCL") on behalf of themselves and similarly situated employees.

The relevant facts as set out by Plaintiffs in their consolidated responsive brief (ECF No. 34) are as follows:

> The named Plaintiffs . . ., as well as any and all opt-in Plaintiffs, were employed as insurance producers for Defendant and paid on commission. They all worked at Defendant's . . . Wexford, PA 15090 location. Upon hire, Plaintiffs were required to enter into an "Agent Contract" with Defendant. *See* Exhibit 1. The Agent Contract states, "The Agent is not an employee of the

> Company; rather, the agent is an independent contractor. The agent has no fixed hours and is free to choose the time and manner in which services are performed." *Id.*
>
> However, Plaintiffs and similarly situated employees' relationship with Defendant followed the normal path of an employee, not an independent contractor. Defendant regulated its agents' schedules, requiring off-site sales meetings with potential buyers to occur at certain times and days of the week as well as in-office sales meetings and calls to occur at certain times and days of the week. Agents were discouraged from holding other jobs while working for Defendants[sic]. Defendants[sic] controlled the products Plaintiffs and similarly situated employees were allowed to sell. Defendants[sic] trained Plaintiffs and similarly situated employees in Defendant's standard sales policies and practices and required Plaintiffs and other workers to adhere to those policies and practices. The duties performed by all Plaintiffs were integral to Defendant's business. Additionally, Defendant did not negotiate distinct business agreements with each agent; rather, Defendant dictated standard terms for all agents. All of this goes directly against Plaintiff's [sic] being independent contractors with no fixed hours and being free to choose the time and manner in which services are performed as stated in the Agent Agreement.

Plaintiffs' Opposition Brief to Defendant's Motion to Compel. ECF No. 34 at 5. Plaintiffs conclude that Defendant intentionally defrauded employees regarding their work schedules to entice them to work for less money than they were entitled. Plaintiffs seek rescission of the Agent Contract, thereby rendering the Arbitration Agreement unenforceable. ECF No. 34 at 6.

**LEGAL STANDARD AND APPLICABLE LAW FOR MOTION TO COMPEL**

In *Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764, 771 (3d Cir. 2013), the court of appeals clarified which standard of review should be applied in evaluating motions to compel arbitration:

> [W]hen it is apparent, based on "the face of a complaint, and documents relied upon in the complaint," that certain of a party's claims "are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay." *Somerset [Consulting, LLC v. United Capital Lenders, LLC]*, 832 F. Supp.2d [474] at 482 [E.D. Pa. 2011]. But if the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts

2

> sufficient to place the agreement to arbitrate in issue, then "the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question." *Id*. After limited discovery, the court may entertain a renewed motion to compel arbitration, this time judging the motion under a summary judgment standard. In the event that summary judgment is not warranted because "the party opposing arbitration can demonstrate, by means of citations to the record," that there is "a genuine dispute as to the enforceability of the arbitration clause," the "court may then proceed summarily to a trial regarding 'the making of the arbitration agreement or the failure, neglect, or refusal to perform the same,' as Section 4 of the FAA envisions." *Id.* (quoting 9 U.S.C. § 4).

*Id.* at 776.

In the instant matter, the Complaint contains allegations suggesting that the stated claims may be subject to an enforceable arbitration agreement. *See* Agent Contract attached to the Complaint at ECF No. 1-4. Thus, the Rule 12(b)(6) standard is applicable here.

When applying the standard for a motion to dismiss for failure to state a claim to a motion to compel arbitration, the court considers "only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *HealthplanCRM, LLC v. AvMed, Inc*., 2:19-cv-1357-NR, 2020 WL 2028261, at *5 (W.D. Pa. April 28, 2020) (internal quotations and citations omitted). The court will accept the factual allegations of the complaint as true and "consider the substance of the contracts that ostensibly compel arbitration." *Id.* (internal citation omitted). If an agreement to arbitrate appears from the face of the complaint or the documents relied upon in the complaint, a district court should grant a motion to compel arbitration. *See id*.

Moreover, the Federal Arbitration Act ("FAA") "establishes a strong federal policy in favor of the resolution of disputes through arbitration." *Alexander v. Anthony Int'l, L.P.*, 341 F.3d 256, 263 (3d Cir. 2003) (citation omitted). Under the FAA, a "party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition

3

any United States District Court . . . for an Order directing that such arbitration proceed in the manner provided in the agreement." *Grimm v. First Nat'l Bank of Pa.*, 578 F. Supp.2d 785, 791 (W.D. Pa. 2008) (citing 9 U.S.C. § 4).  If the Court "is satisfied that the issue before it is referable to arbitration, upon application of one of the parties," the Court "shall stay its proceedings until the arbitration has been had in accordance with the terms of the agreement." *Id.* at 791-92 (citing 9 U.S.C. § 3).

