IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RENEE ZINSKY, | Civil Action No. 2:22-cv-547-MJH |
| Plaintiff, | |
| vs. | ELECTRONICALLY FILED |
| MICHAEL RUSSIN, RUSSIN FINANCIAL, RUSSIN GROUP, SIMON ARIAS, III, ARIAS AGENCIES, S.A. ARIAS HOLDINGS, LLC, AMERICAN INCOME LIFE INSURANCE COMPANY, | |
| | JURY TRIAL DEMANDED |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION OF SIMON ARIAS, III, ARIAS AGENCIES, S.A. ARIAS HOLDINGS, LLC,
TO JOIN AMERICAN INCOME LIFE INSURANCE COMPANY'S
MOTION TO COMPEL ARBITRATION AND STAY THE CASE**

1. INTRODUCTION

As set forth in American Income Life Insurance Company's Motion to Compel Arbitration and Stay the Case ("Motion") and its associated Memorandum of Law in Support, Plaintiff Renee Zinsky ("Plaintiff") should be required to arbitrate the claims alleged in her Amended Complaint. All of Plaintiff's claims are subject to the arbitration clause contained in her independent contractor agreement ("Agent Contract") with American Income Life Insurance Company ("AIL"). The arbitration clause is valid and binding and is enforceable under the Federal Arbitration Act ("FAA").

Simon Arias, III ("Simon Arias" or "Mr. Arias"), as the State General Agent ("SGA"), is expressly included as a party to the arbitration clause, and a signatory to the Agent Contract. (Mot.

To Compel Arb., Gamble Decl., Ex. 1; Amd. Compl., Ex. A at 4.) By extension, Arias Agencies[1] and S.A. Arias Holdings, LLC, which are owned and operated by Simon Arias (as a means of conducting business as an SGA) are intended beneficiaries of the arbitration clause. (*See* Arias Decl.; Amd. Compl., ¶¶ 20, 26, 27.)  The arbitration clause provides, in part, that all claims related to Plaintiff's Agent Contract are subject to arbitration. (Amd. Compl., Ex. A at 4.)  Because all claims Plaintiff asserts against Simon Arias, Arias Agencies, and S.A. Arias Holdings, LLC (collectively, "Arias Defendants") are related to or intertwine with her independent contractor relationship and related issues arising out of or relating to her Agent Contract—signed by AIL and the SGA—the Arias Defendants move to join AIL's Motion to compel Plaintiff to arbitrate her claims and to stay these proceedings as provided in the FAA.  9 U.S.C. § 3.

2.    ADDITIONAL FACTS

The underlying facts are summarized in AIL's Memorandum of Law.  The following additional facts are provided to establish that the Arias Defendants are entitled to have Plaintiff's claims against them arbitrated and the case against them stayed.

Simon Arias is an SGA for AIL. (Arias Decl. ¶ 3.)  In connection with his business as an SGA, Mr. Arias owns and operates Arias Agencies, LLC[2] and S.A. Arias Holdings, LLC. (Arias Decl. ¶¶ 4, 7-8; Amd. Compl. ¶ 13.)   Arias Agencies, LLC, is the business through which Mr. Arias operates as an SGA. (Arias Decl. ¶ 4.)  S.A. Arias Holdings, LLC, is the entity that owns or leases properties for use by Arias Agencies, LLC. (Arias Decl. ¶ 8.)  There is no corporate distinction between Arias Agencies and S.A. Arias Holdings, LLC, or, for that matter, among Simon Arias, Arias Agencies, and S.A. Arias Holdings, LLC. (*See* Amd. Compl., ¶¶ 13, 18, 20.)

---

[1] The correct name of the entity is Arias Agencies, LLC. (Arias Exhibit A, Declaration of Simon Arias ("Arias Decl."), ¶ 4.)
[2] Identified in the Amended Complaint as "Arias Agencies." (Amd. Compl., Caption.)

Arias Agencies, and S.A. Arias Holdings, LLC, exist as part of Mr. Arias' independent contractor business, through which Arias engages in the independently-licensed work of selling AIL insurance products.

At all times relevant to her claims, Plaintiff was subject to the Agent Contract with AIL. (Mot. To Compel Arb., Gamble Decl., Ex. 1; Amd. Compl., ¶¶ 21-23.) Mr. Arias, as the SGA, was a signatory to Plaintiff's Agent Contract. (Mot. To Compel Arb., Gamble Decl., Ex. 1.) The parties to the arbitration clause of the Agent Contract included Plaintiff (Agent), AIL (Company), and Simon Arias (SGA). (Mot. To Compel Arb., Gamble Decl., Ex. 1.) The arbitration clause provides, *inter alia*, as follows:

> [A]ll disputes, claims, questions and controversies of any kind or nature arising out of or relating to this [Agent Agreement], any alleged violation of any state or federal statute, regulation, law or order of any kind, and/or the agent's relationship as an independent contractor and not an employee (including, without limitation, claims for wrongful termination, discrimination, wage-and-hour violations, or any other claim based on an alleged employment relationship), regardless of whether they are brought by or against the Company, the Agent, or the State General Agent…shall be submitted to binding arbitration under the substantive rules of the Federal Arbitration Act ("FAA")….

