IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RENEE ZINSKY, | ) | Civil Action No.: 2:22-cv-547 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Electronically Filed |
| | ) | |
| MICHAEL RUSSIN, RUSSIN FINANCIAL, RUSSIN GROUP, SIMON ARIAS, III, ARIAS AGENCIES, S.A. ARIAS HOLDINGS, LLC, AMERICAN INCOME LIFE INSURANCE COMPANY, | ) ) ) ) ) ) | |
| Defendants. | | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
MICHAEL RUSSIN, RUSSIN FINANCIAL, AND RUSSIN GROUP
TO JOIN AMERICAN INCOME LIFE INSURANCE COMPANY'S
MOTION TO COMPEL ARBITRATION AND STAY THE CASE**

AND NOW, come Defendants Michael Russin, Russin Financial, and Russin Group, by and through their attorneys Benjamin D. Webb, Esquire and Cozza Law Group PLLC, and file the within Memorandum of Law in Support of their Motion to Join American Life Insurance Company's Motion to Compel Arbitration and Stay the Case, averring as follows:

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

The facts underlying this action are summarized in great detail in the Memorandums of Law filed by American Income Life Insurance Company ("AIL") and Simon Arias, III, Arias Agencies, and S.A. Arias Holdings, LLC ("Arias Defendants"). But, for the purposes of this Motion, the following facts are relevant.

At all times relevant to this action, Renee Zinsky ("Plaintiff") was subject to a certain Agent Contract with AIL. (Plaintiff's Amended Complaint ¶ 27; AIL Memorandum of Law, Gamble

Decl., Exhibit "1"). Defendant Arias Agencies is the State General Agent ("SGA") under which Plaintiff chose to work during her affiliation with AIL. (Arias Defendants Memorandum of Law, pp. 1-2, Arias Decl.). As SGA, Defendant Simon Arias, III, signed the Agent Contract on behalf of AIL. (Arias Defendants Memorandum of Law, pp. 1-2, Arias Decl.). Defendants Russin Group[1], Russin Financial[2], and Michael Russin (the "Russin Defendants") were not parties to the Agent Contract. (*See* Agent Contract *generally*).

That Agent Contract contains a bilateral arbitration clause that requires the Plaintiff to arbitrate any claims she has related to the Agent Contract. The arbitration clause contained in the Agent Contract reads, in pertinent part:

> [A]ll disputes, claims, questions, and controversies of any kind or nature arising out of or relating to this Contract, any alleged violation of state or federal statute, regulation, law or order of any kind, and/or the agent's relationship as an independent contractor and not an employee (including, without limitation, claims for wrongful termination, discrimination, wage and hour violations, or any other claim based on an alleged employment relationship), regardless of whether they are brought by or against the Company, the Agent, or the State General Agent, except a dispute relating to the enforceability of this agreement to arbitrate, shall be submitted to binding arbitration … to be administered by the AAA in accordance with its Commercial Rules then in effect.

(AIL Memorandum of Law, Gamble Decl., Exhibit "1").

Plaintiff filed an Amended Complaint with this Court comprised of fourteen counts on April 26, 2022. She attached the Agent Contract to her Complaint. (Exhibit "A" to Plaintiff's Amended Complaint). The first eight counts are employment-related[3] and allege wage and labor

---

1. The correct corporate name for Defendant Russin Group is The Russin Group LLC.
2. Russin Financial is not a separately incorporated entity and is rather a name that The Russin Group LLC uses to do business.
3. Russin Defendants deny the existence of an employment relationship between the Plaintiff and any of the Russin Defendants. At all times relevant to the Plaintiff's allegations, The Russin Group LLC was an independent contractor and the Regional General Agent for Arias Agencies and AIL.

violations and other contract-based claims against Russin Group, Russin Financial, Arias Agencies, S.A. Arias Holdings, LLC, and AIL (hereinafter referred to collectively as "Corporate Defendants"). (Plaintiff's Amended Complaint pp. 19-30). Counts nine through twelve consist of tort-based claims against Defendant Michael Russin in his individual capacity[4]. (Plaintiff's Amended Complaint pp. 30-35). Counts thirteen and fourteen are based on theories of negligent hiring, retention, supervision and respondeat superior against the Corporate Defendants. (Plaintiff's Amended Complaint pp. 35-38).

