IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RENEE ZINSKY, | Civil Action |
| Plaintiff, | No. 2:22-cv-547(MJH) |
| vs. | The Honorable Marilyn J. Horan |
| MICHAEL RUSSIN, RUSSIN FINANCIAL, RUSSIN GROUP, SIMON ARIAS, III, ARIAS AGENCIES, AMERICAN INCOME LIFE INSURANCE COMPANY, | ELECTRONICALLY FILED |
| Defendant. | JURY TRIAL DEMANDED |

**BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT, AMERICAN INCOME LIFE INSURANCE COMPANY'S MOTION TO COMPEL ARBITRATION AND STAY CASE AND JOINDERS TO SAME**

I. **INTRODUCTION**

This is a civil action brought by Plaintiff requesting relief for sexual assault and related claims. Plaintiff further requests this Honorable Court to declare her employment contract, i.e. Agent Agreement with American Income Life Insurance Company ("AIL") dated August 2021 ("Agent Agreement") rescinded or otherwise invalidated based on fraud in the inducement and the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 ("Act").

Defendants have filed Motions seeking to compel arbitration of this dispute. The Motions are based on the arbitration provision found in the Agent Agreement and dated legal authorities which are distinguishable and inapplicable to sexual assault and related claims filed after the enactment of the Act, such the instant matter. As set forth more fully below, Defendants' Motion should be denied.

## II. FACTUAL BACKGROUND

From April 2019 through present, Plaintiff has served as a life insurance sales agent on behalf of American Income Life Insurance Company, and its subsidiaries Arias Agencies, and Russin Financial. More specifically, Plaintiff has held multiple positions such as Agent, Supervising Agent, and General Agent pursuant to corresponding contracts with Defendant, AIL. (Am. Compl. ¶¶ 20-27). Once Plaintiff reported that she was being sexually harassed and witnessing ongoing fraud, the Defendants demoted Plaintiff to Agent status and required her to enter into an Agent Agreement on or about August 2021. (Am. Comp. ¶¶ 60-75).

After Defendants covered up Plaintiff's reports for months, she filed a charge for sex discrimination, sexual harassment, and retaliation with the Equal Employment Opportunity Commission and Pennsylvania Human Rights Commission which remains pending. On or about April 11, 2022, Plaintiff filed a Complaint alleging sexual assault, battery, false imprisonment, negligent infliction of emotional distress, intentional infliction of emotional distress, negligent hiring, retention, and supervision, violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., violation of the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41, violation of the Pennsylvania Wage Payment Collection Law 43 P.S. § 260.3., breach of contract, recission, and unjust enrichment. On April 26, 2022, Plaintiff filed an Amended Complaint including the same causes of action.

## III. LEGAL ARGUMENT

**A. *The Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 is Applicable to this Case and Precludes Forced Arbitration of Plaintiff's Claims as to All Defendants***

On March 3, 2022, President Biden enacted the first major amendment in the one-hundred-year history of the Federal Arbitration Act (FAA) amends the Federal Arbitration Act, 9

U.S.C. §1, et seq. (FAA), declaring that "no predispute arbitration agreement . . . shall be valid or enforceable with respect to a case which is filed under Federal, Tribal, or State law and relates to the sexual assault dispute or the sexual harassment dispute." Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021, S. 2342, 117th Cong. § 401(3) (2021).

The Act applies to "any dispute or claim that arises or accrues on or after the date of the enactment of this Act", i.e. March 3, 2022. Defendants argue that Plaintiff's claims arose or accrued prior to March 3, 2022 because the Defendants' conduct leading up to her sexual assault claim (and related causes of action) occurred prior to March 3, 2022. However, Defendants' position is misplaced as it is based solely on cases interpreting the terms "arise" and "accrue" within the context of statute of limitations for personal injury claims. By contrast, the issue here is whether the subject *dispute* arose prior to the newly enacted Act on March 3, 2022.

It is undisputed that Plaintiff alleges certain conduct and incidents that occurred prior to March 3, 2022, i.e. unwelcomed sexual advances, vile and offensive texts/photographs, sexual propositions, sexual assault starting as early as April 2019, reporting said conduct on August 11, 2021, and Defendants failure to investigate thereafter, to name a few. However, the actual dispute in question here did not arise at the time of any one of those acts or omissions as Defendants would suggest. To the contrary, the actual dispute is based on a culmination of events and representations over the course of Plaintiff's employment with Defendants over the past several years, including but not limited to those relating to Defendants' recruiting, hiring, promoting, demoting, multiple and ongoing instances of sexual assault and sexual harassment, Plaintiff's reporting of same, Defendant's response or lack thereof, etc. The totality of which first arose at the time of Plaintiff's Complaint. Put simply, the subject "dispute" between the parties

hereto was nonexistent until Plaintiff first asserted her claims on April 11, 2022, following the enactment of the Act.

