IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RENEE ZINSKY, | ) | Civil Action No.: 2:22-cv-547 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Electronically Filed |
| | ) | |
| MICHAEL RUSSIN, RUSSIN | ) | |
| FINANCIAL, RUSSIN GROUP, | ) | |
| SIMON ARIAS, III, ARIAS AGENCIES, | ) | |
| S.A. ARIAS HOLDINGS, LLC, | ) | |
| AMERICAN INCOME LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| | | |
| Defendants. | | |

### RUSSIN DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY THE CASE

AND NOW, come Defendants Michael Russin, Russin Financial, and Russin Group, by and through their attorneys Benjamin D. Webb, Esquire and Cozza Law Group PLLC, and file the within Reply Brief in Support of their Motion to Compel Arbitration and Stay the Case, averring as follows:

**I.   The Comments Made by Defendant Michael Russin are not Instructive in Determining Whether Plaintiff's Claims are Arbitrable**

Russin Defendants will not reargue in this Reply Brief whether the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act (the "Act") applies to this case. Instead, Defendants incorporate the extensive discussion of the applicability of the Act made in Defendant American Income Life Insurance Company's ("AIL") Motion to Compel (which the Russin Defendants Adopted and Joined) (*See* Memorandum of Law in Support of AIL's Motion to Compel Arbitration and Stay the Case §4(A-B); *see also* Russin Defendants' Motion to Join AIL's Motion to Compel Arbitration and Stay the Case and Memorandum of Law in Support Thereof).

However, it is important for the Russin Defendants to specifically address section § III(C) of Plaintiff's Response Brief, titled "*The Public Statements of the Defendants in this Case are Instructive to the Determination of the Act's Applicability.*" In that section of her Brief, Plaintiff attempts to use comments that Defendant Michael Russin supposedly made on his podcast as evidence of the Act's applicability in this case. Particularly, Plaintiff refers to statements made by Defendant Russin on a podcast between April 8, 2022, and June 17, 2022 (*See* Plaintiff's Brief in Response § III(C)). Plaintiff discusses those statements in a section of her Brief regarding the legislative history and intent of the Act, where she also shares commentary from President Biden, Vice President Harris, and several other elected representatives who, ostensibly were instrumental in the passage of the Act. *Id*.

In cases such as this one, where it is apparent on the face of the complaint (and documents relied on in the complaint) that the claims are subject to an arbitration clause, a motion to compel arbitration should be reviewed under a Rule 12(b)(6) standard without discovery. *Guidotti v. Legal Helpers Debt Resol., L.L.C*., 716 F.3d 764, 776 (3d Cir. 2013). To combat the motion, the plaintiff typically "can rely **only on the complaint** and selected other documents." *Id*. *quoting Somerset Consulting, LLC v. United Capital Lenders, LLC*, 832 F. Supp. 2d 474, 479 (E.D. Pa. 2011) (emphasis added).

Here, Plaintiff cannot appropriately rely on statements made by Defendant Michael Russin in opposing Defendants' Motion to Compel Arbitration. The majority of the statements were supposedly made after Plaintiff filed her Amended Complaint, and as a result, are not mentioned therein. (*See* Plaintiff's Amended Complaint *generally*). As such, the statements referred to in § III(C) of Plaintiff's Response Brief should not be considered in determining whether Plaintiff's claims are arbitrable.

## II.     CONCLUSION

Based on the foregoing, Defendants Michael Russin, Russin Financial, and Russin Group, joining Defendant American Income Life Insurance Company, respectfully request that this Honorable Court grant American Income Life Insurance Company's Motion and Compel Plaintiff to pursue all of her claims against the Defendants in arbitration and stay this action.

                             Respectfully submitted,

                             Cozza Law Group PLLC

                             *s/Benjamin D. Webb*
                             Benjamin D. Webb, Esquire
                             PA I.D. No. 328170
                             400 Holiday Drive, Suite 210
                             Pittsburgh, Pennsylvania 15220
                             (412) 294-8444
                             bwebb@cozzalaw.com
                             *Counsel for Defendants Michael Russin, Russin Financial, and Russin Group*

## **CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true and correct copy of the foregoing Reply Brief has been sent via the CM/ECF system to all counsel and/or parties of record.

                                                   Cozza Law Group PLLC

                                                   */s/Benjamin D. Webb*
                                                   Benjamin D. Webb, Esquire