IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RENEE ZINSKY, | Civil Action No. 2:22-cv-547-MJH |
| Plaintiff, | |
| vs. | ELECTRONICALLY FILED |
| MICHAEL RUSSIN, RUSSIN FINANCIAL, RUSSIN GROUP, SIMON ARIAS, III, ARIAS AGENCIES, S.A. ARIAS HOLDINGS, LLC, AMERICAN INCOME LIFE INSURANCE COMPANY, | |
| | JURY TRIAL DEMANDED |
| Defendants. | |

**MEMORANDUM OF LAW OF DEFENDANTS SIMON ARIAS, III, ARIAS AGENCIES, S.A. ARIAS HOLDINGS, LLC, IN REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO COMPEL ARBITRATION AND STAY CASE**

1.  INTRODUCTION

Nothing in Plaintiff's Response to the Motion to Compel Arbitration and Stay Case and supporting Brief (collectively, "Response") establishes that she is entitled to proceed in court rather than in arbitration. In fact, Plaintiff's Response is nothing more than an attempt to recast her fourteen count Amended Complaint as a sexual assault and sexual harassment matter to avoid mandatory arbitration. (*See* Amd. Comp., ECF 9.) Plaintiff's Response relies on convoluted logic to obscure the truth: Her claims against Defendants American Income Life Insurance Company ("AIL") and Simon Arias, III ("Arias"), Arias Agencies ("Arias Agencies"), and S.A. Arias Holdings, LLC (collectively, "Arias Defendants"), all of which occurred in 2019 and 2020, arise out of her relationship as an agent for AIL assigned to Arias. As such her claims are subject to arbitration. Period. Her assertion that she is entitled to the protections of the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 ("EFASASHA" or the "Act")

1

because her dispute arose at the time a complaint is filed is an unsupported, last ditch effort to avoid the inevitable. The claims against AIL and the Arias Defendants must be arbitrated, and the case stayed.

2. ARGUMENT

    A. The EFASASHA Does Not Apply.

        (i) Plaintiff's Claims of Sexual Assault and Sexual Harassment Pre-date the Enactment of EFASASHA.

It is clear that EFASASHA precludes mandatory arbitration of sexual assault and sexual harassment claims accruing after its enactment on March 3, 2022. 9 U.S.C.A. § 402. An action accrues when "a plaintiff can file suit and obtain relief." *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of California*, 522 U.S. 192, 201, 118 S. Ct. 542, 549, 139 L. Ed. 2d 553 (1997) (*citing Reiter v. Cooper*, 507 U.S. 258, 267, 113 S.Ct. 1213, 1220, 122 L.Ed.2d 604 (1993)). *Walker v. Epps,* 550 F.3d 407, 414 (5th Cir.2008) (citing *Wallace v. Kato,* 549 U.S. 384, 388, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007)); *Delhomme v. Caremark Rx Inc.*, 232 F.R.D. 573, 579 (N.D. Tx. 2005)("In Texas, a cause of action accrues … 'when a wrongful act causes some legal injury…even if all resulting damages have not yet occurred.'")(citation omitted); *Smith v. RB Distribution, Inc.*, 515 F.Supp.3d 311, 315 (E.D. Pa. 2021)(Pennsylvania consistent with federal courts, maintains a cause of action accrues when "the plaintiff could have first maintained the action to a successful conclusion.") (citing *Fine v. Checcio*, 582 Pa. 253, 266, 870 A.2d 850 (2005)). Plaintiff, however, argues that her claims did not become a dispute until the time of her Complaint, April 11, 2022, a date conveniently after the effective date of the EFASASHA. (Br. in Support of Pl. Resp., ECF No. 25 at 2, 3.) Plaintiff cites no authority to support her theory that a dispute arises when a party files a complaint.

2

At least one court has rejected an argument similar to that made here by Plaintiff. Donna Dougherty was a US Postal Service employee. *Dougherty v. Henderson*, 155 F.Supp.2d 269, 272 (E.D.Pa. 2001). Dougherty claimed that she had been sexually harassed by a co-worker beginning in May 1998. *Id.* The conduct allegedly continued until Dougherty left the Postal Service on June 22, 1998. *Id.* at 273.

Postal Service regulations required an aggrieved employee to file an Equal Employment Opportunity ("EEO") complaint with an EEO counselor within 45 days of the harassing behavior. *See Dougherty*, 155 F.Supp.2d at 273-74. On October 22, 1998, Dougherty notified an EEO counselor about her complaints, and on May 26, 1999, she "filed a complaint with the Equal Employment Opportunity Commission ("EEOC") about the harassment." *Id*. Her EEOC Complaint was dismissed as untimely because she did not file her initial complaint within the 45 day period. *Id*. at 274.

In challenging the issue of timeliness, Dougherty denied that her claim arose as of the most recent possible incident of harassment, June 22, 1998. Rather, she asserted that her claim arose on October 22, 1998, the date on which she complained "to a supervisor and the employer … had a reasonable time to conduct an investigation and provide remediation." *Dougherty*, 155 F.Supp.2d at 275. In rejecting her argument, the court noted that her assertion was "novel" but without support. *Id*. The court, relying on the plain language of the regulations requiring reporting within 45 days, dismissed Dougherty's claim as untimely because the harassment occurred at the latest on June 22, 1998, 122 days before she first contacted an EEO counselor. *Id*.

