**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA**

**RENEE ZINSKY**,

        Plaintiff,

        vs.

**MICHAEL RUSSIN, RUSSIN
FINANCIAL, RUSSIN GROUP, SIMON
ARIAS, III, ARIAS AGENCIES, S.A.
ARIAS HOLDINGS, LLC, AMERICAN
INCOME LIFE INSURANCE COMPANY**,

        Defendants.

Civil Action No. 2:22-cv-547(MJH)

The Honorable Marilyn J. Horan

ELECTRONICALLY FILED

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
AMERICAN INCOME LIFE INSURANCE COMPANY'S
<u>MOTION TO COMPEL ARBITRATION AND STAY THE CASE</u>**

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................. 1

ARGUMENT ........................................................................................................ 2

I.      THE COURT MUST COMPEL ARBITRATION BECAUSE PLAINTIFF
        ADMITS SHE ENTERED INTO A VALID ARBITRATION AGREEMENT
        AND HER CLAIMS FALL WITHIN THE ARBITRATION CLAUSE .......................... 2

II.     EFASASHA DOES NOT APPLY AND THE COURT MUST COMPEL
        ARBITRATION OF PLAINTIFF'S CLAIMS AGAINST AIL ....................................... 3

        A.      Plaintiff Has Not Established the Necessary Prerequisite That Her Dispute
                "Arose and Accrued" On or After EFASASHA's Recent Passage. ...................... 4

        B.      Plaintiff Has Not Established the Separate Requirement of a "Predispute"
                Arbitration Agreement Where She Entered the Agreement After the
                Relevant Alleged Acts and Even After the Alleged Reporting of Her
                Dispute. ........................................................................................................ 6

        C.      Plaintiff Also Fails To Address How Her Claim Of Sexual Assault—
                Which Is Only Asserted Against Russin—'Relates' To Her Causes Of
                Action Against AIL ......................................................................................... 8

        D.      Even If EFASASHA Applies As A Narrow Exception To The FAA—
                Which It Does Not—State Arbitration Law Mandates Arbitration. ..................... 11

CONCLUSION ..................................................................................................... 12

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*AT&T Mobility LLC v. Concepcion*,
    563 U.S. 333 (2011)..................................................................................................8

*Bartol v. Barrowclough*,
    251 F. Supp. 3d 855 (E.D. Pa. 2017) .....................................................................10

*Berry et al v. American Income Life Insurance Company*,
    2:20-CV-00110 (W.D. Pa. Sept. 20, 2020).............................................................3

*D'Angio v. Borough of Nescopeck*,
    34 F. Supp. 2d 256 (M.D. Pa. 1999) ........................................................................9

*Davis v. EGL Eagle Glob. Logistics L.P.*,
    243 F. App'x 39 (5th Cir. 2007) .............................................................................12

*Douglas v. Joseph*,
    656 F. App'x 602 (3d Cir. 2016) ..............................................................................4

*Harper v. Amazon.com Servs., Inc.*,
    12 F.4th 287 (3d Cir. 2021) ....................................................................................11

*Hawa v. Coatesville Area Sch. Dist.*,
    CV 15-4828, 2016 WL 590369 (E.D. Pa. Feb. 12, 2016) .......................................3

*Hynson v. City of Chester*, *Legal Dep't*,
    864 F.2d 1026 (3d Cir. 1988)..................................................................................10

*Kach v. Hose*,
    589 F.3d 626 (3d Cir. 2009)..................................................................................4, 5

*Kauffman v. U-Haul Int'l, Inc.*,
    No. 5:16-CV-04580, 2018 WL 4094959 (E.D. Pa. Aug. 28, 2018) .......................12

*Offie v. Winner Hotels Corp.*,
    No. 2:11-cv-47, 2012 WL 726120 (W.D. Pa. Jan. 10, 2012) ..................................5

*Pajor-Flores v. Am. Income Life Ins. Co.*,
    No. 16-cv-01992-CMA-KMT, 2017 WL 6033689 (D. Colo. Oct. 31, 2017) ........11

*Palcko v. Airborne Express, Inc.*,
    372 F.3d 588 (3d Cir. 2004)....................................................................................11

