IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RENEE ZINSKY, | ) | Civil Action No.: 2:22-cv-547 |
| | ) | |
| Plaintiff, | ) | ANSWER |
| | ) | |
| v. | ) | Electronically Filed |
| | ) | |
| MICHAEL RUSSIN, RUSSIN | ) | |
| FINANCIAL, RUSSIN GROUP, | ) | |
| SIMON ARIAS, III, ARIAS AGENCIES, | ) | |
| S.A. ARIAS HOLDINGS, LLC, | ) | |
| AMERICAN INCOME LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| | | |
| Defendants. | | |

## ANSWER

AND NOW, comes Defendant, Michael Russin ("Defendant"), by and through his

attorneys, Benjamin D. Webb, Esquire, and Cozza Law Group PLLC, and files the within

Answer to Plaintiff's Amended Complaint, averring as follows:

## JURISDICTION AND VENUE

1.      Paragraph 1 of Plaintiff's Amended Complaint contains conclusions of law to
which no responsive pleading is required.

2.      Paragraph 2 of Plaintiff's Amended Complaint contains conclusions of law to
which no responsive pleading is required.

3.      Paragraph 3 of Plaintiff's Amended Complaint contains conclusions of law to
which no responsive pleading is required.

4.      Paragraph 4 of Plaintiff's Amended Complaint contains conclusions of law to
which no responsive pleading is required.

## PARTIES

5.      Defendant admits the averments contained in paragraph 5 of Plaintiff's Amended Complaint.

6.      Defendant admits the averments contained in paragraph 6 of Plaintiff's Amended Complaint.

7.      Per this Honorable Court's Opinion and Order, dated July 22, 2022, Defendant is only required to file responsive pleadings to Counts IX, X, XI and XII of Plaintiff's Amended Complaint. Plaintiff's Corporate claims against Russin Financial, Russin Group, Simon Arias, III, Arias Agencies, S.A. Arias Holdings, LLC ("Arias Defendants") and American Income Life Insurance Company ("AIL") are stayed pending the resolution of an arbitration proceeding. Based on the Court's Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 7 of Plaintiff's Amended Complaint. Moreover, the averments contained in paragraph 7 of Plaintiff's Amended Complaint are directed to a party other than answering Defendant and, therefore no response is required of answering Defendant.

8.      Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 8 of Plaintiff's Amended Complaint. Moreover, the averments contained in paragraph 8 of Plaintiff's Amended Complaint are directed to a party other than answering Defendant and, therefore no response is required of answering Defendant.

9.      Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 9 of Plaintiff's Amended Complaint.

10.     The averments contained in paragraph 10 of Plaintiff's Amended Complaint are directed to a party other than answering Defendant and, therefore no response is required of answering Defendant.

11.     The averments contained in paragraph 11 of Plaintiff's Amended Complaint are directed to a party other than answering Defendant and, therefore no response is required of answering Defendant.

12.     The averments contained in paragraph 12 of Plaintiff's Amended Complaint are directed to a party other than answering Defendant and, therefore no response is required of answering Defendant.

13.     The averments contained in paragraph 13 of Plaintiff's Amended Complaint are directed to a party other than answering Defendant and, therefore no response is required of answering Defendant.

14.     The averments contained in paragraph 14 of Plaintiff's Amended Complaint are directed to a party other than answering Defendant and, therefore no response is required of answering Defendant.

15.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 15 of Plaintiff's Amended Complaint. Moreover, the averments contained in paragraph 15 of Plaintiff's Amended Complaint are directed to a party other than answering Defendant and, therefore no response is required of answering Defendant.

16.     The averments contained in paragraph 16 of Plaintiff's Amended Complaint are directed to a party other than answering Defendant and, therefore no response is required of answering Defendant.

17.     The averments contained in paragraph 17 of Plaintiff's Amended Complaint are directed to a party other than answering Defendant and, therefore no response is required of answering Defendant. Moreover, paragraph 17 of Plaintiff's Amended Complaint contains conclusions of law to which no responsive pleading is required.

18.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 18 of Plaintiff's Amended Complaint.

