**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RENEE ZINSKY, | ) | Civil Action |
| | ) | |
| Plaintiff, | ) | No. 2:22-cv-547 |
| | ) | |
| v. | ) | Judge Marilyn J. Horan |
| | ) | |
| MICHAEL RUSSIN, RUSSIN | ) | |
| FINANCIAL, RUSSIN GROUP, | ) | Jury Trial Demanded |
| SIMON ARIAS, III, ARIAS AGENCIES, | ) | |
| S.A. ARIAS HOLDINGS, LLC, | | |
| AMERICAN INCOME LIFE | | |
| INSURANCE COMPANY, | | |
| | | |
| Defendants. | | |

## Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES

1.     **Identification of counsel and unrepresented parties:**

| | |
|---|---|
| Amy N. Williamson, Esquire | Benjamin D. Webb, Esquire |
| Williamson Law LLC | Cozza Law Group PLLC |
| 429 Fourth Avenue, Suite 300 | 400 Holiday Drive, Suite 210 |
| Pittsburgh, PA 15219 | Pittsburgh, PA 15220 |
| (412) 600-8862 | (412) 294-8444 |
| awilliamson@awilliamsonlaw.com | bwebb@cozzalaw.com |
| Counsel for Plaintiff | Counsel for Defendant Michael Russin |

2.     **Set forth the general nature of the case:**

Plaintiff's Amended Complaint alleges wage and hour and other corporate violations against Defendants Russin Financial, Russin Group, Simon Arias, III, Arias Agencies, S.A. Arias Holdings, LLC, and American Income Life Insurance Company. In this Honorable Court's July 22, 2022, Order, those claims were transferred to arbitration. Plaintiff alleges claims of sexual assault, battery, false imprisonment, and intentional infliction of emotional distress against Defendant Michael Russin in his individual capacity. Defendant denies these allegations.

3.     **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

The Rule 26(f) Conference was held on August 24, 2022, by telephone between Amy N. Williamson on behalf of Plaintiff, and Benjamin D. Webb, on behalf of Defendant.  All parties have been served and have entered an appearance in this matter.

4.      **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:**

The Rule 16 Initial Scheduling Conference is set for Thursday, September 1, 2022 at 10:00 a.m.

5.      **Identify any party who has filed or anticipates filing a dispositive motion pursuant  to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be  filed:**

Defendants Michael Russin, Russin Financial, Russin Group, Simon Arias, III, Arias Agencies, S.A. Arias Holdings, LLC, and American Income Life Insurance Company filed motions to compel arbitration and stay this case. The motions to compel arbitration of Defendants Simon Arias, III, Arias Agencies, S.A. Arias Holdings, LLC, and American Income Life Insurance Company were granted. The motions to compel arbitration of Defendants Michael Russin, Russin Financial and Russin Group were denied. Plaintiff's claims against Defendants Russin Financial and Russin Group were stayed during the pendency of the arbitration. Aside from the aforementioned motions, neither party has filed or anticipates filing any additional dispositive motion pursuant to Fed. R. Civ. P. 12 in this matter.

6.      **Designate the specific Alternative Dispute Resolution (ADR) process the parties  have discussed and selected, if any, and specify the anticipated time frame for  completion of the ADR process.  Set forth any other information the parties wish  to communicate to the court regarding the ADR designation:**

The parties have discussed ADR and have elected not to proceed with ADR at this time given the nature of this case.

7.      **Set forth any change that any party proposes to be made in the timing, form or  requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is  opposed by any other party, whether any party has filed a motion seeking such  change and whether any such motion has been ruled on by the Court:**

The parties propose making the disclosures required by Fed. R. Civ. P. Rule 26(a) within fourteen (14) days after the Rule 16 Initial Scheduling Conference, currently scheduled for September 1, 2022.  Accordingly, the parties propose that the disclosures be made on or before September 15, 2022.

8.      **Subjects on which fact discovery may be needed:**

The parties will conduct discovery on the merits of Plaintiff's claims, including the basis of Plaintiff's claims of sexual assault, battery, false imprisonment, and intentional infliction of emotional distress; and Defendant's defenses and any damages alleged by Plaintiff.

9.    **Set forth suggested dates for the following:**

    a.    **Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or  will be made:** September 15, 2022

    b.    **Date by which any additional parties shall be joined:** October 16, 2022

    c.    **Date by which the pleadings shall be amended:** October 16, 2022

    d.    **Date by which fact discovery should be completed:** February 28, 2023

    e.    **If the parties agree that discovery should be conducted in phases or limited  to or focused on particular issues, identify the proposed phases or issues  and the dates by which discovery as to each phase or issue should be  completed:** The parties have not agreed to any limitations on fact discovery. Should expert discovery be necessary, such discovery would be completed after the conclusion of fact discovery and after scheduling at a post-fact discovery status conference.

    f.    **Date by which plaintiff's expert reports should be filed:** N/A

    g.    **Date by which depositions of plaintiff's expert(s) should be completed:**  N/A

    h.    **Date by which defendant's expert reports should be filed:** N/A

    i.    **Date by which depositions of defendant's expert(s) should be completed:** N/A

    j.    **Date by which third party expert's reports should be filed:** N/A

    k.    **Date by which depositions of third party's expert(s) should be completed:** N/A

10.   **If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:**

    No changes or limitations on discovery are requested at this time by either party.

