IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RENEE ZINSKY, | ) | |
| | ) | |
| Plaintiff, | ) | 2:22-cv-547 |
| | ) | |
| v. | ) | |
| | ) | Judge Marilyn J. Horan |
| MICHAEL RUSSIN, RUSSIN FINANCIAL, | ) | |
| RUSSIN GROUP, SIMON ARIAS III, | ) | |
| ARIAS AGENCIES, S.A. HOLDINGS, LLC, | ) | |
| and AMERICAN INCOME LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**INITIAL CASE MANAGEMENT ORDER**

AND NOW, this 6th day of September 2022, an initial case management conference having been held pursuant to Federal Rule of Civil Procedure 16 on September 1, 2022, it is hereby ORDERED that the parties comply with the following:

1. **Local Rule 16.1:** This civil action is governed by Local Rule of Civil Procedure 16.1 – Pretrial Procedures.

2. **Settlement Negotiations:** Counsel for the parties shall confer with their clients and any involved insurance carriers before all case management, status, or pretrial conferences to obtain authority to participate in settlement negotiations conducted by the Court. A client's representative/insurance carrier representative shall be available by phone for any such conference. If a party anticipates potentially relying upon an insurance carrier to satisfy all or part of any settlement or award, a representative of the insurance carrier(s) who possesses full, unilateral settlement authority shall be available to participate in all case management conferences, status conferences, and settlement negotiations, including ADR sessions, either in-person or via telephone.

3. **Initial Scheduling:** The parties shall comply with the following deadlines:

a) Disclosures pursuant to Fed. R. Civ. P. 26(a) shall be made on or before September 15, 2022.

b) Additional parties shall be joined on or before October 16, 2022.

c) Pleadings shall be amended on or before October 1, 2022.

d) Fact discovery shall be completed on or before February 28, 2023. All interrogatories, depositions, requests for admissions and requests for production shall be served with sufficient time to allow responses to be completed prior to the close of discovery. The Court may extend the discovery deadline upon a showing of good cause and upon motion filed prior to the expiration of such deadline. The motion shall: (i) specifically state all discovery completed to date and to be conducted if the extension is granted; (ii) contain a showing of good cause for the requested extension; (iii) list any previous extensions of discovery; and (iv) attach a proposed order which establishes specifically the extended closure date being requested and setting forth the discovery to be conducted.

e) Discovery regarding expert reports and depositions is deferred.

f) Pretrial motions relating to discovery or this Order shall be filed on or before the last day of the applicable discovery deadline. This deadline does not apply to motions to extend discovery, motions to compel discovery, motions *in limine*, motions for summary judgment, or other pretrial motions.

Responses to motions relating to discovery or this Order shall be filed within seven (7) days from the date of service of the motion. The Court frequently resolves such motions by telephone conference, which the parties may also request. The Court may also schedule a telephone conference before the time runs for any response. In such a case, the non-moving party is excused from filing a response; instead, said party should be prepared to state its position at the telephone conference.

Replies to such responses shall be filed seven (7) days from the date of service of the response. Replies may be filed without the leave of the Court. Surreplies shall not be filed without leave of the Court obtained in advance.

4. **Alternative Dispute Resolution (ADR):** The parties are advised to comply with all ADR requirements pursuant to Local Rule of Civil Procedure 16.2. The parties are directed to promptly schedule and file the notice of the ADR proceeding. A representative of any insurance carrier which may be responsible, in whole or in part, for any portion of the claims alleged and who has full, unilateral settlement authority must attend any ADR proceeding in person if insurance proceeds could cover any portion of a settlement or verdict.

5. An Order implementing Federal Rule of Evidence 502(d) shall be entered.

6. **Discovery and Other Case Management Disputes:** In the Court's experience, many discovery and case management disputes can be promptly resolved in a conference with the Court and counsel. Therefore, in the event of such a dispute, lead counsel shall confer in person or by telephone, agree on the scope and nature of the dispute, and then email chambers at horan_chambers@pawd.uscourts.gov. The email shall briefly state the following:

1. Nature of the Dispute
2. Parties' Positions
3. Counsel Availability over the next Seven (7) days
4. Any time sensitivity to decision

Following review of the same, the Court will enter an order scheduling a status conference and/or directing briefing on the issue.

7. **Other Deadlines/Post-Discovery Status Conference:** A Post-Discovery Status Conference is set for **March 13, 2023 at 9 a.m.**, at which time the Court will address the possibility of settlement; and as necessary, will set deadlines for expert discovery; dispositive motions; pre-trial statements; motions in *limine*; and a presumptive trial date and final pre-trial conference.

                                                                s/*Marilyn J. Horan*
                                                                Marilyn J. Horan
                                                                United States District Judge