IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RENEE ZINSKY, | ) | Civil Action No.: 2:22-cv-547 |
| | ) | |
| Plaintiff, | ) | ANSWER |
| | ) | |
| v. | ) | Electronically Filed |
| | ) | |
| MICHAEL RUSSIN, RUSSIN | ) | |
| FINANCIAL, RUSSIN GROUP, | ) | |
| SIMON ARIAS, III, ARIAS AGENCIES, | ) | |
| S.A. ARIAS HOLDINGS, LLC, | ) | |
| AMERICAN INCOME LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| | | |
| Defendants. | | |

## ANSWER

AND NOW, comes Defendant, Michael Russin ("Defendant"), by and through his attorneys, Benjamin D. Webb, Esquire, and Cozza Law Group PLLC, and files the within Answer to Plaintiff's Second Amended Complaint, averring as follows:

## JURISDICTION AND VENUE

1.      Paragraph 1 of Plaintiff's Second Amended Complaint contains conclusions of law to which no responsive pleading is required.

2.      Paragraph 2 of Plaintiff's Second Amended Complaint contains conclusions of law to which no responsive pleading is required.

3.      Paragraph 3 of Plaintiff's Second Amended Complaint contains conclusions of law to which no responsive pleading is required.

4.      Paragraph 4 of Plaintiff's Second Amended Complaint contains conclusions of law to which no responsive pleading is required.

## PARTIES

5.      Defendant admits the averments contained in paragraph 5 of Plaintiff's Second Amended Complaint.

6.      Defendant admits the averments contained in paragraph 6 of Plaintiff's Second Amended Complaint.

7.      Per this Honorable Court's Opinion and Order, dated July 22, 2022, Defendant is only required to file responsive pleadings to Counts IX, X, XI and XII of Plaintiff's Second Amended Complaint. Plaintiff's Corporate claims against Russin Financial, Russin Group, Simon Arias, III, Arias Agencies, S.A. Arias Holdings, LLC ("Arias Defendants") and American Income Life Insurance Company ("AIL") are stayed pending the resolution of an arbitration proceeding. Based on the Court's Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 7 of Plaintiff's Second Amended Complaint. Moreover, the averments contained in paragraph 7 of Plaintiff's Second Amended Complaint are directed to a party other than answering Defendant, and therefore no response is required of answering Defendant.

8.      Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 8 of Plaintiff's Second Amended Complaint.  Moreover, the averments contained in paragraph 8 of Plaintiff's Second Amended Complaint are directed to a party other than answering Defendant, and therefore no response is required of answering Defendant.

9.      Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 9 of Plaintiff's Second Amended Complaint.

10.     The averments contained in paragraph 10 of Plaintiff's Second Amended Complaint are directed to a party other than answering Defendant, and therefore no response is required of answering Defendant.

11.     The averments contained in paragraph 11 of Plaintiff's Second Amended Complaint are directed to a party other than answering Defendant, and therefore no response is required of answering Defendant.

12.     The averments contained in paragraph 12 of Plaintiff's Second Amended Complaint are directed to a party other than answering Defendant, and therefore no response is required of answering Defendant.

13.     The averments contained in paragraph 13 of Plaintiff's Second Amended Complaint are directed to a party other than answering Defendant, and therefore no response is required of answering Defendant.

14.     The averments contained in paragraph 14 of Plaintiff's Second Amended Complaint are directed to a party other than answering Defendant, and therefore no response is required of answering Defendant.

15.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 15 of Plaintiff's Second Amended Complaint.  Moreover, the averments contained in paragraph 15 of Plaintiff's Second Amended Complaint are directed to a party other than answering Defendant, and therefore no response is required of answering Defendant.

16.     The averments contained in paragraph 16 of Plaintiff's Second Amended Complaint are directed to a party other than answering Defendant, and therefore no response is required of answering Defendant.

17.     The averments contained in paragraph 17 of Plaintiff's Second Amended Complaint are directed to a party other than answering Defendant and, therefore no response is required of answering Defendant. Moreover, paragraph 17 of Plaintiff's Second Amended Complaint contains conclusions of law to which no responsive pleading is required.

18.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 18 of Plaintiff's Second Amended Complaint.

19.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 19 of Plaintiff's Second Amended Complaint. Moreover, paragraph 19 of Plaintiff's Second Amended Complaint contains conclusions of law to which no responsive pleading is required.

20.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 20 of Plaintiff's Second Amended Complaint. Moreover, paragraph 20 of Plaintiff's Second Amended Complaint contains conclusions of law to which no responsive pleading is required.

## BACKGROUND FACTS

21.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 21 of Plaintiff's Second Amended Complaint.  To the extent a response is required, Defendant admits that Plaintiff was contracted to sell life insurance on behalf of AIL beginning on or about April 2019. Defendant denies that an employer/employee relationship existed between himself and Plaintiff at any time relevant hereto.

22.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 22 of Plaintiff's Second Amended

Complaint.  To the extent a response is required, Defendant admits that periodically during her employment, Plaintiff reported to several senior agents, including himself.

23.     The averments contained in paragraph 23 of Plaintiff's Second Amended Complaint are directed to a party other than answering Defendant, and therefore no response is required of answering Defendant.

24.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 24 of Plaintiff's Second Amended Complaint.

25.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 25 of Plaintiff's Second Amended Complaint.

26.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 26 of Plaintiff's Second Amended Complaint.

27.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 27 of Plaintiff's Second Amended Complaint.

28.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 28 of Plaintiff's Second Amended Complaint, including all relevant subparts.

**A.  The Hiring Process**

29.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 29 of Plaintiff's Second Amended

Complaint.  To the extent a response is required, Defendant denies the averments contained in paragraph 29 of Plaintiff's Second Amended Complaint.

30.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 30 of Plaintiff's Second Amended Complaint, including all relevant subparts.

31.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 31 of Plaintiff's Second Amended Complaint.

32.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 32 of Plaintiff's Second Amended Complaint.

