## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RENEE ZINSKY, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 2:22-cv-547-MJH |
| | ) |
| | ) Electronically Filed |
| v. | ) |
| | ) |
| | ) |
| MICHAEL RUSSIN, RUSSIN FINANCIAL, | ) |
| RUSSIN GROUP, | ) |
| | ) Jury Trial Demanded |
| Defendants. | ) |
| | ) |

## **STIPULATED PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following Stipulated Protective Order has been entered by Court:

### Proceedings and Information Governed

1.      This Order and any amendments or modifications hereto ("Protective Order") govern any document, information, or other thing furnished by any party to any other party and furnished by any non-parties (who receive a subpoena in connection with this action), including but not limited to Simon Arias, III, Arias Agencies, and S.A. Arias Holdings, LLC, to any party. The information protected includes, but is not limited to, answers to interrogatories, answers to requests for admission, responses to requests for production of documents, deposition transcripts and videotapes, deposition exhibits, and other writings or things produced, given, or filed in this action that are designated by a party or a non-party as "Confidential Information" in accordance with the terms of this Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

### Designation and Maintenance of Information

2.      For purposes of this Protective Order, the "Confidential Information" designation means that the document or other thing produced is comprised of or contains confidential information regarding finances, trade secrets, clients/customers or potential clients/customers, personnel, and/or contractors or deals with subject matter that is not publicly known and/or is of technical or commercial advantage to its possessor, in accordance with Fed. R. Civ. P. 26(c); or other information required by law or agreement to be kept confidential. Confidential Information does not include, and this Protective Order does not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement or by common law not to disclose such information, or information that has

1

been disclosed to the public or third persons in a manner making such information no longer confidential in the respects described in the previous sentence.

3. Documents and things produced during the course of this litigation within the scope of Paragraph 2 above may be designated by the producing party or non-party as containing Confidential Information by placing on each document a confidential legend substantially as follows: **CONFIDENTIAL**

A party or non-party may designate information disclosed at a deposition as Confidential Information by requesting the reporter to so designate the transcript or any portion thereof at the time of the deposition. If no such designation is made at the time of the deposition, any party or non-party shall have 14 calendar days after the date of the deposition to designate, in writing to the other parties and to the court reporter, that the transcript is Confidential Information. If no such designation is made at the deposition or within such 14 calendar-day period, the entire deposition will be considered devoid of Confidential Information. Each party, non-party (as may be appropriate), and the court reporter shall attach a copy of any final and timely written designation notice to the transcript and each copy thereof in its possession, custody, or control, and the portions designated in such notice shall be treated in accordance with this Protective Order.

It is the responsibility of counsel for each party (and appropriate non-parties) to maintain materials containing Confidential Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

### Inadvertent Failure to Designate

4. The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party or non-party from designating such information as confidential at a later date in writing and with particularity. The information shall be treated by the receiving party as confidential from the time the receiving party or non-party is notified in writing of the change in the designation.

### Challenge to Designations

5. A receiving party may challenge a producing party's or non-party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party or non-party change the designation. The producing party or non-party will then have 14 days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties and/or non-parties are unable to reach agreement after the expiration of this 14-day period, and after the conference required under the Local Rules, the receiving party may at any time thereafter seek a Court Order to alter the confidential status of the designated information. Until any dispute under this Paragraph is ruled upon by the Court, the designation shall remain in full force and effect and the information will continue to be accorded the confidential treatment required by this Protective Order.

**Disclosure and Use of Confidential Information**

6. Information designated as Confidential Information may be used only for purposes of preparation, trial, and appeal of this action, designated as *Renee Zinsky v. Michael Russin, Russin Financial, Russin Group,* Civil Action No. 2:22-cv-547-MJH. Confidential Information may not be used under any circumstances for prosecuting any other actions or for any other purpose, including the AAA Arbitration designated as *Renee Zinsky v. Arias Agencies, et al.*[1], AAA Case No. 01-20-0004-0849. The provisions of LCvR 16.1.D, relating to the inadvertent disclosure of privileged information, will apply in all matters governed by this Protective Order.

7. Confidential Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) employees of the receiving party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions; (b) in-house counsel for the receiving party; (c) outside counsel for the receiving party; (d) supporting personnel employed by (b) and (c), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; (e) experts or consultants; and (f) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or computer database creation from documents. If the receiving party is an individual party, documents that are designated as "Confidential" may be shown or displayed to the individual party and its contents discussed between the individual party and counsel, but counsel for the individual party shall not release physical or electronic possession of such document(s) to the individual party, and the individual party shall not copy, photograph or otherwise reproduce the content of such document(s) while shown or displayed.

