IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RENEE ZINSKY, | Civil Action No.: 2:22-cv-547 |
| Plaintiff, | |
| v. | Electronically Filed |
| MICHAEL RUSSIN, RUSSIN FINANCIAL, RUSSIN GROUP, SIMON ARIAS, III, ARIAS AGENCIES, S.A. ARIAS HOLDINGS, LLC, AMERICAN INCOME LIFE INSURANCE COMPANY, | |
| Defendants. | |

**DEFENDANT MICHAEL RUSSIN'S BRIEF IN SUPPORT OF RESPONSE TO PLAINTIFF'S AMENDED MOTION TO EXTEND DISCOVERY DEADLINE**

AND NOW, comes Defendant, Michael Russin, by and through his attorneys Benjamin D. Webb, Esquire and Cozza Law Group PLLC, and files the within Brief in Support of Response to Plaintiff's Amended Motion to Extend Discovery Deadline, averring as follows:

### I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff initiated this action via Complaint on April 11, 2022. ECF No. 1. On July 22, 2022, the claims alleged against Simon Arias, III, Arias Agencies, S.A. Arias Holdings, LLC, and American Income Life Insurance Companies were compelled to arbitration by this Court. ECF No. 37. Additionally, Plaintiff's claims against Russin Financial and Russin Group were stayed pending the outcome of the arbitration. ECF No. 37. The only claims remaining before this Court are Pennsylvania tort claims against Defendant Russin individually. ECF No. 37.

## NATALIE D'ACHILLES PRICE

In Plaintiff's Complaint, she alleges that "[o]n or about August 26, 2021, Natalie Price… emailed Plaintiff a document titled "Incident Report" and instructed Plaintiff to sign and return the same." ECF No. 1, ¶ 76. Plaintiff subsequently filed two Amended Complaints. ECF Nos. 9 & 49. Each version of the Complaint identifies Ms. Price as a potential source of information in this case. The parties filed a 26(f) Report of the Parties on August 25, 2022. ECF No. 40. In accordance with the Report of the Parties, this Court, by Order, set the deadline to complete fact discovery as February 28, 2023. ECF No. 44.

In her initial disclosures, Plaintiff identified Natalie D'Achilles Price (Ms. "Price") as an individual she believed to have information regarding Plaintiff's "reports of fraud, sexual harassment/sexual assault." *See* a true and correct copy of relevant portions of Plaintiff's initial disclosures attached hereto as Exhibit "A" p. 2. The parties exchanged written discovery, and five depositions have been taken thus far in this case. Depositions of Jeremiah Russin and Geneva Russin were taken on December 9, 2022. The deposition of Renee Zinsky was taken on January 13, and February 22, 2023. The deposition of Michael Russin was taken on January 16, 2023. During Defendant Russin's deposition, attorney Williamson questioned him about Ms. Price's involvement in investigating Zinsky's internal complaint. *See* a true and correct copy of the deposition transcript of Michael Russin attached hereto as Exhibit "B" pp. 230-232. Lastly, the deposition of Simon Arias was taken on February 24, 2023.

Nevertheless, Attorney Williamson waited until February 15, 2023, to contact counsel for the Arias Defendants, Jean Novak (attorney "Novak") and inquire about scheduling Ms. Price's deposition. This was the first time attorney Williamson requested dates for Ms. Price's deposition.

Ms. Price was unavailable at the time. Attorney Williamson contacted attorney Novak again on February 28, 2023, regarding scheduling Ms. Price's deposition.

### *INSIDER* ARTICLE

On November 10, 2022, Defendant Russin received a letter from Susan Antilla, the reporter behind a recently published *Insider* article referenced in Plaintiff's Amended Motion, requesting comment on Plaintiff's allegations. *See* a true and correct copy of the November 10, 2022, letter attached hereto as Exhibit "C." In this letter, Ms. Antilla specifically identified Plaintiff and attorney Williamson as her sources for the article. Exhibit "C." Recognizing the need to protect potentially confidential information, attorney Novak circulated a draft stipulated protective order for the parties to review on December 29, 2022.

Then, at Defendant Russin's deposition, undersigned counsel advised attorney Williamson that Defendant Russin would not testify about certain subjects, including Russin's separation from AIL, until the proposed protective order was executed. *See* Exhibit "B" pp. 56-57. Attorney Williamson executed the draft protective order that day. *See* a true and correct copy of the executed draft stipulated protective order attached hereto as Exhibit "D". The parties executed and filed substantially *the same* joint motion for protective order on February 10, 2023. ECF Nos. 51 & 52.

