IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RENEE ZINSKY, | Civil Action |
| Plaintiff, | No. 2:22-cv-547 |
| vs. | Judge Horan |
| MICHAEL RUSSIN, RUSSIN FINANCIAL, RUSSIN GROUP, SIMON ARIAS, III, ARIAS AGENCIES, S.A. ARIAS HOLDINGS, LLC, AMERICAN INCOME LIFE INSURANCE COMPANY, | |
| Defendants. | JURY TRIAL DEMANDED |

**PLAINTIFF'S REPLY TO DEFENDANT RUSSINS RESPONSE TO EXTENSION OF DISCOVERY**

AND NOW, comes the Plaintiff, Renee Zinsky, by and through undersigned counsel files the within Reply to Defendant Michael Russin's ("Defendant Russin") Response to Plaintiff's Amended Motion for Extension of Discovery in this case and avers as follows:

**A. Defendant Russin's Response is Based on Blatant Factual Misrepresentations**

1. First, Defendant Russin's Response to Plaintiff's Motion for Extension of Discovery and Amended Motion for Extension of Discovery ("Response") misstates the bases cited by Plaintiff therein.

2. Defendant Russin's Response inaccurately states that the bases of Plaintiff's request to extend discovery is two-fold: 1) Plaintiff's intent to depose a key witness, Natalie D'Achilles Price ("D'Achilles"), and 2) Plaintiff's intent to explore new information and witnesses that has come to light in the wake of the *Insider* Article published on or about February 28, 2023 ("*Insider* Article"). [Doc. No. 58.]

3. To the contrary, Plaintiff made clear that the D'Achilles deposition and new

1

information/witnesses received by Plaintiff following February 28, 2023 were mere examples of the additional discovery necessary to complete discovery in this matter.

4. Specifically, Plaintiff's Motion for Extension of Discovery avers as follows:

- Additional discovery in the form of depositions and/or third-party subpoenas is necessary to properly complete discovery in this matter.
- For example, third party subpoenas are necessary to authenticate certain documents and information as well as clarify conflicting representations by Russin.
- In addition, Plaintiff's counsel has reached out to counsel for Arias Agencies on multiple occasions in attempts to schedule the deposition of a key witness, Natalie D'Achilles. To date, D'Achilles availability has yet to be disclosed.

[Doc. No. 53 ¶¶3-5.]

5. Plaintiff's Amended Motion for Extension of Discovery avers as follows:

Since, **Plaintiff has been contacted by multiple individuals** who appear to have information reasonably calculated to lead to admissible evidence relative to the instant litigation. **For example, one individual** sent Plaintiff an electronic message which stated, in part, as follows: You don't know me but I've never been more proud of someone I don't know ... I work at Arias. And have for a long time ... This place has been a cult since day one. ... The amount of times there have been unwanted hugs or being pressured to smile ... And of course everything else in your lawsuit.

(Emphasis added.) [Doc. No. 55 ¶6.]

6. On or about March 3, 2023, Plaintiff produced her Second Supplemental Discovery Responses which included numerous documents and recordings such as copies of additional personal messages Plaintiff received following publishing of the *Insider* Article. For example, three (3) of those messages, state, in part, as follows:

Holy shit **I thought I was the only one who felt so fricken uncomfortable around Russin** ... I went to Simon about all of it too ... I'm like hmmm how the heck do you not see this
....

I understand it's a highly sensitive topic but my older sister went through a similar experience last year at Arias Agencies.
...

2

> I read your article. I am a former SGA who left bc of similar things. I sent home office emails about illegal things and fraud and violence. They hid my email and swept under the rug ... **I want to be heard too**.

(Emphasis added)[1].

7. Yet, unbelievably, Defendant Russin's Response somehow concludes "Plaintiff has failed to provide any evidence that the supposed new witnesses have information related to the claims that remain before this court against Defendant Michael Russin." [Doc. No. 58 ¶6.]

8. What is more, Defendant Russin's Response completely ignores Plaintiff's averment that "depositions and third-party subpoenas are necessary to authenticate certain documents and information as well as clarify conflicting representations by Russin." [Doc. No. 53 ¶¶3-5.]

9. By way of mere example, on or about February 8, 2022, Plaintiff produced her First Set of Supplemental Discovery Responses which included approximately one thousand (1,000) documents and 150 video recordings, to include photographic evidence of Russin engaged in sexual acts with his female subordinate in the American Income Life office, which Russin previously denied under oath[2]. *See* Attorney Williamson's Letter dated February 8, 2022 attached hereto as **Exhibit "A".**

B. **Defendant Russin's Response is Based on Unsubstantiated and Irrelevant Accusations**

10. In lieu of viable legal arguments, Defendant Russin's Response resorts to making bald allegations and unsubstantiated accusations against Plaintiff and Plaintiff's counsel.

