## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RENEE ZINSKY, | ) | Civil Action |
| | ) | |
| Plaintiff, | ) | No. 2:22-cv-547 |
| | ) | |
| v. | ) | Judge Marilyn J. Horan |
| | ) | |
| MICHAEL RUSSIN, RUSSIN | ) | |
| FINANCIAL, RUSSIN GROUP, | ) | |
| SIMON ARIAS, III, ARIAS AGENCIES, | ) | |
| S.A. ARIAS HOLDINGS, LLC, | ) | |
| AMERICAN INCOME LIFE | ) | |
| INSURANCE COMPANY, | ) | |

Defendants.

### DEFENDANT MICHAEL RUSSIN'S FIRST SET OF
### INTERROGATORIES DIRECTED TO PLAINTIFF RENEE ZINSKY

PLEASE TAKE NOTICE that pursuant to Rule 33 of the Federal Rules of Civil Procedure,

Defendant, Michael Russin, by and through his attorneys, Benjamin D. Webb, Esquire, and Cozza

Law Group PLLC, hereby demand that Plaintiff, Renee Zinsky serve signed and sworn answers to

the following interrogatories within thirty (30) days after service thereof in writing and under oath

to counsel for Defendant. These Interrogatories and the terms used herein shall be construed to

require the fullest and most complete response permitted by the Federal Rules of Civil Procedure,

the Local Rules of the United States District Court for the Western District of Pennsylvania, and

any applicable rules of this Court. Defendant reserves the right to serve supplemental

interrogatories at a later date.

### INSTRUCTIONS AND DEFINITIONS

As used herein:

1.  "Answer" shall mean and refer to Defendant's Answer to Plaintiff's Second
Amended Complaint filed with the Court on November 15, 2022.

EXHIBIT A

2.     "Communications" shall mean any exchange or transfer of information (in the form of facts, ideas, inquiries, or otherwise) whether written, oral, graphic, electronic, or in any other form, including metadata.

3.     "Complaint" shall mean and refer to Plaintiff's Second Amended Complaint filed in Zinsky v. Russin et al., on November 1, 2022, now pending in the United States District Court for the Western District of Pennsylvania docketed as 2:22-cv-547.

4.     "Concerning" shall mean consisting of, referring to, reflecting of, regarding, relating to, or in any way logically or factually connected with the matter, information, or document discussed or requested, whether directly or indirectly.

5.     "Defendant" shall mean and refer to Defendant, Michael Russin, and shall be deemed to include its current and former employees, agents, representatives and attorneys, and all other persons acting or purporting to act on his behalf.

6.     The terms "describe" or "set forth" shall mean to state the substance of the event, circumstances, communication, representation, conversation, meeting, transaction, occasion or other occurrence in question; the date, time, place and identity of all persons present threat or participating therein; that which each such person said and did; the approximate duration of such occurrence, the method or means of communication employed; the identity of all documents relating thereto; and the identity of all persons having knowledge of such occurrence; as well as the date and means when and whereby such knowledge was first acquired.

7.     The term "document" includes originals, drafts, or copies, wherever located, and shall include, but not be limited to, all handwritten, printed, graphic, typed, electronically recorded, sound recorded, or computer readable materials, or other recorded or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, assimilated or made, in any form which is or was in Plaintiff's actual or constructive possession, custody, or control. Further, the term "document" shall include, but not be limited to, any and all records, filed writings, letters, minutes, correspondence, electronic mail or email, text or SMS messages, advertisements, mailgrams, telegrams, bulletins, instructions, resolutions, charts, literature, work assignments, reports, sales brochures, memoranda, notations of telephone or personal conversations or conferences, transcripts, contracts, agreements, canceled checks, interoffice microfilm, circulars, pamphlets, studies, notices, summaries, reports, books, invoices, graphs, diagrams, photographs, data sheets, data compilations, computer data sheets, computer data compilations, work sheets, records, statistics, speeches, and other writings, tapes, sound records, data compilations from which information can be obtained or can be translated through detection devices into reasonably usable form, or other tangible thing. The term "document" shall also mean each copy which is not identical to the original or to any other identified copy, and all drafts and notes (whether typed, handwritten, or otherwise) made or prepared in connection with such documents, whether used or not.

8.     "Identify" shall mean, when used in reference to:

(a)     a person, his or her:

    (i)     full name;

    (ii)    present or last known residence address (including the street name and number, city or town, state, zip code, and telephone number);

(iii) present or last known business address (including the street name and number, city or town, state, zip code, and telephone number); and

(iv) present or last known occupation, position, business affiliation, and job description.

