IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RENEE ZINSKY, | ) Civil Action |
| | ) |
| Plaintiff, | ) No. 2:22-cv-547 |
| | ) |
| v. | ) Judge Marilyn J. Horan |
| | ) |
| MICHAEL RUSSIN, RUSSIN FINANCIAL, RUSSIN GROUP, SIMON ARIAS, III, ARIAS AGENCIES, S.A. ARIAS HOLDINGS, LLC, AMERICAN INCOME LIFE INSURANCE COMPANY, | ) ) ) ) ) ) |
| Defendants. | |

**DEFENDANT MICHAEL RUSSIN'S SECOND SET OF
INTERROGATORIES DIRECTED TO PLAINTIFF RENEE ZINSKY**

PLEASE TAKE NOTICE that pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant, Michael Russin, by and through his attorneys, Benjamin D. Webb, Esquire, and Cozza Law Group PLLC, hereby demand that Plaintiff, Renee Zinsky serve signed and sworn answers to the following interrogatories within thirty (30) days after service thereof in writing and under oath to counsel for Defendant. These Interrogatories and the terms used herein shall be construed to require the fullest and most complete response permitted by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Western District of Pennsylvania, and any applicable rules of this Court. Defendant reserves the right to serve supplemental interrogatories at a later date.

**INSTRUCTIONS AND DEFINITIONS**

As used herein:

1. "Answer" shall mean and refer to Defendant's Answer to Plaintiff's Second Amended Complaint filed with the Court on November 15, 2022.

EXHIBIT B

2. "Communications" shall mean any exchange or transfer of information (in the form of facts, ideas, inquiries, or otherwise) whether written, oral, graphic, electronic, or in any other form, including metadata.

3. "Complaint" shall mean and refer to Plaintiff's Second Amended Complaint filed in Zinsky v. Russin et al., on November 1, 2022, now pending in the United States District Court for the Western District of Pennsylvania docketed as 2:22-cv-547.

4. "Concerning" shall mean consisting of, referring to, reflecting of, regarding, relating to, or in any way logically or factually connected with the matter, information, or document discussed or requested, whether directly or indirectly.

5. "Defendant" shall mean and refer to Defendant, Michael Russin, and shall be deemed to include its current and former employees, agents, representatives and attorneys, and all other persons acting or purporting to act on his behalf.

6. The terms "describe" or "set forth" shall mean to state the substance of the event, circumstances, communication, representation, conversation, meeting, transaction, occasion or other occurrence in question; the date, time, place and identity of all persons present thereat or participating therein; that which each such person said and did; the approximate duration of such occurrence, the method or means of communication employed; the identity of all documents relating thereto; and the identity of all persons having knowledge of such occurrence; as well as the date and means when and whereby such knowledge was first acquired.

7. The term "document" includes originals, drafts, or copies, wherever located, and shall include, but not be limited to, all handwritten, printed, graphic, typed, electronically recorded, sound recorded, or computer readable materials, or other recorded or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, assimilated or made, in any form which is or was in Plaintiff's actual or constructive possession, custody, or control. Further, the term "document" shall include, but not be limited to, any and all records, filed writings, letters, minutes, correspondence, electronic mail or email, text or SMS messages, advertisements, mailgrams, telegrams, bulletins, instructions, resolutions, charts, literature, work assignments, reports, sales brochures, memoranda, notations of telephone or personal conversations or conferences, transcripts, contracts, agreements, canceled checks, interoffice microfilm, circulars, pamphlets, studies, notices, summaries, reports, books, invoices, graphs, diagrams, photographs, data sheets, data compilations, computer data sheets, computer data compilations, work sheets, records, statistics, speeches, and other writings, tapes, sound records, data compilations from which information can be obtained or can be translated through detection devices into reasonably usable form, or other tangible thing. The term "document" shall also mean each copy which is not identical to the original or to any other identified copy, and all drafts and notes (whether typed, handwritten, or otherwise) made or prepared in connection with such documents, whether used or not.

8. "Identify" shall mean, when used in reference to:

    (a) a person, his or her:

        (i) full name;

        (ii) present or last known residence address (including the street name and number, city or town, state, zip code, and telephone number);

      (iii)    present or last known business address (including the street name and number, city or town, state, zip code, and telephone number); and

      (iv)    present or last known occupation, position, business affiliation, and job description.

