IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RENEE ZINSKY, | ) | Civil Action No.: 2:22-cv-547 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Electronically Filed |
| | ) | |
| MICHAEL RUSSIN, RUSSIN | ) | |
| FINANCIAL, RUSSIN GROUP, | ) | |
| SIMON ARIAS, III, ARIAS AGENCIES, | ) | |
| S.A. ARIAS HOLDINGS, LLC, | ) | |
| AMERICAN INCOME LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| | | |
| Defendants. | | |

**DEFENDANT MICHAEL RUSSIN'S RESPONSE
TO PLAINTIFF'S MOTION FOR CONTEMPT**

AND NOW, comes Defendant, Michael Russin, by and through his attorneys Benjamin D.

Webb, Esquire and Cozza Law Group PLLC, and files the within Response to Plaintiff's Motion

for Contempt, averring as follows:

1.      Admitted.

2.      Admitted.[1]

3.      Plaintiff's Second Amended Complaint and Defendant Russin's Answer thereto,

speak for themselves. Defendant Russin responds as follows to each individual subparagraph:

   a.   Denied as stated. <u>See</u> Defendant's Answer to Plaintiff's Second Amended
        Complaint. Moreover, Plaintiff has produced no evidence during discovery that the
        statement referenced herein was directed to Plaintiff.

---

1.      Plaintiff's counsel has mislabeled her paragraphs beginning with paragraph number
2. Defendant Russin will respond to each subsequent paragraph as if they had been numbered
correctly.

b.  Denied as stated. <u>See</u> Defendant's Answer to Plaintiff's Second Amended Complaint. Moreover, Plaintiff has produced no evidence during discovery that the statement referenced herein was directed to Plaintiff.

c.  Denied as stated. <u>See</u> Defendant's Answer to Plaintiff's Second Amended Complaint. Moreover, Plaintiff has produced no evidence during discovery that the statement referenced herein was directed to Plaintiff.

d.  Denied as stated. <u>See</u> Defendant's Answer to Plaintiff's Second Amended Complaint. Moreover, Plaintiff has produced no evidence during discovery that the statement referenced herein was directed to Plaintiff.

e.  Denied as stated. <u>See</u> Defendant's Answer to Plaintiff's Second Amended Complaint. Moreover, Plaintiff has produced no evidence during discovery that the statement referenced herein was directed to Plaintiff.

f.  Denied as stated. <u>See</u> Defendant's Answer to Plaintiff's Second Amended Complaint. Moreover, Plaintiff has produced no evidence during discovery that the statement referenced herein was directed to Plaintiff.

g.  Denied as stated. <u>See</u> Defendant's Answer to Plaintiff's Second Amended Complaint. Moreover, Plaintiff has produced no evidence during discovery that the statement referenced herein was directed to Plaintiff.

h.  Denied as stated. <u>See</u> Defendant's Answer to Plaintiff's Second Amended Complaint. Moreover, Plaintiff has not produced any evidence during discovery that Defendant Russin has contacted Plaintiff's counsel.

i.  Denied as stated. <u>See</u> Defendant's Answer to Plaintiff's Second Amended Complaint. Moreover, Plaintiff has produced no evidence during discovery that the statements referenced herein were directed to Plaintiff.

j.  Denied as stated. <u>See</u> Defendant's Answer to Plaintiff's Second Amended Complaint.

k.  Denied. Plaintiff has produced no evidence during discovery to support the inference that Defendant Russin was the sender.

l.  Denied as stated. <u>See</u> Defendant's Answer to Plaintiff's Second Amended Complaint. Moreover, Plaintiff has produced no evidence during discovery that the statement referenced herein was directed to Plaintiff.

m.  Denied as stated. <u>See</u> Defendant's Answer to Plaintiff's Second Amended Complaint. Moreover, Plaintiff has produced no evidence during discovery that the statement referenced herein was directed to Plaintiff.

n. Denied as stated. See Defendant's Answer to Plaintiff's Second Amended Complaint. Moreover, Plaintiff has produced no evidence during discovery that the statement referenced herein was directed to Plaintiff.

o. Denied as stated. Plaintiff has not produced any evidence during discovery in support of her allegation that Defendant Russin vandalized her vehicle.

p. Denied. Plaintiff has produced no evidence during discovery to support the inference that Defendant Russin was the sender.

q. Admitted. See Defendant's Answer to Plaintiff's Second Amended Complaint. Denied that the photograph or its caption are related or directed to Plaintiff.

r. Admitted in part, denied in part. Admitted that Defendant Russin posted a photograph with the caption contained in subparagraph 3(r) of Plaintiff's Motion. Denied that Defendant Russin was admonished by this Honorable Court. Denied that the photograph or its caption are related or directed to Plaintiff.

s. Admitted in part, denied in part. Admitted that Defendant Russin posted a comment similar to the one alleged in subparagraph 3(s) of Plaintiff's Motion. Denied that Charles Ferarri had been identified as a witness on the date the comment was posted. Plaintiff did not provide her Initial Disclosures until September 23, 2022. Denied that Defendant Russin "threatened" Mr. Ferrari.

