IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RENEE ZINSKY, | ) | Civil Action No.: 2:22-cv-547 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Electronically Filed |
| | ) | |
| MICHAEL RUSSIN, RUSSIN FINANCIAL, RUSSIN GROUP, SIMON ARIAS, III, ARIAS AGENCIES, S.A. ARIAS HOLDINGS, LLC, AMERICAN INCOME LIFE INSURANCE COMPANY, | ) ) ) ) ) ) | |
| Defendants. | | |

**DEFENDANT MICHAEL RUSSIN'S BRIEF IN SUPPORT
OF RESPONSE TO PLAINTIFF'S MOTION FOR CONTEMPT**

AND NOW, comes Defendant, Michael Russin, by and through his attorneys Benjamin D. Webb, Esquire and Cozza Law Group PLLC, and files the within Brief in Support of Defendant's Response to Plaintiff's Motion for Contempt, averring as follows:

### I.  INTRODUCTION

On September 1, 2022, the parties attended a scheduling conference before this Honorable Court. At that conference, Plaintiff's counsel expressed concern about Defendant Russin's social media posts. Based on Plaintiff's counsel's representations, this Honorable Court recommended that undersigned counsel get better control of his client. Undersigned counsel cannot recall the exact language from this Honorable Court as it is not in the record and was not made part of an order.

Much of Plaintiff's Brief in Support of her Motion is irrelevant. The first six pages contain statements from before the September 1, 2022, scheduling conference. In addition to those

irrelevant statements, Plaintiff has included cherry-picked statements from Defendant Russin's podcast. Not a single quote referenced by Plaintiff from Defendant's podcast mentions Renee Zinsky, alludes to this lawsuit, or threatens a witness or any other individual. Aside from two statements to Chuck Ferrari and Matthew Mamros, her Motion is devoid of any specific statements made directly to *anyone*.

On April 22, 2023, Plaintiff filed a Motion for Contempt and, twelve days later filed a Brief in Support thereof (together "Motion for Contempt"). Plaintiff's Motion for Contempt is based on Defendant Russin's violation of a non-existent order pursuant to 18 U.S.C. 401(1, 3) and F.R.C.P. 37(b). Plaintiff has also requested that this Court charge Defendant Russin with stand-alone crimes pursuant to 18 U.S.C. 1503, 18 U.S.C. 1512. For the following reasons, Plaintiff's Motion for Contempt should be denied.

## II. ARGUMENT

Contempt of court is defined as any act which is calculated to embarrass, hinder, or obstruct a court in the administration of justice, or which is calculated to lessen the authority or dignity of a court. There is an important distinction between civil and criminal contempt as different rules, procedures, and constitutional safeguards apply to the two different types of contempt. The two forms of contempt are distinguished by "the 'character and purpose' of the sanction involved." Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 827, 829 (1994) (quoting Gompers v. Bucks Stove & Range Co., 221 U.S. 418, 441 (1911); see also United States v. Pozsgai, 999 F.2d 719, 735 (3d Cir. 1993) ("The purpose and nature of the sanction, rather than the label attached to it, determine whether it is civil or criminal.").

**A. Plaintiff cannot establish any elements necessary to prove civil contempt.**

The purpose of civil contempt is primarily remedial. Latrobe Steel Co. v. United Steelworkers of America, 545 F.2d 1336, 1343 (3d Cir. 1976). Sanctions for civil contempt are intended to compensate the moving party or to coerce the defendant into complying with the court's order. See Gregory v. Depte, 896 F.2d 31, 34 (3d Cir. 1990). Furthermore, the civil coercive sanction must be immediately lifted upon the contemnor's compliance with the relevant court order. See Hicks v. Feiock, 485 U.S. 624, 633 (1988); see also In re Havitt, 117 F.2d 448, 461 (8th Cir. 1902)(explaining that civil contemnors "carry the keys of their prison in their own pockets").

Contempt is an extreme remedy, and the plaintiff has a heavy burden to show a defendant guilty of civil contempt. Id. It must be done by "clear and convincing evidence," and where there are grounds to doubt the wrongfulness of the conduct, the party should not be held in contempt. Robin Woods Inc. v. Woods, 28 F.3d 396, 399 (3rd. Cir. 1994) (citing Quinter v. Volkswagen of America, 676 F.2d 969, 974 (3d Cir. 1982)).

In order to establish civil contempt, a petitioner must show, by clear and convincing evidence: (1) that a valid court order existed, (2) that the defendants had knowledge of the order, and (3) that the defendants disobeyed the order. Roe v. Operation Rescue, 919 F.2d 857, 871 (3d Cir. 1990). With regard to the first element, the order is required to have been clear and unambiguous. See Cooper v. Texaco, Inc., 961 F.2d 71 (5th Cir. 1992); United States v. O'Quinn, 913 F.2d 221 (5th Cir. 1990)(per curiam). There is a "longstanding salutary rule in contempt cases that ambiguities and omissions in orders redound to the benefit of the person charged with the contempt." Eavenson, Auchmuty & Greenwald v. Holtzman, 775 F.2d 535, 544 (3d Cir. 1985).

