IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RENEE ZINSKY, | Civil Action |
| Plaintiff, | No. 2:22-cv-547 |
| vs. | Judge Horan |
| MICHAEL RUSSIN, RUSSIN FINANCIAL, RUSSIN GROUP, SIMON ARIAS, III, ARIAS AGENCIES, S.A. ARIAS HOLDINGS, LLC, AMERICAN INCOME LIFE INSURANCE COMPANY, | |
| Defendants. | JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

AND NOW, comes the Plaintiff, Renee Zinsky, by and through undersigned counsel avers as follows:

I. **Factual Background**

1. On or about April 26, 2022, Plaintiff filed an Amended Complaint, alleging legal claims against Defendant, Michael Russin ("Defendant Russin") as follows: sexual assault, battery, false imprisonment, and intentional infliction of emotional distress.

2. On or about November 1, 2022, Plaintiff filed a Second Amended Complaint ("Second Amended Complaint"), adding claims of defamation and intrusion of seclusion against Defendant Russin.

3. The Second Amended Complaint is based on Defendant Russin's ongoing threats, harassment, and intimidation tactics including but not limited to the following particulars:

    a. Immediately after learning Plaintiff escalated her complaints of sexual harassment, Russin stated as follows:

1

> *The best defense sometimes is a good offense. And I'm ready to play offense… if you're going to try to take food out of my child's mouth, I will come to you, physically, and I will peel the skin off your face and take your eyes out and I'll feed them to him. And then I'll eat your liver. I'm not kidding. I'm dead serious.*

b. On or about December 2021, and on subsequent occasions, Russin published a photograph of his face with the caption *"Fuck Around and Find Out"*.

c. On or about December 2021, Defendant Russin stated "*Your beatings will continue.  Until my morale improves, I don't hate you, I'm just removing an enemy Remorse is for the dead.*"

d. On or about December 4, 2021, Russin referred to himself as "*240 lbs of sex drive and violence*" and "*The rise of matriarchy in the form of pseudo feminism and medical state will likely need stamped out by violence*."

e. On or about January 10, 2022, Russin stated as follows:

> *You need to be engaged physically as a man if you want to feel like a man ... Do not listen to these dumbass women ... We are supposed to fight ... More people need to start getting punched in the face.*

f. On or about January 13, 2022, Russin stated as follows:

> *If you're a man and you're successful, then you're a target. It's just the way that it is ... I can't even get into certain things legally ... get legal counsel on retainer and make it very publicly known ... Fuck Around and Find Out ... women make up the majority of lawsuits in business. It's just what they do…*

g. On or about January 15, 2022, Russin reiterated the need for men to publicize that they have legal counsel on retainer so to make it known: "*fuck around and find out*".

h. On or about February 23, 2022, Russin contacted Plaintiff's counsel, Amy Williamson, directly via Instagram threatening,*"Do you think I don't know who you are?"*

i. On or about April 30, and ongoing , Defendant Russin published a photograph of wild animal violently killing another wild animal with the caption *"Your Time Is Coming"*.  Thereafter, Russin published numerous iterations of the same threat on at least three additional occasions: a) "*Your Time Will Come*"; b) *"Your time is coming… Daily reminder"*; and c) *"Soon*".

j. On or about May 8, 2022, Defendant Russin directly contacted Plaintiff's employer, Virgo + Garnet, threatening to appear in person at the Virgo + Garnet store.

k. On or about June 2022, Plaintiff received cryptic text messages from an unknown phone number, stating *"Hi ... Hello"*. The sender refused to identify themselves.

l. On or about June 2022, Defendant Russin stated "*Being nice is overrated. Just get a good lawyer and choose violence.*"

m. On or about July 15, 2022, Defendant Russin discussed his history of violence, unstable mental health and crime as follows:

*I have been involved ... in violent situations where I have had to be extremely violent ... and I've seen people be extremely violent and I've been around extreme violence ... close encounters with law enforcement ... I've been locked up in the looney bin... charged with 8 felonies and beat the cases... it's very easy to feel like you're the devil...*

n. On July 20, 2022, Defendant Russin advocated violence by stating as follows:

*I'm ready for violence ... I don't believe in peace as a person, at all ... If I come to your house and I grab your wife and put a gun to her head, what are you gonna do?... Everything in life is violence. You've gotta be prepared for it, especially now... Be ready. It's gametime.*

o. On or about August 1, 2022, Plaintiff's vehicle was vandalized while parked outside of her residence. It is believed and therefore averred that said vandalism was caused by Defendant Russin.

