IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RENEE ZINSKY, | ) | Civil Action No.: 2:22-cv-547 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Electronically Filed |
| | ) | |
| MICHAEL RUSSIN, RUSSIN | ) | |
| FINANCIAL, RUSSIN GROUP, | ) | |
| SIMON ARIAS, III, ARIAS AGENCIES, | ) | |
| S.A. ARIAS HOLDINGS, LLC, | ) | |
| AMERICAN INCOME LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| | | |
| Defendants. | | |

### DEFENDANT MICHAEL RUSSIN'S RESPONSE
### TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

AND NOW, comes Defendant, Michael Russin, by and through his attorneys Benjamin D. Webb, Esquire and Cozza Law Group PLLC, and files the within Response to Plaintiff's Motion for Motion for Protective Order, averring as follows:

1. Plaintiff's filing of her Motion for Protective Order is a blatant attempt to recast the allegations contained in her Motion for Contempt and briefs in support thereof.

2. The arguments made by Plaintiff in section II (b) of this Motion are identical to the arguments she made in sections III(A-D) in her Brief in Support of Motion for Contempt.

3. Throughout the entirety of this case, Plaintiff has refused to comply with the Honorable Court's Standing Order and Procedures. Particularly, the Plaintiff has filed improper motions and briefs as follows:

   a. On March 7, 2023, Plaintiff filed a Reply Brief without first requesting leave of Court;

b. On April 22, 2023, Plaintiff filed a Motion for Contempt without any basis in the law as the Court had not entered any order prescribing the behavior Plaintiff sought to restrain;

c. On May 4, 2023; Plaintiff filed a Brief in Support of her Motion for Contempt twelve days after filing her motion, and after Defendant already filed his response;

d. On May 8, 2023; Plaintiff filed a second brief in support of her motion for contempt without first seeking leave of court. The same day, this Honorable Court entered a text order that no reply briefs may be filed without *express order from the court* (See Doc. 75);

e. On May 18, 2023, without an express order from the Court, Plaintiff filed a second supplement brief in support of her motion for Contempt.

4. Plaintiff has again failed to follow the Court's rules by filing this Motion for Protective Order without meeting and conferring with Defendant prior to filing the motion as required by this Honorable Court's Chamber Rules (Doc 3 at ¶ 1(f)) and F.R.C.P. 26(c). Plaintiff did not file a certificate of conferral with her motion.

5. What is more, a protective order is not an appropriate remedy for the relief Plaintiff requests.

6. Plaintiff has requested the following relief in her motion:

a. Defendant Russin is strictly prohibited from harassing, annoying, using threats, threats of violence, violence, intimidation tactics, or otherwise endangering the safety and privacy of Plaintiff, Plaintiff's counsel, and/or witnesses in this case;

b. Defendant Russin is strictly prohibited from harassing, annoying, using threats, threats of violence, intimidation tactics, or otherwise impeding Plaintiff's ability to pursue justice in this case, including but not limited to allowing Plaintiff to cloak the identify [sic] of witnesses Plaintiff intended to rely upon at the time of trial;

c. Criminal punishment for Defendant Russin, including but not limited to imprisonment, or other criminal punishment in line with the federal sentencing guidelines;

d. Reasonable attorneys fees and costs related to the preparation of this Motion for Protective Order in the amount of $2,000.00; and

    e.  Any other relief this Court deems appropriate.

See Doc. 89.

  7.  F.R.C.P. 26 governs contains general provisions governing parties' obligations during discovery.

  8.  F.R.C.P. 26(c) reads as follows:

> (1) In General. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending — or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; (E) designating the persons who may be present while the discovery is conducted; (F) requiring that a deposition be sealed and opened only on court order; (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.
>
> (2) Ordering Discovery. If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery.
>
> (3) Awarding Expenses. Rule 37(a)(5) applies to the award of expenses.

  9.  Discovery in this case concluded on April 21, 2023.

  10.  At present, Defendant Russin has no pending discovery requests directed to Plaintiff that would justify the court entering a protective order.

11. Not a single request for relief made by Plaintiff in her motion for protective order is proper or available pursuant to F.R.C.P. 26(c).

12. Next, because the arguments made by Plaintiff in section II (b) are identical to the arguments she made in sections III(A-D) in her Brief in Support of Motion for Contempt, Defendant Russin incorporates his arguments contained in Doc. 70 and 80 in their entirety in response thereto.

13. Additionally, because this Motion is simply a veiled attempt to rehash the arguments made in her Motion for Contempt, this Motion violates the Court's text order at Doc. 75, which stated that there would be no further briefing on the matter without an express order from the Court.

14. Plaintiff's continual disregard for *any* order, rule of civil procedure, or this Court's Standing Order and Procedures has resulted in a significant increase in litigation costs for Defendant Russin.

15. Defendant Russin requests a hearing on this Motion.

WHEREFORE, Defendant, Michael Russin, respectfully requests that Plaintiff's Motion for Protective Order be DENIED and Defendant Russin be awarded sanctions in the amount of $3,000.00 for responding to Plaintiff's improper and meritless briefs and motions.

Dated: <u>July 12, 2023</u>　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　Cozza Law Group PLLC

　　　　　　　　　　　　　　　　　　　　　　<u>*s/Benjamin D. Webb*　　　　</u>
　　　　　　　　　　　　　　　　　　　　　　Benjamin D. Webb, Esquire
　　　　　　　　　　　　　　　　　　　　　　PA I.D. No. 328170
　　　　　　　　　　　　　　　　　　　　　　400 Holiday Drive, Suite 210
　　　　　　　　　　　　　　　　　　　　　　Pittsburgh, Pennsylvania 15220
　　　　　　　　　　　　　　　　　　　　　　(412) 294-8444
　　　　　　　　　　　　　　　　　　　　　　bwebb@cozzalaw.com
　　　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant Michael Russin*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing Response to Plaintiff's Motion for Protective Order has been sent via the CM/ECF system to all counsel and/or parties of record.

                Cozza Law Group PLLC

                */s/Benjamin D. Webb*
                Benjamin D. Webb, Esquire