IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RENEE ZINSKY, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 2:22-cv-547-MJH |
| | ) |
| | ) Electronically Filed |
| v. | ) |
| | ) |
| | ) |
| MICHAEL RUSSIN, RUSSIN FINANCIAL, | ) |
| RUSSIN GROUP, | ) |
| | ) Jury Trial Demanded |
| Defendants. | ) |
| | ) |

## **MOTION FOR RULE 11 SANCTIONS**

Simon Arias, III, as set forth below, respectfully moves for an order sanctioning Plaintiff Renee Zinsky ("Zinsky") and her counsel Amy Williamson, Esquire ("Williamson") pursuant to Federal Rule of Civil Procedure 11(b)(1), and in support thereof avers as follows:

1. Zinsky filed suit against Russin, Russin Financial, Russin Group, American Income Life, Simon Arias, III, S.A. Arias Holdings, LLC, and Arias Agencies. ECF No. 9.

2. American Income Life, Simon Arias, III, S.A. Holdings, LLC, and Arias Agencies, moved to compel arbitration. ECF Nos. 17 and 20.

3. By Opinion and Order dated July 22, 2022, this Court granted the motion to compel arbitration. ECF No. 37.

4. The Court's Order stated that any further proceedings in this case would be stayed as to American Income Life, Simon Arias, III, S.A. Arias Holdings, LLC, and Arias Agencies. ECF No. 37 at 12.

5. Because proceedings in this matter have been stayed but not dismissed against Simon Arias, he has standing to file this Motion. *See* Op., ECF 37 at 13.

6. All active claims in this case are against Mr. Russin only.

7. On or about April 22, 2023, Zinsky filed a Motion for Contempt as to Defendant Michael Russin. ECF No. 68.

8. The Motion for Contempt alleges conduct by Russin allegedly intimidating witnesses; there is no mention of Mr. Arias. ECF No. 68.

9. In support of her Motion for Contempt, Zinsky filed a Brief (ECF No. 72) and a Supplemental Brief (ECF 74).

10. Russin moved to strike the Brief in Support because it was not filed with Zinsky's Motion for Contempt but filed after Russin filed his response. ECF No. 73 at ¶ 4.

11. On or about May 8, 2023, this Court entered the following order:

TEXT ORDER denying [Defendant's] Motion to Strike [73]. Defendant may file any responsive brief to ECF Nos. [72] and [74] on or before May 15, 2023. *There will be no reply brief without express order from the Court.* Signed by Judge Marilyn J. Horan on 5/8/2023. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (bjl)

ECF No. 75 (emphasis added).

12. On or about May 15, 2023, Russin filed his Brief in Support of Response to Plaintiff's Motion for Contempt. ECF No. 80.

13. On May 18, 2023, without seeking the Court's permission, Zinsky filed Plaintiff's Second Supplemental Brief in Support of Plaintiff's Motion for Contempt as to Defendant Michael Russin ("Second Supplemental Brief"). ECF No. 81.

14. Attached to the Second Supplemental Brief was the Affidavit of Chatiqua Hemingway. ECF No. 81-2.

15. In addition to allegations about Russin, the Affidavit contained allegations about Simon Arias. ECF No. 81-2 ¶¶ 14-18.

16. Lawyers draft affidavits. Clients and witnesses do not. Williamson drafted the Hemingway Affidavit.

17. The paragraphs containing allegations about Simon Arias are unrelated and irrelevant to Zinsky's Motion for Contempt filed against Russin and are unrelated and irrelevant to Zinsky's case in chief against Russin. *See* ECF Nos. 49, 68.

18. There was no legitimate reason to include the allegations about Simon Arias in the Affidavit.

19. The allegations are false and were included to harass and embarrass Simon Arias.

20. The allegations were intended to smuggle into the public record salacious lies against Simon Arias so they could be republished in the media under the false guise of privilege.

21. On May 19, 2023, Zinsky filed Plaintiff's Motion for Leave to File Plaintiff's Supplemental Briefs in Support of Motion for Contempt ("Motion for Leave to File"). ECF No. 82.

