IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RENEE ZINSKY, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 2:22-cv-547-MJH |
| | ) |
| | ) Electronically Filed |
| v. | ) |
| | ) |
| | ) |
| MICHAEL RUSSIN, RUSSIN FINANCIAL, | ) |
| RUSSIN GROUP, | ) |
| | ) Jury Trial Demanded |
| Defendants. | ) |
| | ) |

**BRIEF IN SUPPORT OF MOTION FOR SANCTIONS**

**I.   BACKGROUND**

Plaintiff Renee Zinsky filed suit against Defendants Michael Russin, Russin Financial, Russin Group, American Income Life, Simon Arias, III, S.A. Arias Holdings, LLC, and Arias Agencies. Amd. Complaint, ECF No. 9. Based on Ms. Zinsky's contract, American Income Life ("AIL"), Simon Arias, III, S.A. Holdings, LLC, and Arias Agencies (collectively "Arias Defendants"), moved to compel arbitration. AIL Mot. Compel, ECF No. 17; Arias Defs.' Mot. Join AIL's Mot. Compel, ECF No. 20. By Opinion dated July 22, 2022, this Court granted the motion to compel arbitration. Op., ECF No. 37. Further proceedings in this case were be stayed (but not dismissed) as to AIL and the Arias Defendants. ECF No. 37 at 12. Additionally, Counts I through VII and XIII through XIV, were stayed as to Defendants Russin Financial and Russin Group pending arbitration. Thus, the only Defendant currently before this Court is Michael Russin.

On or about April 22, 2023, Zinsky filed a Motion for Contempt against Michael Russin. Mot. Contempt, ECF No. 68. The Motion for Contempt alleged actions of Michael Russin only. ECF No. 68. Specifically, "In sum, Defendant Russin has threatened Plaintiff, Plaintiff's counsel, two of Plaintiff's witnesses, and Plaintiff's employer on numerous occasions since the onset of this litigation." ECF No. 68 at ¶ 11. There is no mention of Mr. Arias in the Motion for Contempt. *See* ECF No. 68. On May 1, Defendant Russin responded to Zinsky's Motion for Contempt, denying all material allegations therein. ECF No. 70.

On May 4, twelve days after she filed her Motion for Contempt and three days after Defendant Russin responded to the Motion for Contempt, Zinsky filed a Brief in Support of her Motion. Pl.'s Br. Supp., ECF Nos. 71, 72.[1] Zinsky's Brief in Support did not explain why it was not filed contemporaneously with her Motion for Contempt, as is required by the Court's Standing Order and Procedures on Civil Motion Practice. Standing Order, ECF 3 at 1-2; *see* ECF Nos. 71, 72. Zinsky's Brief alleged certain actions of Russin that Zinsky believed supported her claims of contempt against him. *See* ECF Nos. 71, 72, at 2-7.[2] On May 4, Russin moved to strike the Brief in Support because it was not filed (as required by the Court's Standing Order) with the Motion for Contempt. Mot. Strike Pl.'s Br., ECF No. 73 at ¶¶ 4-8.

On May 8, Zinsky filed a Supplemental Brief in Support of the Motion for Contempt. ECF No. 74. In her Supplemental Brief, Zinsky alleged, "Due to the frequent, ongoing, and constant nature of Defendant Russin's conduct, Plaintiff was not able to file her Brief in Support of Motion

---

[1] After comparing the two separate filings of Zinsky's Brief in Support of Motion for Contempt, it appears that Zinsky replaced a missing date but made no material changes between filing ECF No. 71 and ECF. No. 72. *See* ECF Nos. 71, 72.

[2] Specifically, Plaintiff used the following headings in her Brief: Defendant Russin's Threats and Intimidation Tactics: November 2021-September 1, 2022; Defendant Russin's Threats and Intimidation Tactics: September 1, 2022-Present; Defendant Russin's Historic Violence and Threats; and Defendant Russin's Recent Violence and Threats. ECF Nos. 71, 72 at 2, 4, 6.

for Contempt as to Defendant Russin until May 4, 2023." ECF No. 74 at 2. On the same day, this Court entered the following order:

> TEXT ORDER denying [Defendant's] Motion to Strike [73]. Defendant may file any responsive brief to ECF Nos. [72] and [74] on or before May 15, 2023. ***There will be no reply brief without express order from the Court.*** Signed by Judge Marilyn J. Horan on 5/8/2023. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (bjl)

Order, ECF No. 75 (emphasis added).

