



Portfolio Media. Inc. | 111 West 19th Street, 5th floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# Sanctions Sought For 'Outrageous' Affidavit In Workplace Suit

By **Matthew Santoni**

Law360 (July 19, 2023, 9:32 PM EDT) -- A former defendant in an ex-insurance agent's lawsuit alleging a toxic work environment says the plaintiff improperly filed a witness affidavit with "outrageous" accusations against him in a bid for media attention and that he is seeking sanctions.

The affidavit was included in Renee Zinsky's requests for a finding of contempt and a protective order against her former boss Michael Russin, who is still a defendant in the case. Zinsky's exhibits included a copy of a May 17, 2023, deposition of a third party, Chatiqua Hemingway, that allegedly corroborated "defendant Russin's intimidation tactics, threats, and violence."

But former co-defendant Simon Arias filed a motion Tuesday that said the inclusion of Hemingway's affidavit was a backdoor way of bringing attention back to Zinsky's claims against him and his life insurance company Arias Agencies — claims that had been sent to arbitration earlier in the case — while dredging up Hemingway's accusations against him personally.

"The Hemingway affidavit was clearly designed as a means of harassing and embarrassing Arias. It was (at best) tangentially related to Russin," Arias said in his **brief in support** of his motion for sanctions against Zinsky and her attorney. "It was the attorney's way of getting before the public false, outrageous claims that she could not make without the protection of privilege. Had she made the claims directly to the press, she would have risked a suit for defamation."

Arias asked the court to make Zinsky pay attorney fees related to the sanctions motion and to restrict how she could use the contested affidavit in her case against Russin. In an order Wednesday, U.S. District Judge Marilyn Horan gave the parties until July 26 to respond.

Zinsky had sued Russin, American Income Life Insurance Co., Arias and Arias Agencies in April 2022, alleging that the Pittsburgh-area insurance office where she worked fostered a toxic and cult-like environment rife with misogyny, sexual harassment, substance abuse and violence.

Judge Horan sent Zinsky's claims against American Income Life Insurance, Arias and Arias Agencies to arbitration in July 2022 based on her employment contract, but allowed her claims against Russin to continue in court. In April 2023, she filed a motion for contempt against Russin, claiming he made threats against her online and on his podcast.

Arias said that Zinsky filed several briefs in May to support her motion for contempt, although none were filed with the court's permission. The exhibits in one of those briefs included Zinksy's first use of the affidavit from Hemingway, a personal trainer and board member of a youth fitness program.

Although the affidavit included Hemingway's own claims about observing "a misogynistic, sexist, and toxic workplace culture at AIL and Arias Agencies which was driven by the AIL male leaders such as Arias and Russin," it also included accusations specific to Arias.

Calling those accusations "false and outrageous," the sanctions brief said they were "unrelated and irrelevant" to the remaining case against Russin.

Zinsky's contempt brief had been filed improperly, so the court struck it and its exhibits, including the affidavit, but Arias said "the damage (as Zinsky and her attorney intended) was done," because local news media following the story of a toxic environment at a local insurance office started asking about

the affidavit and interviewing Zinsky and her attorney.

Arias said his attorney warned Zinsky's counsel that he might seek sanctions and proposed filing a redacted version of the affidavit, but the **motion for a protective order** that Zinsky filed July 3, accusing Russin of further intimidation and threats, reintroduced the full version of Hemingway's claims in its exhibits.

"Zinsky's filing of an affidavit containing false and outrageous allegations about Mr. Arias in support of her motion for contempt against Russin was not reasonable; it was abuse, just the behavior for which Rule 11 sanctions were designed," the brief said.

Zinsky's filing of the brief and its exhibits without permission were not an oversight, but a deliberate choice to make the documents publicly available through the court docket long enough for them to be disseminated through the media, Arias's brief said. Russin's July 12 response to the request for a protective order noted that Zinsky hadn't followed the court's procedures for that motion either, by failing to meet and confer with Russin's counsel before filing.

Zinsky's attorney Amy N. Williamson told Law360 she would oppose the motion for sanctions, calling it improper under the Federal Rules of Civil Procedure.

Counsel for Arias declined to comment Wednesday. Counsel for Russin did not immediately respond to requests for comment.

Arias and the Arias Agencies are represented by Jean E. Novak of Strassburger McKenna Gutnick & Gefsky.

Zinsky is represented by Amy N. Williamson of Williamson Law LLC and Janice M. Savinis, John R. Kane and Michael J. Gallucci of Savinis Kane & Gallucci LLC.

Russin is represented by Benjamin D. Webb of Cozza Law Group PLLC.

The case is Renee Zinsky v. Michael Russin et al., case number 2:22-cv-00547, in the U.S. District Court for the Western District of Pennsylvania.

--Additional reporting by Patrick Hoff. Editing by Jill Coffey.

All Content © 2003-2023, Portfolio Media, Inc.