### IN THE UNITED STATES DISTRICT COURT FOR
### THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RENEE ZINSKY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:22-cv-547-MJH |
| | ) | |
| | ) | Electronically Filed |
| v. | ) | |
| | ) | |
| | ) | |
| MICHAEL RUSSIN, RUSSIN FINANCIAL, | ) | |
| RUSSIN GROUP, | ) | |
| | ) | Jury Trial Demanded |
| Defendants. | ) | |
| | ) | |

## RESPONSE TO PLAINTIFF'S F.R.C.P 60(b) MOTION FOR RELIEF FROM ORDER OF COURT AND TO STAY ARBITRATION

Arias Organization[1], S.A. Arias Holdings, LLC, and Simon Arias, III (collectively, "Arias"), as set forth below, respectfully request an order denying the "F.R.C.P. 60(b) Motion for Relief from Order of Court and to Stay Arbitration" filed by Plaintiff Renee Zinsky ("Zinsky"), and in support thereof respond as follows:

1.      Admitted that this Court granted the Motions to Compel Arbitration as to American Income Life Company (AIL), Simon Arias, Arias Agencies, and S.A. Arias Holdings, LLC, and stayed proceedings against those parties. ECF No. 37.  Denied that Zinsky's signatures on "a number of… Agent Contracts between the parties are forgeries."

2.      Denied that the parties are "conferring on and/or litigating motions to compel." Discovery in arbitration has closed.  Further denied that Zinsky "has been moving steadily towards an (*sic*) arbitration."

---

[1] Formerly, Arias Agencies.

3.      Denied that intervention by this Court is necessary based on the actions of the EEOC and/or "fraud and forgery" alleged by Zinsky.  To the contrary, the EEOC's "Notice of Intent to Reconsider," dated November 21, 2023, specifically stated, "[T]his notice of intent to reconsider shall not vacate the Notice of Right to Sue that was issued on 6/29/2022." Motion, Ex. 1, ECF No. 111-1.

4.      Admitted only that on or about November 21, 2023, the EEOC issued a "Notice of Intent to Reconsider."   Denied that the EEOC is "now investigating both…AIL and Arias for the sexual harassment of…Zinsky."

5.      Admitted only that the EEOC revoked its dismissal of Zinsky's charge against Arias Organization and stated that its investigation of the charge would continue. The "Notice of Intent to Reconsider" speaks for itself.

6.      Arias is without information or knowledge about what was received by AIL. Therefore, the allegations of paragraph 6 are denied.

7.      The statements of paragraph 7 are legal conclusions to which no response is required.  To the extent that a response is required, denied that paragraph 7 describes binding law for this jurisdiction.

8.      Arias is without information or knowledge about what Zinsky's counsel has done.  Therefore, the allegations of paragraph 8 are denied.

9.      The statements of paragraph 9 are legal conclusions to which no response is required.  To the extent that a response is required, denied that paragraph 9 is a complete recitation of Federal Rule of Civil Procedure 60.  More specifically, Federal Rule of Civil Procedure 60(c)(1) provides that when seeking relief under section (b)(2), the motion must be made within a "reasonable time… no more than a year after the entry of the… order…." Fed.

R. Civ. P. 60(c)(1). This Court's Order compelling arbitration was signed on July 22, 2022, more than one year before Zinsky moved for relief. ECF No. 37. As for Zinsky's reliance on section (b)(6), denied that alleging her own signature was forged constitutes a "reason that justifies relief." *See* Fed. R. Civ. P. 60(b)(6). Zinsky admitted in her Complaint and Amended Complaint, both of which were filed in April 2022, that she signed agent agreements with AIL. *See* ECF No. 1, ¶¶ 26, 27 n.1, 164, 172, 174; ECF No. 9, ¶¶ 26, 27 n.1, 169, 177, 179.

10. The Court's Opinion and Order compelling the case against Arias and AIL to arbitration speaks for itself. ECF No. 37.

11. The statements of paragraph 11 are legal conclusions to which no response is required. To the extent that a response is required, denied that the EEOC "re-opening an investigation" is "unparalleled." Further denied that arbitration will deprive Zinsky of the protections of the EEOC[2] and/or Title VII.

12. Denied that Zinsky's signatures were "forged." As stated above, she admitted in her Complaint and Amended Complaint that she signed the agreements. *See* ECF No. 1, ¶¶ 26, 27 n.1, 164, 172, 174; ECF No. 9, ¶¶ 26, 27 n.1, 169, 177, 179. Further denied that the allegation of forgery is "newly discovered evidence." Zinsky is an adult who is capable of recognizing her own signature. If she had doubts about her signature, she could have raised this issue when the Motion to Compel was before this Court. She did not.

13. Admitted that Arias and AIL oppose staying arbitration. By way of further answer, Arias notes that the arbitration panel has denied Zinsky's request to stay arbitration.

