IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RENEE ZINSKY, | Civil Action No. 2:22-cv-547(MJH) |
| Plaintiff, | The Honorable Marilyn J. Horan |
| vs. | |
| MICHAEL RUSSIN, RUSSIN FINANCIAL, RUSSIN GROUP, SIMON ARIAS, III, ARIAS AGENCIES, S.A. ARIAS HOLDINGS, LLC, AMERICAN INCOME LIFE INSURANCE COMPANY, | ELECTRONICALLY FILED |
| Defendants. | JURY TRIAL DEMANDED |

**AMERICAN INCOME LIFE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S F. R. C. P. 60(b) MOTION FOR RELIEF FROM ORDER OF COURT AND TO STAY ARBITRATION**

## I. INTRODUCTION

This Court compelled Plaintiff's claims against American Income Life Insurance Company ("AIL") and the Arias Defendants to arbitration eighteen months ago. Dkt. 37. The arbitration hearing is scheduled for March 2024. The Panel presiding over the arbitration has already denied Plaintiff's motion to stay the arbitration indefinitely, holding that the requested stay lacks "support in law or common sense." Plaintiff now seeks the same relief from this Court, which should be denied for numerous independent reasons.

*First*, "district courts may not review interlocutory rulings by an arbitration panel," *Goldman v. Citigroup Glob. Markets, Inc.*, No. 12-CV-4469, 2013 WL 12249488, at *2 (E.D. Pa. Jan. 31, 2013), and Plaintiff may not attempt an end-run around the Panel's ruling by seeking the same relief from this Court.

*Second*, the Panel correctly concluded that Plaintiff's request for stay was based on "unfounded speculation" regarding the hypothetical actions the EEOC might take in the future. Like the Panel, the Court should reject Plaintiff's request for an open-ended stay based on the theoretical implications of the EEOC's investigation.

*Third*, Rule 60(b) requires that any request for relief based on new evidence must be made no more than one year after the Court's order compelling arbitration was issued, and Plaintiff waited 18 months to raise her new forgery allegation and thus the request is untimely.

*Fourth*, the document that Plaintiff claims was forged **is not the Agent Contract on which the Court based its order compelling arbitration**. As to that document—which is not an agent contract—Plaintiff's expert did not submit the supposedly forged document and, in any event, Plaintiff admitted at her deposition that it was her signature on the document. Plaintiff has thus failed to demonstrate that she is entitled to the extraordinary relief she seeks under Rule 60(b).

1

There is no basis for the Court to revisit its decision to compel arbitration and Plaintiff's motion should be denied.

## II. BACKGROUND

Plaintiff filed this action on April 11, 2022, and alleged that she signed multiple Agent Contracts with AIL, Dkt. 1 (Compl.) at ¶ 26, and that "[m]ost recently" Plaintiff "enter[ed] into an Agent Contract in August 2021," *id.* at ¶ 27. Plaintiff attached a copy of the August 2021 contract and included a claim alleging that AIL and the Arias Defendants breached the Agent Contract. *Id.* ¶¶ 157-62, Ex. A. Plaintiff reasserted the same allegations and attached the Agent Contract to her Amended Complaint. Dkt. 9 at ¶¶ 26-27, 157-62, Ex. A.

AIL and the Arias Defendants filed a motion to compel arbitration based on the terms in the August 2021 Agent Contract and, on July 22, 2022, this Court granted the motion and stayed this action as to AIL and the Arias Defendants. Dkt. 37. Plaintiff initiated arbitration with the AAA on September 27, 2022. Declaration of Jeffrey M. Hammer ("Hammer Decl.") at ¶ 2.

On December 6, 2023, with the arbitration hearing scheduled for March 2024, Plaintiff moved the three-arbitrator Panel[1] to stay the arbitration based on the three-sentence Notice of Intent to Reconsider ("Notice") issued by the EEOC. Hammer Decl. ¶ 4, Ex. A[2]; Dkt. 111-1, 111-2. Plaintiff contended that the Notice, which clearly states that "this notice of intent to reconsider shall <u>not vacate</u> the Notice of Right to Sue that was [previously] issued," Dkt. 111-1, 111-2 (emphasis added), warranted an indefinite stay. On December 19, 2023, the Panel denied Plaintiff's motion to stay, holding that Plaintiff's "unfounded speculation" regarding the impact of the Notice "fails to amount to good cause" for a stay. Hammer Decl., Ex. A.

