# EXHIBIT A

**AMERICAN ARBITRATION ASSOCIATION**

| | | |
|---|---|---|
| **Renee Zinsky,** | ) | |
| | ) | |
| Claimant, | ) | No. 01-22-0004-0849 |
| | ) | |
| vs. | ) | |
| | ) | |
| **Arias Agencies, et al.,** | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **American Income Life Insurance Company**, | ) | |
| | ) | |
| Respondent. | ) | |

**TWELFTH PRE-HEARING ORDER:  MOTION TO STAY**

  Claimant has moved for an indefinite stay of this Arbitration because the Equal Employment Opportunity Commission ("EEOC") recently issued (as to both Respondents) Notices of Intent to Reconsider ("Notices").  Respondents oppose Claimant's request for a stay.

  By Order dated January 20, 2023, the Panel set a relatively long discovery period of six months and scheduled the hearing for March 2024, over a year later.  In the interim, at Claimant's request (and over objection), the Panel extended discovery.  *See* Order dated July 11, 2023 (on Claimant's motion, extending the close of discovery from July 11, 2023, until September 8, 2023); *see also* Order dated November 17, 2023 (extending discovery to December 14, 2023 to complete remaining depositions).

  The EEOC originally issued notices to Claimant that it would "not proceed further with its investigation" and of her right to sue on June 29, 2022.  This enabled Claimant to commence litigation, which resulted in a Court order compelling this arbitration.  The EEOC recently notified the parties that "the dismissal of the above-referenced charge[s] is hereby revoked and investigation of the charge shall continue."  The Notices go on to expressly state:  "this notice of intent to reconsider **shall not vacate** the Notice of Right to Sue that was [previously] issued [emphasis added]."

1

The Panel's original scheduling Order stated, "[a]ll deadlines in this Order will be strictly enforced and, absent agreement of the Parties, postponed only for good cause." Under Commercial Arbitration Rule 31, absent agreement of the parties or the Arbitrators' own initiative, the hearing may be postponed only "upon request of a party for good cause shown."

Claimant does not cite a single case in which a private action brought after receiving a right to sue letter from the EEOC was stayed pending further investigation or reconsideration by the EEOC. The only support she provides is speculation that the Notices mean the EEOC will be filing its own lawsuit against Respondents. Just because the EEOC reopens an investigation does not necessarily mean it has made a decision to file its own suit. *See* Respondent AIL's Letter Brief dated December 15, 2023 at p.1 n.1 (citing cases in which the EEOC reopened cases and then dismissed them again with another right to sue letter). Claimant's unfounded speculation fails to amount to good cause for a postponement of the hearing.

Moreover, Claimant's request for a stay is open-ended. She requests that the Panel stay this matter until when, and if, a hypothetical case reaches the Court of Appeals for the Third Circuit addressing – and the Third Circuit decides – whether the reopening of an EEOC investigation or the filing of an EEOC suit divests a court or arbitral panel of jurisdiction. There is no support in law or common sense for such an indefinite stay.

**IT IS SO ORDERED** this 19th day of December, 2023.

_____
Carole Katz, Panel Chair

2