IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RENEE ZINSKY, | Civil Action No. 2:22-cv-547(MJH) |
| Plaintiff, | The Honorable Marilyn J. Horan |
| v. | |
| MICHAEL RUSSIN, RUSSIN FINANCIAL, RUSSIN GROUP, SIMON ARIAS, III, ARIAS AGENCIES, S.A. ARIAS HOLDINGS, LLC, AMERICAN INCOME LIFE INSURANCE COMPANY, | ELECTRONICALLY FILED |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF
AMERICAN INCOME LIFE INSURANCE COMPANY'S
<u>MOTION TO CONFIRM ARBITRATION AWARD</u>**

## I. INTRODUCTION

On July 22, 2022, this Court held that the Federal Arbitration Act ("FAA") required that all of Plaintiff Renee Zinsky's claims against American Income Life Insurance Company ("AIL") and Simon Arias, Arias Agencies, and S.A. Holdings, LLC ("Arias Defendants") be adjudicated in arbitration per Zinsky's contractual agreement to arbitrate. Dkt. No. 37. The Court therefore stayed this case as to those defendants pending conclusion of the arbitration. That arbitration has now concluded with the panel of arbitrators Carole Katz, Melvin L. Vatz, and Stephen H. Jordan ("Panel") appointed by the American Arbitration Association ("AAA") issuing a final decision in the form of a March 4, 2024 "Final Order," dismissing all of Zinsky's claims with prejudice.

Pursuant to the FAA, AIL now seeks confirmation of the final arbitration award. Confirmation must be granted in the absence of Zinsky moving, and ultimately meeting the high burden, to vacate or modify the award. Zinsky has no legitimate grounds to oppose confirmation as the limited enumerated grounds for vacatur or modification of a final award under the FAA neither include, nor are compatible with, a voluntary eve of hearing dismissal of all claims brought in arbitration, with full knowledge of the binding and preclusive effect of such dismissal, as occurred here. Therefore, the Court should confirm the arbitration award and dismiss with prejudice all claims against AIL.

## II. BACKGROUND

### A. *This Court Compelled all Claims Against AIL and the Arias Defendants to Arbitration*

On April 11, 2022, Plaintiff Renee Zinsky filed her Complaint initiating this action. Dkt. No. 1. On April 26, 2022, Zinsky filed her First Amended Complaint. Dkt. No. 9. On July 22, 2022, after full briefing, this Court compelled all claims against AIL and the Arias Defendants to

arbitration based on Zinsky's agreement to arbitrate in the agent contracts that she entered into with those parties. Dkt. No. 37.

### B. *Plaintiff Brings Her Claims in Arbitration and Litigates to the Eve of Trial, Before Dismissing All of Her Claims*

On September 27, 2022, Zinsky filed a demand for arbitration with the AAA bringing the following claims.

> (1) Intentional violation of the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*); (2) Intentional violation of the Fair Labor Standards Act, Failure to Maintain Required Records (29 C.F.R. § 516, *et seq.*) (3) Violation of the Pennsylvania Minimum Wage Act of 1968 ("PMWA") (43 P.S. § 333.104(c) and 34 Pa. Code § 231.41); (4) Violation of the Pennsylvania Wage Payment and Collection Law ("WPCL") (43 P.S. § 260.3); (5) Unjust Enrichment; (6) Breach of Contract - Failure to Act in Good Faith; (7) Declaratory Relief – Rescission of Agent Contract; (8) Violation of Title VII of the Civil Rights Act of 1964 (Title VII) and the Pennsylvania Human Relations Act ("PHRA"), Gender Discrimination; (9) Violation of Title VII and the PHRA, Sexual Harassment; (10) Violation of Title VII and the PHRA, Retaliation; (11) Negligent Retention; (12) Intentional Infliction of Emotional Distress.

Hammer Decl., ¶¶ 2-3.