Under the FAA, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *DCK N. Am., LLC v. Burns & Roe Servs. Corp.*, 218 F. Supp.3d 465, 471 (W.D.Pa. 2016) (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002)).  Thus, before compelling arbitration under the FAA, courts must resolve two threshold issues: (1) whether the parties entered into a valid agreement to arbitrate; and (2) whether the particular dispute falls within the scope of that agreement. *Kirleis v. Dickie, McCamey & Chilcote, P.C.,* 560 F.3d 156, 160 (3d Cir. 2009).

In determining whether the parties have agreed to arbitrate, courts apply "ordinary state-law principles that govern the formation of contracts" generally. *Century Indem. Co. v. Certain Underwriters at Lloyd's London*, 584 F.3d 513, 524 (3d Cir. 2009) (citations omitted).  Once a court has found that there is a valid agreement to arbitrate, the determination of whether the particular dispute falls within the scope of that agreement is a matter of federal law. *Id.* In deciding whether a dispute falls within the scope of the arbitration agreement, a presumption of arbitrability applies. *Id.*  That is, "an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Id.* (quoting *AT&T Techs., Inc. v. Comm'ns Workers*, 475 U.S. 643, 650 (1986)); *see also Kirleis*, 560 F.3d at 160.

4

**ANALYSIS**

In support of the Motions to Compel Arbitration and for a stay of this civil action, Defendant argues that because the Arbitration Agreement between Plaintiffs and Defendant is valid, and because Plaintiffs' individual claims fall within the scope of the Agreement, this Court should compel arbitration and stay the case. Plaintiffs respond: 1) that the Arbitration Clause is invalid because the Agent Contract was induced by fraud, and 2) the Arbitration Clause does not survive the termination of the Agent Agreement.

Here, the Plaintiffs entered into the Agent Contract with Defendant and agreed to sell AIL insurance products. See Agent Contract, ECF No. 1-4. The Agent Contract contains a two-paragraph Arbitration section which provides in relevant part as follows:

> In the event of any dispute or disagreement, whether arising out of or relating to this Contract or otherwise, that is not subject to or resolved by the grievance process set forth in the operative union agreement between the Company's State General Agents, the Company and OPEIU Local 277, the Parties to the dispute shall use their best efforts to settle such disputes. . . .
>
> If the Parties do not reach a just solution by negotiation as described above, then upon written notice by one Party to another, *all disputes, claims, questions and controversies of any kind or nature arising out of or relating to this Contract, any alleged violation of any state or federal statute, regulation, law or order of any kind, and/or the agent's relationship as an independent contractor and not an employee (including, without limitation, claims for wrongful termination, discrimination, wage-and-hour violations, or any other claim based on an alleged employment relationship), . . . shall be submitted to binding arbitration under the substantive rules of the Federal Arbitration Act ("FAA") . . .* Arbitration shall be on an individual, not a class, collective, representative, or private attorney general basis.

Agent Contract, ECF No. 1-4 at 3 (emphasis added).

Plaintiffs here, however, do not argue that the arbitration provision itself is invalid. Nor do they argue that the dispute at bar does not fall within the language of the arbitration provision.

5

Instead, Plaintiffs argue that the Agent Contract was induced by fraud and therefore, should be rescinded, thereby rendering the arbitration provision unenforceable.

The United States Supreme Court has specifically rejected this argument. In *Buckeye Check Cashing, Inc. v. Cardegna*, the United States Supreme Court held that a challenge to the validity of a contract as a whole, rather than to the arbitration clause itself, must be decided by the arbitrator. 546 U.S. 440, 445-46 (2006) (discussing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967) (claim of fraud in the inducement of the entire contract is for the arbitrator; but "if the claim is fraud in the inducement of the arbitration clause itself—an issue which goes to the making of the agreement to arbitrate—the federal court may proceed to adjudicate it.") *See also Bertram v. Beneficial Consumer Disc. Co.*, 286 F. Supp.2d 453, 457 (M.D. Pa. 2003) (citing *Prima Paint Corp.*, 388 U.S. at 403-04 ("[T]he court may decline to enforce an arbitration clause only when the making of the clause itself, not merely the making of the contract as a whole, is disputed.")). Here, the Plaintiffs complain of fraud in the inducement of the contract generally, and not as to the arbitration clause itself. Therefore, "unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance." *Buckeye Check Cashing, Inc.*, 546 U.S. at 445-46.[1]