(Amd. Compl., Ex. A; Mot. To Compel Arb., Gamble Decl., Ex. 1.)

Plaintiff has alleged that she was engaged[3] by named Defendants (which she refers to collectively as "Corporate Defendants") to sell life insurance (Amd. Compl., ¶¶ 18, 20-21.) As of August 2021, Plaintiff began reporting directly to Mr. Arias, who, as stated above, was the owner

---

[3] Plaintiff uses the term "employment." (Amd. Compl., Sec. B.) Simon Arias, Arias Agencies, and Arias Holdings, LLC deny that she was employee of any of them. As set forth in the Agent Contract attached to her Amended Complaint, Plaintiff was an independent contractor. (Amd. Compl., Ex. A.) Therefore, for purposes of this Memorandum, the term "engaged" rather than "employed" will be used.

3

and operator of Arias Agencies and S.A. Arias Holdings, LLC. (Arias Decl. ¶¶ 4, 7-8; Amd. Compl., ¶¶ 13, 23.)

Despite the arbitration clause in her Agent Contract, Plaintiff filed suit against the Arias Defendants (among others). The Amended Complaint established that Plaintiff considers Arias Agencies and S.A. Arias Holdings, LLC, as extensions of Mr. Arias acting in his capacity as an SGA. Plaintiff's Amended Complaint makes no distinction among the Arias Defendants, contains no factual allegations about specific and separate conduct by each Arias Defendant, and uses different Arias Defendants interchangeably. *See, e.g.*, Amd. Compl. Count VII (seeking to rescind contract and naming Arias Agencies and S.A. Arias Holdings, even though Mr. Arias is the express signatory). In short, Plaintiff treats all Arias Defendants as if they were an extension of Simon Arias, the SGA and a signatory to her Agent Contract. (*See* Amd. Compl. Ex. A.) Furthermore, all causes of action asserted by Plaintiff against the Arias Defendants (jointly or separately) are

> disputes, claims, questions and controversies alleged violation of any state or federal statute, regulation, law or order…and/or the agent's relationship as an independent contractor and not an employee (including, without limitation, claims for wrongful termination, discrimination, wage-and-hour violations, or any other claim based on an alleged employment relationship) brought … against …the State General Agent [SGA]…[subject to] binding arbitration under the substantive rules of the Federal Arbitration Act ("FAA")….

(Amd. Compl. Ex. A.) Thus, Plaintiff's claims are subject to binding arbitration. Additionally, all of Plaintiff's claims arise out of her independent contractor relationship with AIL and with Mr. Arias, the SGA. By extension, because Arias Agencies and S.A. Arias Holdings are treated as corporate affiliates of Mr. Arias as a signatory to the Agent Contract, Arias Agencies and S.A. Arias Holdings, LLC, are intended beneficiaries of the Agent Contract, including its broad arbitration provisions. (*See* Arias Decl. ¶¶ 4, 7-8; Amd. Compl., ¶¶ 13, 23.) Therefore, the Arias

4

Defendants, join AIL (as set forth at length in its Motion and supporting Memorandum of Law) in its Motion to Compel Arbitration and Stay the Case.

3. ARGUMENT

    A. *Plaintiff's Claims are Subject to Binding Arbitration.*

If a court determines that the parties have a valid arbitration agreement, the court is required to send the case to arbitration and stay the proceedings. 9 U.S.C. § 3. If there is a valid arbitration agreement, the court should order the matter to be arbitrated without reviewing the merits of the case. *See Gay v. CreditInform*, 511 F.3d 369, 386 (3d Cir. 2007)(citing *Great W. Mortgage Corp. v. Peacock*, 110 F.3d 222, 228 (3d Cir.1997)(additional citations omitted)).