On June 13, 2022, Defendant AIL filed a Motion to Compel Arbitration and Memorandum of Law in Support thereof. In sum, AIL argues that Plaintiff must arbitrate her claims against the Defendants because her Agent Contract with AIL contains a binding arbitration clause. *See* AIL Memorandum of Law *generally*. On the same day, Arias Defendants filed a Motion to Join and Adopt in Defendant AIL's Motion to Compel.

For the reasons contained herein, and those stated in AIL's Motion and corresponding Memorandum of Law, the Russin Defendants respectfully request that this Honorable Court permit the Russin Defendants to Join in and Adopt AIL's Motion to Compel and require the Plaintiff to arbitrate her claims against Defendants Michael Russin, Russin Financial, and Russin Group.

**II.     ARGUMENT**

    **1. AIL's Agent Contract with Plaintiff Contained a Valid Arbitration Provision**

Plaintiff entered into a valid Agent Contract ("Agreement") with Defendant AIL in August 2021. (Plaintiff's Complaint ¶ 27). Based on the language contained in the arbitration clause of the

---

4.     Count twelve also alleges a claim for Intentional Infliction of Emotion Distress against Simon Arias, III.

Agent Contract, Plaintiff's claims against the Russin Defendants are arbitrable, and Plaintiff should be compelled to pursue her claims at arbitration.

Granting a motion to compel arbitration is appropriate "[i]f the existence of an agreement to arbitrate is apparent on the face of the complaint or the documents relied upon in the complaint." *HealthplanCRM, LLC v. AvMed, Inc.*, 458 F.Supp.3d 308 (W.D. Pa. 2020)(*citing Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764, 773-74 (3d Cir. 2013)). When a court determines that a valid arbitration agreement exists, the court is required to send the case to arbitration and stay the proceedings without reviewing the merits of the case. 9 U.S.C. § 3; *see Gay v. CreditInform*, 511 F.3d 369, 386 (3d Cir. 2007)(*citing Great W. Mortgage Corp. v. Peacock*, 110 F.3d 222, 228 (3d Cir.1997) (additional citations omitted)).

The existence of a valid Agent Contract, which contains a bilateral arbitration agreement is apparent on the face of Plaintiff's Amended Complaint. (Exhibit "A" to Plaintiff's Amended Complaint). As discussed at length in AIL's memorandum of law, the arbitration provision is valid under both Pennsylvania and Texas law. (AIL Memorandum of Law pp. 7-14).

Based on the foregoing and the extensive discussion in AIL's Memorandum of Law, a valid arbitration agreement exists. Therefore, the Russin Defendants respectfully request that this Honorable Court compel the Plaintiff to arbitrate her claims and stay these proceedings.

### 2. Nonparties May Enforce Arbitration Agreements via the Theory of Equitable Estoppel

None of the Russin Defendants are parties to the Agent Contract. (*See* Agent Contract *generally*). Nonetheless, Plaintiff intentionally blurs the lines between the named corporate entities by categorizing them all as Corporate Defendants, and referring to them throughout her Amended Complaint interchangeably. For that reason, because Plaintiff has raised interdependent allegations

against all Defendants, she should be estopped from avoiding the binding arbitration clause as it relates to nonparties Russin Financial, Russin Group, and Michael Russin.

In Pennsylvania, "an arbitration clause can be enforced by or against **nonparties** through assumption, piercing the corporate veil, alter ego, incorporation by reference, third-party beneficiary theories, waiver and **estoppel**." *HealthplanCRM, LLC*, 458 F.Supp.3d at 328 (*citing White v. Sunoco, Inc.*, 870 F.3d 257, 262 (3d Cir. 2017)) (emphasis added). Additionally, "[a] non-party to an arbitration agreement may invoke section 3 of the [Federal Arbitration Act] for a stay in federal court if the relevant state law allows a nonsignatory to enforce the arbitration agreement against a signatory." *White*, 870 F.3d at 263 (*citing Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 632, 129 S.Ct. 1896 (2009)).