Defendants further argue that the Act does not apply because the Agent Agreement is not a "predispute arbitration agreement". Defendant's claims fail for the same reasons noted above. The Act defines a "predispute arbitration agreement" as "any agreement to arbitrate a dispute that had not yet arisen at the time of the making of the agreement." 9 U.S.C. 401. As noted above, no dispute existed between the parties on or about August 2021. To the contrary, it was at that time that Plaintiff merely reported the sexual harassment and other concerns. At no time did Plaintiff make a legal claim or allege a dispute prior to executing the Agent Agreement.

Defendant, AIL, further contends that the Act does not apply to Plaintiff's claims against AIL because she has not asserted a cause of action for sexual assault against AIL. Notably, the broad language of chapter 4 of the Act governs not just sexual-misconduct claims, but cases that "relate to" such claims. The broad language contained in the Act makes clear that in employment cases like this - where a myriad of interrelated situations, conditions, occurrences, transactions, and relationships give rise to multiple causes of action – those claims are, indeed, related.  AIL cannot escape the Act's application by parsing apart the various pending claims Plaintiff has asserted against it as they all relate to her employment with AIL.

B. ***The Intent and Legislative History of the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 is Instructive to the Determination of the Act's Applicability in This Case.***

It is well settled that the applicability and enforceability of the Act to a particular dispute or agreement shall be decided by the Court, not an arbitrator. 9 U.S.C.§402(b). In that context, this Honorable Court should look to the intent and legislative history behind the Act. Sen. Kirstin Gillibrand, D-N.Y., and Sen. Lindsey Graham, R-S.C., introduced the bill five

years ago, and it was passed with a large bipartisan vote by the House of Representatives on February 7, 2022. At that time, Gillibrand said the Act represents "one of the most significant workplace reforms in history", affecting about 60 million Americans subject to arbitration clauses. Similarly, Graham commented "No more arbitration in the basement about misconduct up top,". Senate Majority Leader Chuck Schumer sated that the Act

> Will not only ensure that those who've suffered sexual harassment or assault have the option to go to court if they choose, it will also be retroactive; people locked into these clauses right now will benefit just as much as new employees will in the future.

On March 3, 2022, President Biden signed the bill into law stating that it marked "a momentous day for justice and fairness in the workplace". Referencing arbitration clauses and background facts analogous to those before this Honorable Court, on March 3, 2022, President Biden went on to say …

> Forced arbitration shielded perpetrators and silenced survivors, enabled employers to sweep episodes of sexual assault and sexual harassment under the rug, and kept survivors from knowing if others have experienced the same thing.

Vice President Kamala Harris – who co-sponsored a version of the bill while she was in the Senate – noted that the law "will apply retroactively, invalidating every one of those agreements, no matter when they were entered into."

The intent and legislative history leading up to the enactment of the Act is directly on point in this case. Here, Plaintiff has alleged experiencing a highly misogynistic, hostile, and toxic work environment where it is commonplace for male superiors to sexually harass, and sexually assault their female subordinates. For example, soon after starting the job, Plaintiff quickly observed that all of the business leaders within Arias Agencies and Russin Financial were males making lewd and sexualized offensive comments to and about females such as "disgusting fucking tramp", "stupid bitch", "you little sluts", to name a few. At the same time,

female coworkers warned Plaintiff of frequent unwelcomed sexual advances from the male leaders and sexual relationships with the male leaders as "part of the culture", inter alia. (Am. Comp. ¶¶ 55-56). Just as President Biden stated, forced arbitration had allowed Defendants to create a culture where a hostile work environment resulted from episodes of sexual harassment and sexual assault being swept under the rug.