The plain language of EFASASHA states that it applies to claims that accrue after March 3, 2022. *See* 9 U.S.C.A. § 401 (Effective: March 3, 2022). Plaintiff acknowledges that the alleged misconduct covered by the provisions of the Act (i.e., sexual assault and/or sexual harassment)

3

occurred between 2019 and 2020.  (Amd. Compl. ¶¶ 195, 209.) She alleges that she complained to Mr. Arias on August 11, 2021.   (Amd. Compl. ¶ 72.) None of Plaintiff's allegations of sexual harassment or misconduct occurred after March 3, 2022.  Based on the allegation of her Amended Complaint, she could have filed suit as of August 11, 2021, if not sooner.  The fact that she did not file a civil complaint until April 2022 is irrelevant.  Her claims accrued (at the latest) by August 11, 2021. Therefore, the EFASASHA is not applicable to her claims.

        (ii)    The Operative Arbitration Agreement is not a Pre-dispute Arbitration Agreement.

As of the effective date of the EFASASHA, "predispute arbitration agreement[s]" are invalid or unenforceable in cases, filed under federal or state law, alleging sexual assault or sexual harassment. 9 U.S.C. § 402(a).  A "predispute arbitration agreement" is defined as "any agreement to arbitrate a dispute that had not yet arisen at the time of the making of the agreement." 9 U.S.C. § 401(1).  A court is to determine whether an agreement is enforceable under the EFASASHA. 9 U.S.C. § 402(b).

As set forth above, Plaintiff's allegations relate to alleged misconduct (i.e., sexual assault and/or sexual harassment) that occurred between 2019 and 2020.  (Amd. Compl. ¶¶ 195, 209.) She complained to Mr. Arias on August 11, 2021.  (Amd. Compl. ¶ 72.)  Thereafter, on August 20, 2021, <u>after</u> she complained about alleged sexual harassment and sexual assault, she signed an Agent Contract ("Contract").  The Contract, similar to her prior agent contract, contained an arbitration clause. (Agent Contract, ECF No. 18-2 at 6; *see* Amd. Compl. ¶¶ 26-28.c., Ex. A.) Therefore, even if the EFASASHA applied (which it does not), the Contract is a post-dispute agreement. Plaintiff's dispute (i.e., alleged sexual harassment and sexual assault) arose before she signed the Contract on August 11, 2021. The Contract is a post-dispute agreement.  Thus, Plaintiff's claims are subject to binding arbitration.

3. <u>CONCLUSION</u>

For the reasons above stated, Defendants Simon Arias, III, Arias Agencies, and S.A. Arias Holdings, LLC, joining Defendant American Income Life Company, respectfully request that the Court grant American Income Life Company's motion, compel Plaintiff to pursue her claims against American Income Life Company and the Arias Defendants in arbitration, and stay the underlying action.

        Respectfully submitted,

        STRASSBURGER McKENNA GUTNICK &  
         GEFSKY

        By:   /s/ Jean E. Novak  
           Jean E. Novak  
           PA ID No. 69490  
           Four Gateway Center, Suite 2200  
           444 Liberty Avenue  
           Pittsburgh, PA  15222  
           Telephone: (412) 281-5423  
           Facsimile: (412) 281-8264  
           E-mail:  jnovak@smgglaw.com

*Counsel for Defendants, Simon Arias, III,*  
 *Arias Agencies, S.A. Arias Holdings, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **Memorandum of Law of Defendants Simon Arias III, Arias Agencies, S.A. Arias Holdings, LLC in Reply to Plaintiff's Response to Motion to Compel Arbitration and Stay Case** was served this 14th day of July 2022, via CM/ECF system to all counsel and/or parties of record:

Amy N. Williams, Esquire
Williamson Law LLC
Law and Finance
429 Fourth Avenue, Suite 300
Pittsburgh, PA  15219
412-600-8862
awilliamson@awilliamsonlaw.com

**Counsel for Plaintiff, Renee Zinsky**

Benjamin D. Webb, Esquire
COZZA LAW GROUP
510 Washington Avenue
Carnegie, PA 15106
bwebb@cozzalaw.com

**Attorney For Defendants
Michael Russin, Russin Group, LLC and Russin Financial**

Andre M. Kirshenbaum, Esquire
Post & Schell, P.C.
Four Penn Center
1600 John F. Kennedy Blvd. 14thFloor
Philadelphia, PA  19103
akirshenbaum@PostSchell.com

Rachel E. Lutz, Esquire
Post & Schell, P.C.
301 Oxford Centre Suite 310
Pittsburgh, PA  15219
rlutz@PostSchell.com

Albert Giang, Esquire
James A. Unger, Esquire
King & Spalding LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA  90071
agiang@kslaw.com
junger@kslaw.com


Anne R. Dana, Esquire
King & Spalding LLP
1185 Avenue of Americas
34th Floor
New York, NY  10036
adana@kslaw.com


STRASSBURGER McKENNA GUTNICK
& GEFSKY

By: /s/ Jean E. Novak
    Jean E. Novak
        PA ID No. 69490