*Perrin v. United States*,
    444 U.S. 37 (1979)..................................................................................................4

*Rembert v. Ryan's Fam. Steak Houses, Inc.*,
    596 N.W.2d 208 (Mich. Ct. App. 1999) ..................................................................7

*Rogan v. Giant Eagle, Inc.*,
    113 F. Supp. 2d 777 (W.D. Pa. 2000)......................................................................5

*Stephens v. Clash*,
    796 F.3d 281 (3d Cir. 2015)....................................................................................5

*Sw. Airlines Co. v. Saxon*,
    142 S. Ct. 1783 (2022)............................................................................................8

*U.S. v. Safehouse*,
    408 F. Supp. 3d 583 (E.D. Pa. 2019) .....................................................................10

**Statutes**

9 U.S.C. § 401-02 ("EFASASHA) ................................................................... *passim*

Federal Arbitration Act, 9 U.S.C. § 1 *et seq* ..................................................... *passim*

Fair Labor Standards Act .....................................................................................9

Pennsylvania Minimum Wage Act .......................................................................9

**Other Authorities**

168 Cong. Rec. S624-01 (daily ed. Feb. 10, 2022)..............................................9

Black's Law Dictionary (11th ed. 2019)...............................................................6

Federal Rule of Civil Procedure Rule 8(a)(2) .....................................................10

## INTRODUCTION

In her Response to Defendant American Income Life Insurance's ("AIL") Motion to Compel Arbitration and Stay the Case (the "Opposition"), Plaintiff does not dispute that she signed a valid arbitration agreement with AIL. (*See generally*, Opp.) Nor does she dispute that her causes of action against AIL fall within the broad scope of that arbitration clause. (*Id.*) Plaintiff does not even attempt to distinguish herself (because she cannot) from the myriad of other court decisions cited by AIL compelling arbitration of identical claims brought by independent contractors against AIL. (*Id.*; *see also* AIL's Motion ("Mot.") at 18.) Where AIL has established the *prima facie* elements for arbitration, longstanding presumptions in favor of arbitrability apply and the burden falls on Plaintiff to prevent arbitration.

Rather than challenge AIL's *prima facie* showing, Plaintiff's whole argument is a strained attempt to qualify for what she admits is a "newly enacted" law passed on March 3, 2022 amending the FAA: the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act ("EFASASHA"). (Opp. at 3.) However, Plaintiff fails to establish two basic prerequisites to qualifying for EFASASHA: (1) that her dispute "arose or accrued" after the passage of the law, and (2) that she has a "predispute" arbitration agreement. Citing no case law or other support, she simply states that EFASASHA applies because the term "dispute" refers to the time of filing a lawsuit—not, as extensive case law and legal sources provide, at the time the cause of action arises or accrues.

Notwithstanding her conclusory position, Plaintiff in fact *admits* that all of the alleged acts giving rise to her sexual assault claim against Michael Russin ("Russin") occurred in 2019 and/or 2020, that she reported her allegations internally in August 2021, and that there was an investigation into her allegations—all *prior to* the passage of EFASASHA. *Id.* Plaintiff also admits that she executed the operative agent contract containing the arbitration agreement in

August of 2021, *i.e.*, well after the alleged conduct by Russin took place.  *Id.* at 4.  These statements support AIL's commonsense analysis that Plaintiff's claims clearly arose or accrued prior to the March 2022 enactment of EFASASHA and Plaintiff agreed to arbitrate all her claims long after the dispute first arose, both of which render EFASASHA inapplicable here.

Moreover, even if Plaintiff had established these prerequisites—which she has not—she fails to address how the causes of action asserted against AIL "relate" to the sexual assault claim asserted against Russin.  Instead, she argues (again, without any support) that the "broad language" of the statute effectively requires any claim arising out of her independent contractor status to "relate" to the sexual assault claim.  (Opp. at 4.)  This is insufficient as a matter of law and ignores the legislative history that indisputably establishes that the causes of action Plaintiff has asserted against AIL are unrelated to her sexual assault claim against Russin.  This is further bolstered by the fact that nowhere in the Opposition does Plaintiff point to a *single* statement or action by AIL or an AIL employee that relates to her sexual assault claim.