19.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 19 of Plaintiff's Amended Complaint. Moreover, paragraph 19 of Plaintiff's Amended Complaint contains conclusions of law to which no responsive pleading is required.

20.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 20 of Plaintiff's Amended Complaint. Moreover, paragraph 20 of Plaintiff's Amended Complaint contains conclusions of law to which no responsive pleading is required.

## **BACKGROUND FACTS**

21.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 21 of Plaintiff's Amended Complaint. To the extent a response is required, Defendant admits that Plaintiff was contracted to sell life insurance on behalf of AIL beginning on or about April 2019. Defendant denies that an employer/employee relationship existed between himself and Plaintiff at any time relevant hereto.

22.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 22 of Plaintiff's Amended Complaint.

To the extent a response is required, Defendant admits that periodically during her employment, Plaintiff reported to several senior agents, including himself.

23.     The averments contained in paragraph 23 of Plaintiff's Amended Complaint are directed to a party other than answering Defendant and, therefore no response is required of answering Defendant.

24.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 24 of Plaintiff's Amended Complaint.

25.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 25 of Plaintiff's Amended Complaint.

26.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 26 of Plaintiff's Amended Complaint.

27.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 27 of Plaintiff's Amended Complaint.

28.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 28 of Plaintiff's Amended Complaint, including all relevant subparts.

**A.  <u>The Hiring Process</u>**

29.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 29 of Plaintiff's Amended Complaint. To the extent a response is required, Defendant denies the averments contained in paragraph 29 of Plaintiff's Amended Complaint.

30.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 30 of Plaintiff's Amended Complaint, including all relevant subparts.

31.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 31 of Plaintiff's Amended Complaint.

32.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 32 of Plaintiff's Amended Complaint.

33.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 33 of Plaintiff's Amended Complaint.

34.     Defendant denies that averments contained in paragraph 34 of Plaintiff's Amended Complaint.

35.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 35 of Plaintiff's Amended Complaint.

**B.  Plaintiff's Employment**

36.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 36 of Plaintiff's Amended Complaint. To the extent that a responsive pleading is required, Defendant admits that Plaintiff began working for AIL as a contractor on or about April 2019 at an office located at 150 Lake Drive, Suite 105, Wexford, Pennsylvania 15090 ("Wexford Office").

37.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 37 of Plaintiff's Amended Complaint. To the extent a responsive pleading is required, Defendant admits that he also worked out of the Wexford Office.

38.    Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 38 of Plaintiff's Amended Complaint.

39.    Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 39 of Plaintiff's Amended Complaint.

40.    Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 40 of Plaintiff's Amended Complaint.

41.    Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 41 of Plaintiff's Amended Complaint.

42.    Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 42 of Plaintiff's Amended Complaint.

43.    Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 43 of Plaintiff's Amended Complaint.

44.    Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 44 of Plaintiff's Amended Complaint.

45.    Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 45 of Plaintiff's Amended Complaint.

46.    Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 46 of Plaintiff's Amended Complaint.

47.    Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 47 of Plaintiff's Amended Complaint.

48.    Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 48 of Plaintiff's Amended Complaint.

49.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 49 of Plaintiff's Amended Complaint.

50.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 50 of Plaintiff's Amended Complaint. Moreover, paragraph 50 of Plaintiff's Amended Complaint contains conclusions of law to which no responsive pleading is required.

51.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 51 of Plaintiff's Amended Complaint, including all relevant subparts.

52.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 52 of Plaintiff's Amended Complaint.

53.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 53 of Plaintiff's Amended Complaint.

54.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 54 of Plaintiff's Amended Complaint.

55.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 55 of Plaintiff's Amended Complaint. Moreover, paragraph 55 of Plaintiff's Amended Complaint contains conclusions of law to which no responsive pleading is required.

56.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 56 of Plaintiff's Amended Complaint. Moreover, paragraph 56 of Plaintiff's Amended Complaint contains conclusions of law to which no responsive pleading is required.