11.   **Please answer the following questions in regard to the discovery of electronically stored information ("ESI"):**

    a.    **ESI.**  Is either party seeking the discovery of ESI in this case?
        X   Yes     ____ No

    b.    **ESI Discovery Plan.** The parties have reviewed and discussed the Court's  Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored  Information set forth in "Appendix LCvR 26.2.C-CHECKLIST" to the Local Rules  and:

  __X__   Have agreed that, in light of the facts and issues in this case, there is no need to complete an ESI discovery plan, and will conduct ESI discovery by November 30, 2022.

.

  ____ Have developed an ESI discovery plan (as attached).

  ____ Will have an ESI discovery plan completed by _____.

c.    **Preservation.**  Have the parties agreed on any protocol for the preservation of electronic data and/or potentially relevant ESI?
  __X__ Yes    ____ No

d.    **ADR.**  Does any party believe that the exchange of ESI is necessary prior to conducting meaningful Alternative Dispute Resolution ("ADR") in this case?
  ____ Yes    __X__ No

e.    **Clawback Agreement.**  The parties have reviewed F.R.C.P. 26(b)(5),  F.R.E.  502 and LCvR 16.1.D, Procedures Following Inadvertent Disclosure, and:
  __X__   Request the Court enter an Order implementing Federal Rule of Evidence 502(d) such as the model Order set forth in "Appendix LCvR 16.1.D" to the Local Rules and filed with this Report.

  ____ Have agreed on alternate non-waiver language, which either is or will be incorporated within the ESI discovery plan.

  ____ Are unable to agree on appropriate non-waiver language.

f.    **EDSM and E-Mediator.**  Does any party believe that the appointment of an E-Discovery Special Master ("EDSM") or E-Mediator would help resolve ESI discovery issues in this case? For further information, see the Court's official website at http://www.pawd.uscourts.gov.
  ____ Yes    __X__ No

g.    **Other.**  Identify all outstanding disputes concerning any ESI issues:

The parties do not have any outstanding issues or disputes concerning ESI.

12.   **Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss  and/or schedule the following:  (The parties are *not* required during their Rule 26(f) Conference to consider or propose dates for the items identified below.  Those dates will  be determined, if necessary, at the Post-Discovery Status Conference.  Lead trial  counsel for each party and each unrepresented party are required to attend the Post-Discovery Status Conference**

with their calendars in hand to discuss those items listed  below that require scheduling.  In addition, a representative with settlement authority of  each party shall be required to attend; representatives with settlement authority of any  insurance company providing any coverage shall be available throughout the  Conference by telephone):** The parties elect to have a Post-Discovery Status Conference following the completion of fact discovery.

   **a.**     **Settlement and/or transfer to an ADR procedure;**

   **b.**     **Dates for the filing of expert reports and the completion of expert discovery  as itemized in sub-paragraphs 9.f. through 9.k., above, if the parties elected  to defer such discovery until after the Post-Discovery Status Conference;**

   **c.**     **Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;**

   **d.**     **Dates by which parties' pre-trial statements should be filed;**

   **e.**     **Dates by which *in limine* and *Daubert* motions and responses thereto  should be filed;**

   **f.**     **Dates on which motions *in limine* and *Daubert* motions shall be heard;**

   **g.**     **Dates proposed for final pre-trial conference; and**

   **h.**     **Presumptive and final trial dates.**

13.   **Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):**

   With  exception  to  the  Order  implementing  Federal  Rule  of  Evidence  502(d)  requested pursuant to Paragraph 11(e) herein, no additional orders are requested at this time.

14.   **Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:**

   At this time, the parties do not anticipate the need for the Court to appoint a special master in this matter.

15.   **If the parties have failed to agree with regard to any subject for which a report is required  as set forth above, except for proposed dates required in paragraph 9, above, briefly set  forth the position of each party with regard to each matter on which agreement has not  been reached:**

   None.

16.   **Set forth whether the parties have considered the possibility of settlement of the**

**action and describe briefly the nature of that consideration:**

At this time, the parties have not engaged in any settlement discussions.

Date:  August 25, 2022                                Respectfully submitted.

/s/Amy N. Williamson                      /s/ Benjamin D. Webb
Amy N. Williamson, Esquire                Benjamin D. Webb, Esquire
Pa.I.D. No. 90657                         Pa.I.D. No. 328170
Williamson Law LLC                        Cozza Law Group, PLLC
429 Fourth Avenue, Suite 300              400 Holiday Drive, Suite 210
Pittsburgh, PA  15219                     Pittsburgh, PA 15220
(412) 600-8862                            (412) 294-8444
awilliamson@awilliamsonlaw.com            bwebb@cozzalaw.com
Counsel for Plaintiff                     Counsel for Defendant