33.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 33 of Plaintiff's Second Amended Complaint.

34.     Defendant denies the averments contained in paragraph 34 of Plaintiff's Second Amended Complaint.

35.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 35 of Plaintiff's Second Amended Complaint.

**B.  Plaintiff's Employment**

36.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 36 of Plaintiff's Second Amended Complaint.   To the extent that a responsive pleading is required, Defendant admits that Plaintiff

began working for AIL as a contractor on or about April 2019 at an office located at 150 Lake Drive, Suite 105, Wexford, Pennsylvania 15090 ("Wexford Office").

37.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 37 of Plaintiff's Second Amended Complaint.  To the extent a responsive pleading is required, Defendant admits that he also worked out of the Wexford Office.

38.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 38 of Plaintiff's Second Amended Complaint.

39.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 39 of Plaintiff's Second Amended Complaint.

40.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 40 of Plaintiff's Second Amended Complaint.

41.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 41 of Plaintiff's Second Amended Complaint.

42.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 42 of Plaintiff's Second Amended Complaint.

43.      Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 43 of Plaintiff's Second Amended Complaint.

44.      Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 44 of Plaintiff's Second Amended Complaint.

45.      Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 45 of Plaintiff's Second Amended Complaint.

46.      Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 46 of Plaintiff's Second Amended Complaint.

47.      Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 47 of Plaintiff's Second Amended Complaint.

48.      Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 48 of Plaintiff's Second Amended Complaint.

49.      Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 49 of Plaintiff's Second Amended Complaint.

50.      Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 50 of Plaintiff's Second Amended

Complaint.   Moreover, paragraph 50 of Plaintiff's Second Amended Complaint contains conclusions of law to which no responsive pleading is required.

51.   Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 51 of Plaintiff's Second Amended Complaint, including all relevant subparts.

52.   Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 52 of Plaintiff's Second Amended Complaint.

53.   Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 53 of Plaintiff's Second Amended Complaint.

54.   Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 54 of Plaintiff's Second Amended Complaint.

55.   Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 55 of Plaintiff's Second Amended Complaint.   Moreover, paragraph 55 of Plaintiff's Second Amended Complaint contains conclusions of law to which no responsive pleading is required.

56.   Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 56 of Plaintiff's Second Amended Complaint.   Moreover, paragraph 56 of Plaintiff's Second Amended Complaint contains conclusions of law to which no responsive pleading is required.

C. **The Defendants' Hostile, Toxic, and Cult-Like Work Environment**

57.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in subparagraphs 57 (a-d) of Plaintiff's Second Amended Complaint. Defendant responds to the remaining subparagraphs contained in paragraph 57 of Plaintiff's Second Amended Complaint as follows:

(a)     Defendant is without sufficient knowledge or information to form a belief regarding the averments contained in subparagraphs 57(e-f) of Plaintiff's Second Amended Complaint.

(b)     Defendant admits the averments contained in subparagraph 57(g) of Plaintiff's Second Amended Complaint to the extent that Defendant has used alcohol and drugs during work hours and at work events. Defendant denies that he used steroids, male-enhancing drugs, or painkillers during work hours or at work events.

(c)     Defendant denies the averments contained in subparagraphs 57 (h-r) of Plaintiff's Second Amended Complaint.

(d)     Defendant is without sufficient knowledge or information to form a belief regarding the averments contained in subparagraph 57(s) of Plaintiff's Second Amended Complaint.

(e)     Defendant denies the averments contained in subparagraph 57 (t) of Plaintiff's Second Amended Complaint.

(f)     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in subparagraphs 57 (u-x) of Plaintiff's Second Amended Complaint.

(g)     Defendant denies the averments contained in subparagraph 57 (y) of Plaintiff's Second Amended Complaint.

(h)     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in subparagraph 57 (z) of Plaintiff's Second Amended Complaint.

(i)     Defendant admits the averments contained in subparagraph 57 (aa) of Plaintiff's Second Amended Complaint.

(j)     Defendant denies the averments contained in subparagraph 57 (bb) of Plaintiff's Second Amended Complaint.

(k)     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in subparagraphs 57 (cc-hh) of Plaintiff's Second Amended Complaint, including all relevant subparts.

58.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 58 of Plaintiff's Second Amended

Complaint, including all relevant subparts.  To the extent a responsive pleading is required, Defendant denies the averments contained in paragraph 58 of Plaintiff's Second Amended Complaint, including all relevant subparts. While it is possible that Defendant may have said some of the words or phrases alluded to in this paragraph and its subparts, Defendant can't recall whether he stated any of the aforementioned words or phrases under the circumstances alleged by Plaintiff.

**D.  Defendants' Treatment of Plaintiff**

59.    Defendant denies the averments contained in paragraph 59 of the Second Amended Complaint.

60.    Defendant denies the averments contained in subparagraphs 60 (a-c) of Plaintiff's Second Amended Complaint. Defendant responds to the remaining subparagraphs contained in paragraph 60 of Plaintiff's Second Amended Complaint as follows:

(a)    Defendant admits the averments contained in subparagraph 60 (d) of Plaintiff's Second Amended Complaint that he often rode in the same vehicle with Plaintiff, and often discussed business during such rides. The remainder of the averments contained in subparagraph 60 (d) of Plaintiff's Second Amended Complaint are denied.

(b)    Defendant denies the averments contained in subparagraphs 60 (e-h) of Plaintiff's Second Amended Complaint.

61.    Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 61 of Plaintiff's Second Amended Complaint, including all relevant subparts.  To the extent a responsive pleading is required, Answering Defendant denies the averments contained in paragraph 61 of Plaintiff's Second Amended Complaint, including all relevant subparts.

**E.  Defendants' Ongoing Misconduct Amidst Plaintiff's Reporting**

62.    Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 62 of Plaintiff's Second Amended

Complaint.   To the extent a responsive pleading is required, Defendant is without sufficient knowledge or information to form a belief regarding the averments contained in paragraph 62 of Plaintiff's Second Amended Complaint.