8. Counsel for the parties and non-parties shall be responsible for the adherence by experts, consultants, and third-party vendors to the terms and conditions of this Protective Order.

9. Confidential Information may be disclosed to a person, not already allowed access to such information under this Protective Order, if: (a) the information was previously received or authored by the person or was authored or received by a director, officer, employee, or agent of the company for which the person is testifying as a Rule 30(b)(6) designee; (b) the designating party is the person or is a party for whom the person is a director, officer, employee, consultant, or agent; or (c) counsel for the party designating the material agrees that the material may be disclosed to the person. In the event of disclosure under this Paragraph, only the reporter, the person, his or her counsel, the judge, and persons to whom disclosure may be made (and who are bound by the Protective Order) may be present during the disclosure or discussion of Confidential Information. Disclosure of material pursuant to this Paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

**Non-Party Information**

10. The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action following the date of this Order who may

---

[1] Respondents in the AAA Arbitration at Case No. 01-20-0004-0849 are Simon Arias, III, Arias Agencies, S.A. Arias Holdings, LLC, and American Income Life.

3

reasonably be expected to desire confidential treatment for such documents, tangible things, or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

**Filing Documents With the Court**

11.  In the event that any party wishes to submit Confidential Information to the Court, such party shall follow the procedures prescribed by the Court, including obtaining leave of Court prior to filing any documents under seal.

**No Prejudice**

12.  Producing or receiving confidential information, or otherwise complying with the terms of this Protective Order, will not: (a) operate as an admission by any party or non-party that any particular Confidential Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party or non-party to object to the production of information or material that the party or non-party does not consider to be within the scope of discovery; (c) prejudice the rights of a party or non-party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a party or non-party to apply to the Court for further protective orders; or (e) prevent the parties and/or non-parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

**Conclusion of Litigation**

13.  Within 60 calendar days after final judgment in this action, including the exhaustion of all appeals, or within 60 calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order must destroy or return to the producing party or non-party all materials and documents containing Confidential Information and certify to the producing party or non-party such destruction or return. However, outside counsel for any party or non-party be entitled to retain all court papers, trial transcripts, exhibits, and attorney work product, provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

**Other Proceedings**

14.  By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court or other forum from finding that information may be relevant and subject to disclosure in another case. Any person or parties subject to this Protective Order that may be subject to a motion to disclose another party's or non-party's information designated Confidential pursuant to this Protective Order shall promptly notify that party or non-party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

**Remedies**

15.  It is Ordered by the Court that this Protective Order will be enforced by the sanctions set forth in Rule 37(b) of the Federal Rules of Civil Procedure and such other sanctions as may be available to the Court, including the power to hold parties or other violators of this

Protective Order in contempt. All other remedies available to any person(s) injured by a violation of this Protective Order are fully reserved.

16. Any party or non-party may petition the Court, for good cause shown, in the event such party or non-party desires relief from a term or condition of this Order.

17. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible.

Respectfully submitted,

Dated: February 10, 2023         WILLIAMSON LAW LLC

                                 s/Amy N. Williamson
                                 Amy N. Williamson, Esquire
                                 awilliamson@awilliamsonlaw.com
                                 Law and Finance
                                 429 Fourth Avenue, Suite 300
                                 Pittsburgh, PA 15219
                                 (412) 600-8862

                                 *Counsel for Plaintiff*

Dated: January 19, 2023          COZZA LAW GROUP PLLC


                                 s/ Benjamin D. Webb
                                 Benjamin D. Webb, Esquire
                                 Pa. ID No. 328170
                                 bwebb@cozzalaw.com
                                 400 Holiday Drive, Suite 210
                                 Pittsburgh, PA 15220
                                 (412) 294-8444

                                 *Counsel for Defendants*


Dated: January 18, 2023          STRASSBURGER McKENNA GUTNICK& GEFSKY


                                 s/Jean E. Novak
                                 Jean E. Novak
                                 Pa. ID No. 69490
                                 jnovak@smgglaw.com
                                 Four Gateway Center, Suite 2200

5

444 Liberty Avenue
Pittsburgh, PA 15222
(412) 281-5423

*Counsel for Non-Parties Simon Arias, III, Arias Agencies, S.A. Arias Holdings, LLC*

APPROVED and SO ORDERED this

_____ day of _____ 2023.

_____
The Honorable Marilyn J. Horan