After the protective order was signed by attorney Williamson, relevant portions of Defendant Russin's deposition transcript relating to his separation from AIL were marked as confidential. The *next day*, (presumable before any parties had received a copy of Defendant Russin's deposition transcript) Defendant Russin received a second letter from Ms. Antilla. *See* a true and correct copy of the January 17, 2023, letter attached hereto as Exhibit "E." In the second letter, Ms. Antilla stated that attorney Williamson provided her with testimony from Defendant Russin's deposition that was subject to a pending stipulated protective order between the parties.

3

Exhibit "E" p. 1[1]. Defendant Russin received a third letter from Ms. Antilla on February 9, 2023, requesting comment on additional information provided to her by attorney Williamson. *See* a true and correct copy of the February 9, 2023, letter attached hereto as Exhibit "G."

The article published by *Insider* on the morning of February 24, 2023, discusses this case generally. It also contains detailed information from Defendant Russin's discovery responses marked as confidential, quotes from his deposition testimony that were subject to the pending protective order, and quotes from the Honorable Judge Marilyn J. Horan[2]. ECF No. 55, Exhibit "1."

On February 22, 2023, Plaintiff filed a Motion to Extend Discovery Deadlines for forty-five days. ECF No. 53. Then on February 26, 2023, Plaintiff filed an Amended Motion to Extend Discovery Deadlines ("Amended Motion") to include information regarding the *Insider* article. ECF No. 55. The rationale for Plaintiff's Amended Motion is that she requires additional time to subpoena the depositions of Natalie D'Achilles Price and other various unidentified individuals that have allegedly come forward with discoverable information following the publication of the article.

For the reasons contained herein, Defendant Michael Russin opposes Plaintiff's Amended Motion to Extend Discovery Deadlines as Plaintiff has failed to diligently conduct discovery and, as a result, has not shown good cause to justify an extension of the discovery deadline.

---

1. Upon receiving this letter, undersigned counsel immediately sent correspondence to both attorney Williamson and Ms. Antilla stating that the testimony referenced in that letter is confidential per the pending protective order. *See* true and correct copies of emails sent to Ms. Antilla and attorney Williamson attached hereto as Exhibit "F."
2. The article quotes Judge Horan's comments from the scheduling conference of the parties as follows "[a]ccording to Williamson, at a September 1 telephone court hearing, Judge Marilyn J. Horan instructed Russin's lawyer to get his client under control. Horan said she was appalled by Russin's conduct and suggest the lawyer tell Russin he was making Zinsky's case for her." ECF. No. 55, Exhibit "1".

## II.   ARGUMENT

Plaintiff alleges that she should be afforded additional time to secure the deposition of Natalie D'Achilles Price because she only became aware of her knowledge of "numerous key issues" following the deposition of Simon Arias III on February 24, 2022. Additionally, Plaintiff states that she needs additional time to complete discovery because the publication of an article by *Insider* has encouraged additional witnesses to come forward with information regarding the case.

In the third circuit, a case management schedule "may be modified only for good cause and with the judge's consent." Fed R. Civ. P. 16(b)(4); *Walker v. Centocor Ortho Biotech, Inc.*, 558 F. App'x 216, 221-22 (3d Cir. 2014) ("[t]o obtain an extension of a discovery deadline, a movant must show 'good cause' under Fed. R. Civ. P. 16 (b)(4), which includes both an explanation of why more time is needed and a showing that the movant ***diligently*** sought the discovery she now seeks to secure beyond the deadline.") (emphasis added); *Rosetsky v. Nat'l Bd. of Med. Exam'rs of U.S., Inc.*, 350 F. App'x 698, 702 (3d Cir. 2009) (affirming district court's refusal to extend discovery deadlines when "[r]ather than attempting to work within the sixty-day discovery schedule set by the district court, [the plaintiff's] counsel waited until the eve of the deadline to notice any depositions"); *Unlimited Holdings, Inc. v. Bertram Yacht, Inc.*, 50 V.I. 727, 739–40 (D.V.I. 2008) (denying the plaintiff's motion to extend the fact discovery deadline for lack of diligence where the plaintiff, among other things, delayed noticing depositions, including 30(b)(6) depositions, until the end of the discovery period). Moreover, courts in this circuit have denied a request for an extension of a discovery deadline where the movant was aware of a witness's role in investigating her claims from the time she reported them. *See Walker*, 558 F. App'x at 222.

### A. Plaintiff was Aware of Natalie D'Achilles Price's Role in Investigating this Case From the Time She Reported this Incident in August 2021.

Here, Plaintiff's failure to secure the deposition testimony of Ms. Price was at best, careless. In Plaintiff's Complaint, she identifies Ms. Price as the individual that sent the her a copy of the incident report she made against Defendant Russin in August 2021. ECF No. 1, ¶ 76. Plaintiff then identified Ms. Price as an individual likely to have discoverable information in her initial disclosures. Exhibit "A" p. 2. Plaintiff's counsel also questioned Defendant Russin in his deposition about Ms. Price's involvement in the investigation of this case. Exhibit "B" pp. 230-232.