11. For example, Defendant Russin's Response Brief states – with no citations or substantiation - that "Attorney Williamson waited until February 15 2023 to contact counsel for Arias Defendants ... (Novak) ... and inquire about scheduling [D'Achilles] deposition." [Doc. No. 59, p.2.]

---

[1] Plaintiff requests the opportunity to expand further on Russin's conflicting representations made under oath, should the Court deem necessary. In that context, Plaintiff reserves her right to file supplemental exhibits under seal.

[2] Plaintiff requests the opportunity to expand further on Russin's conflicting representations made under oath, should the Court deem necessary. In that context, Plaintiff reserves her right to file supplemental exhibits under seal.

12. Not only is Defendant Russin's accusation unsubstantiated, but counsel for Defendant Russin admits that he wasn't even a party to the various correspondence between attorneys Williamson and Novak. Id.

13. Defendant Russin goes on to surmise that the *Insider* Article "is based, in large part, on information supplied by Plaintiff and her attorney." [Doc. No. 58, ¶4.]

14. One can only assume that Defendant Russin jumps to this conclusion based on specific questions that the author, Susan Antilla ("Antilla"), posed to Defendant Russin's counsel on or about November 10, 2022. [Doc. No. 59, Ex. C.]

15. Defendant Russin's Response ignores the vast majority of the *Insider* Article which is about the culture of "one of Globe Life's top insurance agencies", i.e. a cesspool of sexual abuse, hard drugs, and violence." Only a minor portion of the *Insider* article even references Defendant Russin.

16. More specifically, Defendant Russin's Response ignores the fact that the *Insider* Article specifically references Antilla speaking to fourteen (14) AIL agents, i.e. thirteen (13) agents in addition to Plaintiff.

17. In addition, Defendant Russin's Response alleges that the Insider Article "contains detailed information from Defendant Russin's discovery responses marked as confidential, quotes from his deposition testimony that were subject to the pending protective order, and quotes from the Honorable Judge Marilyn J. Horan." [Doc. No. 59, p. 4.]

18. In support thereof, Defendant Russin references a singular quote as follows: "[a]ccording to Williamson, at a September 1 telephone court hearing, Judge Marilyn J. Horan instructed Russin's lawyer to get his client under control. Horan said she was appalled by Russin's conduct and suggest the lawyer tell Russin he was making Zinsky's case for her."

19. Defendant Russin's Response fails to identify, in any manner, what discovery responses

and/or deposition testimony the Insider Article contains.

20. In fact, the *Insider* Article is void of any references to Defendant Russin's discovery responses or deposition testimony.

21. The only potential argument Defendant Russin could assert, assuming *arguendo* it were relevant to the issue before this Court, which it is not, is that Attorney Williamson referenced comments made to Attorney Webb during a judicial conference but were not subject to the Protective Order[3].

22. Further, Defendant Russin's Response is based on a misrepresentation that "attorney Williamson has disclosed, among other things, confidential information and documents to Ms. Antilla since at least November 2022."

23. However, the Protective Order wasn't drafted, let alone entered by this Honorable Court until February 11, 2023. [Doc. No. 52.]

24. What is more, Defendant Russin's Response clearly demonstrates that Defendant Russin had every opportunity to address any concerns he may have had with the representations made in the Insider Article. Defendant Russin produced pages of Atilla's notes and countless questions posed to Russin prior to the publication of the Insider Article. [Doc. No. 59, Ex. C, E, G.]

25. Defendant Russin chose not to respond to same. [Doc. No. 59, Ex. F.]

**C. Defendant Russin's Response is Based on a Concealment of Relevant Facts**

26. In addition to the aforementioned misrepresentations and concealment of actual facts, Defendant Russin's Response fails to inform this Court of a myriad of relevant facts, including but not limited to Plaintiff's ongoing efforts to supplement her discovery responses.

27. Due to the influx of new information and witnesses following the published *Insider* Article,

---

[3] To the extent that Defendant Russin asserts an allegation that Plaintiff and/or Plaintiff's counsel has violated the Protective Order, Plaintiff and Plaintiff's counsel reserve the right to address and vigorously defend such a serious allegation at that time. Regardless, whether the Protective Order has been violated is not presently at issue before this Court.

Plaintiff has supplemented her discovery responses on two (2) separate occasions over the past week. *See* Attorney Williamson's Letter Date March 3, 2023 attached hereto as **Exhibit "B"**, and Attorney Williamson's Letter Dated March 6, 2023 attached hereto as **Exhibit "C".**

28.  In those responses, Plaintiff s identifies numerous new documents, video recordings, and 13 additional witnesses with first-hand knowledge of Defendant Russin's workplace misconduct[4]. Id.