(b) company, corporation, association, partnership, or legal entity other than a natural person:

(i) its full name;

(ii) description of the type of organization or entity;

(iii) the full address of its principal place of business;

(iv) its mailing address;

(v) its state of incorporation or organization; and

(vi) the date of its incorporation or organization.

(c) document:

(i) its description (e.g. letter, email, memorandum, report);

(ii) its title;

(iii) its date;

(iv) the number of pages thereof;

(v) its subject matter;

(vi) the identity of its author, signatory or signatories, and any person who participated in its preparation;

(vii) the identity of its addressee or recipient;

(viii) the identity of each person to whom copies were sent and each person by whom copies were received;

(ix) its present location; and

(x) the identity of its present custodian (if any such document was, but is no longer, in Plaintiff's possession or subject to Plaintiff's control, state what disposition was made of it and when).

(d) an oral communication or statement:

(i) the date and time it occurred;

(ii) the place it occurred;

(iii) the complete substance of the communication;

(iv) the identity of each person:

(A) to whom such communication was made;

(B) by whom such communication was made;

                (C)      who was present when such communication was made;

        (v)     if by telephone:

                (A)      the identity of each person who made each call;

                (B)      the identity of each person who participated in each call;

        (vi)    the identity of all documents memorializing, referring to or relating in any way to the subject of the communication.

9.      "Person" and "persons" shall each mean any natural person or any business, legal, or governmental entity or association.

10.     "Plaintiff," "You," and "Your" shall mean Plaintiff, Renee Zinsky, and Plaintiff's attorneys, agents, representatives, and any and all other persons and/or entities acting on behalf of Plaintiff, individually and/or collectively.

11.     In construing these Interrogatories, (i) the terms "and" as well as "or" shall be construed either disjunctively or conjunctively, and references shall be construed either as singular or plural as necessary to bring within the scope of the Interrogatories all individuals, facts, or documents that might otherwise be construed to be outside their scope; (ii) the terms "include" and "including" shall be construed to mean "without limitation" so as to be as inclusive as possible; (iii) the singular and masculine form of a noun or pronoun shall embrace, and shall be read and applied as the particular context makes appropriate; (iv) the past tense and present tense shall be construed as interchangeable so as to be as inclusive as possible; (v) the term "person" shall mean or refer to natural persons as well as business entities of all sorts, including partnerships, proprietorships, joint ventures, corporations, government agencies, and unincorporated associations; and (vi) the terms "all" as well as "any" shall be construed either disjunctively or conjunctively so as to bring within the scope of the Interrogatories all individuals, facts, or documents that might otherwise be construed to be outside their scope.

12.     "Identify," when used in reference to a natural person, means to state his or her full name, present residential address and home telephone number, present business address and business telephone number, or if the above are not known, such information as was last known, and his or her residential address, home telephone number, business title, business affiliation, business address, and business telephone number at the time in question. When used in reference to a document, "identify" means to state the type of document (e.g., letter, memorandum, contract, telegram, etc.) or some other means of identifying it, its date, the general subject matter of the document with sufficient particularity so as to enable such document to be precisely identified, its author or authors, addressee or addressees, and its present location or custodian. When used in reference to an act, occurrence, transaction, decision, statement, communication, or conduct (hereinafter collectively referred to as "act"), "identify" means to describe in substance the event or events constituting such act or what transpired, the place and date thereof, and to identify the persons present, the persons involved, and the documents referring or relating thereto.

13.     Unless otherwise indicated, these Interrogatories cover the period of April 1, 2019, to the present.

14.     These Interrogatories require that Plaintiff furnish all information which is available to Plaintiff as of the date of Plaintiff's answers to these Interrogatories. If Plaintiff is unable to answer any of the Interrogatories fully and completely, after exercising due diligence to

secure the information necessary to make such full and complete answer, Plaintiff should so state, and answer each such Interrogatory to the fullest extent possible, specifying the extent of Plaintiff's knowledge and Plaintiff's inability to answer the remainder, setting forth whatever information or knowledge Plaintiff may have concerning the unanswered portions thereof and the efforts Plaintiff made to obtain the requested information.