(b)    company, corporation, association, partnership, or legal entity other than a natural person:

      (i)    its full name;

      (ii)    description of the type of organization or entity;

      (iii)    the full address of its principal place of business;

      (iv)    its mailing address;

      (v)    its state of incorporation or organization; and

      (vi)    the date of its incorporation or organization.

(c)    document:

      (i)    its description (e.g. letter, email, memorandum, report);

      (ii)    its title;

      (iii)    its date;

      (iv)    the number of pages thereof;

      (v)    its subject matter;

      (vi)    the identity of its author, signatory or signatories, and any person who participated in its preparation;

      (vii)    the identity of its addressee or recipient;

      (viii)    the identity of each person to whom copies were sent and each person by whom copies were received;

      (ix)    its present location; and

      (x)    the identity of its present custodian (if any such document was, but is no longer, in Plaintiff's possession or subject to Plaintiff's control, state what disposition was made of it and when).

(d)    an oral communication or statement:

      (i)    the date and time it occurred;

      (ii)    the place it occurred;

      (iii)    the complete substance of the communication;

      (iv)    the identity of each person:

          (A)    to whom such communication was made;

          (B)    by whom such communication was made;

      (C) who was present when such communication was made;

    (v) if by telephone:

      (A) the identity of each person who made each call;

      (B) the identity of each person who participated in each call;

   (vi) the identity of all documents memorializing, referring to or relating in any way to the subject of the communication.

9. "Person" and "persons" shall each mean any natural person or any business, legal, or governmental entity or association.

10. "Plaintiff," "You," and "Your" shall mean Plaintiff, Renee Zinsky, and Plaintiff's attorneys, agents, representatives, and any and all other persons and/or entities acting on behalf of Plaintiff, individually and/or collectively.

11. In construing these Interrogatories, (i) the terms "and" as well as "or" shall be construed either disjunctively or conjunctively, and references shall be construed either as singular or plural as necessary to bring within the scope of the Interrogatories all individuals, facts, or documents that might otherwise be construed to be outside their scope; (ii) the terms "include" and "including" shall be construed to mean "without limitation" so as to be as inclusive as possible; (iii) the singular and masculine form of a noun or pronoun shall embrace, and shall be read and applied as the particular context makes appropriate; (iv) the past tense and present tense shall be construed as interchangeable so as to be as inclusive as possible; (v) the term "person" shall mean or refer to natural persons as well as business entities of all sorts, including partnerships, proprietorships, joint ventures, corporations, government agencies, and unincorporated associations; and (vi) the terms "all" as well as "any" shall be construed either disjunctively or conjunctively so as to bring within the scope of the Interrogatories all individuals, facts, or documents that might otherwise be construed to be outside their scope.

12. "Identify," when used in reference to a natural person, means to state his or her full name, present residential address and home telephone number, present business address and business telephone number, or if the above are not known, such information as was last known, and his or her residential address, home telephone number, business title, business affiliation, business address, and business telephone number at the time in question. When used in reference to a document, "identify" means to state the type of document (e.g., letter, memorandum, contract, telegram, etc.) or some other means of identifying it, its date, the general subject matter of the document with sufficient particularity so as to enable such document to be precisely identified, its author or authors, addressee or addressees, and its present location or custodian. When used in reference to an act, occurrence, transaction, decision, statement, communication, or conduct (hereinafter collectively referred to as "act"), "identify" means to describe in substance the event or events constituting such act or what transpired, the place and date thereof, and to identify the persons present, the persons involved, and the documents referring or relating thereto.

13. Unless otherwise indicated, these Interrogatories cover the period of April 1, 2019, to the present.

14. These Interrogatories require that Plaintiff furnish all information which is available to Plaintiff as of the date of Plaintiff's answers to these Interrogatories. If Plaintiff is unable to answer any of the Interrogatories fully and completely, after exercising due diligence to

secure the information necessary to make such full and complete answer, Plaintiff should so state, and answer each such Interrogatory to the fullest extent possible, specifying the extent of Plaintiff's knowledge and Plaintiff's inability to answer the remainder, setting forth whatever information or knowledge Plaintiff may have concerning the unanswered portions thereof and the efforts Plaintiff made to obtain the requested information.