4. Denied. On September 1, 2022, the undersigned counsel attended a discovery scheduling conference with Plaintiff's counsel and this Honorable Court. At that conference, Plaintiff's counsel stated that she believed Defendant Russin was posting threatening messages to her client from his social media account. Plaintiff's counsel did not produce copies of the alleged messages at the conference, and no discovery had been exchanged at that point. Defendant admits that this Honorable Court recommended that undersigned counsel "get control of his client." Defendant denies that the Court's comments at that scheduling conference amount to a decree or order.

5. Admitted that Plaintiff's counsel sent undersigned counsel a letter purporting to memorialize this Honorable Court's statements from the scheduling conference. Denied that

Plaintiff's September 5, 2022, letter to undersigned counsel somehow amounts to an order or decree from this Honorable Court.

6.      Admitted. Undersigned counsel requested a brief, two (2) day extension to finalize Defendant's discovery responses. Plaintiff's counsel agreed to the extension.

7.      Admitted that Defendant Russin made a post with the statement contained in Plaintiff's Motion ¶ 7. Denied that the post was directed to Plaintiff or in any way related to Defendant Russin's discovery responses. Even if it were related to his discovery responses (which Defendant Russin denies), Defendant Russin denies that the message is threatening.

8.      Admitted that Plaintiff's counsel contacted undersigned counsel regarding the aforementioned Instagram story. To which, undersigned counsel investigated the allegations and assured Plaintiff's counsel that the quote was not directed to Plaintiff. Plaintiff has produced no evidence that the referenced statement was in any way associated with the discovery responses, or directed to Plaintiff.

9.      Denied. By way of further response, this Honorable Court has entered no order, rule, decree, or command limiting Defendant Russin's speech. Also importantly, Plaintiff has not provided any evidence that supports her allegations that Defendant Russin's social media posts are directed to her. To the extent she feels threatened by these posts, Plaintiff is free to stop interacting with Defendant Russin's social media at any time. She is not required to view his stories or posts.

10.     Denied. Plaintiff has not identified Matthew Mamros or Mattew Mamros (as identified in Exhibit "D" of Plaintiff's Motion) as a witness in this case either in her Initial Disclosures or responses to Defendant's Interrogatories. See relevant portions of Plaintiff's Discovery Responses attached hereto as Exhibit "A." Defendant Russin has never contacted "Matthew Mamros."

11.    Denied. Defendant Russin has never contacted "Matthew Mamros" or "Mattew Mamros" on Instagram or any other platform, and did not send the above-referenced message. In support of her position, Plaintiff has produced a screenshot of a message supposedly from an Instagram account associated with Defendant Russin to an anonymous Instagram user identified as "Instagram User." Plaintiff has produced no evidence in support of her position that Defendant Russin sent this message to "Matthew Mamros" or "Mattew Mamros" other than an **<u>unnotarized</u>** affidavit. To the extent this Honorable Court deems necessary, Defendant Russin is prepared to produce an unabridged copy of the Meta Data for the at-issue Instagram account for the Court's review, *in camera.*

12.    Denied. By way of further response, many of the statements Plaintiff cites in support of her motion took place before the scheduling conference in which Plaintiff alleges an "order" originates from.

13.    Denied. By way of further response, this Honorable Court's comments, *at a scheduling conference*, do not suffice to support civil contempt. In order to establish civil contempt, a petitioner must show, by clear and convincing evidence: (1) <u>that a valid court order existed</u>, (2) that the defendants had knowledge of the order, and (3) that the defendants disobeyed the order.  <u>Roe v. Operation Rescue</u>, 919 F.2d 857, 871 (3d Cir. 1990) (emphasis added). Contempt is an extreme remedy, and the plaintiff has a heavy burden to show a defendant guilty of civil contempt. <u>Id</u>. It must be done by "clear and convincing evidence," and where there are grounds to doubt the wrongfulness of the conduct, the party should not be held in contempt. <u>Robin Woods Inc. v. Woods</u>, 28 F.3d 396, 399 (3rd. Cir. 1994) (citing <u>Quinter v. Volkswagen of America</u>, 676 F.2d 969, 974 (3d Cir. 1982).