Plaintiff cannot prove any of the elements necessary to prove civil contempt. First and foremost, this Honorable Court has not entered a "clear and unambiguous" order restricting Defendant Russin's speech in this case. Plaintiff's Motion is based on paraphrased language from a scheduling conference and alleges that this Honorable Court's statements made at that conference amount to an order. However, no order has been entered on the docket limiting Defendant Russin's speech. The only order that was entered on the docket following the scheduling conference was related to scheduling deadlines. ECF No. 44.

Even if this Honorable Court were to decide that its comments made in passing at the scheduling conference amounted to an order, Defendant Russin should be excused from being charged with contempt as the "order" is vague and ambiguous. Plaintiff relies on her recitation of this Honorable Court's statements from the scheduling conference (which are not in the record) that Defendant Russin's "brash" and "appalling conduct" "would not be tolerated" going forward. Particularly lacking from the supposed "order" is any reference to the specific behavior that Defendant Russin must cease. As a result, even if this Honorable Court's statement amounted to an order or decree (which it does not) the statement is ambiguous and could not possibly put Defendant Russin on notice of which behavior, if any, must discontinue, lest he be charged with contempt.

For the foregoing reasons, Plaintiff cannot establish that an order has been entered, and as a result, her claims for civil contempt sanctions should be denied.

**B. Plaintiff cannot establish any elements necessary to prove criminal contempt.**

The purpose of a criminal contempt sanction is to punish the contemnor and vindicate the authority of the court. Shillitani v. United States, 384 U.S. 364, 370 (1966); Gompers, 221 U.S. 418, 441. Because criminal contempt "is a crime in the ordinary sense," criminal contempt sanctions can only be imposed on a party who has been afforded all the protections that the Constitution requires of criminal proceedings. Bagwell, 512 U.S. at 826–27. Criminal contempt, more specifically, is reserved for those instances where the court must vindicate its authority. Gompers, 221 U.S. 418 at 441; McDonald's Corp. v. Victory Invs., 727 F.2d 82, 86 (3d Cir. 1984); Latrobe Steel Co., 545 F.2d 1336 at 1343.

**1. Plaintiff cannot establish a criminal violation of 18 U.S.C 401(1).**

18 U.S.C. § 401, grants the federal courts broad powers to punish acts of criminal contempt. This general federal contempt statute states: "A court of the United States shall have the power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as -

>  (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice.

18 U.S.C. §401. In order to establish a criminal violation of § 401(1), the following four elements must be established beyond a reasonable doubt:

> (1) misbehavior, (2) in or near the presence of the court, (3) with criminal intent, (4) that resulted in an obstruction of the administration of justice.

American Airlines, Inc. v. Allied Pilots Ass'n, 968 F.2d 523, 531 (5th Cir. 1992). Attempting to explain what type of misbehavior is required, one court has explained that "the contemnor's conduct must constitute misbehavior which rises to the level of an obstruction of and an imminent threat to the administration of justice, and it must be accompanied by the intention on the part of

the contemnor to obstruct, disrupt, or interfere with the administration of justice." In re Williams, 509 F.2d 949, 960 (2d Cir. 1975)(citing Eaton v. City of Tulsa, 415 U.S. 697 (1974)). In defining obstruction of justice pursuant to 18 U.S.C. § 401, one court noted "[w]here there is no physical disorder in the courtroom, no laughing, shouts or abusive language, and no significant delay in the proceedings, obstruction of justice is not shown." Fernos-Lopez v. United States Dist. Court, 599 F.2d 1087, 1091-92 (1st Cir. 1979), cert. denied, 444 U.S. 931 (1979).

Here, Plaintiff cannot establish any of the elements of obstruction of justice. Plaintiff has not alleged that there has been any misbehavior by Defendant Russin "in or near" the presence of the Court. Plaintiff's allegations are based on statements made on a podcast by Defendant Russin, or posted on his personal Instagram and Facebook accounts. Moreover, Defendant Russin has not appeared before this Court and there has been no physical disorder in the courtroom, and no delays caused to any proceedings.

      **i.**    **Based on these facts, this Court cannot summarily punish Defendant Russin.**

Also, when criminal contempt is not committed in the actual presence of the judge, the Federal Rules of Criminal Procedure state that indirect contempt shall only be prosecuted when the accused has been provided with notice of the following: the time and place of the contempt hearing, the essential facts constituting the criminal contempt charged, and the criminal nature of the hearing. Fed. R. Crim. P. 42. Notice can be provided by "the judge in open court in the presence of the defendant, on application of the U.S. Attorney or an attorney appointed by the court, by a written "order to show cause," or by an order of arrest. Id. After receiving notice, the accused must be granted a reasonable time to prepare a defense. Id.