p. On at least three separate occasions in August 2022, Plaintiff's counsel received at least three cryptic text messages from a sender who refused to identify themselves (similar to those received by Plaintiff as noted above).

q. On or about August 2022, Defendant Russin published a photograph of himself captioned *"War Ready"*.

r. On or about September 3, 2022, two days after being admonished by this Honorable Court, Defendant Russin published another photograph of himself captioned *"WAR READY V2 BABY LETS GOOOOOO"*.

s. On or about September 15, 2022, Defendant Russin threatened one of Plaintiff's witnesses in this matter, Charles Ferrari ("Ferrari"), as follows: *"After I'm done chewing up the whores up in court you're next ... This'll be really good for the lawyers*".

*See* Plaintiff's Second Amended Complaint [Doc. No. 49.]

4. On or about Sept 1, 2022, this Honorable Court openly admonished Defendant Russin's conduct, declaring same as "brash" and "appalling", *inter alia*. This Honorable Court made clear to Defendant Russin's counsel, decreeing in no uncertain terms, that said conduct "would not be tolerated" going forward.

5. On or about September 5, 2022, Plaintiff's counsel memorialized Judge Horan's comments in a letter directed to Defendant Russin's counsel. *See* Letter from Plaintiff's counsel, Amy Williamson, to Defendant Russin's counsel, Benjamin Webb, dated September 5, 2022 attached hereto as **Exhibit "A"**.

6. On or about December 21, 2022, Plaintiff's counsel and Defendant Russin's counsel agreed that Defendant Russin's Answers to Interrogatories and Responses to Request for Production of Documents would be due on December 23, 2022. *See* Email from Plaintiff's counsel to Defendant Russin's counsel dated December 23, 2022 attached hereto as **Exhibit "B".**

7. On December 22, 2022 Defendant Russin published a threatening message directed to Plaintiff that a "dear old friend… getting a big batch of presents tomorrow." Id.

8. On December 22, 2022, Plaintiff's counsel sent Defendant Russin's counsel an email, alerting him to his client's ongoing conduct of growing concern. *See* Id.

9. Yet, Defendant Russin continued to disobey the Court, instill fear, and obstruct justice.

10. On January 13, 2023, during her deposition testimony, Plaintiff identified Matthew Mamros ("Mamros") as a witness to this case. *See* Deposition Transcript of Renee Zinsky dated January 13, 2023 at pp. 114 – 116 attached hereto as **Exhibit "C".**

11. On March 8, 2023, Defendant Russin threatened Mamros with violence.

12. Specifically, Defendant Russin contacted Mamros directly via Instagram messenger explicitly threatening violence as follows:

4

> *Are you prepared for violence?*
> *All this time you spend at 2am sending emails – do you ever think of the*
> *safety of your children?*
> *Oh no wait this isn't the old hag*
> *This is the young liar*

(Emphasis added.) *See* Defendant Russin's Instagram Message dated March 8, 2023 attached hereto as **Exhibit "D"**. *See also* Matthew Mamros Affidavit attached hereto as **Exhibit "E"**.

13. On May 7, 2023, Defendant Russin made more threats of violence as follows:

> I could kill 10 men or more ... I'd find a pen on the ground and it would be through skulls ... A good man is highly capable of extreme levels of violence ... I'm going for eyes. I'm gonna bite somebody's ear clean off the side of their head. I'm gonna be reaching down throats and pulling out their tongue by the base. I'm telling you right now ... people are gonna die. People are gonna get maimed beyond recognition if you are after me ... I'm going to mangle you so far beyond recognition that for the rest of your life, your scars will serve as a reminder of the foolishness of your decision to try to harm me... That is, if you survive.[1]

14. On May 13, 2023, Defendant Russin continued as follows: "Obviously, there's one giant reason why most of you know I am predisposed to being angry with women right now, mostly liars whores .... There's one giant problem that drives most of this rage."[2]