22. Zinsky's Motion for Leave to File cited only actions by Russin.

23. On May 19, the Court denied Zinsky's Motion for Leave to File (ECF No. 82) and struck her Second Supplemental Brief (ECF No. 81). ECF No. 83.

24. Because the Affidavit was part of Zinsky's Second Supplemental Brief, it too was stricken. *See* ECF No. 83. However, it remains publicly available.

25. On May 22, 2023, reporter Paul Van Osdol of local ABC affiliate WTAE contacted the undersigned to ask about the Affidavit of Chatiqua Hemingway, stating that he "learned of" it that day.

26. Mr. Van Osdol was provided a copy of the Court's Order striking Zinsky's Second Supplemental Brief.

27. On or about May 23, 2023, Zinsky appeared on WTAE in an interview with Van Osdol about this case.

28. On or about June 1, 2023, Zinsky's attorney, Amy Williamson, Esquire, appeared in an interview by local NBC affiliate WPXI.

29. Based on the timing of the interviews, it appears that Zinsky and her counsel filed the Affidavit without permission in the hopes of getting the allegations into news stories.

30. Such behavior is an abuse of the judicial process.

31. On June 7, 2023, the undersigned discussed this proposed motion in a telephone call that also included counsel for Defendant Russin without any resolution.

32. On June 8, in a follow-up email to both Plaintiff's attorney and Defendant Russin's attorney, the undersigned provided (as a compromise or alternative to sealing the Affidavit) a proposed redacted version of the Affidavit to be substituted for version filed by Plaintiff's attorney.

33. The parties have not resolved this issue.

34. Federal Rule of Civil Procedure 11(b)(1) prohibits attorneys and parties from presenting documents to the Court "for any improper purpose, such as to harass ...."

35. As discussed herein, Zinsky and Williamson had numerous improper purposes in presenting the Hemingway affidavit.

36. Redacting paragraphs 14-18 of the Hemingway Affidavit wherever it appears in the record and prohibiting the use of the unredacted Hemingway Affidavit is the most narrowly tailored remedy available under the circumstances.

37. In addition, Simon Arias seeks an award of counsel fees and asks the Court to admonish Ms. Williamson.

38. Simon Arias has complied with the safe harbor provisions of Rule 11(c)(2).

WHEREFORE, Simon Arias, III, respectfully requests the Court grant this Motion for Sanctions and:

a) Order the Clerk of Courts to redact paragraphs 14-18 of the Hemingway Affidavit (wherever it appears) from public view;

b) Prohibit Plaintiff Renee Zinsky and her counsel Amy Williamson, Esquire, from using the unredacted Hemingway Affidavit for any purpose;

c) Order Plaintiff Renee Zinsky and her counsel Amy Williamson, Esquire, to pay Arias' reasonable counsel fees in preparing and presenting this Motion;

d) Admonish Ms. Williamson for her misconduct; and

e) Grant such other relief as the Court deems appropriate.

A proposed Order is filed contemporaneously with this Motion.

Dated: July 18, 2023

                Respectfully submitted,

                STRASSBURGER McKENNA GUTNICK & GEFSKY

                */S/ Jean E. Novak*
                Jean E. Novak
                Pa. ID No. 69490
                jnovak@smgglaw.com
                Four Gateway Center, Suite 2200
                444 Liberty Avenue
                Pittsburgh, PA 15222
                (412) 281-5423

                *Counsel for Simon Arias, III*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing MOTION FOR RULE 11 SANCTIONS and PROPOSED ORDER was served this 18th day of July 2023, on all counsel of record via electronic mail and the Court's ECF system:

Amy N. Williams, Esquire
Williamson Law LLC
Law and Finance
429 Fourth Avenue, Suite 300
Pittsburgh, PA  15219
awilliamson@awilliamsonlaw.com

*Counsel for Plaintiff, Renee Zinsky*


Benjamin Webb, Esquire
Cozza Law Group, PLLC
400 Holiday Drive, Suite 210
Pittsburgh, PA 15220
bwebb@cozzalaw.com

*Counsel for Defendant, Michael Russin*


STRASSBURGER McKENNA GUTNICK
& GEFSKY


By: /s/ Jean E. Novak
   Jean E. Novak
   PA ID No. 69490