On or about May 15, 2023, Russin filed his Brief in Support of Response to Plaintiff's Motion for Contempt. Br. Supp. Resp., ECF No. 80. Despite the Court's Order stating that no further brief was to be filed, on May 18, 2023, without seeking the Court's permission, Zinsky filed Plaintiff's Second Supplemental Brief in Support of Plaintiff's Motion for Contempt as to Defendant Michael Russin. Second Supp. Br., ECF No. 81. Attached to the Second Supplemental Brief was the Affidavit of Chatiqua Hemingway. Hemingway Aff., ECF No. 81-2. Although the Affidavit was allegedly filed in support of Plaintiff's Motion for Contempt against Russin, the Affidavit contained false and outrageous allegations about Simon Arias. ECF No. 81-2 at ¶¶ 4, 5, 7-9, 11-23. The paragraphs containing said allegations about Simon Arias were unrelated and irrelevant to Zinsky's Motion for Contempt filed against Russin and are unrelated and irrelevant to Zinsky's case in chief against Russin. *See* ECF No. 81-2 at ¶¶ 4, 5, 7-9, 11-23.

One day later, on May 19, 2023, Zinsky filed Plaintiff's Motion for Leave to File Plaintiff's Supplemental Briefs in Support of Motion for Contempt. Mot. Leave, ECF No. 82. Zinsky's Motion for Leave to File cited again only actions by Russin. ECF No. 82 at ¶¶ 2, 3, 5, and 6. Specifically, the Motion stated, "additional third-party witnesses have come forward attesting to *Defendant Russin's* use of violence, threats, and intimidation tactics." ECF No. 82 at ¶ 6(emphasis added). On that same day, the Court denied Zinsky's Motion for Leave to File (ECF No. 82) and

struck her Second Supplemental Brief (ECF No. 81). Order, ECF No. 83. Because the Affidavit was part of Zinsky's Second Supplemental Brief, it too was struck. *See* ECF No. 83. But the damage (as Zinsky and her attorney intended) was done.

On May 22, 2023, reporter Paul Van Osdol of local ABC affiliate WTAE contacted Arias' attorney to ask about the Affidavit of Chatiqua Hemingway, stating that he "learned of" it that day. Mr. Van Osdol was provided a copy of the Court's Order (ECF No. 83) striking Zinsky's Second Supplemental Brief. On or about May 23, 2023, Zinsky appeared on WTAE in an interview with Van Osdol about this case.

On or about June 1, 2023, Zinsky's attorney, Amy Williamson, Esquire, appeared in an interview by local NBC affiliate WPXI. Based on the timing of the interviews, it appears that Zinsky and her counsel filed the Hemingway Affidavit without permission in the hopes of getting the false allegations about Mr. Arias into news stories. The outrageous allegations were meant to embarrass and harass Mr. Arias and served no legitimate purpose relative to Zinsky's Motion for Contempt filed against Russin and Zinsky's case in chief against Mr. Russin.

On June 7, 2023, the undersigned discussed this proposed motion in a telephone call that also included counsel for Defendant Russin. During the telephone call, Arias' attorney offered alternatives to having the Affidavit sealed but stated that if a motion were filed, the basis for the motion would be violation of a court order prohibiting further filings without order of court, and she would be seeking sanctions.

On June 8, in a follow-up email to both Plaintiff's attorney and Defendant Russin's attorney, Arias' attorney provided (as an alternative to sealing the Affidavit) a proposed redacted version of the Affidavit to be substituted for version filed by Plaintiff's attorney. The redactions

related to Mr. Arias only, not to Defendant Russin. Defendant Russin's attorney had no objection to Arias' proposals.

Despite being told that the request regarding the Affidavit was based on her violation of a court order and the irrelevant, harassing, false and embarrassing information regarding a person against whom claims in this Court had been stayed, Plaintiff's counsel alleged that she did not know the basis on which the request (of Arias' counsel) was made. Therefore, Arias' attorney was unable to reach an agreement with Plaintiff's attorney regarding the Affidavit of Chatiqua Hemingway, and the Motion for Sanctions became necessary.

Arias has complied with the safe harbor provisions of Rule 11(c)(2). On June 20, 2023, the undersigned emailed and mailed (first class, postage prepaid) a copy of the proposed Motion for Rule 11 Sanctions, Proposed Order and Certificate of Service. (Attached and collectively marked as Exhibit A.)[3]

On or about July 5, after Zinsky's counsel was notified of the proposed Motion for Rule 11 Sanctions, she attached the stricken Hemingway Affidavit as Exhibit L to her Motion for Protective Order, filed against only Mr. Russin. ECF Nos. 90, 90-1.

Because proceedings in this matter have been stayed but not dismissed against Mr. Arias, he has standing to file the Motion and this Brief in Support thereof. *See* Op., ECF No. 37 at 13.

---

[3] The mailed version was returned to sender. The cover letter was mailed to the address Zinsky's attorney has on file with the Court. No change of address has been filed by Zinsky's attorney, and as recently as July 5, Zinsky's attorney filed with this Court a Motion for Protective Order (against Mr. Russin only) in which she listed her address as the address counsel used in its June 20, 2023, cover letter. Pl. Mot. Protective Order, ECF No. 89; Errata, Pl. Mot. Protective Order, No. ECF 90.