---

[2] For completeness, Arias notes that Zinsky is incorrect about how the EEOC litigates a private matter. If a matter is to be litigated after a finding at the EEOC, the Office of General Counsel, not the Attorney General, "conducts litigation on behalf of the EEOC…. The EEOC has the authority to sue nongovernmental employers for violations of Title VII of the Civil Rights Act…."
https://www.eeoc.gov/litigation#:~:text=The%20Office%20of%20General%20Counsel,EEOC%20is%20charged%20with%20enforcing.

Arias also notes that as of the time of this Response, in arbitration, Zinsky is facing Motions for Summary Judgment filed by both Arias and AIL.

14.     Denied that the EEOC's actions are "exceptional."

15.     Denied as stated.  An employee may file a lawsuit under Title VII only after receiving a right to sue letter from the EEOC.  An independent contractor is not covered by Title VII.  Therefore, an independent contractor is not within the jurisdiction of the EEOC. Only if the EEOC makes a finding that Zinsky is an employee will it investigate whether there is merit to her charge.  As for the reminder of paragraph 15, it contains legal conclusions to which no response is required.  To the extent a response is required, the same are denied.

16.     Paragraph 16 contains legal conclusions to which no responses are required.  To the extent that a response is required, denied that the EEOC "delayed its mandate."  To the contrary, it issued a right to sue letter, which it has not revoked.  As such, Zinsky is not harmed by her case being heard in arbitration.

17.     Paragraph 17 contains legal conclusions to which no responses are required.  To the extent that a response is required, all conclusions are denied.

18.     Paragraph 18 contains legal conclusions to which no responses are required.  To the extent that a response is required, all conclusions are denied.

19.     Paragraph 19 contains legal conclusions to which no responses are required.  To the extent that a response is required, all legal conclusions are denied.  The EEOC letter speaks for itself.

20.     Paragraph 20 contains legal conclusions to which no responses are required.  To the extent that a response is required, all conclusions are denied.

21.     Paragraph 21 contains legal conclusions to which no responses are required.  To the extent that a response is required, all conclusions are denied. Zinsky misstates the status of the EEOC matter.  The EEOC has not determined that her charge has merit.  It has only reopened its investigation.  Additionally, it is again noted that Zinsky misstates (in footnote 7) how the EEOC conducts litigation.  The EEOC's Office of General Counsel (not the Attorney General) litigates matters involving private organizations.

22.     Paragraph 22 contains legal conclusions to which no responses are required.  To the extent that a response is required, all conclusions are denied.  The EEOC's investigation is being conducted even as arbitration continues.  Therefore, a stay of arbitration is not necessary to allow the EEOC to complete its duties.  Additionally, should the EEOC find it necessary to pursue Ms. Zinsky's allegations in litigation, the EEOC's Office of General Counsel will litigate.

> a.     Subparagraph 22.a. contains legal conclusions to which no responses are required.  To the extent that a response is required, all conclusions are denied.  Zinsky's Motion to Compel has been denied by the arbitration panel.  As for her allegations regarding witnesses, Zinsky failed to pursue available means of compelling witnesses to appear for deposition.  By way of further answer, denied that Congress granted the EEOC "investigatory powers...to obtain information and redress that might otherwise be prevented by employers through private means."

23.     Paragraph 23 contains legal conclusions to which no responses are required.  To the extent that a response is required, all conclusions are denied.  Specifically, denied that staying arbitration "thwarts" the EEOC's purpose.  Further denied that Arias is "blocking the

EEOC's endeavors."   To the contrary, Arias has been cooperating with the EEOC in this matter.

24.     Paragraph 24 contains legal conclusions to which no responses are required.   To the extent that a response is required, all conclusions are denied.   Paragraph 24 is nothing more than misstatements and wishful thinking by Zinsky.   There has been no finding by the EEOC that Arias employed Zinsky.   There has been not finding that her allegations of discrimination and harassment have merit.   Furthermore (and yet again), even if the EEOC would find Zinsky's charge to have merit, the Department of Justice would not litigate the matter. As for the remaining issues in the paragraph, the arbitration panel has not ruled on the Motions for Summary Judgment.   Therefore, any representations by Zinsky regarding the outcome of those motions is speculative.   As for Zinsky's concerns about the purpose of Title VII, had the EEOC, which is charged with enforcing Title VII, been concerned about arbitration "spoil[ing] the purpose behind Title VII" it could have acted to stay arbitration.   It did not.

25.     Paragraph 25 contains legal conclusions to which no responses are required.   To the extent that a response is required, all conclusions are denied.   The information contained in Paragraph 25 is irrelevant to the instant matter.   Zinsky received a "right-to-sue" letter from the EEOC.

26.     Arias is without knowledge, information or belief as to Zinsky's intent. Therefore, Arias denies the allegations of Paragraph 26 and specifically denies that the EEOC "revers[ed] its dismissal of sexual harassment claims against AIL/Arias."   Arias further denies Zinsky's claims of forgery.

27.     Paragraph 27 contains legal conclusions to which no responses are required.  To the extent that a response is required, all conclusions are denied.[3]  Specifically denied that the alleged forgeries on "hiring documents" invalidate the contract on which this Court relied when referring this matter to arbitration.  To the contrary, Zinsky herself admitted that she signed August 2021 agreement on which the Court relied.  *See* ECF No. 1, ¶¶ 26, 27 n.1, 164, 172, 174; ECF No. 9, ¶¶ 26, 27 n.1, 169, 177, 179.