---

[1] Carole Katz (Chair), Melvin L. Vatz, and Stephen H. Jordan. Hammer Decl. ¶ 3.
[2] The Panel's December 19, 2023 Order denying Plaintiff's motion to stay, Ex. A, as well as limited excerpts from Plaintiff's deposition in the arbitration, Ex. B, are subject to a protective order in the arbitration but are attached hereto with the Panel's permission.

On January 24, 2024, Plaintiff filed the instant motion seeking a stay on the same grounds as those denied by the Panel.[3] Plaintiff now seeks to challenge the Panel's decision and alleges, for the first-time, that her signature on a pre-contract notice and acknowledgement signed in February 2019 is a forgery. Plaintiff did not attach that document and does not claim that the operative August 2021 Agent Contract—which served as the basis for Court's decision compelling arbitration—or any of the other agent contracts that Plaintiff signed agreeing to arbitrate all disputes with AIL and the Arias Defendants were forged. *See* Dkt. 111.

### III. PLAINTIFF'S MOTION MUST BE DENIED

#### A. *Plaintiff's Motion Is an Improper Attempt to Challenge the Panel's Ruling*

##### 1. Interim Arbitration Rulings Are Not Subject to Judicial Review

Plaintiff glosses over the Panel's denial of her motion to stay—acknowledging it only in a single footnote, Mot. at 2, fn. 2—because Plaintiff is not permitted to challenge such an interim arbitral ruling before this Court.

It is well-established that "[d]istrict courts may only vacate or confirm arbitration decisions that involve a *final award*." *Egan Jones Ratings Co. v. Pruette*, No. CV 16-MC-105, 2017 WL 345633, at *1 (E.D. Pa. Jan. 24, 2017) (emphasis added) (citation omitted). "Under the Federal Arbitration Act, a district court does not have the power to review an interlocutory ruling by an arbitration panel . . . ." *Michaels v. Mariform Shipping, S.A.*, 624 F.2d 411, 414 (2d Cir. 1980); *see*

---

[3] In an attempt to circumvent the Court's 10-page (double-spaced) limit for non-dispositive motions, (Standing Order and Procedures, Dkt. 3, Rule 6(b)) and contrary to the Court's requirement that a "motion should consist of a document setting forth, in a short and plain statement, the specific relief sought and the factual and legal grounds for the relief sought," (Standing Order and Procedures, Dkt. 3, Rule 1(a)), Plaintiff filed an 11-page single-spaced "Motion," Dkt. 111, and an 11-page supporting brief, Dkt. 112, both of which contain arguments and factual allegations. For the purposes of this opposition, AIL refers to these memoranda as Plaintiff's "Motion" and "Brief," respectively.

*also Chamberlain Mfg. Co. v. Loc. Lodge No. 847*, 474 F. Supp. 2d 682, 687 (M.D. Pa. 2007) ("courts' ability to interfere with the decisions of an arbitrator is extremely limited").

The "language" of the FAA is "unambiguous: it is only after an award has been made by the arbitrators that a party can seek to attack any of the arbitrators' determinations in court, by moving either to vacate the award, or to modify or correct it." *Michaels*, 624 F.2d at 414 (citing 9 U.S.C. § 10). "Thus…a district court is without authority to review the validity of arbitrators' rulings prior to the making of an award. Where, as here, arbitrators make an interim ruling that does not purport to resolve finally the issues submitted to them, judicial review is unavailable." *Id.* Plaintiff may not seek the same relief from the Court that the Panel has already denied, and Plaintiff's motion must be denied.

### 2. The Panel Correctly Denied Plaintiff's Motion to Stay the Arbitration

Plaintiff hyperbolically and inaccurately describes the EEOC's three-sentence Notice of Intent to Reconsider, which explicitly states it does not vacate Plaintiff's right to sue, as an "ultrarare action[4] that has truly spun the instant circumstances into a hurricane." Mot. at ¶ 4.