On November 18, 2022, Claimant filed an amended demand for arbitration making additional claims for defamation, intrusion upon seclusion, sexual assault, battery, and false imprisonment based upon Russin's alleged conduct. *Id.* ¶ 4. On January 24, 2024, Zinsky moved this Court to intervene and stay the Arbitration. Dkt. No. 111. After briefing was completed on February 1, 2024 (Dkt. Nos. 115, 116), the Court denied Zinsky's motion on February 2, 2024. Dkt. No. 119.

On Sunday, March 3, 2024, at 10:37 P.M., on the literal eve of the hearing scheduled to commence on Monday, March 4, 2024 at 9:30 A.M., Zinsky's counsel emailed the Panel that she wished to dismiss all of her claims in the Arbitration, both against AIL and the Arias Defendants. Hammer Decl., Ex. A (Final Order). On March 4, 2024, the Panel held a hearing and confirmed that such a dismissal would be with prejudice, that Plaintiff understood the preclusive effect of

such a dismissal, and that Claimant was choosing to dismiss all of her claims (both previously dismissed in arbitration and then pending) with prejudice, rather than proceed with the hearing. *Id.* Thereafter, that same day, the Panel issued their Final Order dismissing the case and all of Plaintiff's claims with prejudice. *Id.*

AIL has not conferred with Zinsky's counsel regarding this motion, as regardless of Plaintiff's position, AIL would need to seek to confirm the award, and therefore such conferral would serve neither to preserve the parties' resources nor the Court's resources.

### III. THE COURT SHOULD GRANT AIL'S MOTION TO CONFIRM THE ARBITRATION AWARD

#### A. *The Final Order is an Arbitration Award that Under the FAA, Must be Confirmed*

The FAA states that if:

> the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court *must grant* such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9. Here, the parties explicitly agreed that: "Any court having jurisdiction may enter judgment on the award rendered by the arbitrator(s)." Dkt. 18-2 (Zinsky Agent Contract). This motion to confirm is also brought well within one year of the March 4, 2024 Final Order issued by the Panel.

There is no question that the Panel's Final Order was intended to be final and binding. To be final: an award "*must resolve all the issues* submitted to arbitration, and . . . it must resolve them definitively enough so that the rights and obligations of the two parties, *with respect to the issues submitted*, do not stand in need of further adjudication." *Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.*, 157 F.3d 174, 176 (2d Cir. 1998) (emphasis in original). As to finality, courts generally "infer [the arbitrators'] intent from the attributes of the award and arbitration record."

*PG Publ'g, Inc. v. Newspaper Guild of Pittsburgh*, 19 F.4th 308, 321-22 (3d Cir. 2021). Here there can be no doubt that this standard is met.

First, it is well settled that a dismissal with prejudice constitutes a "final judgment on the merits" for claim preclusion purposes. *See Papera v. Pa. Quarried Bluestone Co.*, 948 F.3d 607, 611 (3d Cir. 2020) (quoting *Landon v. Hunt*, 977 F.2d 829, 832-33 (3d Cir. 1992)) ("A dismissal with prejudice 'operates as an adjudication on the merits,' so it ordinarily precludes future claims."). Second, the Panel's intent was made clear in their Final Order. Mirroring the language of the parties' arbitration agreement, the Panel ordered: "Pursuant to law and the Agreement, this Final Order is 'final and binding on the Parties and their beneficiaries, successors, assigns, or anyone claiming an interest in the Contract.'" Hammer Decl., Ex. A (quoting Dkt. No. 14-2).