Plaintiffs' second argument in opposition to Defendant's Motions to Compel is that even if the Agent Agreement is valid, it was terminated at the end of Plaintiffs' employment, and

---

[1] Unlike *MZM Construction Co, Inc. v. New Jersey Building Laborers Statewide Benefit Funds*, Nos. 18-379 & 19-3102, 2020 WL 5509703 (3d Cir. Sept. 14, 2020), Plaintiffs here are arguing fraud in the inducement and seek to rescind the contract that admittedly existed. Plaintiffs' Brief in Opposition to Motion to Compel, ECF No. 34 at 6. In *MZM Construction*, the formation of the contract containing the relevant arbitration provision was at issue. *MZM Construction*, 2020 WL 5509703 at *1. *See also Sandvik AB v. Advent Intern. Corp.*, 220 F.3d 99, 107 (3d Cir. 2000) ("[W]e draw a distinction between contracts that are asserted to be 'void' or non-existent, . . . and those that are merely 'voidable,' as was the contract at issue in *Prima Paint* . . . .") As noted by the court in *MZM Construction*, "a claim of fraud in the inducement *of the container contract* is for the arbitrator." *MZM Construction*, 2020 WL 5509703, at *6 (citing *Prima Paint Corp.*, 388 U.S. at 403-04)(emphasis in original).

therefore, the arbitration provision was also terminated.  The arbitration clause, however, anticipates that certain challenges could be brought post-employment against Defendant:

> all disputes, claims, questions and controversies *of any kind or nature arising out of or relating to this Contract*, any alleged violation of any state or federal statute, regulation, law or order of any kind, and/or the agent's relationship as an independent contractor and not an employee *(including, without limitation, claims for wrongful termination, discrimination, wage-and-hour violations, or any other claim based on an alleged employment relationship)*, . . . shall be submitted to binding arbitration under the substantive rules of the Federal Arbitration Act ("FAA") . . .

Agent Contract, ECF No. 1-4 at 3 (emphasis added).  For example, a claim for wrongful termination would arise out of, or relate to, the Agent Contract but only after the termination of the Agent Agreement.  Moreover, there is a presumption than an arbitration agreement survives a contract's termination unless the parties clearly indicate otherwise.  *See Litton Fin. Printing v. NLRB*, 501 U.S. 190, 204 (1991).  *See also Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.,* 26 F.3d 375, 400 (3d Cir. 1994) ("postexpiration grievance is subject to arbitration if the grievance 'involves facts and occurrences that arose before expiration'") (quoting *Litton Fin. Printing,* 501 U.S. at 204).  Here, Plaintiffs' claims relate to "facts and occurrences that arose" before Plaintiffs' relationship with Defendant expired.  *See id.* Moreover, the Agent Agreement does not indicate that the arbitration clause does not survive the termination of the Agent Agreement.  Therefore, this Court is unpersuaded by Plaintiffs' argument that the arbitration provisions of the Agent Agreement did not survive the termination of Plaintiffs' relationship with Defendant.

**CONCLUSION**

For the reasons discussed above, the Motions to Compel Arbitration (ECF Nos. 18 & 31) filed by Defendant American Income Life Insurance Company will be granted.

An appropriate Order will follow.

Dated: September 20, 2020

                                                **BY THE COURT**

                                                Lisa Pupo Lenihan
                                                UNITED STATES MAGISTRATE JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEAVAN BERRY and BENJAMIN WECHSLER on behalf of themselves and similarly situated employees,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN INCOME LIFE INSURANCE COMPANY,<br><br>Defendant. | Civil Action No. 20-110<br><br>Magistrate Judge Lenihan<br><br>ECF Nos. 18 & 31 |

## ORDER

**AND NOW,** this 20th day of September 2020, it is hereby **ORDERED** that the Motions to Compel Arbitration (ECF Nos. 18 & 31) filed by Defendant American Income Life Insurance Company are **GRANTED**.

**IT IS FURTHER ORDERED** that all further proceedings are **STAYED** pending the outcome of arbitration.

BY THE COURT

_____
Lisa Pupo Lenihan
UNITED STATES MAGISTRATE JUDGE