As explained in detail in the Memorandum of Law of AIL, Plaintiff entered into a valid agreement providing for the arbitration of claims arising out of or related to her engagement as an independent contractor sales agent. (AIL Mem. Law at 6-11.) Plaintiff included the Agent Contract as an exhibit to her Amended Complaint. The claims asserted by Plaintiff are the types of claims contemplated by the broad arbitration clause in the Agent Contract. (Amd. Compl., Ex. A; AIL Mem. Law at 11-14.) The claims asserted by Plaintiff against the Arias Defendants collectively and/or individually – FLSA, PMWA, PWPCL, unjust enrichment, breach of contract, intentional infliction of emotional distress, negligent hiring, retention, and supervision and vicarious liability/respondeat superior – are all claims arising out of her contractual relationship with AIL and its SGA, Simon Arias. As stated in AIL's Memorandum of Law,

> numerous federal courts—including most recently, the Western District of Pennsylvania—have enforced AIL's arbitration agreement against a variety of claims and granted AIL's motions to compel arbitration. *Berry et al v. American Income Life Insurance Company*, 2:20-CV-00110 (W.D. Pa. Sept. 20, 2020) ("*Berry*") (attached hereto as Dana Decl. Ex. 1) (compelling arbitration of federal and state wage-and-hour claims, unjust enrichment, and declaratory relief in the form of rescission of the agent contract).

5

(AIL Mem. Law at 1-2.)  This Court should reach the same conclusion.

Granting a motion to compel arbitration is appropriate "[i]f the existence of an agreement to arbitrate is 'apparent on the face of [the] complaint [or the] ... documents relied upon in the complaint….'" *HealthplanCRM, LLC v. AvMed, Inc.*, 458 F.Supp.3d 308 (W.D.Pa. 2020)(citing *Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764, 773-74 (3d Cir. 2013)).  Here, there is no doubt that an agreement to arbitrate existed.  The document containing the arbitration clause, which Plaintiff admits she signed, was attached as an exhibit to Plaintiff's Amended Complaint.  (Amd. Compl. ¶¶ 26-27, Ex. A.)  Furthermore, as well-explained in AIL's Memorandum of Law, the agreement is valid.  (AIL Mem. Law at 9-11.)  Under these facts, compelling arbitration is appropriate.  Therefore, the Arias Defendants join AIL in asking this Court to compel arbitration.

> B. *Because Plaintiff's Claims Against Nonsignatories Arias Agencies and S.A. Arias Holdings, LLC, are Intertwined with Plaintiff's Claims Against Signatories, Claims Against Arias Agencies and S.A. Arias Holdings, LLC Should be Arbitrated*.

"[A]n arbitration clause can be 'enforced by or against nonparties through assumption, piercing the corporate veil, alter ego, incorporation by reference, third-party beneficiary theories, waiver and estoppel.'" *HealthplanCRM, LLC*, 458 F.Supp.3d at 328(citing *White v. Sunoco, Inc.*, 870 F.3d 257, 262 (3d Cir. 2017)).  Additionally, "[a] non-party to an arbitration agreement may invoke section 3 of the FAA for a stay in federal court if the relevant state law allows a non-signatory to enforce the arbitration agreement against a signatory." *White*, 870 F.3d at 263(citing *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 632, 129 S.Ct. 1896 (2009)).

To determine whether the non-signatories, Arias Agencies and S.A. Arias, LLC, can enforce the arbitration agreement, the first inquiry is whether "relevant state law" would allow them to enforce the arbitration agreement against the signatory, Plaintiff.  The "relevant state law"

6

here is Texas law, which is specified in the agreement and "controls any arbitration issues not governed by the FAA. (Gamble Decl., Ex. 1.)" (AIL Mem. Law at 9.)  As AIL states, Pennsylvania courts enforce choice of law provisions if there is a reasonable relationship to the agreement. (AIL Mem. Law at 9)(citing *Kruzits v. Okuma Mach. Tool, Inc.*, 40 F.3d 52, 55 (3d Cir. 1994)).  AIL has established such a reasonable relationship to the agreement.  (*See* AIL Mem. Law at 9.)  Therefore, Texas law applies when determining whether non-signatories can enforce the arbitration agreement.

Similar to Pennsylvania, Texas courts may compel arbitration "involving nonsignatories under the following contract and agency principles: (a) incorporation by reference; (b) assumption; (c) agency; (d) veilpiercing(*sic*)/alter ego; (e) estoppel; and (f) third-party beneficiary. *Wood v. PennTex Res., L.P.*, 458 F. Supp. 2d 355, 365 (S.D. Tex. 2006), aff'd sub nom. *Wood v. Penntex Res. LP.*, 322 F. App'x 410 (5th Cir. 2009)(citing, e.g., *Bridas S.A.P.I.C. v. Gov't of Turkmenistan*, 345 F.3d 347, 356 (5th Cir.2003); *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749 (Tex.2001)).