As discussed at length in AIL's Memorandum of Law, the Agent Contract before this Court contained a choice of law provision selecting Texas as the controlling state law for issues not governed by the Federal Arbitration Act ("FAA"). (AIL Memorandum of Law pp. 8-9). Pennsylvania courts enforce choice of law provisions if there is a reasonable relationship to the agreement. (AIL Memorandum of Law pp. 8-9)(*citing Kruzits v. Okuma Mach. Tool, Inc.*, 40 F.3d 52, 55 (3d Cir. 1994)). AIL has sufficiently established such a reasonable relationship to the agreement. (AIL Memorandum of Law pp. 8-9). Therefore, this Court should apply Texas law when determining whether non-signatories can enforce the arbitration agreement.

Similar to Pennsylvania, Texas courts may compel arbitration "involving nonsignatories under the following contract and agency principles: (a) incorporation by reference; (b) assumption; (c) agency; (d) veil piercing (sic)/alter ego; (e) **estoppel**; and (f) third-party beneficiary. *Wood v. PennTex Res., L.P.*, 458 F. Supp. 2d 355, 365 (S.D. Tex. 2006), aff'd sub nom. *Wood v. Penntex Res. LP.*, 322 F. App'x 410 (5th Cir. 2009)(*citing*, e.g., *Bridas S.A.P.I.C. v. Gov't of Turkmenistan*,

345 F.3d 347, 356 (5th Cir. 2003)); *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749 (Tex. 2001)) (emphasis added).

Under the theory of equitable estoppel, nonsignatories can compel arbitration if a signatory "raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract." *Westmoreland v. Sadoux*, 299 F.3d 462, 467 (5th Cir. 2002). Equitable estoppel may permit "a non-signatory-to-an-arbitration-agreement defendant…[to] compel arbitration against a signatory-plaintiff." *Grigson v. Creative Artists Agency L.L.C.*, 210 F.3d 524, 526 (5th Cir. 2000).

### A. **Plaintiff's Claims Against the Russin Defendants Raise Allegations of Substantially Interdependent and Concerted Misconduct by Both Nonsignatories and Signatories.**

Here, Plaintiff, a signatory to the Agent Contract, has raised allegations of substantially interdependent and concerted misconduct by both signatories and nonsignatories to the Agreement. Plaintiff refers to Russin Financial, Russin Group, Arias Agencies, S.A. Arias Holdings, LLC, and AIL collectively and interchangeably as Corporate Defendants throughout her Amended Complaint. (*See* Plaintiff's Amended Complaint *generally*; Arias Defendants Memorandum of Law pp. 3-4, 6-8).

Furthermore, Plaintiff blurs the lines regarding the parties to the Agent Contract. (*See* Plaintiff's Amended Complaint ¶ 27 (alleging that the Corporate Defendants required her to sign the Agent Contract); *see also* Plaintiff's Amended Complaint ¶ 36 (alleging that she interviewed with and was employed by the Corporate Defendants)). Based on those foundational assertions, she alleges ten claims against the Corporate Defendants collectively. Counts one through eight contain allegations of wage and labor violations, unjust enrichment, breach of contract, and declaratory relief. Counts thirteen and fourteen contain allegations of negligent hiring, retention,

supervision, and respondeat superior against the Corporate Defendants. None of the claims against the Corporate Defendants can be separated or attributed to any singular defendant.

The only substantive portions of Plaintiff's Amended Complaint that attempt to distinguish between the conduct of different defendants are Counts nine through twelve. (*See* Plaintiff's Amended Complaint pp. 30-35). Still, those claims are independent in name only. Plaintiff alleges in those counts that Defendant Michael Russin is liable for supposed tortious activity. Plaintiff then claims the tortious activity occurred during the normal course of business during her employment, that other leaders of the Corporate Defendants took part in some of the alleged conduct, and requests relief that could only be awarded by way of her employment relationship with the Corporate Defendants. (*See* Plaintiff's Complaint ¶¶194, 199, 203, 205, 207, 211-216).

Moreover, Plaintiff's claims for negligent hiring, retention, supervision, and vicarious liability (respondeat superior) necessarily depend on the outcome of her tort claims against Defendant Michael Russin in his individual capacity. The basis of those claims depend heavily on Plaintiff's ability to prove that the Corporate Defendants knew or should have known of Defendant Michael Russin's allegedly tortious conduct, and failed to take appropriate action. Therefore, although Counts nine through twelve are brought against Defendant Michael Russin individually, they too contain allegations of substantially interdependent and concerted activity by nonsignatory Michael Russin and signatories AIL and Simon Arias, III[5].