C. **The Public Statements of the Defendants in This Case are Instructive to the Determination of the Act's Applicability in This Case.**

In case President Biden and Vice President Harris' statements aren't persuasive enough, the public statements of the Defendants in this case drive the point home. publicly shared on such topics. Michael Russin ("Russin"), for example, has voiced concerns similar to those of President Biden, Vice President Harris, and the various Senators noted above with regard to victims being silenced. on his podcast. For example, on a recent episode of his podcast, "Absideon Achievement", Russin recently stated as follows:

> *The solution is for the individual to start standing back up for their beliefs. The solution is for the individual to start standing up taking a stand against tyranny and evil and perversion and weakness and start voicing what is right, what is true… we need more people both men and women to start taking a stand and voicing their beliefs and stop living in fear of looking like an outcast.*
> 
> *…*
> 
> *Everything in society right now is evidence of corruption, greed, and perversion…and its time for people to start taking a stand against this … **Become the change that you want to see in the world in such a dramatic and outspoken way that it challenges people to remove themselves your circle of influence… or start to be changed because they are part of your circle of influence.***
> 
> *…*
> 
> *you need to do things that will echo in eternity…things like… honor, justice, integrity, its about defending the weak and the poor…*

*See* Absideon Achievement Podcast: *What's Scarier than Failure*, June 9, 2022, https://www.youtube.com/watch?v=wdQ6a5YdZeU; *See* Absideon Achievement Podcast: *How*

female coworkers warned Plaintiff of frequent unwelcomed sexual advances from the male leaders and sexual relationships with the male leaders as "part of the culture", inter alia. (Am. Comp. ¶¶ 55-56). Just as President Biden stated, forced arbitration had allowed Defendants to create a culture where a hostile work environment resulted from episodes of sexual harassment and sexual assault being swept under the rug.

C. ***The Public Statements of the Defendants in This Case are Instructive to the Determination of the Act's Applicability in This Case.***

In case President Biden and Vice President Harris' statements aren't persuasive enough, the public statements of the Defendants in this case drive the point home. publicly shared on such topics. Michael Russin ("Russin"), for example, has voiced concerns similar to those of President Biden, Vice President Harris, and the various Senators noted above with regard to victims being silenced. on his podcast. For example, on a recent episode of his podcast, "Absideon Achievement", Russin recently stated as follows:

> *The solution is for the individual to start standing back up for their beliefs. The solution is for the individual to start standing up taking a stand against tyranny and evil and perversion and weakness and start voicing what is right, what is true… we need more people both men and women to start taking a stand and voicing their beliefs and stop living in fear of looking like an outcast.*
>
> *…*
>
> *Everything in society right now is evidence of corruption, greed, and perversion…and its time for people to start taking a stand against this … **Become the change that you want to see in the world in such a dramatic and outspoken way that it challenges people to remove themselves your circle of influence… or start to be changed because they are part of your circle of influence**.*
>
> *…*
>
> *you need to do things that will echo in eternity…things like… honor, justice, integrity, its about defending the weak and the poor…*

*See* Absideon Achievement Podcast: *What's Scarier than Failure*, June 9, 2022, https://www.youtube.com/watch?v=wdQ6a5YdZeU; *See* Absideon Achievement Podcast: *How*

*to Get What You Want in Life; Ambition and Sacrifice*, May 24, 2022, https://www.youtube.com/watch?v=nE9b6JbsdmA&t=34s.

Similarly, Russin is outspoken about specific allegations and fact patterns relating to sexual harassment and sexual assault directly at issue this subject dispute. For example, on or about June 16, 2022, Russin stated as follows:

> *One girl took it upon herself to say I'm a drug abusing psychopath, I threaten people's lives and sexually assault women ... just crazy out of line stuff... the whole me too thing... the first thing they are going to a man is they are going to do the whole sexual assault thing... that's the playbook, that's step number 1...step number 1 is **try to assault this persons character a little bit here and a little bit there ... and if that doesn't work and it's a strong powerful man, sexual assault .. you know, me too em… its funny to me**.*
>
> *...*
>
> *It's so funny to me these women are all victims ... clueless, had no idea... **It's so funny that women want to be treated equally but somehow are always the victim in every situation. You know why? Bc you are weaker! You are the weaker sex!** I'm sorry if I have women listeners that are offended but it's a fact ... There is an open and blatant attack on men. It is as clear as day. And if you don't like hearing that as a woman, then you are part of the problem.*

*See* Absideon Achievement Podcast, *Will You Echo In Eternity?*, https://absideonconsulting.com/podcast/, June 16, 2022 (emphasis added). On April 8, 2022, Russin stated…

> *If I'm a feminist and I care about being a woman, I would be as womanly as possible and that's to do hat god blessed me to do – have children and raise children… **there ya go ladies, you figured it out! you realize how stupid you are?** ...So the nuclear family starts falling apart and you've got this sexual revolution which has turned into people just chopping their genitals off and fucking animals.*

*See* Absideon Achievement Podcast, *Multi Topic Speed Run* https://mrussin.podbean.com/e/multi-topic-speed-run/, April 8, 2022 (emphasis added).