Finally, even if Plaintiff were able to get past all of these hurdles, which she cannot, state arbitration law would similarly require granting AIL's motion to compel arbitration of the claims brought against it.

For all of these reasons, and as set forth in greater detail below, this Court must compel arbitration of the claims against AIL and stay the remainder of the case.

## ARGUMENT

**I.     THE COURT MUST COMPEL ARBITRATION BECAUSE PLAINTIFF ADMITS SHE ENTERED INTO A VALID ARBITRATION AGREEMENT AND HER CLAIMS FALL WITHIN THE ARBITRATION CLAUSE**

AIL has established the *prima facie* elements of (1) a signed arbitration agreement with (2) language broad in scope that encompasses Plaintiff's claims against AIL.  (*See* Mot. at 8-13.)  Plaintiff does not dispute the existence of the arbitration agreement or its expressly broad scope.

(*See generally*, Opp.)   Indeed, the face of the original Complaint and the Amended Complaint acknowledge the basic fact that she signed an Agent Contract containing such arbitration language. (Compl. at 28 & fn. 1; FAC at 28 & fn. 1.)  Where AIL has carried its *prima facie* burden, ample caselaw, including in the Third Circuit, establishes the strong "presumption of arbitrability" and requires resolving any doubts in favor of arbitration.  *See* Mot. at 8 (citing cases placing the burden of proof "on the party resisting arbitration" to overcome the strong policies in favor of arbitration); *cf. Berry et al v. American Income Life Insurance Company*, 2:20-CV-00110 (W.D. Pa. Sept. 20, 2020) (Dkt. 18-4) (acknowledging "presumption of arbitrability," noting the broad scope of arbitration language, and granting AIL's motion to compel arbitration).  By failing to dispute these facts, Plaintiff has waived any argument on this issue.  *See Hawa v. Coatesville Area Sch. Dist.,* CV 15-4828, 2016 WL 590369, at *5 (E.D. Pa. Feb. 12, 2016) ("A party who fails to brief an issue waives that issue.") (citing *Frey v. Grumbine's RV*, No. 1:10-CV-1457, 2010 WL 4718750, at *8 (M.D. Pa. Nov. 15, 2010)).

Because Plaintiff cannot dispute these *prima facie* elements, she instead reaches outside of the arbitration agreement and argues that she should qualify for a narrow statutory exception to federal arbitration law.  But, as set forth in detail below, she fails to carry her burden of establishing basic qualification for this narrow exception.

## II.    EFASASHA DOES NOT APPLY AND THE COURT MUST COMPEL ARBITRATION OF PLAINTIFF'S CLAIMS AGAINST AIL

AIL's Motion sets forth two separate, express, statutory pre-requisites that any plaintiff must establish before attempting to invoke the recently-passed EFASASHA: (1) that the sexual assault claim in the complaint—here, based on alleged conduct by Russin and where AIL is not named—"ar[ose] or accrue[d]" on or after the enactment of EFASASHA on March 3, 2022, and (2) that the arbitration provision be a "predispute" agreement.  (Mot. at 14) (citing 9 U.S.C. § 401).

Plaintiff has failed to establish either prerequisite.  Even if Plaintiff could meet these basic statutory requirements, she never establishes (3) why her specific claims against AIL (as opposed to other defendants) qualify for the narrow exception, and (4) why those claims against AIL are not arbitrable under state law.  In short, Plaintiff's attempt to shoehorn long-known claims into a recently passed statute raises a gauntlet of problems that Plaintiff does not begin to attempt to answer.  And because Plaintiff fails at the earliest steps of the EFASASHA analysis, this Court need not engage in a claim-specific analysis or a review of state arbitration law, can apply the longstanding presumptions in favor of arbitrability, and should compel the continuation of Plaintiff's claims against AIL to arbitration.

### A.     Plaintiff Has Not Established the Necessary Prerequisite That Her Dispute "Arose and Accrued" On or After EFASASHA's Recent Passage.