57.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in subparagraphs 57 (a-d) of Plaintiff's Amended Complaint. Defendant responds to the remaining subparagraphs contained in paragraph 57 of Plaintiff's Amended Complaint as follows:

(a)     Defendant is without sufficient knowledge or information to form a belief regarding the averments contained in subparagraphs 57(e-f) of Plaintiff's Amended Complaint.

(b)     Defendant admits the averments contained in subparagraph 57(f) of Plaintiff's Amended Complaint to the extent that Defendant has used alcohol and drugs during work hours and at work events. Defendant denies that he used steroids, male-enhancing drugs, or painkillers during work hours or at work events.

(c)     Defendant denies the averments contained in subparagraphs 57 (h-r) of Plaintiff's Amended Complaint.

(d)     Defendant is without sufficient knowledge or information to form a belief regarding the averments contained in subparagraph 57(s) of Plaintiff's Amended Complaint.

(e)     Defendant denies the averments contained in subparagraph 57 (t) of Plaintiff's Amended Complaint.

(f)     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in subparagraphs 57 (u-x) of Plaintiff's Amended Complaint.

(g)     Defendant denies the averments contained in subparagraph 57 (y) of Plaintiff's Amended Complaint.

(h)     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in subparagraph 57 (z) of Plaintiff's Amended Complaint.

(i)     Defendant admits the averments contained in subparagraph 57 (aa) of Plaintiff's Amended Complaint.

(j)     Defendant denies the averments contained in subparagraph 57 (bb) of Plaintiff's Amended Complaint.

(k)     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in subparagraphs 57 (cc-hh) of Plaintiff's Amended Complaint, including all relevant subparts.

(l)     Defendant denies the averments contained in subparagraphs 57 (ii-jj) of Plaintiff's Amended Complaint.

58.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 58 of Plaintiff's Amended Complaint, including all relevant subparts.  To the extent a responsive pleading is required, Defendant denies the averments contained in paragraph 58 of Plaintiff's Amended Complaint, including all relevant subparts. While it is possible that Defendant may have said some of the words or phrases alluded to in this paragraph and its subparts, Defendant can't recall whether he stated any of the the aforementioned words or phrases under the circumstances alleged by Plaintiff.

59.     Defendant denies the averments contained in paragraph 59 of the Amended Complaint.

60.     Defendant denies the averments contained in subparagraphs 60 (a-c) of Plaintiff's Amended Complaint. Defendant responds to the remaining subparagraphs contained in paragraph 60 of Plaintiff's Amended Complaint as follows:

(a)     Defendant admits the averments contained in subparagraph 60 (d) of Plaintiff's Amended Complaint that he often rode in the same vehicle with Plaintiff, and often discussed business during such rides. The remainder of the averments contained in subparagraph 60 (d) of Plaintiff's Amended Complaint are denied.

(b)     Defendant denies the averments contained in subparagraphs 60 (e-h) of Plaintiff's Amended Complaint.

61.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 61 of Plaintiff's Amended Complaint, including all relevant subparts.  To the extent a responsive pleading is required, Answering Defendant denies the averments contained in paragraph 61 of Plaintiff's Amended Complaint, including all relevant subparts.

62.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 62 of Plaintiff's Amended Complaint.

To the extent a responsive pleading is required, Defendant is without sufficient knowledge or information to form a belief regarding the averments contained in paragraph 62 of Plaintiff's Amended Complaint.

63.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 63 of Plaintiff's Amended Complaint.

64.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 64 of Plaintiff's Amended Complaint.

65.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 65 of Plaintiff's Amended Complaint. To the extent a responsive pleading is required, Defendant is without sufficient knowledge or information to form a belief regarding the averments contained in paragraph 65 of Plaintiff's Amended Complaint that she began her efforts to report her alleged harassment and assault in June 2021. By way of further response, Defendant denies the averments contained in paragraph 65 of Plaintiff's Amended Complaint that tend to imply that Plaintiff was assaulted and harassed by Defendant for two years.

66.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 66 of Plaintiff's Amended Complaint. To the extent a responsive pleading is required, Defendant is without sufficient knowledge or information to form a belief regarding the averments contained in paragraph 66 of Plaintiff's Amended Complaint.