63.   Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 63 of Plaintiff's Second Amended Complaint.

64.   Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 64 of Plaintiff's Second Amended Complaint.

65.   Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 65 of Plaintiff's Second Amended Complaint.   To the extent a responsive pleading is required, Defendant is without sufficient knowledge or information to form a belief regarding the averments contained in paragraph 65 of Plaintiff's Second Amended Complaint that she began her efforts to report her alleged harassment and assault in June 2021. By way of further response, Defendant denies the averments contained in paragraph 65 of Plaintiff's Second Amended Complaint that tend to imply that Plaintiff was assaulted and harassed by Defendant for two years.

66.   Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 66 of Plaintiff's Second Amended Complaint.   To the extent a responsive pleading is required, Defendant is without sufficient knowledge or information to form a belief regarding the averments contained in paragraph 66 of Plaintiff's Second Amended Complaint.

67.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 67 of Plaintiff's Second Amended Complaint.     To the extent a responsive pleading is required, Defendant is without sufficient knowledge or information to form a belief regarding the averments contained in paragraph 67 of Plaintiff's Second Amended Complaint

68.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 68 of Plaintiff's Second Amended Complaint.     To the extent a responsive pleading is required, Defendant is without sufficient knowledge or information to form a belief regarding the averments contained in paragraph 68 of Plaintiff's Second Amended Complaint

69.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 69 of Plaintiff's Second Amended Complaint.     To the extent a responsive pleading is required, Defendant is without sufficient knowledge or information to form a belief regarding the averments contained in paragraph 69 of Plaintiff's Second Amended Complaint

70.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 70 of Plaintiff's Second Amended Complaint.     To the extent a responsive pleading is required, Defendant is without sufficient knowledge or information to form a belief regarding the averments contained in paragraph 70 of Plaintiff's Second Amended Complaint.

71.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 71 of Plaintiff's Second Amended Complaint.     To the extent a responsive pleading is required, Defendant is without sufficient

knowledge or information to form a belief regarding the averments contained in paragraph 71 of Plaintiff's Second Amended Complaint.

72.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 72 of Plaintiff's Second Amended Complaint.   To the extent a responsive pleading is required, Defendant is without sufficient knowledge or information to form a belief regarding the averments contained in paragraph 72 of Plaintiff's Second Amended Complaint that she reported her allegations of sexual assault and harassment to Simon Arias on August 11, 2011 [sic]. By way of further response, Defendant denies the averments contained in paragraph 72 of Plaintiff's Second Amended Complaint that allege that Plaintiff was sexually assaulted and harassed by Defendant and that she has evidence regarding the same.

73.     Defendant denies the averments contained in paragraph 73 of Plaintiff's Second Amended Complaint.

74.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 74 of Plaintiff's Second Amended Complaint.

75.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 75 of Plaintiff's Second Amended Complaint.

76.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 76 of Plaintiff's Second Amended Complaint.

77.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 77 of Plaintiff's Second Amended Complaint.

78.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 78 of Plaintiff's Second Amended Complaint.

79.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 79 of Plaintiff's Second Amended Complaint.   To the extent a responsive pleading is required, Defendant is without sufficient knowledge or information to form a belief regarding the averments contained in paragraph 79 of Plaintiff's Second Amended Complaint.

80.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 80 of Plaintiff's Second Amended Complaint.

81.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 81 of Plaintiff's Second Amended Complaint.  To the extent a responsive pleading is required, Defendant denies the averments contained in paragraph 81 of Plaintiff's Second Amended Complaint that tend to imply that Plaintiff was sexually assaulted and harassed by Defendant.

82.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 82 of Plaintiff's Second Amended Complaint.

83.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 83 of Plaintiff's Second Amended Complaint.

84.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 84 of Plaintiff's Second Amended Complaint.

85.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 85 of Plaintiff's Second Amended Complaint.

86.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 86 of Plaintiff's Second Amended Complaint regarding conduct related to the Corporate Defendants. To the extent a responsive pleading is required, Defendant is without sufficient knowledge or information to form a belief regarding the averments contained in paragraph 86 of Plaintiff's Second Amended Complaint that outside counsel was retained to investigate her claims. Defendant denies the averments contained in paragraph 86 of Plaintiff's Second Amended Complaint that tend to imply that Plaintiff was sexually assaulted and harassed by Defendant.

87.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 87 of Plaintiff's Second Amended Complaint.

88.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 88 of Plaintiff's Second Amended Complaint regarding conduct related to the Corporate Defendants. To the extent a responsive

pleading is required, Defendant is without sufficient knowledge or information to form a belief regarding the averments contained in paragraph 88 of Plaintiff's Second Amended Complaint regarding whether Plaintiff provided information to outside counsel. Defendant denies the averments contained in paragraph 88 of Plaintiff's Second Amended Complaint that tend to imply that Plaintiff was sexually assaulted and harassed by Defendant.

89.     Defendant is without sufficient knowledge or information to form a belief regarding the averments contained in paragraph 89 of Plaintiff's Second Amended Complaint.

90.     Defendant is without sufficient knowledge or information to form a belief regarding the averments contained in paragraph 90 of Plaintiff's Second Amended Complaint that Plaintiff was interviewed by outside counsel on November 30, 2021. Defendant denies the averments contained in paragraph 90 of Plaintiff's Second Amended Complaint that tend to imply that Plaintiff was sexually assaulted and harassed by Defendant.

91.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 91 of Plaintiff's Second Amended Complaint.   To the extent a responsive pleading is required, Defendant is without sufficient knowledge or information to form a belief regarding the averments contained in paragraph 91 of Plaintiff's Second Amended Complaint.

92.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 92 of Plaintiff's Second Amended Complaint.   To the extent a responsive pleading is required, Defendant is without sufficient knowledge or information to form a belief regarding the averments contained in paragraph 92 of Plaintiff's Second Amended Complaint.