Based on her own pleadings and testimony, Plaintiff has been acutely aware of Ms. Price's role in this case since she filed her Complaint. Rather than diligently scheduling Ms. Price's deposition during the six-month discovery period, Ms. Williamson waited until February 15, 2023 (thirteen days before the expiration of discovery), to email counsel for Arias Agencies and inquire about Ms. Price's availability to be deposed. Therefore, Plaintiff has failed to show good cause as to why the discovery deadline should be extended to take the deposition of Natalie D'Achilles Price and her Amended Motion to Extend the Discovery Deadline should be denied[3].

### B. The Publication of the Insider Article does not Relieve Plaintiff of Her Obligation to Diligently Conduct Discovery.

Additionally, Plaintiff should not be permitted to rely on the *Insider* article, that her attorney was instrumental in publishing, as a reason to extend the discovery deadline. First,

---

3. Even if Plaintiff could show that a more diligent pursuit of Ms. Price's testimony was impossible (which she cannot), she would still be unable to show good cause to extend the discovery deadline for two reasons. One, Plaintiff already received a copy of Arias' internal policies in response to her subpoena. And, Arias' internal policies relate to the claims that were compelled to arbitration, and are not relevant to the tort claims pending against Defendant Michael Russin.

Plaintiff fails to explain the connection between the witnesses described in her Amended Motion and the claims against Defendant Russin. In her Amended Motion, Plaintiff references thirteen statements from the *Insider* article that have supposedly generated additional interest from potential witnesses. However, only three of those statements relate to Defendant Russin. Additionally, Plaintiff relies on **one** text message from an unknown individual in support of her argument for additional time. The text message reads as follows:

> Hi. You don't know me but I have never been more proud of someone I don't know. I don't know if you'll even ever see this. I work at Arias. And have for a long time. Your lawsuit is amazing. I am so so proud. I wish I had the guts to do it. This is place has been a cult since day one. I've been here ten years. The amount of times there has been unwanted hugs or being pressured to smile… and of course everything else in your lawsuit.

ECF No. 55, Exhibit "B." The message does not mentioned Michael Russin by name, nor does it state that the unnamed individual witnessed any of the *intentional* conduct that is the basis of the claims pending before this Court [4].

Moreover, the publication of an article should not relieve Plaintiff of her obligation to diligently conduct discovery. This is especially true since Plaintiff has been instrumental in providing information about the case to *Insider* since at least November 2022. Exhibits "C, E, & G." As discussed *supra*, attorney Williamson has disclosed, among other things, confidential information and documents to Ms. Antilla since at least November 2022[5]. It is clear that Plaintiff

---

[4]. Attorney Williamson is also counsel for various individuals in a lawsuit against Arias Agencies and AIL that were originally pending at docket number 2:22-cv-01054 but have since been transferred to arbitration. That lawsuit is also referenced in the *Insider* article.

[5]. The information disclosed by attorney Williamson to Ms. Antilla raises serious concerns of ethical and professional misconduct. Violation of the Stipulated Protective Order may result in the imposition of sanctions against the violating party. While Defendant Russin recognizes that the stipulated protective was not yet filed at the time of the disclosure, a draft was signed by attorney Williamson. Exhibit "E." Thus, at the very least, failure to abide by the draft protective order amounts to a misrepresentation by attorney Williamson which may be violative of Pa. R.P.C. 4.1 and 8.4(c). Moreover, disclosure of inadmissible evidence (the Honorable Judge's

was already aware the information contained in the article, and could have obtained the information she now seeks via more diligent discovery.

Plaintiff has failed to show that any additional witnesses have information related to claims against Defendant Russin. Also, because Plaintiff was the source of the information contained in the article, Plaintiff has failed to show that more diligent discovery would not have been possible. For those reasons, Plaintiff's Amended Motion to Extend Discovery Deadlines should be denied.

### III. CONCLUSION

Based on the foregoing, Defendant, Michael Russin, respectfully requests that this Honorable Court deny Plaintiff's Amended Motion to Extend Discovery Deadlines.

Respectfully submitted,

Cozza Law Group PLLC

*s/Benjamin D. Webb*
Benjamin D. Webb, Esquire
PA I.D. No. 328170
400 Holiday Drive, Suite 210
Pittsburgh, Pennsylvania 15220
(412) 294-8444
bwebb@cozzalaw.com
*Counsel for Defendant Michael Russin*

---

comments) that creates a substantial risk of prejudicing a party's right to an impartial trial may be violative of Pa R.P.C 3.6 (comment 5).

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing Brief in Support of Response to Plaintiff's Amended Motion to Extend Discovery Deadlines has been sent via the CM/ECF system to all counsel and/or parties of record.

Cozza Law Group PLLC

*/s/Benjamin D. Webb*
Benjamin D. Webb, Esquire