29.  For example, on March 3, 2023 Plaintiff produced a recording of a workplace business meeting with a group of coworkers, including but not limited to Russin, on or about November 2019. At that time, Russin explained his "areas of personal growth" as follows:

> Things I did in Louisiana ... trying to convince [Simon Arias] to go to a fuckin strip club ... I get it. I'm a fuckin' party animal. I can't help myself. I like pussy, ass, titties, and drugs."[5]

30.  During the same meeting, Russin admitted to physically assaulting two of his subordinates while working for AIL in an inebriated state. More specifically, Russin stated as follows:

> I was in such a dark place, I pushed Sam against the wall out here ... The fact that I got physical with Sam ...I almost passed out after that. I was on a weird cocktail. I was literally up against the wall passed out and Sam was like trying to hold me up and I just blasted Sam ... Yes, that was also the night [that I destroyed John's shoulder] ... That's the problem. The cult-like aspect of the deal is starting to erode... If we ever have a new person questioning any of our leaders for any reason whatsoever, it needs to be dealt immediately directly with me ... and a though conversation needs to happen or they need to be terminated.[6]

31.  In the same meeting, Russin admitted to abusing Gamma-Hydroxybutyric Acid ("GHB"), i.e. the same sedative drug that Plaintiff alleges he drugged her and other females with before sexually assaulting them.[7]

> I'm not perfect, but Jesus Christ, if I'm gonna get called out for something like 'Hey dude, you've been doing a little too much GHB or hey man you should have fuckin' finger blasted

---

[4] For a total of sixty-seven (67) witnesses with knowledge of Defendant Russin's misconduct relative to this matter, the majority of which have no claims pending against Defendant Russin, AIL and/or Arias Defendants at this time.
[5] Plaintiff's counsel will make this audio recording available to this Honorable Court upon request.
[6] Id.
[7] *See* Plaintiff's Second Amended Complaint [Doc. No. 49.]

my aunt'. I don't know, something. Not you weren't at an agency meeting. Let's at least make it something fucking reasonable.[8]

32. The aforementioned admissions made by Russin directly contradict various other representations he has made under oath, and also raise additional potential witnesses who have not yet been deposed.

**D. Plaintiff Has Conducted Discovery in a Diligent Manner and Has Shown Good Cause for an Extension of Discovery**

33. As noted above, in addition to her Initial Disclosures, Plaintiff has responded to Defendant Russin's written discovery requests in complete, supplemented same on three (3) additional occasions, deposed Defendant Russin, and deposed three witnesses all while receiving unsolicited messages and information from new potential witnesses who represent that, like Plaintiff, they have been silenced for years.

34. On the other hand, Defendant Russin has produced one set of incomplete discovery responses. *See* **Ex "B".**

35. In addition, the deposition of Simon Arias ("Arias") was not taken until February 24, 2023 as a result of Plaintiff accommodating Arias' request to reschedule.

36. Plaintiff's counsel initially scheduled Arias' deposition for Jan 6, 2023 *See* Attorney Williamson's email directed to Attorney Webb dated November 29, 2022 attached hereto as **Exhibit "D"**.

37. Due to a conflict with Arias' schedule, Attorney Williamson agreed to accommodate Arias by rescheduling his deposition for February 24, 2023. *See* Attorney Williamson's email directed to Attorney Novak dated February 13, 2023 attached hereto as **Exhibit "E"**.

38. Assuming, arguendo, that Defendant Russin's Response was substantiated, it nonetheless

---

[8] Plaintiff's counsel will make this audio recording available to this Honorable Court upon request.

fails to demonstrate in any way how any party could be prejudiced by a 45-day extension of discovery.

39. Defendant Russin's ongoing attempts to misrepresent and conceal relevant facts, and/or confuse the Court with irrelevant legal issues should not be given any weight with regard to Plaintiff's Motion for Extension.

WHEREFORE, Plaintiff's counsel respectfully requests this Court enter Plaintiff's proposed order requiring discovery deadline be extended an additional 45 days.

Respectfully submitted,

/s/ *Amy N. Williamson*
Amy N. Williamson, Esq.
Pa.I.D. No. 90657
Williamson Law LLC
Law and Finance Building
429 Fourth Avenue, Suite 300
Pittsburgh PA 15219
412-600-8862 awilliamson@awilliamsonlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify on this 7th day of March, 2023 I electronically served a copy of the foregoing **REPLY TO DEFENDANT RUSSIN'S RESPONSE TO PLAINTIFF'S MOTIONS TO EXTEND DISCOVERY** via the CM/ECF system which will send notification of such filing.

                                                             */s/ Amy N. Williamson*
                                                             Amy N. Williamson, Esq.