15.     If there are any documents, the production, identification, or description of which is requested by these Interrogatories and which are not produced, identified or described by Plaintiff in Plaintiff's answers because of a claim of privilege, then (i) identify the nature of the privilege that is being claimed and (ii) provide the following information in Plaintiff's answer, unless divulgence of such information would cause disclosure of the allegedly privileged information:

      (a)     the type of document;

      (b)     the general subject matter of the document;

      (c)     the date of the document; and

      (d)     such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressees of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other.

16.     If Plaintiff does not fully answer any Interrogatory because of a claim of privilege, state the privilege asserted and the facts allegedly giving rise to the claim of privilege.

17.     For each document produced, identified or described in response to an Interrogatory, indicate in a reasonable manner the Interrogatory to which it is responsive.

18.     If Plaintiff is unable to identify or produce any document requested in these Interrogatories because it is not within Plaintiff's possession, custody or control, or for any other reason, for each such document state the information Plaintiff believes to be contained therein, the name, address, occupation, affiliation and title (as defined above) of any and all persons who Plaintiff believes has possession, custody or control of each such document.

19.     If any of the information included in the answers to these Interrogatories is not within the personal knowledge of the person certifying the answers to these Interrogatories, so indicate in each instance where such information is included, and identify each person and/or document from whom/which such information was obtained.

20.     Plaintiff should regard all Interrogatories herein as continuing in nature, so as to require Plaintiff to promptly supplement and/or amend any answers provided in response to these Interrogatories with any and all information that becomes known or available to Plaintiff or Plaintiff's attorneys, agents, or other representatives after the date of his response hereto.

21.     If Plaintiff answers any Interrogatory by reference to a document or group of documents, with respect to each such Interrogatory answer, identify (as defined above) the specific document or documents containing the requested information; in the case of multi-page documents, the subject matter, dates and page numbers should be specified.

22.     If, in answering any of the Interrogatories, Plaintiff encounters any ambiguity in construing either the Interrogatory or a definition or instruction relevant to it, set forth the matter deemed ambiguous and the construction selected or used in answering the Interrogatory.

23.     If in response to an Interrogatory Plaintiff does not know all facts necessary to provide a complete and specific answer, Plaintiff should provide an answer to such portion of the Interrogatory as Plaintiff can, and provide such facts as are known to Plaintiffs and any estimates, approximations, or beliefs that Plaintiff considers reliable. Any such estimates, approximations or beliefs should be clearly denoted as such, and the basis for Plaintiff's belief in their reliability should be explained.

## INTERROGATORIES

1.      State the full name, age, address, and telephone number of the person answering these interrogatories.

**ANSWER:**

2.      Identify each and every person that Plaintiff believes has knowledge of any facts on which Plaintiff bases any allegations in the Complaint, stating as to each such person the facts about which he or she purportedly has knowledge.

**ANSWER:**

3.      Identify each and every individual, other than Plaintiff's attorneys, with whom Plaintiff has spoken regarding any of the allegations in this lawsuit, including communications concerning any individual's actual or potential participation in this lawsuit, and for each such person identified, describe in detail the extent or nature of the conversation and state the date of the conversation, the persons involved in the conversation, and whether Plaintiff has any documents, notes, or other writings referring or relating to the conversation. Produce copies of all such documents with Plaintiff's answers to these Interrogatories.

**ANSWER:**

4.      Identify every doctor, physician, psychologist, psychiatrist, counselor, therapist, social worker, health or medical practitioner, hospital, clinic, institution, or other health care provider that Plaintiff has consulted, been examined by, or been treated by for any reason during from January 1, 2017, through the present. Produce signed authorizations for the release of all medical, pharmaceutical, psychological and counseling records and information for the years 2017 to the present from any and all individuals identified by Plaintiff in response to this interrogatory with Plaintiff's answers to these Interrogatories.

**ANSWER:**

5.      Identify each and every statement (oral, written, or in any way recorded) that Plaintiff has obtained from any person or source concerning Plaintiff's claims against Defendant, including the name, address, home telephone number, and business telephone number of the person who gave the statement and the date the statement was obtained. Attach copies of all such documents to Plaintiff's answers to these Interrogatories.

**ANSWER:**

6.      Identify all damages and remedies that Plaintiff is seeking from Defendant for assault, battery, false imprisonment, intentional infliction of emotional distress, defamation, and intrusion upon seclusion and, with respect to any monetary damages, explain in detail how Plaintiff calculated such damages. Attach copies of all documents concerning Plaintiff's claims for monetary and non-monetary relief in Plaintiff's answers to these Interrogatories.