15. If there are any documents, the production, identification, or description of which is requested by these Interrogatories and which are not produced, identified or described by Plaintiff in Plaintiff's answers because of a claim of privilege, then (i) identify the nature of the privilege that is being claimed and (ii) provide the following information in Plaintiff's answer, unless divulgence of such information would cause disclosure of the allegedly privileged information:

    (a) the type of document;

    (b) the general subject matter of the document;

    (c) the date of the document; and

    (d) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressees of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other.

16. If Plaintiff does not fully answer any Interrogatory because of a claim of privilege, state the privilege asserted and the facts allegedly giving rise to the claim of privilege.

17. For each document produced, identified or described in response to an Interrogatory, indicate in a reasonable manner the Interrogatory to which it is responsive.

18. If Plaintiff is unable to identify or produce any document requested in these Interrogatories because it is not within Plaintiff's possession, custody or control, or for any other reason, for each such document state the information Plaintiff believes to be contained therein, the name, address, occupation, affiliation and title (as defined above) of any and all persons who Plaintiff believes has possession, custody or control of each such document.

19. If any of the information included in the answers to these Interrogatories is not within the personal knowledge of the person certifying the answers to these Interrogatories, so indicate in each instance where such information is included, and identify each person and/or document from whom/which such information was obtained.

20. Plaintiff should regard all Interrogatories herein as continuing in nature, so as to require Plaintiff to promptly supplement and/or amend any answers provided in response to these Interrogatories with any and all information that becomes known or available to Plaintiff or Plaintiff's attorneys, agents, or other representatives after the date of his response hereto.

21. If Plaintiff answers any Interrogatory by reference to a document or group of documents, with respect to each such Interrogatory answer, identify (as defined above) the specific document or documents containing the requested information; in the case of multi-page documents, the subject matter, dates and page numbers should be specified.

22. If, in answering any of the Interrogatories, Plaintiff encounters any ambiguity in construing either the Interrogatory or a definition or instruction relevant to it, set forth the matter deemed ambiguous and the construction selected or used in answering the Interrogatory.

23. If in response to an Interrogatory Plaintiff does not know all facts necessary to provide a complete and specific answer, Plaintiff should provide an answer to such portion of the Interrogatory as Plaintiff can, and provide such facts as are known to Plaintiffs and any estimates, approximations, or beliefs that Plaintiff considers reliable. Any such estimates, approximations or beliefs should be clearly denoted as such, and the basis for Plaintiff's belief in their reliability should be explained.

## SECOND SET OF INTERROGATORIES

26. Identify each and every individual that contacted you following the publication of the *Insider* article as discussed in Plaintiff's Amended Motion to Extend Discovery Deadlines ("*Insider Article*").

**ANSWER:**

27. Identify each and every individual that you are aware spoke with Susan Antilla in preparation of the *Insider* article.

**ANSWER:**

28. Identify the colleague that you stated you "opened up to" regarding your claims against Michael Russin in the *Insider* article.

**ANSWER:**

29. Identify the trainer that you stated "expected you to sleep with your bosses" at any time while contracted with AIL and Arias agencies in the *Insider* Article.

**ANSWER:**

30. Identify each and every individual that you told about the Snapchat message allegedly sent from Defendant Russin.

**ANSWER:**

31. Identify each and every individual that told you that you would lose your job if you spoke up about Defendant Russin's alleged behavior.

**ANSWER:**

32. Identify each and every male leader at AIL and/or Arias Agencies that allegedly drugged his subordinates.

**ANSWER:**

33. Identify each and every agent that was allegedly drugged by male leaders at AIL and/or Arias Agencies.

**ANSWER:**

Date: <u>March 17, 2023</u>                                      Respectfully submitted,

                                                       Cozza Law Group PLLC

                                                       *s/Benjamin D. Webb*
Benjamin D. Webb, Esquire
PA I.D. No. 328170
400 Holiday Drive, Suite 210
Pittsburgh, Pennsylvania 15220
(412) 294-8444
bwebb@cozzalaw.com
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify, that on March 17, 2023, a true and correct copy of the foregoing Second set of Interrogatories were served via electronic mail upon the following:

Amy N. Williamson, Esquire
Williamson Law LLC
Law and Finance Building
429 Fourth Avenue, Suite 300
Pittsburgh, Pennsylvania 15219
awilliamson@awilliamsonlaw.com

Cozza Law Group PLLC
*/s/Benjamin D. Webb*
Benjamin D. Webb, Esquire