Plaintiff cannot prove any of the elements necessary to prove civil contempt. First, there was no order in effect. Plaintiff's Motion is based on paraphrased language from a scheduling conference and alleges that this Honorable Court's statements made at that conference amount to an order or decree. However, there was no order entered on the docket limiting Defendant Russin's speech following the scheduling conference. The only order that was entered on the docket following the scheduling conference was related to scheduling deadlines. ECF No. 44. And, because no order was entered, Plaintiff cannot prove that Defendant was aware of said order.

Moreover, even if Plaintiff could prove that an order existed (which she cannot), she cannot prove by clear and convincing evidence that Defendant Russin violated said "order." Plaintiff's Motion is based, in large part, on a screenshot of an Instagram message to an unidentified "Instagram User." Additionally, Plaintiff has provided an **unnotarized** affidavit from an individual named either Matthew Mamros or Mattew Mamros. Assuming arguendo that Defendant Russin sent the alleged message, Plaintiff has not sufficiently verified the individual's identity that supposedly received the message, or his connection to this lawsuit. Producing a vague message to an unknown party, with no evidence of that party's identity, does not amount to clear and convincing evidence of contempt.

Even if this Honorable Court were to decide that its comments made at the scheduling conference amounted to an order, courts in the third circuit have held that a party cannot be held in contempt of an ambiguous order. There is a "longstanding salutary rule in contempt cases that ambiguities and omissions in orders redound to the benefit of the person charged with the contempt." Eavenson, Auchmuty & Greenwald v. Holtzman, 775 F.2d 535, 544 (3d Cir. 1985).

Therefore, Defendant Russin should be excused from being charged with contempt as the "order" referred to in Plaintiff's Motion is vague and ambiguous. Plaintiff relies on her recollection

of this Honorable Court's statements from the scheduling conference (which are not in the record) that Defendant Russin's "brash" and "appalling conduct" "would not be tolerated" going forward. Particularly lacking from the supposed "order" is any reference to the specific behavior that Defendant Russin must cease. As a result, even if this Honorable Court's statement amounted to an order or decree (which Defendant Russin denies) the statement could not possibly put Defendant Russin on notice of which behavior, if any, must discontinue, lest he be charged with contempt.

14.     Paragraph 14 of Plaintiff's Motion constitutes a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the averments contained in paragraph 14 of Plaintiff's Motion.

15.     Paragraph 15 of Plaintiff's Motion constitutes a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the averments contained in paragraph 15 of Plaintiff's Motion.

16.     Paragraph 16 of Plaintiff's Motion, including all relevant subparts, constitutes a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the averments contained in paragraph 16, including all relevant subparts, of Plaintiff's Motion. By way of further response, Fed R. Civ. P. 37(b) relates to discovery motions and failure to comply with discovery orders, which is not applicable to these facts.

17.     Paragraph 17 of Plaintiff's Motion constitutes a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the averments contained in paragraph 17 of Plaintiff's Motion. By way of further response, Fed R. Civ. P. 37(b) relates to discovery motions and failure to comply with discovery orders, which is

not applicable to these facts. Additionally, Fed R. Civ. P. 70 applies to the Court's ability to hold a party in contempt for failure to comply with a judgment requiring a specific act, which is not applicable to these facts as no judgment has been entered in this case.

Moreover, the purpose of civil contempt is primarily remedial. Latrobe Steel Co. v. United Steelworkers of America, 545 F.2d 1336, 1343 (3d Cir. 1976). Sanctions for civil contempt are intended to compensate the moving party or to coerce the defendant into complying with the court's order. See Gregory v. Depte, 896 F.2d 31, 34 (3d Cir. 1990).

Here, the remedies requested by Plaintiff bear no relation to any harm she claims to have suffered because of Defendant's alleged contempt. Furthermore, there has been no violation of a court order to support a request for even civil contempt, much less criminal contempt. Lastly, Plaintiff's request for attorneys fees in the amount of $2,000.00 is exorbitant considering the length of the motion she filed (seven pages).

WHEREFORE, Defendant, Michael Russin, respectfully requests that Plaintiff's Motion for Contempt be DENIED.

Dated: May 1, 2023                              Respectfully submitted,

                                                Cozza Law Group PLLC

                                                s/Benjamin D. Webb
                                                Benjamin D. Webb, Esquire
                                                PA I.D. No. 328170
                                                400 Holiday Drive, Suite 210
                                                Pittsburgh, Pennsylvania 15220
                                                (412) 294-8444
                                                bwebb@cozzalaw.com
                                                Counsel for Defendant Michael Russin

## **CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true and correct copy of the foregoing Response to Plaintiff's Motion for Contempt has been sent via the CM/ECF system to all counsel and/or parties of record.

Cozza Law Group PLLC

*/s/Benjamin D. Webb*
Benjamin D. Webb, Esquire