Plaintiff's Motion for Contempt is based on allegations of indirect contempt. To date, there have been no appearances by Defendant Russin before this Honorable Court. As such, it is

impossible for any acts that could amount to contempt to have occurred "totally in the presence" of the Honorable Judge Horan. As such, it would be improper for this Honorable Court to summarily punish Defendant Russin for criminal contempt in this instance. For this Honorable Court to punish Defendant Russin *criminally*, he must be afforded constitutional protections such as notice, as discussed above.

For the foregoing reasons, Plaintiff cannot establish any elements of obstruction of justice, and as a result, her claims that Defendant Russin is in violation of 18 U.S.C. § 401(1) must fail, and her Motion for Contempt should be denied.

### 2. **Plaintiff cannot establish a criminal violation of 18 U.S.C § 401(3).**

18 U.S.C. § 401, also grants the federal courts broad powers to punish acts of criminal contempt for "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." Before a criminal violation of 18 U.S.C. § 401(3) can be said to have occurred, the following essential elements must be proved beyond a reasonable doubt:

> (1) the court entered a lawful order of reasonable specificity; (2) the accused contemnor violated the order; and (3) the violation was willful.

See United States v. Turner, 812 F.2d 1552, 1563 (11th Cir. 1987).

Plaintiff cannot establish that this Court entered a lawful order restricting Defendant Russin's speech. If this Honorable Court sought to restrict his speech, it could. But as of the date of Plaintiff's Motion for Contempt, it has not.

For the foregoing reasons, Plaintiff cannot prove that an order was entered, and as a result, her claims that Defendant Russin violates 18 U.S.C. § 401(3) must fail, and her Motion for Contempt should be denied.

### C. Plaintiff's Request that this Honorable Court Charge Defendant Russin with the Crimes of Obstruction of Justice Pursuant to 18 U.S.C. 1503 and 1512 is Improper.

Plaintiff's claims that Defendant Russin should be charged by this Honorable Court with a crime for obstruction of justice, are meritless. This Honorable Court does not have the power to *summarily* charge Defendant Russin with a separate crime for obstruction of justice.

As a result, Plaintiff's discussion in sections 3(b-c) of her Brief in Support regarding obstruction of justice pursuant to 18 U.S.C §§ 1503 and 1512 is irrelevant and her Motion for Contempt based on the separate crimes of obstruction of justice should be denied.

### D. Rule 37 is Irrelevant to Plaintiff's Motion for Contempt.

Rule 37 of the Federal Rules of Civil Procedure permits a court to issue a contempt of court order in response to the failure of a party to cooperate in the litigation discovery process. Fed. R. Civ. P. 37. A federal judge also can use the contempt power whenever a deponent continues refusing to answer a question after being ordered to do so. Fed. R. Civ. P. 37(b)(1).

Plaintiff has not alleged in her Motion for Contempt that Defendant Russin has failed to cooperate in the litigation discovery process. And again, no order has been entered. As a result, Rule 37 does not apply to Plaintiff's Motion and her Motion for Contempt based on Rule 37 should be denied.

### III. CONCLUSION

For the foregoing reasons, there has been no violation of a court order to support a request for even civil contempt, much less criminal contempt. Furthermore, the remedies requested by Plaintiff bear no relation to any harm she claims to have suffered because of Defendant's supposed contempt. Plaintiff continues to disregard this Honorable Court's Standing Orders and Procedures, and the Federal Rules of Civil Procedure *generally*. Plaintiff is aware that there was no order

entered in this case relative to Defendant Russin's speech. Moreover, Plaintiff's request for this Court to charge Defendant Russin with a crime is meritless and improper.

Thus, Defendant Russin respectfully requests that this Honorable Court deny Plaintiff's Motion for Contempt and award Defendant Russin attorneys fees and costs related to the preparation of this Brief in Opposition to Plaintiff's Motion for Contempt in the amount of $3,500.00.

Defendant Russin requests oral argument on this Motion.

Dated: <u>May 15, 2023</u>

Respectfully submitted,

Cozza Law Group PLLC

<u>*s/Benjamin D. Webb*        </u>
Benjamin D. Webb, Esquire
PA I.D. No. 328170
400 Holiday Drive, Suite 210
Pittsburgh, Pennsylvania 15220
(412) 294-8444
bwebb@cozzalaw.com
*Counsel for Defendant Michael Russin*

**CERTIFICATE OF SERVICE**

    The undersigned does hereby certify that a true and correct copy of the foregoing Brief in Support of Response to Plaintiff's Motion for Contempt has been sent via the CM/ECF system to all counsel and/or parties of record.

Cozza Law Group PLLC

*/s/Benjamin D. Webb*
Benjamin D. Webb, Esquire