15. Between January 18, 2023 and present, at least eight news publications have been published relating to the facts and legal claims alleged by Claimant in this matter, including but not limited to the following:

a) Business Insider, *Inside the Tawdry, Drug-Fueled, Violent World of America's Top Life Insurance Salesmen,* February 24, 2023 https://www.insider.com/globe-life-insurance-lawsuit-american-income-arias-agency-toxic-workplace-2023-1

b) Business Insider, *At Globe Life, Potential Shareholder Lawsuits, an "Influx" of New Witnesses Following Allegations of Sexual Assault at a Top Agency*, March 10, 2023 https://www.insider.com/globe-life-fallout-after-allegations-of-sexual-assault-arias-agency-2023-3

---

[1] Russin, Michael, Absideon Achievement Podcast "You? Fat & Broke? Never!"
[2] Russin, Michael, Absideon Achievement Podcast, "Jewish Rappers, Cars & My Therapy Session", May 13, 2023. https://mrussin.podbean.com/e/jewish-rappers-cars-my-therapy-session/. Plaintiff's counsel can make an electronic copy available to this Honorable Court upon request.

c) Stanford Law School, *Lawsuit Against American Income Life Alleges Sex Abuse, Hard Drugs, Fraud at Top Agency*, February 28, 2023 https://law.stanford.edu/press/lawsuit-against-american-income-life-alleges-sex-abuse-hard-drugs-fraud-at-top-agency/

d) Businesswire, *Globe Life Investigation - Shareholder Derivative Suit,* February 27, 2023 https://www.businesswire.com/news/home/20230227005945/en/INVESTIGATION-ALERT-ScottScott-Attorneys-at-Law-LLP-Investigates-Globe-Life-Inc.%E2%80%99s-Directors-and-Officers-for-Breach-of-Fiduciary-Duties-%E2%80%93-GL

e) Globenewswire, *GL Alert: Johnson Fistel is Investigating Potential Claims on Behalf of Globe Life Inc.,* March 2, 2023 https://www.globenewswire.com/news-release/2023/03/02/2619654/0/en/GL-Alert-Johnson-Fistel-is-Investigating-Potential-Claims-on-Behalf-of-Globe-Life-Inc.html

f) WTAE, *Lawsuit alleges fraud, Sexual Aabuse and Illicit Drugs at Wexford Insurance Agency,* May 23, 2023 https://www.wtae.com/article/arias-agencies-wexford-insurance-allegations-drugs-sexual-abuse/43980886

g) WPXI, *Federal Lawsuit Filed Against Wexford Life Insurance Company*, June 1, 2023 https://www.wpxi.com/news/local/federal-lawsuit-filed-against-wexford-life-insurancecompany/E7VLBV53LZF67FWJ6D2BLK5IQ4/#:~:text=Channel%2011%20also%20reached%20out%20to%20its%20parent,aware%20of%20any%20criminal%20investigations%20against%20the%20company.

h) Carey, Mark P., *The Worst Sexual Harassment Case Ever!*, March 10, 2023 https://capclaw.com/the-worst-sexual-harassment-story-ever/

16. As a result of the publicity, multiple witnesses on behalf of Plaintiff came forward or otherwise spoke up about their personal experiences with Defendant Russin, Simon Arias, and/or Arias Agencies, which were eerily similar to Plaintiff's claims pending in this matter.

17. For example, On or about May 20 2023, Emily Garrett ("Garrett") published a message sent to Arias Agencies stating as follows:

> You did NOTHING when "employees" tried to tell you what Michael Russin was doing. Instead, you praised him and put on an elaborate show for everyone else to galavant over. What a shame.

*See* Garrett message attached hereto as **Exhibit "F".**

18. Approximately one week later, Defendant Russin sent or caused to be sent intimidating messages to Garrett follows:

> You seem so nice for someone talking shit on social media ... Do you mind if we have your address so someone can hypothetically pay your and your balding

6

>
> boyfriend a visit

*See* text messages attached hereto as **Exhibit "G"**. *See* Emily Garrett Affidavit dated June 1, 2023 at **Exhibit "H".**

19. On June 11, 2023, Plaintiff identified Garrett as a witness in Plaintiff's case in chief relative to this matter. *See* Letter dated June 11, 2023 attached hereto as **Exhibit "I".**

20. On or about June 22, 2023, Defendant Russin caused additional intimidating messages sent to Garret stating as follows:

> I work at a district court and if I were you I'd get a lawyer immediately. There is a big lawsuit coming down with your name[3] ... it looks like its for a couple million dollars and defamation ... I'd get a lawyer asap.