## II. **LEGAL ARGUMENT**

Federal Rule of Civil Procedure 11(b)(1) states, "By presenting to the court a …paper—whether by signing, filing, submitting, or later advocating it—an attorney… certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances… it is not being presented for any improper purpose, such as to harass…." Fed. R. Civ. P. 11(b)(1). When evaluating conduct for which Rule 11 sanctions are sought, the Third Circuit has determined that the legal standard is reasonableness under the circumstances. *Ford Motor Co. v. Summit Motor Prod., Inc.*, 930 F.2d 277, 289 (3d Cir. 1991)(citation omitted). As the Third Circuit explained in an earlier case,

> The Rule imposes an obligation on counsel and client analogous to the railroad crossing sign, "Stop, Look and Listen." It may be rephrased, "Stop, Think, Investigate and Research" before filing papers either to initiate a suit or to conduct the litigation. These obligations conform to those practices which responsible lawyers have always employed in vigorously representing their clients while recognizing the court's duty to serve the public efficiently. It bears repeating that *the target is abuse—*

*Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 482 (3d Cir. 1987)(emphasis added). "In scrutinizing a filed paper …courts must apply an objective standard of reasonableness under the circumstances." *Mary Ann Pensiero, Inc. v. Linde*, 847 F.2d 90, 94 (3d Cir. 1988) (citing *Snow Machines, Inc. v. Hedco, Inc.*, 838 F.2d 718, 727 (3d Cir. 1988); *Colburn v. Upper Darby Township*, 838 F.2d 663, 667 (3d Cir. 1988)). That is, "the attorney's conduct must be judged by 'what was reasonable to believe at the time the pleading, motion, or other paper was submitted.'" *Id.* (citing Fed.R.Civ.P. advisory committee note; *Eavenson, Auchmuty & Greenwald v. Holtzman*, 775 F.2d 535, 540 (3d Cir. 1985). If, after reviewing the attorney's conduct, sanctions are deemed to be appropriate to curb abuse, such sanctions "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

The Supreme Court recognized that sanctions are powerful and should "be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 111 S. Ct. 2123, 2132, 115 L. Ed. 2d 27 (1991)(citation omitted). Courts have discretion "to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* 501 U.S. at 44-45, 111 S. Ct. at 2133. Sanctions may be assessed when a party "act[s] in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* 501 U.S. at 45-46, 111 S. Ct. at 2133(citations omitted). Sanctions also may include assessment of attorneys' fees when a party willfully disobeys a court order. *Id.* 501 U.S. at 44-45, 111 S. Ct. at 2133(citation omitted).

As explained below, Zinsky's filing of an Affidavit containing false and outrageous allegations about Mr. Arias in support of her Motion for Contempt against Russin was not reasonable; it was abuse, just the behavior for which Rule 11 sanctions were designed. In order to deter such conduct, sanctions must be imposed, including substituting the Hemingway Affidavit with a redacted version, prohibiting Zinsky and her attorney from using the unredacted Hemingway Affidavit for any purpose, awarding attorneys' fees to Arias' counsel, and admonishing Zinsky's counsel to prevent her from continuing her on-going pattern of ignoring court rules and orders.

### A. *The Affidavit Filed by Zinsky was Not Reasonable Under the Circumstances and Should be Redacted.*

Zinsky's filing of the Hemingway Affidavit was not reasonable under the circumstances because it bore no relationship to the allegations contained in her Motion for Contempt or her case in chief against Russin. Her entire Motion for Contempt was directed to Defendant Russin and his behavior. There was no pending Motion for Contempt against Arias. Indeed, all claims against Arias in this Court have been stayed in favor of AAA arbitration. The Hemingway Affidavit

contains explicit, scandalous, false allegations[4] against Arias and unrelated to the Motion for Contempt and the case in chief against Russin. The allegations against Arias were not part of prior filings in this Court or elsewhere. By signing the brief to which the Hemingway Affidavit was attached, Zinsky's attorney "certifie[d] that [she] ha[d] read the document, ha[d] conducted a reasonable inquiry into the facts and the law and [was] satisfied that the [Affidavit was] well-grounded in both, and [was] acting without improper motive" at the time the Affidavit was filed. *See Matin v. Brown*, 151 F.R.D. 580, 585 (1993)(citations omitted). There simply is no reasonable, objective ground on which Zinsky and her attorney can rely to support the filing of the Hemingway Affidavit.