28.     Paragraph 28 contains legal conclusions to which no responses are required.  To the extent that a response is required, all conclusions are denied.  Arias states that Zinsky's Complaint and Amended Complaint both contain admissions that she signed agent agreements and did so throughout her time as an agent.  *See* ECF No. 1, ¶¶ 26, 27 n.1, 164, 172, 174; ECF No. 9, ¶¶ 26, 27 n.1, 169, 177, 179.  At no time did she question whether she had signed such documents.  In fact, she testified under oath that she signed her agent agreements.  Her allegation now that her own signature is a forgery strains credulity.  As for the report on which Zinsky relies, it appears that the author found that only some signatures on "Pre-Contracting Acknowledgments and Certificate Documents" were not Zinsky's signatures.  Although Arias disputes the findings, it notes that the report does not state that Zinsky's signatures on her agent agreements were "forged."

29.     Paragraph 29 contains legal conclusion to which no responses are required.  To the extent that a response is required, all conclusions are denied.  Arias denies that the signatures of the other person were "forged."  Arias also denies that the other matter described is relevant to Zinsky's matter.

---

[3] By denying the allegations, Arias does not admit that Zinsky properly raised in federal court the issue of alleged forgery as to Defendants AIL and Arias.

30.     Paragraph 30 contains legal conclusion to which no responses are required.  To the extent that a response is required, all conclusions are denied.  Arias denies that the signatures of the other person were "forged."  Arias also denies that the other matter described is relevant to Zinsky's matter.  Additionally, Arias notes that Zinsky does not allege that her signature was "forged" on her agent agreements.  Instead, she alleges that she "identified four signatures that she did not believe were her signatures."

31.     Paragraph 31 contains legal conclusion to which no responses are required.  To the extent that a response is required, all conclusions are denied.  Arias denies that forgery has been established in Mayfield's case and that Pharaon's allegations establish a "pattern" of forgeries.  Arias is without knowledge as to why Zinsky retained the services of Dresbold. Arias denies that Dresbold's report is properly before this Court.

32.     Paragraph 32 contains legal conclusion to which no responses are required.  To the extent that a response is required, all conclusions are denied.  Arias denies that Zinsky has established forgery of her agent agreements.  To the contrary, she has not questioned her signatures on her agent agreements; she has questioned only four (4) signatures on ancillary documents.  Thus, the Court properly referred this matter to arbitration.  As for the EEOC investigation, as stated above, there has been no finding of discrimination.  Therefore, there is no reason to "pause" arbitration.

33.     Paragraph 33 contains legal conclusion to which no responses are required.  To the extent that a response is required, all conclusions are denied. Arias denies that the issues raised by Zinsky are broad and complex enough to warrant oral argument.

WHEREFORE, Arias Organization, S.A. Arias Holdings, LLC, and Simon Arias, III, respectfully requests the Court deny Plaintiff's Federal Rule of Civil Procedure 60(b) Motion for

Relief from Order of Court and to Stay Arbitration.  A brief in support of Arias' Response is being

filed contemporaneously. A proposed Order also is filed contemporaneously with this Response.

Dated: February 1, 2024

Respectfully submitted,

STRASSBURGER McKENNA GUTNICK &
GEFSKY

*/S/ Jean E. Novak*
Jean E. Novak
Pa. ID No. 69490
jnovak@smgglaw.com
Four Gateway Center, Suite 2200
444 Liberty Avenue
Pittsburgh, PA 15222
(412) 281-5423

*Counsel for Arias Organization, S.A. Arias Holdings,
LLC, and Simon Arias, III*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing RESPONSE TO PLAINTIFF'S F.R.C.P 60(b) MOTION FOR RELIEF FROM ORDER OF COURT AND TO STAY ARBITRATION, BRIEF IN SUPPORT, and PROPOSED ORDER were served via the Court's Case Management/Electronic Case Files (CM/ECF) system and Email, this 1st day of February 2024, on the following:

Amy N. Williamson, Esquire
WILLIAMSON LAW LLC
355 Parkway Drive
Pittsburgh, PA 15228
awilliamson@awilliamsonlaw.com

John R. Kane, Esquire
Janice Savinis, Esquire
Michael Gallucci, Esquire
SAVINIS KANE & GALLUCCI, LLC
436 Seventh Avenue
Suite 700, 436 Koppers Building
Pittsburgh, PA 15219
jkane@sdklaw.com
jsavinis@sdklaw.com
mgallucci@sdklaw.com
*(Counsel for Renee Zinsky)*

Jeffrey M. Hammer, Esquire
Anne R. Dana, Esquire
James A. Unger, Esquire
KING & SPALDING, LLC
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
JHammer@KSLAW.com
junger@kslaw.com
ADana@KSLAW.com
*(Counsel for American Income Life Insurance Company)*

STRASSBURGER McKENNA GUTNICK
& GEFSKY

/s/ Jean E. Novak

_____

Jean E. Novak