The EEOC has not made any determination beyond reopening its investigation. As the Panel properly determined, "[j]ust because the EEOC reopens an investigation does not necessarily mean it has made a decision to file its own suit." Hammer Decl., Ex. A. Yet Plaintiff's request for a stay continues to be predicated entirely on speculation that ignores the facts. For example, she argues that the EEOC will definitively file a lawsuit (Br. at 5); that the EEOC will issue a finding

---

[4] Contrary to this unsupported assertion, numerous cases note the EEOC's reopening of investigations for various reasons. *See e.g., Ebbert v. DaimlerChrysler Corp.*, 319 F.3d 103, 107 (3d Cir. 2003) ("[Plaintiff] was told that the earlier letter had been premature and the EEOC had decided to reopen her case. Then after further investigation, the EEOC again decided to dismiss her case."); *Ehnert v. Steamfitters Loc. 449*, 2019 WL 1649942, at *2 (W.D. Pa. Mar. 11, 2019), ("the EEOC issued a Notice of Intent to Reopen Investigation…[and] subsequently issued a second Right to Sue Letter…"); *Hall v. E.I. du Pont de Nemours and Co.*, 967 F. Supp. 2d 1048, 1058 (D. Del. 2013), *aff'd*, 586 F. App'x 860 (3d Cir. 2014) (noting EEOC reopening of matter).

4

in Plaintiff's favor (*id*. at 8); and that the Third Circuit may be required to address issues on appeal (*id*. at 5). Plaintiff's unfounded assertions fall far short of meeting her burden to provide "compelling reasons" for the "extraordinary relief" of a stay. *United States v. Breyer*, 41 F.3d 884, 893 (3d Cir. 1994).

In reality, the EEOC previously dismissed Plaintiff's Charge and numerous courts have determined that AIL sales agents are independent contractors.[5] Moreover, as the Panel recognized, the EEOC has "reopened cases and then dismissed them again" and Plaintiff cannot "cite a single case in which a private action brought after receiving a right to sue letter from the EEOC was stayed pending further investigation or reconsideration by the EEOC." Hammer Decl., Ex. A.

Plaintiff also argues without support that "when the EEOC changes its position…it could be determined that reversal of the investigation by the EEOC equates to reversal of the right to sue." Br. at 6-7. But the EEOC *did* issue a Right to Sue letter, Plaintiff exercised her private right of action, and the EEOC made clear that this right has not been revoked.

Plaintiff instead doubles down on her argument that a stay is appropriate based on the four factors courts consider when making such a determination. Br. at 1-2. Plaintiff's arguments fail.

*First*, as to the length of the stay, Plaintiff argues she is seeking a stay for an "*indeterminate*" amount of time, not an "*indefinite*" amount of time. Ignoring the Panel's ruling that her "request for a stay is open-ended," Hammer Decl., Ex. A, Plaintiff argues the stay "will last only so long as the investigation and/or action brought by the EEOC." Br. at 2. But as the

---

[5] *See Pajor-Flores v. Am. Income Life Ins. Co.*, No. 16-CV-01992-CMA-KMT, 2017 WL 6033689, at *5 (D. Colo. Oct. 31, 2017) (granting summary judgment because sales agent was an independent contractor); *Shaw v. Am. Income Life Ins. Co.*, No. 1:11-CV-123, 2012 WL 400703, at *13 (N.D. Ind. Feb. 7, 2012) (holding sales agent "was an independent contractor of AIL"); *see also Vasinda v. State Farm Mut. Auto. Ins. Co.*, No. 3:20-CV-224, 2022 WL 17684807, at *8 (M.D. Pa. Sept. 22, 2022) ("over the years a broad consensus has emerged in the courts favoring the view that insurance agents are independent contractors, rather than employees").