Such a final arbitration award "must" be confirmed unless the non-moving party establishes grounds to modify or vacate. 9 U.S.C. § 9. Because of "the strong federal policy in favor of commercial arbitration, [district courts] begin with the presumption that the award is enforceable" and enforce the award "absent a reason to doubt the authority or integrity of the arbitral forum." *CPR Mgt., S.A. v. Devon Park Bioventures, L.P.*, 19 F.4th 236, 244 n. 8 (3d Cir. 2021) (quoting *Sutter v. Oxford Health Plans LLC*, 675 F.3d 215, 219 (3d Cir. 2012), as amended (Apr. 4, 2012), *aff'd*, 569 U.S. 564 (2013). Petitions to confirm or vacate arbitration awards are "summary proceeding[s]" that "do[ ] not [require] the district court to carry on a formal judicial proceeding," *Teamsters Loc. 177 v. United Parcel Serv.*, 966 F.3d 245, 255 (3d Cir. 2020), which furthers the FAA's "national policy favoring arbitration with just the limited review needed to maintain arbitration's essential virtue of resolving disputes straightaway." *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 588 (2008).

There also are no grounds to vacate or modify the award. *See* 9 U.S.C. §§ 10(a)(4), 11. Here, the Final Order dismissing all claims with prejudice was made at the behest of Zinsky, who agreed to dismiss her claims after acknowledging such dismissal would be with prejudice and acknowledging the preclusive effect of such dismissal. Hammer Decl., Ex. A.

## IV. CONCLUSION

For the foregoing reasons, the Final Order therefore must be confirmed, and all claims brought in this action and compelled to arbitration, and all claims subsequently brought in arbitration, must be dismissed with prejudice, and judgment entered for AIL as to all claims.

Dated: March 13, 2024                                          Respectfully submitted,


By: */s/ Andrea Kirshenbaum*

**LITTLER MENDELSON, P.C.**
Andrea M. Kirshenbaum (Pa. Bar No. 88030)
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102Tel: (267) 402-3076
Fax: (267) 402-3131
Email: AKirshenbaum@littler.com

**KING & SPALDING LLP**
Jeffrey Hammer* (Cal. Bar No. 264232)
James A. Unger* (Cal. Bar No. 325115)
633 West Fifth Street, Suite 1600
Los Angeles, California 90071
Tel: (213) 218-4002
Email: jhammer@kslaw.com
Email: junger@kslaw.com

Anne R. Dana* (NY Bar No. 5011366)
1185 Avenue of the Americas
34th Floor
New York, NY 10036
Tel: (212) 556-2100
Email: adana@kslaw.com

**Admitted Pro Hac Vice*

# **CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2024 a true and correct copy of the foregoing document was served and filed using the Western District of Pennsylvania's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon the following counsel of record:

Amy Williamson, Esquire
WILLIAMSON LAW
429 Fourth Avenue, Suite 300
Pittsburgh, PA 15219
awilliamson@awilliamsonlaw.com

Janice Marie Savinis
SAVINIS, KANE, & GALLUCCI
436 7th Avenue, Suite 322
Pittsburgh, PA 15219
jsavinis@sdklaw.com

John R. Kane
SAVINIS, KANE, AND GALLUCCI
436 7th Avenue, Suite 322
Pittsburgh, PA 15219
jkane@sdklaw.com

Michael J. Gallucci
SAVINIS, KANE, & GALLUCCI
436 7th Avenue, Suite 322
Pittsburgh, PA 15219
mgallucci@sdklaw.com

*Attorneys for Plaintiff Renee Zinsky*

Jean E. Novak, Esquire
STRASSBURGER MCKENNA GUTNICK AND GEFSKY
Four Gateway Center, Suite 2200 444
Liberty Avenue Pittsburgh, PA 15222
jnovak@smgglaw.com

*Attorneys for Defendants Simon Arias, III, Arias Agencies and S.A. Holdings, LLC*

Benjamin D. Webb, Esquire
COZZA LAW GROUP
510 Washington Avenue Carnegie, PA 15106
bwebb@cozzalaw.com

*Attorney for Defendants Michael Russin, Russin Group, LLC and Russin Financial*

        */s/ Andrea M. Kirshenbaum*
        Andrea M. Kirshenbaum