Under equitable estoppel, nonsignatories can compel arbitration if a signatory "raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract." *Westmoreland v. Sadoux*, 299 F.3d 462, 467 (5th Cir. 2002).  Equitable estoppel may permit "a non-signatory-to-an-arbitration-agreement-defendant…[to] compel arbitration against a signatory-plaintiff."  *Grigson v. Creative Artists Agency L.L.C.*, 210 F.3d 524, 526 (5th Cir. 2000).  Such is the case

> when the signatory to the contract containing an arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract. Otherwise the arbitration proceedings between the two signatories would be rendered meaningless and the federal policy in favor of arbitration effectively thwarted.

*Id.* at 527 (citations omitted).

Here, Plaintiff "raises allegations of substantially interdependent and concerted misconduct by both the nonsignator[ies]" (Arias Agencies and S.A. Arias Holdings, LLC) and the signatories (namely, Mr. Arias). Plaintiff's Amended Complaint aggregates all named Defendants (including the nonsignatories) into one collective – "Corporate Defendants" – regardless of corporate distinctions. (Amd. Compl., ¶ 18.) According to the Amended Complaint, the Corporate Defendants required Plaintiff to sign an Agent Agreement (which included an arbitration clause), a copy of which is attached as Exhibit A to the Amended Complaint. (Amd. Compl., ¶¶ 26, 27, Ex. A.) Where Plaintiff seeks to hold Arias Agencies and S.A. Arias, LLC similarly liable under the Agent Contract as other Corporate Defendants, including Mr. Arias as an express signatory, Plaintiff is estopped from evading her own allegations of interdependent misconduct.

Throughout the rest of the complaint, Plaintiff flips back and forth interchangeably between Arias Defendants—without any specific and separate factual allegations about each Arias Defendant—and fundamentally relies on the Agent Contract and the independent contractor relationship it created to assert claims against signatories and nonsignatories alike. Thus, Plaintiff alleges "substantially interdependent and concerted misconduct by both" nonsignatories and signatories to the contract. Thus, arbitration is appropriate for Plaintiff's claims against the nonsignatories, Arias Agencies and S.A. Arias Holdings. A contrary finding would "effectively thwart" federal policy favoring arbitration. *Grigson*, 210 F.3d at 526.

C. *The FAA Requires the Case be Stayed Pending the Court's Decision on the Motion*.

Until final resolution on the merits of this Motion, the FAA authorizes a stay of all other proceedings, including discovery. 9 U.S.C. § 3. Under the FAA, a stay as to claims against Mr. Arias, a signatory, would be appropriate. *See* 9 U.S.C. § 3. Where the claims against the nonsignatories "are inherently inseparable from … claims against" the signatory or " inseparable

8

in any practical way from …claims against" [the signatory] a stay pending arbitration is appropriate as to the nonsignatories as well. *See Hill v. G E Power Sys., Inc.*, 282 F.3d 343, 348 (5th Cir. 2002)). *See White*, 870 F.3d at 263; *Grigson*, 210 F.3d at 526 (citation omitted). Therefore, the Arias Defendants join AIL in requesting a stay of the case pending arbitration.

4. <u>CONCLUSION</u>

For the reasons above stated, Defendants Simon Arias, III, Arias Agencies, and S.A. Arias Holdings, LLC, joining Defendant American Income Life Company, respectfully request that the Court grant American Income Life Company's motion, compel Plaintiff to pursue her claims against American Income Life Company and the Arias Defendants in arbitration, and stay the underlying action.

        Respectfully submitted,

        STRASSBURGER McKENNA GUTNICK & GEFSKY

        By: <u>/s/ Jean E. Novak</u>
            Jean E. Novak
            PA ID No. 69490
            Four Gateway Center, Suite 2200
            444 Liberty Avenue
            Pittsburgh, PA  15222
            Telephone:  (412) 281-5423
            Facsimile:  (412) 281-8264
            E-mail:  jnovak@smgglaw.com

        *Counsel for Defendants, Simon Arias, III, Arias Agencies, S.A. Arias Holdings, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Memorandum of Law in Support of Motion of Simon Arias, III, Arias Agencies, and S.A. Arias Holdings, LLC to Join Motion of American Income Life Insurance Company to Compel Arbitration and to Stay the Case* was served this 13th day of June 2022, via electronic notification by the CM/ECF system to all counsel and/or parties of record.

Amy N. Williams, Esquire
Williamson Law LLC
Law and Finance
429 Fourth Avenue, Suite 300
Pittsburgh, PA  15219
412-600-8862
awilliamson@awilliamsonlaw.com

*Counsel for Plaintiff, Renee Zinsky*

STRASSBURGER McKENNA GUTNICK
& GEFSKY

By: /s/ Jean E. Novak
    Jean E. Novak
    PA ID No. 69490