Based on the foregoing, Plaintiff's claims raise allegations of substantially interdependent and concerted misconduct by both nonsignatories and signatories. Accordingly, the Russin Defendants, although nonsignatories to the Agent Contract, respectfully request that this

---

5. Count twelve alleges claims of IIED against both Michael Russin and Simon Arias, III and claims that their combined conduct resulted in Plaintiff suffering emotional distress and seeks relief against Russin and Arias jointly.

7

Honorable Court compel the Plaintiff to arbitrate her claims against them, and stay the proceedings.

### B. Alternatively, the Claims against Defendant Michael Russin, in his individual capacity, should be stayed.

Should the Court find that the claims against Defendant Michael Russin in his individual capacity (Counts nine through twelve) are not arbitrable, the litigation between Plaintiff and Defendant Michael Russin should be stayed during the pendency of the arbitration.

Until final resolution on the merits of this Motion, the FAA authorizes a stay of all other proceedings, including discovery. 9 U.S.C. § 3. Where the claims against the nonsignatories "are inherently inseparable from… claims against" the signatory or "inseparable in any practical way from … claims against" [the signatory] a stay pending arbitration is appropriate as to the nonsignatories as well. *See Hill v. G E Power Sys., Inc*., 282 F.3d 343, 348 (5th Cir. 2002)).; *see also White*, 870 F.3d at 263; *Grigson*, 210 F.3d at 526 (citation omitted). A District Court has the power to stay non-arbitrable claims in a case while other claims undergo arbitration. *Merritt-Chapman & Scott Corp. v. Pennsylvania Tpk. Comm'n*, 387 F.2d 768, 773 (3d Cir. 1967) (staying a case pending arbitration within inherent power of court); *Eli v. Genmab, Inc*., No. 06-1240, 2006 U.S. Dist. LEXIS 74615, 2006 WL 2927622, at *7 (D.N.J. Oct. 13, 2006); *Allied Fire & Safety Equip. Co. v. Dick Enters., Inc*., 886 F. Supp. 491, 497 (E.D. Pa. 1995). "[T]his power should be exercised when it appears that the arbitrable claims overwhelm the non-arbitrable claims, or when the arbitrable claims will have some affect [sic] on the non-arbitrable claims." *Id*. at 498.

The issues surrounding the allegation of sexual assault, false imprisonment, battery, and IIED against Defendant Michael Russin would require this Court to entertain and weigh many of the same factual issues as the arbitration panel. Particularly, whether Defendant Michael Russin engaged in any of the purported tortious activity; and whether the Corporate Defendants were

8

aware of the purported tortious activity. As such, in the event that this Court does not Compel Plaintiff to arbitrate her claims against Defendant Michael Russin (Counts nine through twelve), it would be proper for this Court to exercise its discretion to stay the litigation between Plaintiff and Defendant Michael Russin pending the outcome of the arbitration between Plaintiff and Corporate Defendants.

### 3. The Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act ("EFASASHA")

Russin Defendants deny that the EFASASHA applies to the facts of this case. In support of such, Russin Defendants adopt and incorporate Defendant AIL's Argument regarding the applicability of the EFASASHA to the claims contained in Plaintiff's Amended Complaint. (*See* AIL Memorandum of Law § IV).

### III. CONCLUSION

Based on the foregoing, Defendants Michael Russin, Russin Financial, and Russin Group, joining Defendant American Income Life Insurance Company, respectfully request that this Honorable Court grant American Income Life Insurance Company's Motion and Compel Plaintiff to pursue all of her claims against the Defendants in arbitration and stay this action.

Respectfully submitted,

Cozza Law Group PLLC

*s/Benjamin D. Webb*
Benjamin D. Webb, Esquire
PA I.D. No. 328170
400 Holiday Drive, Suite 210
Pittsburgh, Pennsylvania 15220
(412) 294-8444
bwebb@cozzalaw.com
*Counsel for Defendants Michael Russin, Russin Financial, and Russin Group*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing Brief in Support of Motion of the Russin Defendants to Join Motion of American Income Life Insurance Company to Compel Arbitration and to Stay the Case has been sent via the CM/ECF system to all counsel and/or parties of record.

                                            Cozza Law Group PLLC

                                            */s/Benjamin D. Webb*
                                            Benjamin D. Webb, Esquire