On April 15, 2022, Russin added …

7

> *Women are nuts dude. Until you find the crazy that you want to spend the rest of your life with, stop dipping your toe or your you know what- in crazy. b/c I'm telling you it's going to come back and bite you in the ass. She's going to slash your tires, steal from you, spread lies about you. Or guy from the hood … makes it big … gets on ESPN and some whore comes out of the woodwork and says he sexually assaulted her. It's crazy. How many men are going to be taken out of the game?*
>
> *…*
>
> *Believe all women. Yeah, right**. 99 percent of all women are liars**… believe all women, what a joke. What an absolute joke. don't expose yourself to it. And if you do keep records of everything – text messages pictures videos … you'll make it and they will come after you because of irrational hatred or they will come for your money**.***

*See* Absideon Achievement Podcast, *Advice For Young Men*, https://mrussin.podbean.com/e/advice-for-young-men/, April 15, 2022 (emphasis added).

With regard to the hostile and toxic work environment at issue, Russin provides the following comments specifically regarding Defendant, Simon Arias ...

> ***Work life balance is bullshit… this is something I got from my mentor in the life insurance business, Simon***, *you need to learn how to blend which means that if you're an entrepreneur if you have gaps in your schedule, use that…**work life balance doesn't exist … there's no excuse.  Work life balance is a middle-class term…***

*See* Absideon Achievement Podcast, *Multi Topic Speed Run* https://mrussin.podbean.com/e/multi-topic-speed-run/, April 8, 2022 (emphasis added).

> *I worked in sales and leadership development in the life insurance industry for the better part of 8 years and worked under a guy named Simon who taught me pretty much everything I know about sales and leadership development*

*See* Absideon Achieement Podcast, *Your Purpose Is Your Playbook,* https://absideonconsulting.com/podcast/, June 17, 2022.

> ***It's part of the culture with these businesses, what do you do when you make a bunch of money? You go out and party*** *and celebrate … you're celebrating on the weekends, start celebrating on the weekdays, before you know it you're*

8

> *celebrating every day at lunch and then you're a fuckin' alcoholic. Then you're so sleepy all the time you start abusing Adderall, Ritalin, and cocaine ... and then you're anxious all the time so you start taking benzos. so you're on alcohol but you have to stay awake and sharp so now you have to take an Adderall or a stimulant, but those make you anxious so now you have to pop a Xannie just to avoid a panic attack in the middle of your day ... I've been there, I've done it…*

*See* Absideon Achievement Podcast, *Advice For Young Men*, https://mrussin.podbean.com/e/advice-for-young-men/, April 15, 2022 (emphasis added).

Russin goes on to say "I don't know if I can teach you how to not be a pussy …If youre not making six figures a year, shame on you."  *See* Absideon Achievement Podcast; *How to Deal With the Pressure To Be Successful*, https://www.youtube.com/watch?v=UR74p_-okCA, May 27, 2022.F

What is more, throughout all of these podcast episodes, Russin goes out of his way to ask the listeners to share his statements with the general public…

> *Do me a favor and please just share the episode - I love your feedback … its more important than anything … If it makes an impact in your life in some way shape or form, please share it – we are on Podbean, Spoitfy, Itunes …Youtube…* ***so whatever mode you can, it makes a world of difference when you guys share this and get the word out***.

*Id.* (emphasis added).

Clearly, Russin enjoys the luxury of discussing and addressing the various facts and issues subject to this case in a very open and public manner.  Plaintiff deserves to enjoy the same luxury before this Honorable Court.  In the words of the late Justice Ginsburg, Plaintiff "ask(s) no favor for [her] sex. All [she] ask of our brethren is that they take their feet off our necks."

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' Motions to Compel Arbitration and allow Plaintiff's claims to be heard pursuant to the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021.

|  |  |
|---|---|
| Date: June 30, 2022 | Respectfully submitted, |
|  | */s/ Amy N. Williamson*_____ |
|  | Amy N. Williamson, Esq. |
|  | Williamson Law LLC |
|  | Law and Finance |
|  | 429 Fourth Avenue, Suite 300 |
|  | Pittsburgh PA 15219 |
|  | 412-600-8862 |
|  | awilliamson@awilliamsonlaw.com |