As to the first prerequisite, Plaintiff ignores longstanding case law cited by AIL that "[i]n Pennsylvania, a cause of action accrues when the plaintiff could have *first* maintained the action." (Mot. at 14) (emphasis added) (collecting cases).  Nothing in the statutory language of EFASASHA changed this longstanding definition of "accrue," and Plaintiff cites no authority that permits diverging from this commonly understood meaning of "accrue." *Perrin v. United States*, 444 U.S. 37, 42 (1979) ("A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning.").  Instead, Plaintiff merely asserts that a dispute "arises or accrues" when one files a lawsuit in court. (Opp. at 3-4.)  Such a position runs counter to decades of well-established law defining the term "accrue." *See e.g., Douglas v. Joseph*, 656 F. App'x 602, 605 (3d Cir. 2016).  In fact, the Third Circuit has explicitly held that an allegation of sexual abuse "accrues" at the time of the alleged incidents. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009).  The Court explained that the accepted meaning of accrual is "at the time the plaintiff suffers an injury," because "[w]ere it

otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief." *Id.* at 634-35 (quoting *Wallace v. Kato*, 549 U.S. 384, 391 (2007)).  The same rule applies here, and to adopt Plaintiff's position would run counter to established principles of statutory construction and ignore the settled meaning of the word accrue.

Moreover, Plaintiff readily admits that the alleged actions giving rise to her claim of sexual assault against Russin occurred in April 2019 and/or 2020, long before the passage of EFASASHA in 2022.  (Opp. at 3.)  As such, her statute of limitations began to run in April 2019 and/or 2020. *See Stephens v. Clash*, 796 F.3d 281, 289 (3d Cir. 2015) (claim accrued at time of incidents of alleged "nonconsensual sexual contact" because like other types of battery "the elements of the offensive touching will be present and ascertainable by the plaintiff at the time of the touching itself" and therefore the statute of limitations will run at that time) (quoting *Dalrymple v. Brown*, 701 A.2d 164, 170 (Pa. 1997).)[1]  The definition of "statute of limitations" makes clear that it begins running at the time the claim "accrues": "a statute establishing a time limit for suing in a civil case, based on the date when the claim accrued (as when the injury occurred or was discovered)."

---

[1] Plaintiff has not asserted a sexual harassment cause of action against AIL and has no basis to do so given ample federal and state law holding that Title VII and its state analogue do *not* extend to independent contractors as a matter of law (*see* Motion at 18 (collecting cases including dismissals of such claims against AIL))—which Plaintiff has not disputed in her Opposition.  But even if she had, the law is clear that such a claim would have first "arisen and accrued" prior to the March 3, 2022 passage of EFASASHA, because she had already filed a Charge with the EEOC on January 22, 2022.  (Ex. 1.)  The Court may consider and take judicial notice of the date of an EEOC charge either as an undisputed record central to the plaintiff's claim, or as information which is a matter of public record.  *See Rogan v. Giant Eagle, Inc.*, 113 F. Supp. 2d 777, 782 (W.D. Pa. 2000); *see also Offie v. Winner Hotels Corp.*, No. 2:11-cv-47, 2012 WL 726120, at *6, n. 8 (W.D. Pa. Jan. 10, 2012) (collecting cases).  In other words, even a hypothetical cause of action for sexual harassment naming AIL—not present in the operative complaint—would still have arisen and accrued before March 3, 2022 and would still be insufficient to trigger EFASASHA, let alone save all of the other claims against AIL from arbitration.

Black's Law Dictionary (11th ed. 2019).  As such, it is indisputable that Plaintiff's sexual assault claim arose or accrued prior to the undisputed passage date of EFASASHA, thus the later amendment does not apply to her earlier claims.

  **B.**  ***Plaintiff Has Not Established the Separate Requirement of a "Predispute" Arbitration Agreement Where She Entered the Agreement After the Relevant Alleged Acts and Even After the Alleged Reporting of Her Dispute.***

  Even if Plaintiff could meet the first prerequisite, she cannot meet the second:  EFASASHA is clear that it is limited to "predispute arbitration agreement[s]," which are defined as "any agreement to arbitrate a dispute that had not yet arisen at the time of the making of the agreement." 9 U.S.C. §§ 401-02.  Indeed, the Opposition admits that Plaintiff signed the operative agent contract containing the arbitration provision on August 20, 2021, which was *after* she reported her alleged harassment claim to Arias (an individually named defendant and an independent contractor of AIL), and *long after* the alleged acts giving rise to her sexual assault claim in 2019 and/or 2020. *See* Opp. at 2 and 4 (alleging that she had "reported that she was being sexual harassed" by Russin in 2019 and/or 2020, before entering the relevant Agent Contract on or about August 2021).