67.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 67 of Plaintiff's Amended Complaint. To the extent a responsive pleading is required, Defendant is without sufficient knowledge or

information to form a belief regarding the averments contained in paragraph 67 of Plaintiff's Amended Complaint

68.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 68 of Plaintiff's Amended Complaint. To the extent a responsive pleading is required, Defendant is without sufficient knowledge or information to form a belief regarding the averments contained in paragraph 68 of Plaintiff's Amended Complaint

69.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 69 of Plaintiff's Amended Complaint. To the extent a responsive pleading is required, Defendant is without sufficient knowledge or information to form a belief regarding the averments contained in paragraph 69 of Plaintiff's Amended Complaint

70.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 70 of Plaintiff's Amended Complaint. To the extent a responsive pleading is required, Defendant is without sufficient knowledge or information to form a belief regarding the averments contained in paragraph 70 of Plaintiff's Amended Complaint.

71.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 71 of Plaintiff's Amended Complaint. To the extent a responsive pleading is required, Defendant is without sufficient knowledge or information to form a belief regarding the averments contained in paragraph 71 of Plaintiff's Amended Complaint.

72.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 72 of Plaintiff's Amended Complaint. To the extent a responsive pleading is required, Defendant is without sufficient knowledge or information to form a belief regarding the averments contained in paragraph 72 of Plaintiff's Amended Complaint that she reported her allegations of sexual assault and harassment to Simon Arias on August 11, 2011 [sic]. By way of further response, Defendant denies the averments contained in paragraph 72 of Plaintiff's Amended Complaint that allege that Plaintiff was sexually assaulted and harassed by Defendant and that she has evidence regarding the same.

73.     Defendant denies the averments contained in paragraph 73.

74.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 74 of Plaintiff's Amended Complaint.

75.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 75 of Plaintiff's Amended Complaint.

76.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 76 of Plaintiff's Amended Complaint.

77.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 77 of Plaintiff's Amended Complaint.

78.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 78 of Plaintiff's Amended Complaint.

79.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 79 of Plaintiff's Amended Complaint. To the extent a responsive pleading is required, Defendant is without sufficient knowledge or

information to form a belief regarding the averments contained in paragraph 79 of Plaintiff's Amended Complaint.

80.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 80 of Plaintiff's Amended Complaint.

81.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 81 of Plaintiff's Amended Complaint. To the extent a responsive pleading is required, Defendant denies the averments contained in paragraph 81 of Plaintiff's Amended Complaint that tend to imply that Plaintiff was sexually assaulted and harassed by Defendant.

82.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 82 of Plaintiff's Amended Complaint.

83.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 83 of Plaintiff's Amended Complaint.

84.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 84 of Plaintiff's Amended Complaint.

85.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 85 of Plaintiff's Amended Complaint.

86.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 86 of Plaintiff's Amended Complaint regarding conduct related to the Corporate Defendants.   To the extent a responsive pleading is required, Defendant is without sufficient knowledge or information to form a belief regarding the averments contained in paragraph 86 of Plaintiff's Amended Complaint that outside counsel was retained to investigate her claims. Defendant denies the averments contained in paragraph 86 of

Plaintiff's Amended Complaint that tend to imply that Plaintiff was sexually assaulted and harassed by Defendant.

87.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 87 of Plaintiff's Amended Complaint.

88.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 88 of Plaintiff's Amended Complaint regarding conduct related to the Corporate Defendants.   To the extent a responsive pleading is required, Defendant is without sufficient knowledge or information to form a belief regarding the averments contained in paragraph 88 of Plaintiff's Amended Complaint regarding whether Plaintiff provided information to outside counsel. Defendant denies the averments contained in paragraph 88 of Plaintiff's Amended Complaint that tend to imply that Plaintiff was sexually assaulted and harassed by Defendant.

89.     Defendant is without sufficient knowledge or information to form a belief regarding the averments contained in paragraph 89 of Plaintiff's Amended Complaint.