93.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 93 of Plaintiff's Second Amended Complaint.   To the extent a responsive pleading is required, Defendant is without sufficient knowledge or information to form a belief regarding the averments contained in paragraph 93 of Plaintiff's Second Amended Complaint.

94.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 94 of Plaintiff's Second Amended Complaint.   To the extent a responsive pleading is required, Defendant is without sufficient knowledge or information to form a belief regarding the averments contained in paragraph 94 of Plaintiff's Second Amended Complaint.

95.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 95 of Plaintiff's Second Amended Complaint.   To the extent a responsive pleading is required, Defendant is without sufficient knowledge or information to form a belief regarding the averments contained in paragraph 95 of Plaintiff's Second Amended Complaint.

96.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 96 of Plaintiff's Second Amended Complaint.   To the extent a responsive pleading is required, Defendant is without sufficient knowledge or information to form a belief regarding the averments contained in paragraph 96 of Plaintiff's Second Amended Complaint.

97.     Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 97 of Plaintiff's Second Amended Complaint.   To the extent a responsive pleading is required, Defendant is without sufficient

knowledge or information to form a belief regarding the averments contained in paragraph 97 of Plaintiff's Second Amended Complaint.

98.    Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 98 of Plaintiff's Second Amended Complaint.   To the extent a responsive pleading is required, Defendant is without sufficient knowledge or information to form a belief regarding the averments contained in paragraph 98 of Plaintiff's Second Amended Complaint.

99.    Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 99 of Plaintiff's Second Amended Complaint.

100.    Defendant denies that Plaintiff's claims of sexual harassment related to Defendant were substantiated. To the contrary, Defendant was informed that Plaintiff's claims of sexual harassment had been investigated and were not substantiated.

101.    Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 101 of Plaintiff's Second Amended Complaint.   To the extent a response is required, Defendant denies the averments contained in paragraph 101 that imply that he was terminated because of Plaintiff's sexual harassment claims.

102.    Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 102 of Plaintiff's Second Amended Complaint.

103.    Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 103 of Plaintiff's Second Amended Complaint.

F.  **Russin's Acts Intended to Defame Plaintiff**

104.    Paragraph 104 of Plaintiff's Second Amended Complaint contains a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the averments contained in paragraph 104 of Plaintiff's Second Amended Complaint.

105.    Defendant denies the averments contained in paragraph 105 of Plaintiff's Second Amended Complaint.

106.    Defendant admits that he contacted his former employees regarding the claims made against him by Plaintiff. Defendant denies the remainder of the averments contained in paragraph 106 of Plaintiff's Second Amended Complaint.

107.    Defendant admits the averments contained in paragraph 107 of Plaintiff's Second Amended Complaint that he contacted former employees for information related to Plaintiff's claims against him and/or information that may prove useful in defending against the same. Defendant denies the remainder of the averments contained in paragraph 107 of Plaintiff's Second Amended Complaint.

108.    Paragraph 108 of Plaintiff's Second Amended Complaint contains a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the averments contained in paragraph 108 of Plaintiff's Second Amended Complaint.

109.    Defendant admits that he made the statement referenced in paragraph 109 of Plaintiff's Second Amended Complaint. Defendant denies that the statement referenced therein was made in relation to Plaintiff or her claims against Defendant Russin. Defendant denies that the statements contained in this paragraph were made in the context alleged by Plaintiff.

110.    Defendant admits that he made the statement referenced in paragraph 110 of Plaintiff's Second Amended Complaint. Defendant denies that the statement referenced therein was made in relation to Plaintiff. Defendant denies that the statements contained in this paragraph were made in the context alleged by Plaintiff.

111.    Defendant admits the averments contained in paragraph 111 of Plaintiff's Second Amended Complaint.

112.    Defendant admits that he made the statement referenced in paragraph 112 of Plaintiff's Second Amended Complaint. Defendant denies that the statement referenced therein was made in relation to Plaintiff or her claims against Defendant Russin.

113.    Defendant admits the averments contained in paragraph 113 of Plaintiff's Second Amended Complaint. Defendant denies that the statement referenced therein was made in relation to Plaintiff.  Defendant denies that the statements contained in this paragraph were made in the context alleged by Plaintiff

114.    Defendant admits that he made the statement referenced in paragraph 114 of Plaintiff's Second Amended Complaint. Defendant denies that the statement referenced therein was made in relation to Plaintiff.  Defendant denies that the statements contained in this paragraph were made in the context alleged by Plaintiff

115.    Defendant admits that he made the statement referenced in paragraph 115 of Plaintiff's Second Amended Complaint. Defendant denies that the statement referenced therein was made in relation to Plaintiff.  Defendant denies that the statements contained in this paragraph were made in the context alleged by Plaintiff

116.    Defendant admits that he made the statements referenced in paragraph 116 of Plaintiff's Second Amended Complaint. Defendant denies that the statement referenced therein

was made in relation to Plaintiff.  Defendant denies that the statements contained in this paragraph were made in the context alleged by Plaintiff.

117.    Defendant admits that he made the statements referenced in paragraph 117 of Plaintiff's Second Amended Complaint. Defendant denies that the statement referenced therein was made in relation to Plaintiff.  Defendant denies that the statements contained in this paragraph were made in the context alleged by Plaintiff. Defendant that the statements were degrading to women, or advocating for violence.

118.    Defendant admits that he made the statements referenced in paragraph 118 of Plaintiff's Second Amended Complaint. Defendant denies that the statement referenced therein was made in relation to Plaintiff, her claims against Defendant Russin, or this lawsuit.  Defendant denies that the statements contained in this paragraph were made in the context alleged by Plaintiff.

119.    Defendant admits that he made the statements referenced in paragraph 119 of Plaintiff's Second Amended Complaint. Defendant denies that the statement referenced therein was made in relation to Plaintiff.  Defendant denies that the statements contained in this paragraph were made in the context alleged by Plaintiff.

120.    Defendant denies the averments contained in paragraph 120 of Plaintiff's Second Amended Complaint. To the contrary, Defendant was not informed that the claims against him were substantiated. Moreover, Defendant was not terminated by AIL, the parties mutually parted ways.