**ANSWER:**

7.      Identify each person whom Plaintiff intends or expects to call as an expert witness in the trial of this case concerning Plaintiff's claims against Defendant.

**ANSWER:**

8. If the alleged occurrence giving rise to your claims for assault and battery involved any object, instrument, or part of the human body striking or coming into physical contact with your body:

   (a)   describe in full the manner in which the physical contact was made, including in your answer a complete description of the movement or motions made by the persons who allegedly struck or assaulted you just prior to the physical contact;

   (b)   indicate precisely the part or parts of your body that received the physical contact;

   (c)   describe the position your body was in at the precise moment when the physical contact was first made;

   (d)   describe the immediate effect that the physical contact had on your body, including in your answer a complete physical description of any fall or other changes in physical position that may have been occasioned by the physical contact;

   (e)   describe the object, instrument or part of the human body with which you were allegedly struck, assaulted, or threatened; and

   (f)   identify the person or persons who allegedly struck, assaulted, or threatened you.

**ANSWER:**

9. State whether, at the time and place of the occurrence(s) giving rise to your claims, you struck or threatened to strike any person, and if so, whom you struck or threatened to strike and when, in relation to your own occurrence, you did so.

**ANSWER:**

10. State the exact time, date, and location of the alleged occurrence giving rise to your claims for assault, battery, false imprisonment, and intentional infliction of emotional distress.

**ANSWER:**

11.     Were you physically restrained, detained, or otherwise prevented from leaving the defendant's vehicle or otherwise restrained, detained, or forced to remain in some other location against your will by the defendant or an agent of the defendant? If your answer is yes, state:

(a)     the date and time on which you were so restrained, detained, or prevented from leaving or otherwise forced to go somewhere against your will;

(b)     by whom were you physically restrained, detained, or prevented from leaving or otherwise forced to go somewhere against your will;

(c)     who or in what manner were you so restrained, detained, prevented from leaving or forced to go against your will; and

(d)     for what length of time were you so restrained, detained, or prevented from leaving or forced to go somewhere against your will.

**ANSWER:**

12.     State whether you requested that you be allowed to leave defendant's vehicle at any time during your alleged detention, and, if so, state:

(a)     the time that you made each request;

(b)     what you said each time;

(c)     the name, or other means of identification, of each person to whom you made each request; and

(d)     the reply that was given to each request, and by whom

**ANSWER:**

13.     Prior to the date and time of your alleged occurrence, had you ever seen the person who allegedly struck, assaulted, or threatened you: If so, state:

(a)    how many times you had seen that person;

(b)    state how well you had known that person, including in your answer whether you had known that person's name; and

(c)    give a full and complete account of all the previous meetings or encounters with that person, including in your answer all conversations that you had with that person.

**ANSWER:**

14.     Following the date and time of your alleged occurrence, had you ever seen the person who allegedly struck, assaulted, or threatened you: If so, state:

(a)    how many times you had seen that person;

(b)    state how well you had known that person, including in your answer whether you had known that person's name; and

(c)    give a full and complete account of all the subsequent meetings or encounters with that person, including in your answer all conversations that you had with that person.

**ANSWER:**

15.     Describe in general, any personal injuries sustained by you as a result of this occurrence and if you claim multiple injuries inflicted at different times and places, state when and where each injury was inflicted, and if you claim any personal injuries, state:

    (a)     the name and address of each attending and consulting physician;

    (b)     the name and address of each hospital or clinic rendering treatment to you;

    (c)     the name and address of each person or laboratory taking an x-ray or other medical imaging of you;

    (d)     the date or inclusive dates on which each of them rendered you service;

    (e)     the amounts to date of their respective bills for services; and

    (f)     from which of them you've received written reports.

**ANSWER:**

16.     State whether you claim that as a consequence of the incident or incidents set forth in the Complaint that you were unable to work, and, if so, state:

    (a)     the name and address of your employer, if any, at the time;

    (b)     the date or inclusive dates on which you were unable to work;

    (c)     the amount of wage or income loss claimed by you;

    (d)     the base rate of pay received by you at the time of the incident(s);

    (e)     the full name, last known address, and telephone number of all employers for the past fifteen (15) years;

    (f)     the dates you were employed by each;

    (g)     the personnel manager of each;

    (h)     your immediate supervisor in each place of employment;

    (i)     your position or positions and inclusive dates of each position;

    (j)     the terms of your employment termination at each; and

    (k)     whether you were the subject of any disciplinary proceedings at any place of employment with either the employer or a labor organization, and, if so, state the nature and outcome of the proceedings.