*See* text messages attached hereto at **Exhibit "J"**. *See* Emily Garrett Affidavit dated June 1, 2023 at **Exhibit "H".**

21. On or about June 22, 2023, Defendant Russin caused additional intimidating messages to Garrett with the intention to threaten and intimidate Emily Garrett stating as follows:

> My name is Shawn Marshuck from the Maine Daily Wire! I was reaching out to see if I could get your comment on a pending lawsuit in which you are a named defendant[4]

*See* text message attached hereto at **Exhibit "K".**

22. On May 17, 2023, another third party witness came forward declaring firsthand knowledge of Defendant Russin's intimidation tactics, threats, and violence. *See* Affidavit of Chatiqua Hemingway dated May 17, 2023, paragraph 22 attached hereto as **Exhibit "L"**.

23. On or about June 29, 2023, Defendant Russin continued to make intimidating and threatening statements regarding Plaintiff and Plaintiff's witnesses as follows:

> I got a list of people that are going to be in court with me ... for the rest of their lives... we are going to be together for a long time, for a very very very long time

---

[3] Upon thorough review of district courts' dockets, there is no record of any lawsuit or potential lawsuit naming Garrett to date.
[4] Upon thorough review of public records, no person by the name of Shawn Marshuck exists and no news source or other entity known as "Maine Daily Wire" exists. Further, the messages were sent from a phone number with the same area code of Russin's residence, i.e. Portland Maine.

... I'm going to make it my life's mission ... You're going to be with me forever![5]

24. In sum, Defendant Russin has threatened Plaintiff, Plaintiff's counsel, and at least three of Plaintiff's witnesses since the onset of this litigation, both during the discovery period and thereafter[6]. In the meantime, a fourth witness came forward attesting to Defendant Russin's use of threats and intimidation tactics.

## II. Legal Argument

### A. Defendant Russin's Conduct Has Caused Plaintiff Annoyance, Embarrassment, Oppression, and Undue Burden and Expense

25. Defendant Russin's continued attacks on Plaintiff, Plaintiff's counsel, and witnesses in this case are obstructionist in nature resulting in annoyance, embarrassment, oppression, and undue burden and expense.

26. Pursuant to. Rule 26(c), this Court may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense.

27. In considering whether good cause exists for a protective order, the federal courts have generally adopted a balancing process. Specifically, when considering whether to grant confidentiality orders at any stage of litigation, the court must balance the harm to the party seeking protection (or third persons) and the importance of disclosure to the public. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994). *citing* Arthur R. Miller, *Confidentiality, Protective Orders, and Public Access to the Courts*, 105 Har.L.Rev. 427, 432-33 (1991).

28. One interest which should be recognized in the balancing process is an interest in privacy. *See Seattle Times 34 Co. v. Rhinehart*, 467 U.S. 20, 34-36, 104 S. Ct. 2199, 2208-09 (1984). It is appropriate for courts to order confidentiality to prevent the infliction of unnecessary or serious pain on parties who the court reasonably finds are entitled to such protection. *Id.*

29. Here, Defendant Russin's ongoing, deliberate, obstructionist conduct as outlined above

---

[5] Russin, Michael, Absideon Achievement podcast *"Boy That Wasn't Fun!"*, June 29, 2023.
[6] Discovery in this case closed on April 24, 2023. [Doc. No. 63.]

has clearly annoyed, embarrassed, oppressed, and burdened Plaintiff (as well as third parties), particularly as Plaintiff prepares for trial in this matter.

30. For example, Defendant Russin's scare tactics and threats of violence have inflicted unnecessary and serious pain on Plaintiff and third parties who are entitled to the protection of their privacy.

31. For the foregoing reasons, Plaintiff has established good cause for protecting Plaintiff and third persons' from harm resulting from Defendant Russin's incessant threats and intimidation tactics.

### B. **Defendant Russin's Conduct is Obstructing Justice Pursuant to 18 U.S.C. §401, 18 U.S.C. §1503, and 18 U.S.C. §1512**

32. Pursuant to 18 U.S.C. §401, this Honorable Court has the power and discretion to punish contempt of its authority including but not limited to misbehavior or any person in its presence or so near thereto as to obstruct the administration of justice.

33. 18 U.S.C. §1503 condemns obstructing pending judicial proceedings, i.e. interfering with the "due administration of justice." Specifically, 18 U.S.C. §1503(a) provides as follows:

> Whoever corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be punished as provided in subsection (b).