The Hemingway Affidavit was clearly designed as a means of harassing and embarrassing Arias. It was (at best) tangentially related to Russin. The real target was Arias, who was in no way implicated in the Motion for Contempt for which the Hemingway Affidavit was filed. The filing was a calculated smear campaign orchestrated by Zinsky's attorney. That position is supported by what followed. Only *after* Zinsky's attorney filed the Second Supplemental Brief did she seek permission to file. She knew when she filed her Second Supplemental Brief that it was noncompliant with a valid court order. The noncompliant filing was not a mistake. It was the attorney's way of getting before the public false, outrageous claims that she could not make without the protection of privilege. Had she made the claims directly to the press, she would have risked a suit for defamation. Instead, she filed the Hemingway Affidavit then claimed privilege. Such behavior is not only abuse of the judicial process; it is reprehensible. There is no reasonable

---

[4] The allegations will not be repeated here. The Court has access to the Affidavit, and repeating the allegations only creates yet another document to which opposing counsel will direct media sources.

circumstance to which Zinsky's attorney can point that would make the filing of an affidavit containing such ridiculous allegations about Mr. Arias anything but harassment.

Arias' position is bolstered by the actions of Zinsky and her attorney in and around the time the Hemingway Affidavit was filed. Zinsky's counsel knew that seeking permission to file yet another brief might be unsuccessful. But if she filed without Court permission, whatever she filed would be available publicly at least long enough for her to provide it to the media. They hoped to have the local news media report the spurious allegations.

Zinsky's counsel is aware of her responsibilities. As she set forth in her Briefs, failure to follow a court order or decree is contempt subjecting the violator to sanctions. *See* ECF Nos. 71, 72 at 7-8, 10[5]; 74 at 3; 81 at ¶ 12.a.[6] Her behavior is literally contemptible. Zinsky's attorney filed the Second Supplemental Brief (with the offending Affidavit) before obtaining the Court's permission to do so because she intended to use it as part of Zinsky's interview with Paul Van Osdol. The Affidavit served no other purpose relative to the Motion for Contempt filed against Russin. Unfortunately for Zinsky, Mr. Van Osdol didn't take the bait.

The behavior exhibited by Zinsky and her attorney is exactly the abuse Rule 11 is designed to address. Therefore, redaction of the Hemingway Affidavit, prohibition regarding the use of the unredacted version of the Hemingway Affidavit, an award of attorneys' fees, and admonishment of Zinsky's attorney, are appropriate under the Court's power to craft an appropriate remedy.

---

[5] As explained in Defendant Russin's response to the Motion for Contempt, Zinsky incorrectly cited Rule 37 in support of her request for sanctions, but Rule 37 relates to discovery only. *See* Fed. R. Civ. P. 37. Her argument is cited here to only reinforce the position that Zinsky's attorney knows that failure to abide by an order of court is sanctionable behavior.

[6] Although this document has been stricken from the record, it has not been removed from the public docket. It is cited here to establish that Zinsky's attorney knows that failure to abide by an order of court is a basis for the imposition of sanctions.

### III. **CONCLUSION**

Based upon the foregoing, Simon Arias respectfully requests that the Court grant his Motion for Sanctions and enter an award of the following sanctions against Zinsky and her counsel, Amy Williamson, Esquire:

a) Order the Clerk of Courts to redact paragraphs 14-18 of the Hemingway Affidavit (wherever it appears) from public view;

b) Prohibit Plaintiff Renee Zinsky and her counsel Amy Williamson, Esquire, from using the unredacted Hemingway Affidavit for any purpose;

c) Order Plaintiff Renee Zinsky and her counsel Amy Williamson, Esquire, to pay Arias' reasonable counsel fees in preparing and presenting this Motion;

d) Admonish Ms. Williamson for her misconduct; and

e) Grant other such relief as the Court deems appropriate.

Respectfully submitted,

STRASSBURGER McKENNA GUTNICK
& GEFSKY

By: /s/ Jean E. Novak
    Jean E. Novak
    Pa. Id. #69490

    Four Gateway Center, Suite 2200
    444 Liberty Avenue
    Pittsburgh, PA 15222
    T - (412) 281-5423
    F - (412) 281-8264

    *Counsel for Simon Arias, III*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing BRIEF IN SUPPORT was served this 18th day of July 2023, on all counsel of record via electronic mail and the Court's ECF system:

Amy N. Williams, Esquire
Williamson Law LLC
Law and Finance
429 Fourth Avenue, Suite 300
Pittsburgh, PA 15219
awilliamson@awilliamsonlaw.com

*Counsel for Plaintiff, Renee Zinsky*

Benjamin Webb, Esquire
Cozza Law Group, PLLC
400 Holiday Drive, Suite 210
Pittsburgh, PA 15220
bwebb@cozzalaw.com

*Counsel for Defendant, Michael Russin*

STRASSBURGER McKENNA GUTNICK
& GEFSKY

By: /s/ Jean E. Novak
    Jean E. Novak
    PA ID No. 69490