5

Panel acknowledged, Plaintiff is effectively seeking a stay until "a hypothetical case reaches the Court of Appeals for the Third Circuit [] – and the Third Circuit [makes a decision]." Hammer Decl., Ex. A. As the Panel properly determined: "[t]here is no support in law or common sense for such an indefinite stay." *Id*.; *see also Structural Grp., Inc. v. Liberty Mut. Ins. Co.*, No. 1:07-cv-01793, 2008 WL 4616843, at *5 (M.D. Pa. Oct. 16, 2008) (collecting cases) ("[s]tays of indefinite duration" like the one sought here "are especially discouraged"); *Dover v. Diguglielmo*, 181 F. App'x 234, 237 (3d Cir.2006) (an indefinite stay "can itself constitute an abuse of discretion").[6]

*Second*, Plaintiff claims she will suffer hardship because she *may* not be able to benefit from the hypothetical suit the EEOC *may* bring. However, there is no actual prejudice as this is based on conjecture as no suit has been filed. Moreover, having her claims decided in arbitration (as contractually agreed) is neither hardship nor inequity, as arbitration permits her all rights afforded under Title VII.

*Third*, an indefinite stay is prejudicial to AIL, which seeks resolution of claims filed in 2022 against it. This is particularly true because Plaintiff has made public statements about her claims against AIL in the press and on social media. A stay of this action would enable Plaintiff to continue making disparaging comments about AIL, while prohibiting AIL from pursuing the proper legal channels to clear itself of legal liability. Such action clearly prejudices AIL. *See, e.g., Mars, Inc. v. JCM Am. Corp.*, No. CIV 05-3165 RBK, 2006 WL 3373284, at *7 (D.N.J. Nov. 21,

---

[6] *Rajput v. Synchrony Bank*, 2016 U.S. Dist. LEXIS 150231, at *8-9 (M.D. Pa. Oct. 31, 2016)—which Plaintiff cites, Br. at 2-3—further supports AIL's position. The court in that case granted a stay only because it was limited to a few months, and only as to a pending decision rather than "final resolution" of the other matter. Here, the opposite is true: Claimant is seeking an indefinite stay until a possible action is filed by the EEOC, which may require resolution by the Third Circuit as to whether such action is even permissible.

2006) (upholding denial of stay where nonmovant argued that a stay would "prejudice[] [nonmovant's] ability to clear its name and to timely develop the record").

*Finally*, no efficiency would be gained by a stay, only unwarranted delay. The party seeking a stay "bears the burden of establishing that issuance of a stay would simplify the issues for trial by narrowing or outright eliminating the need for discovery." *EQT Prod. Co. v. Terra Services, LLC*, No. 14-CV-1053, 2016 WL 7232569, at *4 (W.D. Pa. Dec. 14, 2016). Where, as here, discovery is complete, Hammer Decl. Ex. A, a stay "will not narrow or eliminate the need for discovery." *EQT Prod. Co.*, 2016 WL 7232569, at *4. Where "the Court and the parties have already expended significant resources on the litigation, [] the principle of maximizing the use of judicial and litigant resources is best served by seeing the case through to its conclusion." *Id.* (citation omitted). Additionally, where a "trial date is set," that further weighs against the efficiency of a stay. *Id.* at *3. Here, the hearing date is not only set but is just weeks away. Hammer Decl., Ex. A. These facts far outweigh any purported savings based on a hypothetical "identical" action that does not exist.

For these reasons, Plaintiff has not met her burden to stay the arbitration proceedings.

**B.** ***Plaintiff's Belated and Unsupported "Forgery" Allegation Does Not Provide a Basis for the "Extraordinary Relief" Provided Under Rule 60(b)***

To obtain relief from the Court's order compelling Plaintiff's claims to arbitration based on new evidence, Plaintiff "bears a heavy burden, which requires more than a showing of the potential significance of the new evidence." *Bohus v. Beloff*, 950 F.2d 919, 931 (3d Cir. 1991). Courts "view Rule 60(b) motions as extraordinary relief which should be granted only where extraordinary justifying circumstances are present." *Id.* Plaintiff cannot meet this "heavy burden" for the threshold reason that the one-year limitation period for presenting "new evidence" lapsed

on July 22, 2023—more than six months ago. In addition, the supposedly forged document is not the Agent Contract on which this Court's order compelling arbitration was based.

### 1. The Relief Plaintiff Seeks Is Not Permitted Under Rule 60(b)

A request for relief based on "newly discovered evidence" under Rule 60(b)(2) "must be made within a reasonable time" and in any event "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1); *see Lewis v. Warden Canaan USP*, 749 F. App'x 98, 99 (3d Cir. 2019) (affirming denial of motion based on new evidence where plaintiff "filed his Rule 60(b) motion more than 19 months after the District Court's judgment"); *Bank of Am., N.A. v. Westheimer*, 683 F. App'x 145, 151 (3d Cir. 2017) (affirming denial of Rule 60(b)(2) motion made after nine months, which was not within a "reasonable time"). It has been more than 18 months since the Court issued the Order compelling arbitration and thus Plaintiff's Motion is untimely and must be denied.