  Plaintiff's sole argument (without any legal support) as to why her August 20, 2021 agent contract should be considered a "predispute" arbitration agreement is that "no dispute existed" because she had not yet filed her current lawsuit in court.  (Opp. at 4.)  This does not hold water. By its very definition, a dispute must exist *before* the filing of a lawsuit, and a dispute arises and accrues at the time the statute of limitations begins to run.  The definition of "dispute" is "[a] conflict or controversy, especially one that has given rise to a particular lawsuit."  Black's Law Dictionary (11th ed. 2019).  A "lawsuit" is defined as "any proceeding by a party or parties against another in a court of law."  *Id*.  And, as set forth above, *supra* at 6, the definition of "statute of limitations" is the "date when the claim accrued (as when the injury occurred or was discovered)." Black's Law Dictionary (11th ed. 2019).

These long-accepted definitions confirm that the dispute giving rise to Plaintiff's sexual assault claim against Russin arose or accrued in 2019 and/or 2020—which was long before Plaintiff signed the operative agent contract with AIL containing the arbitration provision on August 20, 2021.  The August 2021 operative contract therefore cannot qualify as a "predispute" arbitration agreement under EFASASHA.  Even generously delaying the timing of the "dispute" until Plaintiff first allegedly made a complaint to Arias, her "dispute" still arose prior to her signing the operative agent contract.  (FAC ¶¶ 71-74.)  Either way, Plaintiff entered a *post-dispute* arbitration agreement that requires her claims against AIL be arbitrated.  *See Rembert v. Ryan's Fam. Steak Houses, Inc*., 596 N.W.2d 208, 210 (Mich. Ct. App. 1999) (explaining that the term "predispute" arbitration agreement is used to distinguish this type from an arbitration agreement that the parties enter into after the dispute arises).

Plaintiff's strained attempt to characterize her arbitration agreement as "predispute" is undermined by her other allegations and arguments.  *First*, Plaintiff specifically alleges she was demoted to "Agent Status" by "Corporate Defendants" upon their "learning of **the dispute**," which occurred prior to her execution of the operative agent contract.  (Compl. ¶ 160; FAC ¶ 165; Opp. at 2) (emphasis added).  *Second*, Plaintiff's breach of contract claim alleges that "Corporate Defendants [had] failed to use their best efforts to resolve **this dispute** with Plaintiff" prior to filing the lawsuit.  (Compl. ¶¶ 158-59; FAC ¶¶ 164-66) (emphasis added).  Both of these allegations trace the "dispute" back to alleged acts by Russin as early as 2019 and/or to alleged reporting to Arias in 2021.  And neither of these allegations can be squared with Plaintiff's sudden claim that no "dispute" existed until the filing of the lawsuit in court.  In other words, by Plaintiff's own admission, a dispute existed prior to her signing the operative agent contract, making it

unquestionably a "postdispute" arbitration agreement and not a "predispute" arbitration agreement subject to EFASASHA.

At bottom, Plaintiff fails to establish either pre-requisite for this narrow statutory exemption, and cites no cases rebutting AIL's legal arguments.  Generic references to "legislative history" should not distract from Plaintiff's clear inability to meet specific conditions for a statutory exception, and certainly cannot overcome the weight of precedent about the liberal policy favoring arbitration and the need to resolve doubts in favor of arbitration.  *See generally Sw. Airlines Co. v. Saxon*, 142 S. Ct. 1783, 1792-93 (2022) (courts "have no warrant to elevate vague invocations of statutory purpose over the words Congress chose"); *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (explaining that Congress sought to replace "widespread judicial hostility" towards arbitration agreements with a "liberal federal policy favoring arbitration").