90.     Defendant is without sufficient knowledge or information to form a belief regarding the averments contained in paragraph 90 of Plaintiff's Amended Complaint that Plaintiff was interviewed by outside counsel on November 30, 2021. Defendant denies the averments contained in paragraph 90 of Plaintiff's Amended Complaint that tend to imply that Plaintiff was sexually assaulted and harassed by Defendant.

91.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 91 of Plaintiff's Amended Complaint. To the extent a responsive pleading is required, Defendant is without sufficient knowledge or

information to form a belief regarding the averments contained in paragraph 91 of Plaintiff's Amended Complaint.

92.    Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 92 of Plaintiff's Amended Complaint. To the extent a responsive pleading is required, Defendant is without sufficient knowledge or information to form a belief regarding the averments contained in paragraph 92 of Plaintiff's Amended Complaint.

93.    Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 93 of Plaintiff's Amended Complaint. To the extent a responsive pleading is required, Defendant is without sufficient knowledge or information to form a belief regarding the averments contained in paragraph 93 of Plaintiff's Amended Complaint.

94.    Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 94 of Plaintiff's Amended Complaint. To the extent a responsive pleading is required, Defendant is without sufficient knowledge or information to form a belief regarding the averments contained in paragraph 94 of Plaintiff's Amended Complaint.

95.    Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 95 of Plaintiff's Amended Complaint. To the extent a responsive pleading is required, Defendant is without sufficient knowledge or information to form a belief regarding the averments contained in paragraph 95 of Plaintiff's Amended Complaint.

96.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 96 of Plaintiff's Amended Complaint. To the extent a responsive pleading is required, Defendant is without sufficient knowledge or information to form a belief regarding the averments contained in paragraph 96 of Plaintiff's Amended Complaint.

97.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 97 of Plaintiff's Amended Complaint. To the extent a responsive pleading is required, Defendant is without sufficient knowledge or information to form a belief regarding the averments contained in paragraph 97 of Plaintiff's Amended Complaint.

98.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 98 of Plaintiff's Amended Complaint.

99.     Defendant denies that Plaintiff's claims of sexual harassment related to Defendant were substantiated. To the contrary, Defendant was informed that Plaintiff's claims of sexual harassment had been investigated and were **not** substantiated.

100.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 100 of Plaintiff's Amended Complaint.   To the extent a response is required, Defendant denies the averments contained in paragraph 100 that imply that he was terminated because of Plaintiff's sexual harassment claims.

101.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 101 of Plaintiff's Amended Complaint.

102.    Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 102 of Plaintiff's Amended Complaint.

### COUNT I
### *Violation of the Fair Labor Standards Act*
### *29 U.S.C. § 201, et. seq.*
### RENEE ZINSKY v. RUSSIN FINANICAL [SIC], RUSSIN HOLDING GROUP, ARIAS AGENCIES, S.A. HOLDING, AMERICAN INCOME LIFE INSURANCE COMPANY

103.    Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in Count I, paragraphs 103-119 of Plaintiff's Amended Complaint.   To the extent that a responsive pleading is required, Defendant denies the averments contained in Count I, paragraphs 103-119 of Plaintiff's Amended Complaint.

### COUNT II
### *Violation of 29 C.F.R. § 516 et. seq.*
### *Failure to Maintain Required Records*
### RENEE ZINSKY v. RUSSIN FINANICAL [SIC], RUSSIN HOLDING GROUP, ARIAS AGENCIES, S.A. HOLDING, AMERICAN INCOME LIFE INSURANCE COMPANY

104.    Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in Count II, paragraphs 120-128 of Plaintiff's Amended Complaint.   To the extent that a responsive pleading is required, Defendant denies the averments contained in Count II, paragraphs 120-128 of Plaintiff's Amended Complaint.

### COUNT III
### *Violation of the Pennsylvania Minimum Wage Act*
### RENEE ZINSKY v. RUSSIN FINANICAL [SIC], RUSSIN HOLDING GROUP, ARIAS AGENCIES, S.A. HOLDING, AMERICAN INCOME LIFE INSURANCE COMPANY

105.    Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in Count III, paragraphs 129-141 of Plaintiff's

Amended Complaint.   To the extent that a responsive pleading is required, Defendant denies the averments contained in Count III, paragraphs 129-141 of Plaintiff's Amended Complaint.