121.    Defendant admits the averments contained in paragraph 121 of Plaintiff's Second Amended Complaint. Defendant denies that the photograph is intimidating, or related to Plaintiff.

122.    Defendant admits that he made the statements referenced in paragraph 122 of Plaintiff's Second Amended Complaint. Defendant denies that the statement referenced therein

was made in relation to Plaintiff.  Defendant denies that the statements contained in this paragraph were made in the context alleged by Plaintiff.

123.    Defendant denies the averments contained in paragraph 123 of Plaintiff's Second Amended Complaint.

124.    Defendant denies the averments contained in paragraph 124 of Plaintiff's Second Amended Complaint.

125.    Defendant admits that he made the statements referenced in paragraph 125 of Plaintiff's Second Amended Complaint. Defendant denies that the statement referenced therein was made in relation to Plaintiff.  Defendant denies that the statements contained in this paragraph were made in the context alleged by Plaintiff.

126.    Defendant admits that he made the statements referenced in paragraph 126 of Plaintiff's Second Amended Complaint. Defendant denies that the statement referenced therein was made in relation to Plaintiff.  Defendant denies that the statements contained in this paragraph were made in the context alleged by Plaintiff.

127.    Defendant admits that he made the statements referenced in paragraph 127 of Plaintiff's Second Amended Complaint. Defendant denies that the statement referenced therein was made in relation to Plaintiff or her claims against Defendant Russin.  Defendant denies that the statements contained in this paragraph were made in the context alleged by Plaintiff.

128.    Defendant admits that he posted the photograph and related caption referenced in paragraph 128 of Plaintiff's Second Amended Complaint. Defendant denies that the statement referenced therein was made in relation to Plaintiff.  Defendant denies that the statements contained in this paragraph were made in the context alleged by Plaintiff.

129.    Defendant admits that he made the statements referenced in paragraph 129 of Plaintiff's Second Amended Complaint. Defendant denies that the statement referenced therein was made in relation to Plaintiff or was criminal in nature.  Defendant denies that the statements contained in this paragraph were made in the context alleged by Plaintiff.

130.    Defendant admits that he contacted a company known as Virgo + Garnet regarding its interactions with Mr. Russin's social media pages. Defendant denies the remainder of the averments contained in paragraph 130 of Plaintiff's Second Amended Complaint.

131.    Defendant is without sufficient knowledge or information to form a belief regarding the averments contained in paragraph 131 of Plaintiff's Second Amended Complaint.

132.    Defendant admits that he made the statements referenced in paragraph 132 of Plaintiff's Second Amended Complaint. Defendant denies that the statement referenced therein was made in relation to Plaintiff.  Defendant denies that the statements contained in this paragraph were made in the context alleged by Plaintiff.

133.    Defendant admits that he made the statements referenced in paragraph 133 of Plaintiff's Second Amended Complaint. Defendant denies that the statement referenced therein was made in relation to Plaintiff.  Defendant denies that the statements contained in this paragraph were made in the context alleged by Plaintiff.

134.    Defendant admits that he made the statements referenced in paragraph 134 of Plaintiff's Second Amended Complaint. Defendant denies that the statement referenced therein was made in relation to Plaintiff.  Defendant denies that the statements contained in this paragraph were made in the context alleged by Plaintiff.

135.    Defendant admits that he made the statements referenced in paragraph 135 of Plaintiff's Second Amended Complaint. Defendant denies that the statement referenced therein

was made in relation to Plaintiff.  Defendant denies that the statements contained in this paragraph were made in the context alleged by Plaintiff.

136.    Defendant admits that he made the statements referenced in paragraph 136 of Plaintiff's Second Amended Complaint. Defendant denies that the statement referenced therein was made in relation to Plaintiff.  Defendant denies that the statements contained in this paragraph were made in the context alleged by Plaintiff. Defendant denies that he has a "history of violence, unstable mental health, and crime."

137.    Defendant admits that he made the statements referenced in paragraph 137 of Plaintiff's Second Amended Complaint. Defendant denies that the statement referenced therein was made in relation to Plaintiff.  Defendant denies that the statements contained in this paragraph were made in the context alleged by Plaintiff. Defendant denies that he "advocated violence toward women and in general."

138.    Defendant admits that he made the statements referenced in paragraph 138 of Plaintiff's Second Amended Complaint. Defendant denies that the statement referenced therein was made in relation to Plaintiff.  Defendant denies that the statements contained in this paragraph were made in the context alleged by Plaintiff.

139.    Defendant admits that he made the statements referenced in paragraph 139 of Plaintiff's Second Amended Complaint. Defendant denies that the statement referenced therein was made in relation to Plaintiff.  Defendant denies that the statements contained in this paragraph were made in the context alleged by Plaintiff.

140.    Defendant admits that he made the statements referenced in paragraph 140 of Plaintiff's Second Amended Complaint. Defendant denies that the statement referenced therein

was made in relation to Plaintiff.  Defendant denies that the statements contained in this paragraph were made in the context alleged by Plaintiff.

141.    Defendant denies the averments contained in paragraph 141 of Plaintiff's Second Amended Complaint.

142.    Defendant is without sufficient knowledge or information to form a belief regarding the averments contained in paragraph 142 of Plaintiff's Second Amended Complaint.

143.    Defendant admits that he made the statements referenced in paragraph 143 of Plaintiff's Second Amended Complaint. Defendant denies that the statement referenced therein was made in relation to Plaintiff.  Defendant denies that the statements contained in this paragraph were made in the context alleged by Plaintiff.

### G.  Russin's Ongoing Acts Intended to Intrude Upon Plaintiff's Seclusion in the Face of this Honorable Court's Directive to Cease his "Appalling" Behavior

144.    Defendant admits the averments contained in paragraph 144 of Plaintiff's Second Amended Complaint.

145.    Defendant admits that he made the statements referenced in paragraph 145 of Plaintiff's Second Amended Complaint. Defendant denies the implication that the statement referenced therein is related to Plaintiff.  Defendant denies that the statements contained in this paragraph were made in the context alleged by Plaintiff.