**ANSWER:**

17.     State any and all other expenses or losses you claim as a result of the occurrence.

**ANSWER:**

18.     During the five (5) years immediately prior to the date of the occurrence, had you been confined in a hospital, treated by a physician, or x-rayed for any reason other than personal injury? If so, give the name and address of each hospital, physician, technician, or clinic, the approximate date of the confinement or service and state, in general, the reason for the confinement or service.

**ANSWER:**

19.     State whether you have suffered any physical injury (including emotional distress, depression, anxiety, and other mental illnesses) prior to the date of the occurrence that is the subject of your complaint, and, if so, state when, where and in general, how you were so injured and describe in general the injuries suffered.

**ANSWER:**

20.    State whether you have suffered either any personal injury or illness (including emotional distress, depression, anxiety, and other mental illnesses) since the date of occurrence, and, if so, state for each condition:

    (a)    when, where, and in general, how you were injured and describe in general, the injuries suffered; and

    (b)    when you were ill and describe in general, the illness.

**ANSWER:**

21.    Have you ever been a party to any other civil suit? If so, state:

    (a)    the court in which filed;

    (b)    the year filed; and

    (c)    the title and docket number of the case.

**ANSWER:**

22.    As to the incident alleged in the complaint, state:

    (a)    the full name, last known address, and telephone number of each person who witnessed or claims to have witnessed the occurrence or occurrences alleged in the complaint;

    (b)    the full name, last known address and telephone number of each person not named in the preceding subparagraph who was present or claims to have been present at the scene or scenes immediately before, at the time, or immediately after the occurrence or occurrences;

    (c)    the full name, last known address and telephone number of each and every person who has, claims to have, or is believed by you to have any knowledge of the facts that you claim support the allegations contained in your complaint; and

    (d)    with respect to the previous three subparagraphs, state whether any statement was taken of the person or persons listed, the approximate date the statement was taken, the type of statement, (written or oral) and who currently has possession or control over the statement.

**ANSWER:**

23.    List each statement you allege gives rise to the claim for defamation contained in the Complaint. For each statement, provide:

    (a)    The name of the individual that made the alleged defamatory statement;

    (b)    The time, date, and location the statement was made;

    (c)    To whom the statement was made;

    (d)    The portions of the statement you allege to be false and/or defamatory; and

    (e)    The manner in which you believe the statement relates to you.

**ANSWER:**

24.    List each incident that you allege gives rise to a claim for intrusion upon seclusion contained in the Complaint. For each incident, provide:

    (a)    The name of the individual that you alleged intruded upon your seclusion;

        (i)    describe in full the manner in which you came to believe that it was the above-named individual that intruded upon your seclusion;

        (ii)    the full name, last known address and telephone number of each and every person who has, claims to have, or is believed by you to have any knowledge of the facts that you claim support these allegations; and

        (iii)    The time, date, and location that the alleged incident occurred.

    (b)    The information, if any, that you believe to be private that was allegedly disclosed;

    (c)    To whom the information was disclosed; and

    (d)    The time, date, and location when the alleged private information was disclosed.

**ANSWER:**

25.     List the names and addresses of all other persons (other than yourself and persons heretofore listed or specifically excluded) who have knowledge of the facts of the occurrence or of the injuries and damages following therefrom.

**ANSWER:**

Date: <u>November 29, 2022</u>                    Respectfully submitted,

                                                 Cozza Law Group PLLC

                                                 *s/Benjamin D. Webb*
                                                 Benjamin D. Webb, Esquire
                                                 PA I.D. No. 328170
                                                 400 Holiday Drive, Suite 210
                                                 Pittsburgh, Pennsylvania 15220
                                                 (412) 294-8444
                                                 bwebb@cozzalaw.com
                                                 *Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify, that on November 29, 2022, a true and correct copy

of the foregoing Interrogatories were served via electronic mail upon the following:


Amy N. Williamson, Esquire
Williamson Law LLC
Law and Finance Building
429 Fourth Avenue, Suite 300
Pittsburgh, Pennsylvania 15219
awilliamson@awilliamsonlaw.com



Cozza Law Group PLLC
*/s/Benjamin D. Webb*
Benjamin D. Webb, Esquire