34. The elements of a prima facie case of obstruction of justice are as follows: 1) the existence of a judicial proceeding; 2) knowledge or notice of the pending proceeding; 3) acting corruptly with the intent of influencing, obstructing, or impeding the proceeding in the due administration of justice: and 4) the action had the natural and probable effect of interfering with the due administration of justice. *See United States v. Sussman*, 709 F.3d 155, 168 (3d Cir. 2013).

35. Here, there is no question as to the fulfillment of the first two elements. Based on the timing, content, and recipients of Russin's threats, the third and fourth elements are similarly fulfilled in this case.

36. For example, the timing of Russin's threats, i.e. beginning after Plaintiff escalated her complaints, continuing during the pendency of the instant litigation, and oftentimes within days of certain events relative to this matter (e.g. Russin announcing the delivery of his "big batch of presents" the day before his counsel delivered Russin's written discovery responses) is clearly coincident with this litigation.

37. Further, the content of Russin's threats are directly on point with the issues pending in this matter, i.e. sexual assault, publicly announcing retention of legal counsel, "chewing up the whores in court", and violence in general. Similarly, the recipients of Russin's threats are all central to the pending litigation: Plaintiff, Plaintiff's counsel, and at least three of Plaintiff's named witnesses (Charles Ferrari, Matthew Mamros, Emily Garrett).

38. Pursuant to 18 U.S.C. §1512, "Tampering with a witness, victim, or informant", i.e. harming, threatening, delaying, or otherwise influencing a witness to an official proceeding is punishable by up to 30 years imprisonment.

39. Pursuant to 18 U.S.C. 1512(a), the use of force or the threat of the use of force to prevent the production of evidence is a crime punishable by sanctions.

40. Subsection 1512(b) prohibits knowingly using one of the prohibited forms of persuasion (intimidation, threat, misleading or corrupt persuasion) with the intent to prevent a witness's testimony or physical evidence from being truthfully presented at official federal proceedings. In *U.S. v. Zavala*, 443 F.3d 1165 (3d Cir. 2006), the Third Circuit specifically upheld the conviction of a defendant under subsection 1512(b) for attempting to intimidate witnesses through social media.

41. Subsection 1512(d) prohibits intentional harassment of another person, thereby hindering, delaying, preventing, or dissuading, any person from attending or testifying in an official proceeding, or an attempt to do so.

42. For the reasons already cited above with regard to Defendant Russin's conduct, the elements of 1512(a), 1512(b) and 1512(d) are clearly fulfilled in this case.

43. For the foregoing reasons, Defendant Russin's continued attacks on Plaintiff, Plaintiff's counsel and witnesses rise to the level of obstruction of imminent threat to the administration of justice.

WHEREFORE, Plaintiff's counsel respectfully requests this Court grant Plaintiff's Motion for Protective Order, specifically holding as follows:

1) Defendant Russin is strictly prohibited from harassing, annoying, using threats, threats of violence, violence, intimidation tactics, or otherwise endangering the safety and privacy of Plaintiff, Plaintiff's counsel, and/or witnesses in this case;

2) Defendant Russin is strictly prohibited from harassing, annoying, using threats, threats of violence, intimidation tactics, or otherwise impeding Plaintiff's ability to pursue justice in this case, including but not limited to allowing Plaintiff to cloak the identify of witnesses Plaintiff intends to rely upon at the time of trial;

3) Criminal punishment for Defendant Russin, including but not limited to imprisonment, or other criminal punishment in line with the federal sentencing guidelines;

4) Reasonable attorney's fees and costs related to the preparation of this Motion for Protective Order in the amount of $2,000.00; and,

5) Any other relief this Court deems appropriate.

Respectfully submitted,

/s/ *Amy N. Williamson*
Amy N. Williamson, Esq.
Pa.I.D. No. 90657
Williamson Law LLC
Law and Finance Building
429 Fourth Avenue, Suite 300
Pittsburgh PA 15219
412-600-8862
awilliamson@awilliamsonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify on this 3rd day of July, 2023 I electronically served a copy of the foregoing **MOTION FOR PROTECTIVE ORDER** via the CM/ECF system which will send notification of such filing.

/s/ *Amy N. Williamson*
Amy N. Williamson, Esq.