Plaintiff argues alternatively that her motion should be considered under the catchall language of Rule 60(b)(6), Mot. at ¶ 9, but relief under Rule 60(b)(6) cannot be "premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Liljeberg v. Health Services Acq. Corp.*, 486 U.S. 847, 863 (1988). "[The moving party] cannot circumvent the limitations of [Rule] 60(b)(2) . . . by relying on the catchall provision of [Rule] 60(b)(6)" as Plaintiff attempts to do here. *Baltia Air Lines, Inc. v. Transaction Mgt., Inc.*, 98 F.3d 640, 642 (D.C. Cir. 1996). In any case, relief under Rule 60(b)(6) is available only in "extraordinary circumstances," *Satterfield v. D.A. Phila.*, 872 F.3d 152, 158 (3d Cir. 2017), which, as discussed below, is not the case here.

### 2. The Supposed Forgery Lacks Support and Is Irrelevant to Plaintiff's Agreement to Arbitrate

Even if the Motion were not barred by the one-year limitation, Plaintiff fails to satisfy the "heavy burden" of establishing that the new evidence "(1) be material and not merely cumulative,

(2) could not have been discovered before trial through the exercise of reasonable diligence and (3) would probably have changed the outcome of the trial." *Floorgraphics Inc. v. News Am. Mktg. In-Store Services, Inc.*, 434 F. App'x 109, 111 (3d Cir. 2011).

***First***, Plaintiff claims that "Plaintiff's signatures on a number of alleged Agent Contracts between the parties are **forgeries**," Mot. at ¶ 1 (emphasis in original), but Plaintiff's retained expert opined only that Plaintiff's signatures on a "Pre-Contracting Acknowledgement and Certificate Document dated 2/13/2019"—not an Agent Contract—are forgeries. Dkt. 111-4 at p. 7-8.

***Second***, Plaintiff did not submit the purportedly forged document or any of the other documents that form the basis for her retained expert's opinions. Plaintiff did not submit any evidence to support the forgery allegation and thus the Motion must be denied.

***Third***, Plaintiff's own admissions contradict this allegation. At her recent deposition, Plaintiff confirmed that the signature on the Pre-Contracting Acknowledgement and Certification document is hers:

> Q: Ms. Zinsky, I've handed you what's been marked as Exhibit 3. It's a document, at the top it says Pre-Contracting Acknowledgement and Certification, and is that your signature at the bottom?
> A: Yes.
> Q: And you signed this at the time that you originally contracted with AIL. Is that right?
> A: Yes.

Hammer Decl., Ex. B at 83:18-84:8.[7]

***Fourth***, the Court granted AIL's motion to compel arbitration pursuant to Plaintiff's most recently signed Agent Contract, dated August 20, 2021. Dkt. 18-2 at 8; Dkt. 37. Plaintiff alleges in the Complaint and Amended Complaint that she signed this Agent Contract, Dkt. 1 (Compl.) at

---

[7] Plaintiff testified that her signature on her 2/13/2019 agent contract "looks like [her signature], kind of." Hammer Decl., Ex. B at 59:21-25. Plaintiff's expert did not opine that this signature was forged and, in any event, such an opinion would be irrelevant for the reasons stated below.

¶¶ 26-27; Dkt. 9 (Am. Compl.) at ¶¶ 26-27—which are binding judicial admissions, *see Mason v. Range Resources-Appalachia LLC*, 120 F. Supp. 3d 425, 443 (W.D. Pa. 2015)—and further confirmed at her deposition that she signed that August 20, 2021 Agent Contract.

> Q. This is an agent contract dated as of August 20, 2021. If you looked at the third to last page, is that your signature on the page ending in 1350?
> A. Yes.
> Q. Do you remember signing this?
> A. Yes.

Hammer Decl., Ex. B at 237:5-10.