C.    ***Plaintiff Also Fails To Address How Her Claim Of Sexual Assault—Which Is Only Asserted Against Russin—'Relates' To Her Causes Of Action Against AIL.***

Even if Plaintiff could establish (1) that her dispute accrued "on or after the date of the enactment of this Act" (it did not), and (2) that hers was a "predispute" arbitration agreement (it was not), she does not (and cannot) show why the specific causes of action *against AIL* would fall within the narrow subject matter of EFASASHA.  The sexual assault cause of action is only against Russin, not AIL.  Nor are the battery, false imprisonment, and intentional infliction of emotional distress causes of action asserted against AIL.  Rather, all of these intentional torts are directed against Russin and based on alleged acts by him.[2]

---

[2] Russin acknowledged that "Counts nine through twelve consist of tort-based claims against Defendant Michael Russin in his individual capacity," which are distinct from the counts against AIL.  (ECF No. 23 at 3.)

*First*, while the Opposition doubles down by pointing to alleged public statements made by *other defendants* (Opp. at 6-9), nowhere does Plaintiff identify a *single* specific alleged act or statement by AIL.  (ECF No. 25.)  What Plaintiff cannot do is simply assert—without any supporting legal citation—that the specific subject matter of EFASASHA extends more generally to an undefined (and unlimited) "myriad of interrelated situations" that might "relate to her [alleged] employment with AIL."  (Opp. at 4.)  By failing to address how the causes of action asserted against AIL "relate" to the sexual assault claim, Plaintiff has waived that argument.  *See D'Angio v. Borough of Nescopeck*, 34 F. Supp. 2d 256, 265 (M.D. Pa. 1999).

*Second*, even had Plaintiff attempted such an analysis, she could not reasonably argue that the sexual assault tort claim against Russin "related" to the separate claims against AIL, the gravamen of which sound in employment and contract-based theories under the Fair Labor Standards Act, the Pennsylvania Minimum Wage Act, and the Pennsylvania Wage Payment and Collection law.  (FAC at 19-25.)  On the face of the pleadings, the claims alleging misclassification, wage-and-hour issues and breach of contract against AIL are conceptually distinct and based on different facts from the sexual assault claim against Russin.[3]  (*Id.*)

---

[3] This is further supported by the legislative history.  As Senator Gillibrand stated in the record, "[t]he bill plainly reads . . . that only disputes that relate to sexual assault or harassment conduct can escape [] arbitration."  (168 Cong. Rec. S624-01, S627 (daily ed. Feb. 10, 2022).)  The narrowing phrase "that relate to" was added to ensure that the exception not swallow the rule, and that EFASASHA not be a "catalyst for destroying predispute arbitration agreements in all employment matters."  *Id.* at 625.  Rather, other employment claims had to have "a key nexus" to the harassment or assault claim to conceivably fall within EFASASHA's ambit.  *Id*.  Moreover, the legislative history makes clear that EFASASHA is to be "narrowly interpreted" and "should not be used as a mechanism to move employment claims that are unrelated to [sexual assault and harassment] out of [arbitration]."  *Id*.  The legislative history even acknowledges that, in a hypothetical where there is "an hour-and-wage dispute" alongside "a sexual harassment [or] sexual assault claim, the hour-and-wage dispute stays under arbitration . . . ."  *Id*.

Plaintiff ignores this clear legislative record, and instead resorts to more generic policy arguments and cherry-picked statements (*e.g.*, a statement made by Vice President Kamala Harris at a *post-*

*Third*, Plaintiff cannot drag AIL into the narrow scope of EFASASHA with wage and hour, breach of contract, and negligence and vicarious liability claims (which hinge on sales agents' status as independent contractors) that impermissibly lump together distinct and separately-named "Corporate Defendants." The Third Circuit has criticized this "all too common shotgun pleading approach" to complaints. *Hynson v. City of Chester*, *Legal Dep't*, 864 F.2d 1026, 1031 n.13 (3d Cir. 1988). A complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against" is impermissible under Federal Rule of Civil Procedure Rule 8(a)(2)." *Bartol v. Barrowclough*, 251 F. Supp. 3d 855, 859 (E.D. Pa. 2017) (*quoting Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015)). Here, Plaintiff's Amended Complaint repeatedly resorts to undifferentiated allegations about "Corporate Defendants," which impermissibly encompasses several independent and unrelated entities (*i.e.*, Russin Financial, Russin Group, Arias Agencies, S.A. Arias Holdings, LLC, and AIL), without alleging which party purportedly engaged in what separate conduct.[4] (FAC ¶¶ 217-26.) Such