**COUNT IV**
*Violation of Pennsylvania Wage Payment and Collection Law*
**RENEE ZINSKY v. MICHAEL RUSSIN, RUSSIN FINANICAL [SIC], RUSSIN HOLDING GROUP, SIMON ARIAS III, ARIAS AGENCIES, S.A. HOLDING, AMERICAN INCOME LIFE INSURANCE COMPANY**

106.    Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in Count IV, paragraphs 142-155 of Plaintiff's Amended Complaint.   To the extent that a responsive pleading is required, Defendant denies the averments contained in Count IV, paragraphs 142-155 of Plaintiff's Amended Complaint.

**COUNT V**
*Unjust Enrichment*
**RENEE ZINSKY v. RUSSIN FINANICAL [SIC], RUSSIN HOLDING GROUP, ARIAS AGENCIES, S.A. HOLDING, AMERICAN INCOME LIFE INSURANCE COMPANY**

107.    Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in Count V, paragraphs 156-161 of Plaintiff's Amended Complaint.   To the extent that a responsive pleading is required, Defendant denies the averments contained in Count V, paragraphs 156-161 of Plaintiff's Amended Complaint.

**COUNT VI**
*Breach of Contract – Failure to Negotiate in Good Faith*
**RENEE ZINSKY v. RUSSIN FINANICAL [SIC], RUSSIN HOLDING GROUP, ARIAS AGENCIES, S.A. HOLDING, AMERICAN INCOME LIFE INSURANCE COMPANY**

108.    Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in Count VI, paragraphs 162-167 of Plaintiff's Amended Complaint.   To the extent that a responsive pleading is required, Defendant denies the averments contained in Count VI, paragraphs 162-167 of Plaintiff's Amended Complaint.

**COUNT VII**
*Declaratory Relief – Rescission of Agent Contract*
**RENEE ZINSKY v. RUSSIN FINANICAL [SIC], RUSSIN HOLDING**
**GROUP, ARIAS AGENCIES, S.A. HOLDING, AMERICAN**
**INCOME LIFE INSURANCE COMPANY**

109.    Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in Count VII, paragraphs 168-184 of Plaintiff's Amended Complaint.   To the extent that a responsive pleading is required, Defendant denies the averments contained in Count VII, paragraphs 168-184 of Plaintiff's Amended Complaint.

**COUNT VIII**
*Declaratory Relief – Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act*
**RENEE ZINSKY v. RUSSIN FINANICAL [SIC], RUSSIN HOLDING**
**GROUP, ARIAS AGENCIES, S.A. HOLDING, AMERICAN**
**INCOME LIFE INSURANCE COMPANY**

110.    Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in Count VIII, paragraphs 185-191 of Plaintiff's Amended Complaint.   To the extent that a responsive pleading is required, Defendant denies the averments contained in Count VIII, paragraphs 185-191 of Plaintiff's Amended Complaint.

**COUNT IX**
*Sexual Assault*
**RENEE ZINSKY v. MICHAEL RUSSIN**

111.    Paragraph 192 of Plaintiff's Amended Complaint is an incorporation paragraph to which no responsive pleading is required.

112.    Paragraph 193 Plaintiff's Amended Complaint contains a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the averments contained in paragraph 193 of Plaintiff's Amended Complaint.

113.    Defendant denies the averments contained in paragraph 194 of Plaintiff's Amended Complaint.

114.    Defendant denies the averments contained in paragraph 195 of Plaintiff's Amended Complaint as stated. Defendant admits that there had been instances in which he was intoxicated at work between 2019-2020. Defendant denies that this behavior was frequent and/or open.

115.    Defendant denies the averments contained in paragraph 196 of Plaintiff's Amended Complaint as stated. Defendant admits that he has used drugs and alcohol at work in the past, and that he has struggled with drug and alcohol abuse in the past, but denies that it was consistent and/or frequent.

116.    Paragraph 197 of Plaintiff's Amended Complaint contains a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the averments contained in paragraph 197 of Plaintiff's Amended Complaint.