146.    Defendant admits that he made the statements referenced in paragraph 146 of Plaintiff's Second Amended Complaint. Defendant denies the implication that the statement referenced therein is related to Plaintiff.  Defendant denies that the statements contained in this paragraph were made in the context alleged by Plaintiff.

147.    Defendant admits that he made the statements referenced in paragraph 147 of Plaintiff's Second Amended Complaint. Defendant denies the implication that the statement

referenced therein is related to Plaintiff.  Defendant denies that the statements contained in this paragraph were made in the context alleged by Plaintiff.  Defendant denies the averment that he made the statement while "threatening another former coworker."

148.   Defendant admits that he made the statements referenced in paragraph 148 of Plaintiff's Second Amended Complaint. Defendant denies the implication that the statement referenced therein is related to Plaintiff.  Defendant denies that the statements contained in this paragraph were made in the context alleged by Plaintiff.

## COUNT I
### *Violation of the Fair Labor Standards Act*
### *29 U.S.C. § 201, et. seq.*
## RENEE ZINSKY v. RUSSIN FINANICAL [SIC], RUSSIN HOLDING GROUP, ARIAS AGENCIES, S.A. HOLDING, AMERICAN INCOME LIFE INSURANCE COMPANY

149.    Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in Count I, paragraphs 149-165 of Plaintiff's Second Amended Complaint.   To the extent that a responsive pleading is required, Defendant denies the averments contained in Count I, paragraphs 149-165 of Plaintiff's Second Amended Complaint.

## COUNT II
### *Violation of 29 C.F.R. § 516 et. seq.*
### *Failure to Maintain Required Records*
## RENEE ZINSKY v. RUSSIN FINANICAL [SIC], RUSSIN HOLDING GROUP, ARIAS AGENCIES, S.A. HOLDING, AMERICAN INCOME LIFE INSURANCE COMPANY

150.   Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in Count II, paragraphs 166-174 of Plaintiff's Second Amended Complaint.   To the extent that a responsive pleading is required, Defendant

denies the averments contained in Count II, paragraphs 166-174 of Plaintiff's Second Amended Complaint.

### COUNT III
#### *Violation of the Pennsylvania Minimum Wage Act*
#### RENEE ZINSKY v. RUSSIN FINANICAL [SIC], RUSSIN HOLDING GROUP, ARIAS AGENCIES, S.A. HOLDING, AMERICAN INCOME LIFE INSURANCE COMPANY

151.    Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in Count III, paragraphs 175-187 of Plaintiff's Second Amended Complaint.   To the extent that a responsive pleading is required, Defendant denies the averments contained in Count III, paragraphs 175-187 of Plaintiff's Second Amended Complaint.

### COUNT IV
#### *Violation of Pennsylvania Wage Payment and Collection Law*
#### RENEE ZINSKY v. MICHAEL RUSSIN, RUSSIN FINANICAL [SIC], RUSSIN HOLDING GROUP, SIMON ARIAS III, ARIAS AGENCIES, S.A. HOLDING, AMERICAN INCOME LIFE INSURANCE COMPANY

152.    Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in Count IV, paragraphs 188-201 of Plaintiff's Second Amended Complaint.   To the extent that a responsive pleading is required, Defendant denies the averments contained in Count IV, paragraphs 188-201 of Plaintiff's Second Amended Complaint.

### COUNT V
#### *Unjust Enrichment*
#### RENEE ZINSKY v. RUSSIN FINANICAL [SIC], RUSSIN HOLDING GROUP, ARIAS AGENCIES, S.A. HOLDING, AMERICAN INCOME LIFE INSURANCE COMPANY

153.    Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in Count V, paragraphs 202-207 of Plaintiff's

Second Amended Complaint.   To the extent that a responsive pleading is required, Defendant denies the averments contained in Count V, paragraphs 202-207 of Plaintiff's Second Amended Complaint.

**COUNT VI**
*Breach of Contract – Failure to Negotiate in Good Faith*
**RENEE ZINSKY v. RUSSIN FINANICAL [SIC], RUSSIN HOLDING GROUP, ARIAS AGENCIES, S.A. HOLDING, AMERICAN INCOME LIFE INSURANCE COMPANY**

154.    Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in Count VI, paragraphs 208-213 of Plaintiff's Second Amended Complaint.   To the extent that a responsive pleading is required, Defendant denies the averments contained in Count VI, paragraphs 208-213 of Plaintiff's Second Amended Complaint.

**COUNT VII**
*Declaratory Relief – Rescission of Agent Contract*
**RENEE ZINSKY v. RUSSIN FINANICAL [SIC], RUSSIN HOLDING GROUP, ARIAS AGENCIES, S.A. HOLDING, AMERICAN INCOME LIFE INSURANCE COMPANY**

155.    Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in Count VII, paragraphs 214-230 of Plaintiff's Second Amended Complaint.   To the extent that a responsive pleading is required, Defendant denies the averments contained in Count VII, paragraphs 214-230 of Plaintiff's Second Amended Complaint.

**COUNT VIII**
*Declaratory Relief – Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act*
**RENEE ZINSKY v. RUSSIN FINANICAL [SIC], RUSSIN HOLDING GROUP, ARIAS AGENCIES, S.A. HOLDING, AMERICAN INCOME LIFE INSURANCE COMPANY**

156.    Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in Count VIII, paragraphs 231-237 of Plaintiff's Second Amended Complaint.   To the extent that a responsive pleading is required, Defendant denies the averments contained in Count VIII, paragraphs 231-237 of Plaintiff's Second Amended Complaint.

## COUNT IX
*Sexual Assault*
### RENEE ZINSKY v. MICHAEL RUSSIN

157.    Paragraph 238 of Plaintiff's Second Amended Complaint is an incorporation paragraph to which no responsive pleading is required.