The Court did not rely on the 2/13/2019 Pre-Contracting Acknowledgement and Certification in compelling arbitration, and thus even if it were forged, it is immaterial and would not have led to a different outcome had it been before the Court. *See Compass Tech., Inc. v. Tseng Labs., Inc.*, 71 F.3d 1125, 1130 (3d Cir. 1995) (explaining that "new evidence" under Rule 60(b)(2) is that which "would probably have changed the outcome of the trial"); *Guthrie v. Wells Fargo Home Mortg. NA*, 706 F. App'x 975, 977 (11th Cir. 2017) (where alleged forgery discovered, Rule 60(b) motion properly denied because plaintiff "did not show through clear and convincing evidence the defendants prevailed as a result of the alleged forgery").

***Fifth***, Plaintiff fails to show that the new evidence could not have been discovered before the Court's order compelling arbitration through the exercise of reasonable diligence. *U.S. v. Iannelli*, 528 F.2d 1290, 1293 (3d Cir. 1976) (affirming denial of Rule 60(b)(2) relief where "the 'newly discovered evidence' was in fact not newly discovered because" the alleged "forgery . . . could have been discovered at the time of the trial by subjecting the initials to expert handwriting analysis").

***Sixth***, Plaintiff signed multiple agent contracts with AIL, Dkt. 1 at ¶ 26, and her expert opines that only a single document is forged. Plaintiff agreed to arbitrate all disputes under each agent contract, and the Court properly enforced that agreement.

Plaintiff has fallen far short of meeting her burden under Rule 60(b).

## IV. CONCLUSION

For the foregoing reasons, AIL respectfully requests that the Court deny Plaintiff's motion.

Dated: February 1, 2024

Respectfully submitted,

By: */s/Andrea M. Kirshenbaum*

**LITTLER MENDELSON, P.C.**
Andrea M. Kirshenbaum (Pa. Bar No. 88030)
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102
Tel: (267) 402-3076
Fax: (267) 402-3131
Email: AKirshenbaum@littler.com

**KING & SPALDING LLP**
Jeffrey Hammer* (Cal. Bar No. 264232)
James A. Unger* (Cal. Bar No. 325115)
633 West Fifth Street, Suite 1600
Los Angeles, California 90071
Tel: (213) 218-4002
Fax: (213) 443-4310
Email: jhammer@kslaw.com
Email: junger@kslaw.com

Anne R. Dana* (NY Bar No. 5011366)
1185 Avenue of the Americas
34th Floor
New York, NY 10036
Tel: (212) 556-2100
Email: adana@kslaw.com

**Applications for Admission Pro Hac Vice Forthcoming*

# CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2024 a true and correct copy of the foregoing document was served and filed using the Western District of Pennsylvania's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon the following counsel of record:

Amy Williamson, Esquire
WILLIAMSON LAW
429 Fourth Avenue, Suite 300
Pittsburgh, PA 15219
awilliamson@awilliamsonlaw.com

Janice Marie Savinis
SAVINIS, KANE, & GALLUCCI
436 7th Avenue, Suite 322
Pittsburgh, PA 15219
jsavinis@sdklaw.com

John R. Kane
SAVINIS, KANE, AND GALLUCCI
436 7th Avenue, Suite 322
Pittsburgh, PA 15219
jkane@sdklaw.com

Michael J. Gallucci
SAVINIS, KANE, & GALLUCCI
436 7th Avenue, Suite 322
Pittsburgh, PA 15219
mgallucci@sdklaw.com

*Attorneys for Plaintiff Renee Zinsky*


Jean E. Novak, Esquire
STRASSBURGER MCKENNA GUTNICK AND GEFSKY
Four Gateway Center, Suite 2200 444
Liberty Avenue Pittsburgh, PA 15222
jnovak@smgglaw.com

*Attorneys for Defendants Simon Arias, III, Arias Agencies and S.A. Holdings, LLC*

Benjamin D. Webb, Esquire
COZZA LAW GROUP
510 Washington Avenue Carnegie, PA 15106
bwebb@cozzalaw.com

*Attorney for Defendants Michael Russin, Russin Group, LLC and Russin Financial*

        */s/ Andrea M. Kirshenbaum*
        Andrea M. Kirshenbaum