---

*signing* speech that does not illuminate intent prior to passage). *See U.S. v. Safehouse*, 408 F. Supp. 3d 583, 612 (E.D. Pa. 2019) ("Courts generally reject such 'post hoc' statements as unreliable tools for construing a statute… In part this is because they were not part of the consideration or debate in which the legislature engaged prior to voting to enact the law in question…."). But this Court need not sift through the full (and extensively debated) legislative record, where Plaintiff cannot meet express requirements on the very face of EFASASHA's statutory language.

[4] There is also no basis to simply conclude that AIL controlled the downstream conduct by an attenuated individual like Russin, especially where (i) Arias (an SGA and the highest level in the tiered independent contractor structure) has confirmed that he is an independent contractor to AIL, (Dkt. 21 at 4); (ii) Russin has confirmed that he also was an independent contractor to AIL (Dkt. 23 at 2, n.2); (iii) Plaintiff alleges that she was hired by and reported to Russin (FAC ¶¶ 32, 22) and that, at all relevant times, Russin reported to Arias (not AIL) (FAC ¶ 24); and (iv) there are numerous cases—which the Opposition did not address—confirming that AIL has "virtually no discretion over the manner and means by which [sales agents] conduct[] the day-to-day business of selling insurance" and therefore conduct by independent contractor sales agents should not be imputed onto AIL. *See, e.g.*, *Pajor-Flores v. Am. Income Life Ins. Co.*, No. 16-cv-01992-CMA-

allegations—pled without any detail as to AIL's specific conduct—are too vague and generic to trigger the application of EFASASHA's narrow exception to arbitration and to circumvent AIL's presumptive right to arbitration.

>    **D.    Even If EFASASHA Applies As A Narrow Exception To The FAA—Which It Does Not—State Arbitration Law Mandates Arbitration.**

Finally, even assuming *arguendo* that Plaintiff could justify why each specific claim against AIL is subject to EFASASHA (which the Opposition never attempts and Plaintiff cannot do), that would exempt that particular claim only from arbitration under the FAA.  EFASASHA (9 U.S.C. § 401) was passed as an amendment to the FAA and created an exception (not applicable here) to federal arbitration law under that statute.  But as explained in the Motion and not disputed by Plaintiff, both Texas and Pennsylvania have their own state laws that favor arbitration and require enforcement of Plaintiff's arbitration agreement.  (Mot. at 8 & n. 4.)  As the Third Circuit has held, even "taking the FAA out of the agreement," a court "then considers whether the contract still requires arbitration under any applicable state law.  After all, the parties' primary agreement is to arbitrate their disputes, so courts should explore both contractual routes to effectuate that agreement when one is called into question."  *Harper v. Amazon.com Servs., Inc.*, 12 F.4th 287, 296 (3d Cir. 2021) (emphasis added) (holding that consideration of state law grounds for arbitration "is what federalism requires of a federal court," and noting that Washington arbitration law could compel arbitration even if the plaintiff qualified for an exception to the FAA); *see also Palcko v. Airborne Express, Inc.*, 372 F.3d 588, 596 (3d Cir. 2004) (reversing denial of motion to compel arbitration and holding that "enforcement of the arbitration agreement between [the

---

KMT, 2017 WL 6033689, at *4 (D. Colo. Oct. 31, 2017) (rejecting Title VII employment claims against AIL based on the alleged conduct of an SGA, because "Plaintiff's contentions with respect to [the SGA] are hardly relevant to her relationship with AIL" and because the SGA "was himself an independent contractor of AIL, not an employee").

parties] under Washington state law, as if the FAA 'had never been enacted,' does not contradict any of the language of the FAA"); *Kauffman v. U-Haul Int'l, Inc*., No. 5:16-CV-04580, 2018 WL 4094959, at *5 (E.D. Pa. Aug. 28, 2018) (compelling arbitration under Pennsylvania law because, "as a number of courts have determined, an arbitration clause can be enforced under state law even in the absence of a state law contingency provision" in the arbitration agreement); *see also Davis v. EGL Eagle Glob. Logistics L.P*., 243 F. App'x 39, 44 (5th Cir. 2007) (compelling arbitration under Texas law because "the Agreement's arbitration provision is valid and enforceable under [Texas arbitration law], even if the Agreement is excepted from application of the FAA").