117.    Paragraph 198 of Plaintiff's Amended Complaint contains a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the averments contained in paragraph 198 of Plaintiff's Amended Complaint.

118.    Paragraph 199 of Plaintiff's Amended Complaint contains a conclusion of law to which no responsive pleading is required.

**COUNT X**
*Battery*
**RENEE ZINSKY v. MICHAEL RUSSIN**

119.     Paragraph 200 of Plaintiff's Amended Complaint is an incorporation paragraph to which no responsive pleading is required.

120.    Paragraph 201 of Plaintiff's Amended Complaint contains a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the averments contained in paragraph 201 of Plaintiff's Amended Complaint.

121.     Paragraph 202 of Plaintiff's Amended Complaint contains a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the averments contained in paragraph 202 of Plaintiff's Amended Complaint.

122.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 203 of Plaintiff's Amended Complaint.   To the extent that a responsive pleading is required, Defendant denies the averments contained in paragraph 203 of Plaintiff's Amended Complaint.

123.     Paragraph 204 of Plaintiff's Amended Complaint contains a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the averments contained in paragraph 204 of Plaintiff's Amended Complaint.

124.     Paragraph 205 of Plaintiff's Amended Complaint contains a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the averments contained in paragraph 205 of Plaintiff's Amended Complaint.

## COUNT XI
*False Imprisonment*
### RENEE ZINSKY v. MICHAEL RUSSIN

125.     Paragraph 206 of Plaintiff's Amended Complaint is an incorporation paragraph to which no responsive pleading is required.

126.     Defendant admits the averments contained in paragraph 207 of Plaintiff's Amended Complaint that he often rode in the same vehicle with Plaintiff, and often discussed business during such rides. The remainder of the averments contained in paragraph 207 of Plaintiff's Amended Complaint are denied.

127.     Defendant denies the averments contained in paragraph 208 of Plaintiff's Amended Complaint.

128.     Defendant denies the averments contained in paragraph 209 of Plaintiff's Amended Complaint.

129.     Paragraph 210 of Plaintiff's Amended Complaint contains a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the averments contained in paragraph 210 of Plaintiff's Amended Complaint.

130.     Paragraph 211 of Plaintiff's Amended Complaint contains a conclusion of law to which no responsive pleading is required.

## COUNT XII
*Intentional Infliction of Emotional Distress*
## RENEE ZINSKY v. MICHAEL RUSSIN AND SIMON ARIAS, III

131.     Paragraph 212 of Plaintiff's Amended Complaint is an incorporation paragraph to which no responsive pleading is required.

132.     Paragraph 213 of Plaintiff's Amended Complaint contains a conclusion of law to which no responsive pleading is required. Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 213 of Plaintiff's Amended Complaint.   To the extent that the averments contained in paragraph 213 of Plaintiff's Amended Complaint are directed at Defendant, and therefore a responsive pleading is required, Defendant avers as follows:

(a)     Paragraph 213(a) of Plaintiff's Amended Complaint contains a conclusion of law to which no responsive pleading is required. To the extent that responsive pleading is required, Defendant denies the allegations in subparagraph 213(a) of Plaintiff's Amended Complaint.

(b)     Defendant denies the averments contained in subparagraph 213(b) of Plaintiff's Amended Complaint.

(c)     Subparagraph 213(c) of Plaintiff's Amended Complaint contains a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, Defendant denies the allegations in subparagraph 213(c) of Plaintiff's Amended Complaint.

(d)     Defendant denies the averments contained in subparagraph 213(d) of Plaintiff's Amended Complaint.

(e)     Defendant admits the averments contained in subparagraph 213(e) that Defendant consumed alcohol and ingested drugs on occasion during work hours. The remainder of the averments contained in subparagraph 213 (e) of Plaintiff's Amended Complaint are denied.

(f)     Defendant denies the averments contained in subparagraph 213(f) of Plaintiff's Amended Complaint.

(g)     Defendant denies the averments contained in subparagraph 213(g) of Plaintiff's Amended Complaint.

(h)     Defendant denies the averments contained in subparagraph 213(h) of Plaintiff's Amended Complaint.