158.    Paragraph 239 Plaintiff's Second Amended Complaint contains a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the averments contained in paragraph 239 of Plaintiff's Second Amended Complaint.

159.    Defendant denies the averments contained in paragraph 240 of Plaintiff's Second Amended Complaint.

160.    Defendant denies the averments contained in paragraph 241 of Plaintiff's Second Amended Complaint as stated. Defendant admits that there had been instances in which he was intoxicated at work between 2019-2020. Defendant denies that this behavior was frequent and/or open.

161.    Defendant denies the averments contained in paragraph 242 of Plaintiff's Second Amended Complaint as stated. Defendant admits that he has used drugs and alcohol at work in the past, and that he has struggled with drug and alcohol abuse in the past, but denies that it was consistent and/or frequent.

162.    Paragraph 243 of Plaintiff's Second Amended Complaint contains a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the averments contained in paragraph 243 of Plaintiff's Second Amended Complaint.

163.    Paragraph 244 of Plaintiff's Second Amended Complaint contains a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the averments contained in paragraph 244 of Plaintiff's Second Amended Complaint.

164.    Paragraph 245 of Plaintiff's Second Amended Complaint contains a conclusion of law to which no responsive pleading is required.

## COUNT X
*Battery*
### RENEE ZINSKY v. MICHAEL RUSSIN

165.    Paragraph 246 of Plaintiff's Second Amended Complaint is an incorporation paragraph to which no responsive pleading is required.

166.    Paragraph 247 of Plaintiff's Second Amended Complaint contains a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the averments contained in paragraph 247 of Plaintiff's Second Amended Complaint.

167.    Paragraph 248 of Plaintiff's Second Amended Complaint contains a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the averments contained in paragraph 248 of Plaintiff's Second Amended Complaint.

168.    Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 249 of Plaintiff's Second Amended Complaint.   To the extent that a responsive pleading is required, Defendant denies the averments contained in paragraph 249 of Plaintiff's Second Amended Complaint.

169.    Paragraph 250 of Plaintiff's Second Amended Complaint contains a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the averments contained in paragraph 250 of Plaintiff's Second Amended Complaint.

170.    Paragraph 251 of Plaintiff's Second Amended Complaint contains a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the averments contained in paragraph 251 of Plaintiff's Second Amended Complaint.

## COUNT XI
*False Imprisonment*
### RENEE ZINSKY v. MICHAEL RUSSIN

171.    Paragraph 252 of Plaintiff's Second Amended Complaint is an incorporation paragraph to which no responsive pleading is required.

172.    Defendant admits the averments contained in paragraph 253 of Plaintiff's Second Amended Complaint that he often rode in the same vehicle with Plaintiff, and often discussed business during such rides. The remainder of the averments contained in paragraph 253 of Plaintiff's Second Amended Complaint are denied.

173.    Defendant denies the averments contained in paragraph 254 of Plaintiff's Second Amended Complaint.

174.    Defendant denies the averments contained in paragraph 255 of Plaintiff's Second Amended Complaint.

175.    Paragraph 256 of Plaintiff's Second Amended Complaint contains a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the averments contained in paragraph 256 of Plaintiff's Second Amended Complaint.

176.    Paragraph 257 of Plaintiff's Second Amended Complaint contains a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the averments contained in paragraph 257 of Plaintiff's Second Amended Complaint.

**COUNT XII**
*Intentional Infliction of Emotional Distress*
**RENEE ZINSKY v. MICHAEL RUSSIN AND SIMON ARIAS, III**

177.    Paragraph 258 of Plaintiff's Second Amended Complaint is an incorporation paragraph to which no responsive pleading is required.

178.    Paragraph 259 of Plaintiff's Second Amended Complaint contains a conclusion of law to which no responsive pleading is required. Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in paragraph 259 of Plaintiff's Second Amended Complaint. To the extent that the averments contained in paragraph 259 of Plaintiff's Second Amended Complaint are directed at Defendant, and therefore a responsive pleading is required, Defendant avers as follows:

(a)    Paragraph 259(a) of Plaintiff's Second Amended Complaint contains a conclusion of law to which no responsive pleading is required. To the extent that responsive pleading is required, Defendant denies the allegations in subparagraph 259(a) of Plaintiff's Second Amended Complaint.

(b)    Defendant denies the averments contained in subparagraph 259(b) of Plaintiff's Second Amended Complaint.

(c)   Subparagraph 259(c) of Plaintiff's Second Amended Complaint contains a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, Defendant denies the allegations in subparagraph 259(c) of Plaintiff's Second Amended Complaint.

(d)   Defendant denies the averments contained in subparagraph 259(d) of Plaintiff's Second Amended Complaint.

(e)   Defendant admits the averments contained in subparagraph 259(e) that Defendant consumed alcohol and ingested drugs on occasion during work hours. The remainder of the averments contained in subparagraph 259 (e) of Plaintiff's Second Amended Complaint are denied.

(f)   Defendant denies the averments contained in subparagraph 25(f) of Plaintiff's Second Amended Complaint.

(g)   Defendant denies the averments contained in subparagraph 259(g) of Plaintiff's Second Amended Complaint.

(h)   Defendant denies the averments contained in subparagraph 259(h) of Plaintiff's Second Amended Complaint.

(i)   Defendant denies the averments contained in subparagraph 259(i) of Plaintiff's Second Amended Complaint.

(j)   Defendant denies the averments contained in subparagraph 259(j) of Plaintiff's Second Amended Complaint.

(k)   Defendant denies the averments contained in subparagraph 259(k) of Plaintiff's Second Amended Complaint.

(l)   Defendant denies the averments contained in subparagraph 259(l) of Plaintiff's Second Amended Complaint.

(m)   Defendant denies the averments contained in subparagraph 259(m) of Plaintiff's Second Amended Complaint.

(n)   Defendant denies the averments contained in subparagraph 259(n) of Plaintiff's Second Amended Complaint.