*    *    *

Big picture, Plaintiff prevails only if this Court reverses the normal presumptions favoring arbitration; engages in strained and unsupported interpretations of a narrow exception to the FAA; finds that Plaintiff cleared several hurdles before properly invoking EFASASHA; *and* conclude that separate state law does not require arbitration.  Plaintiff, however, failed to satisfy her burden to show that she qualifies for the narrow exception at the first step, and this Court need not analyze the remaining hurdles that Plaintiff has failed to address and which she failed to satisfy.  Rather, this Court should simply and correctly conclude that Plaintiff failed to show that she qualifies for EFASASHA and grant AIL's Motion.

<h3 style="text-align:center">CONCLUSION</h3>

For the foregoing reasons, as well as those set forth in its Motion, AIL respectfully requests that the Court grant its Motion and Compel Plaintiff to pursue her claims against AIL in arbitration. In the interest of efficiency and to preserve the intent of the parties as memorialized in the Agent Contract, AIL also respectfully requests that the Court stay this action, including all discovery, until the arbitration has been concluded.

Dated:  July 14, 2022

Respectfully submitted,

By:  */s/ Andrea M. Kirshenbaum*

**POST & SCHELL, P.C.**
Andrea M. Kirshenbaum
(Pa. Bar No. 88030)
Four Penn Center
1600 John F. Kennedy Blvd, 14th Floor
Philadelphia, PA 19103
Tel: (215) 587-1126
Fax: (215) 320-4711

Rachel E. Lutz (Pa. Bar No. 315462)
One Oxford Centre
301 Grant Street, Suite 3010
Pittsburgh, Pennsylvania 15219
Tel: (412) 227-8887
Fax: (412) 227-9065
Email:  akirshenbaum@PostSchell.com
rlutz@PostSchell.com

**KING & SPALDING LLP**
Albert Giang (Cal. Bar No. 224332)
James A. Unger (Cal. Bar No. 325115)
633 West Fifth Street, Suite 1600
Los Angeles, California 90071
Tel: (213) 218-4002
Fax: (213) 443-4310
Email: agiang@kslaw.com
junger@kslaw.com

Anne R. Dana (NY Bar No. 5011366)
1185 Avenue of the Americas
34th Floor
New York, NY 10036
Tel: (212) 556-2100
Email:  adana@kslaw.com

*Applications for Admission Pro Hac Vice Forthcoming*

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2022 a true and correct copy of the foregoing document was filed electronically with the Clerk of Court through ECF, and that ECF will send a Notice of Electronic Filing (NEF) to the following person(s):

Amy Williamson, Esquire
Williamson Law
429 Fourth Avenue, Suite 300
Pittsburgh, PA 15219
awilliamson@awilliamsonlaw.com

*Attorney for Plaintiff Renee Zinsky*

Jean E. Novak
STRASSBURGER MCKENNA GUTNICK & GEFSKY
Four Gateway Center, Suite 2200
444 Liberty Avenue
Pittsburgh, PA 15222
jnovak@smgglaw.com

*Attorney for Defendants*
*Simon Arias, III, Arias Agencies, S.A. Arias Holdings, LLC*

Benjamin D. Webb, Esquire
COZZA LAW GROUP PLLC
400 Holiday Drive, Suite 210
Pittsburgh, Pennsylvania 15220
bwebb@cozzalaw.com

*Attorney for Defendants*
*Michael Russin, Russin Financial, and Russin Group*

Dated: July 14, 2022                    /s/  Andrea M. Kirshenbaum
                                        Andrea M. Kirshenbaum