(i)     Defendant denies the averments contained in subparagraph 213(i) of Plaintiff's Amended Complaint.

(j)     Defendant denies the averments contained in subparagraph 213(j) of Plaintiff's Amended Complaint.

(k)     Defendant denies the averments contained in subparagraph 213(k) of Plaintiff's Amended Complaint.

(l)     Defendant denies the averments contained in subparagraph 213(l) of Plaintiff's Amended Complaint.

(m)     Defendant denies the averments contained in subparagraph 213(m) of Plaintiff's Amended Complaint.

(n)     Defendant denies the averments contained in subparagraph 213(n) of Plaintiff's Amended Complaint.

(o)     Defendant denies the averments contained in subparagraph 213(o) of Plaintiff's Amended Complaint.

(p)     Defendant denies the averments contained in subparagraph 213(p) of Plaintiff's Amended Complaint.

133.    The averments contained in paragraph 214 of Plaintiff's Amended Complaint are directed to a party other than answering Defendant and, therefore no response is required of answering Defendant. To the extent a responsive pleading is required, Defendant denies the averments contained in paragraph 214 of Plaintiff's Amended Complaint

134.   Paragraph 215 of Plaintiff's Amended Complaint contains a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the averments contained in paragraph 215 of Plaintiff's Amended Complaint.

135.   Paragraph 216 of Plaintiff's Amended Complaint contains a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the averments contained in paragraph 216 of Plaintiff's Amended Complaint.

### COUNT XIII
### *Negligent Hiring, Retention, and Supervision*
### RENEE ZINSKY v. RUSSIN FINANCIAL, RUSSIN HOLDING GROUP, ARIAS AGENCIES, S.A. HOLDING, AMERICAN INCOME LIFE INSURANCE COMPANY

136.   Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in Count XIII, paragraphs 217-226 of Plaintiff's Amended Complaint.   To the extent that a responsive pleading is required, Defendant denies the averments contained in Count XIII, paragraphs 217-226 of Plaintiff's Amended Complaint.

### COUNT XIV
### *Vicarious Liability/Respondeat Superior*
### RENEE ZINSKY v. RUSSIN FINANCIAL, RUSSIN HOLDING GROUP, ARIAS AGENCIES, S.A. HOLDING, AMERICAN INCOME LIFE INSURANCE COMPANY

137.   Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in Count XIV, paragraphs 227-232 of Plaintiff's Amended Complaint.   To the extent that a responsive pleading is required, Defendant denies the averments contained in Count XIV, paragraphs 227-232 of Plaintiff's Amended Complaint.

### AFFIRMATIVE AND OTHER DEFENSES

Defendant, Michael Russin, asserts the following affirmative defenses to Plaintiff's Complaint:

### FIRST DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claim accrued more than two (2) years prior to the commencement of this action. This action is, therefore, barred by the applicable two-year statute of limitations. See 42 Pa.C.S. § 5524.

## THIRD DEFENSE

Plaintiff's claims for damages should be denied or reduced due to her failure to mitigate her damages in whole or in part.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches, or unclean hands.

Defendant reserves the right to assert additional defenses and/or supplement and amend this answer upon the discovery of more definite facts.

**WHEREFORE,** Defendant, Michael Russin, denies that he is liable to Plaintiff for any sum under any theory of liability and demands judgment in his favor, together with attorney's fees, costs, interest, and such other relief as this Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

Defendant, Michael Russin, hereby demands a trial by jury on all issues that are so triable.

Dated: August 5, 2022

Respectfully submitted,

Cozza Law Group PLLC

By:     *s/Benjamin D. Webb*

Benjamin D. Webb, Esquire
PA I.D. No. 328170
400 Holiday Drive, Suite 210
Pittsburgh, Pennsylvania 15220
(412) 294-8444
bwebb@cozzalaw.com
*Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby certify that a true and correct copy of the foregoing Answer

has been sent via the CM/ECF system to all counsel and/or parties of record.


Cozza Law Group PLLC

*/s/Benjamin D. Webb*

Benjamin D. Webb, Esquire