(o)   Defendant denies the averments contained in subparagraph 259(o) of Plaintiff's Second Amended Complaint.

(p)   Defendant denies the averments contained in subparagraph 259(p) of Plaintiff's Second Amended Complaint.

179.   The averments contained in paragraph 260 of Plaintiff's Second Amended Complaint, including all relevant subparagraphs, are directed to a party other than answering Defendant and, therefore no response is required of answering Defendant. To the extent a

responsive pleading is required, Defendant denies the averments contained in paragraph 260 of Plaintiff's Second Amended Complaint, including all relevant subparagraphs.

180.    Paragraph 261 of Plaintiff's Second Amended Complaint contains a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the averments contained in paragraph 261 of Plaintiff's Second Amended Complaint.

181.    Paragraph 262 of Plaintiff's Second Amended Complaint contains a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the averments contained in paragraph 262 of Plaintiff's Second Amended Complaint.

### COUNT XIII
*Negligent Hiring, Retention, and Supervision*
**RENEE ZINSKY v. RUSSIN FINANCIAL, RUSSIN HOLDING GROUP, ARIAS AGENCIES, S.A. HOLDING, AMERICAN INCOME LIFE INSURANCE COMPANY**

182.    Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in Count XIII, paragraphs 263-272 of Plaintiff's Second Amended Complaint.   To the extent that a responsive pleading is required, Defendant denies the averments contained in Count XIII, paragraphs 263-272 of Plaintiff's Second Amended Complaint.

### COUNT XIV
*Vicarious Liability/Respondeat Superior*
**RENEE ZINSKY v. RUSSIN FINANCIAL, RUSSIN HOLDING GROUP, ARIAS AGENCIES, S.A. HOLDING, AMERICAN INCOME LIFE INSURANCE COMPANY**

183.    Based on this Court's July 22, 2022, Order, Defendant is not required to file a responsive pleading to the averments contained in Count XIV, paragraphs 273-278 of Plaintiff's

Second Amended Complaint.   To the extent that a responsive pleading is required, Defendant denies the averments contained in Count XIV, paragraphs 273-278 of Plaintiff's Second Amended Complaint.

## COUNT XV
*Defamation*
## RENEE ZINSKY v. MICHAEL RUSSIN

184.    Paragraph 279 of Plaintiff's Second Amended Complaint is an incorporation paragraph to which no responsive pleading is required.

185.    Paragraph 280 of Plaintiff's Second Amended Complaint contains a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the averments contained in paragraph 280 of Plaintiff's Second Amended Complaint.

186.    Defendant admits the averments contained in paragraph 281 of Plaintiff's Second Amended Complaint that he contacted former employees for information related to Plaintiff's claims against him. Defendant denies the remainder of the averments contained in paragraph 281 of Plaintiff's Second Amended Complaint.

187.    Defendant admits the averments contained in paragraph 282 of Plaintiff's Second Amended Complaint that he contacted former employees for information related to Plaintiff's claims against him. Defendant denies the remainder of the averments contained in paragraph 282 of Plaintiff's Second Amended Complaint.

188.    Paragraph 283 of Plaintiff's Second Amended Complaint contains a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the averments contained in paragraph 283 of Plaintiff's Second Amended Complaint.

## COUNT XVI
*Intrusion Upon Seclusion*
## RENEE ZINSKY v. MICHAEL RUSSIN

189.    Paragraph 284 of Plaintiff's Second Amended Complaint is an incorporation paragraph to which no responsive pleading is required.

190.    Defendant denies the averments contained in paragraph 285 of Plaintiff's Second Amended Complaint, including all relevant subparts.

191.    Paragraph 286 of Plaintiff's Second Amended Complaint contains a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the averments contained in paragraph 286 of Plaintiff's Second Amended Complaint.

192.    Paragraph 287 of Plaintiff's Second Amended Complaint contains a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the averments contained in paragraph 287 of Plaintiff's Second Amended Complaint.

193.    Paragraph 288 of Plaintiff's Second Amended Complaint contains a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the averments contained in paragraph 288 of Plaintiff's Second Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant, Michael Russin, asserts the following affirmative defenses to Plaintiff's Complaint:

## FIRST DEFENSE

Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## THIRD DEFENSE

Plaintiff's claims for damages should be denied or reduced due to her failure to mitigate her damages in whole or in part.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches, or unclean hands.

## FIFTH DEFENSE

Any statements made by Defendant regarding Plaintiff are protected by the First Amended to the United States Constitution.

## SIXTH DEFENSE

Any statements made by Defendant regarding Plaintiff are entitled to qualified privilege.

## SEVENTH DEFENSE

Any statements made by Defendant regarding Plaintiff are entitled to absolute privilege.

## SEVENTH DEFENSE

Any statements made by Defendant regarding Plaintiff were either true or made without the requisite degree of fault to trigger liability.

## EIGHTH DEFENSE

Any statements made by Defendant regarding Plaintiff were expressions of opinion.

## NINTH DEFENSE

Plaintiff's claims are barred by consent.

Defendant reserves the right to assert additional defenses and/or supplement and amend this answer upon the discovery of more definite facts.

**WHEREFORE,** Defendant, Michael Russin, denies that he is liable to Plaintiff for any sum under any theory of liability and demands judgment in his favor, together with attorney's fees, costs, interest, and such other relief as this Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

Defendant, Michael Russin, hereby demands a trial by jury on all issues that are so triable.

Dated: November 15, 2022

Respectfully submitted,

Cozza Law Group PLLC

By:      *s/Benjamin D. Webb*
Benjamin D. Webb, Esquire
PA I.D. No. 328170
400 Holiday Drive, Suite 210
Pittsburgh, Pennsylvania 15220
(412) 294-8444
bwebb@cozzalaw.com
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true and correct copy of the foregoing Answer to Plaintiff's Second Amended Complaint has been sent via the CM/ECF system to all counsel and/or parties of record.

Cozza Law Group PLLC

*/s/Benjamin D. Webb*
Benjamin D. Webb, Esquire