IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RENEE ZINSKY, | Civil Action |
| Plaintiff, | No. 2:22-cv-547 |
| vs. | |
| MICHAEL RUSSIN, RUSSIN FINANCIAL, RUSSIN GROUP, SIMON ARIAS, III, ARIAS AGENCIES, S.A. ARIAS HOLDINGS, LLC, AMERICAN INCOME LIFE INSURANCE COMPANY, | **PLAINTIFF'S RESPONSE TO DEFENDANT AMERICAN INCOME LIFE INSURANCE COMPANY'S MOTION TO CONFIRM ARBITRATION AWARD** |
| Defendants. | FILED ON BEHALF OF PLAINTIFF |
| | Counsel of Record for This Party: |
| | Janice M. Savinis, Esquire<br>PA ID #51943 |
| | John R. Kane, Esquire<br>PA ID #83771 |
| | Michael J. Gallucci, Esquire<br>PA ID #92859 |
| | SAVINIS, KANE, & GALLUCCI, L.L.C.<br>436 7th Avenue, Suite 322<br>Pittsburgh, PA 15219<br>(412) 227-6556 |

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RENEE ZINSKY, | Civil Action |
| Plaintiff, | No. 2:22-cv-547 |
| vs. | |
| MICHAEL RUSSIN, RUSSIN FINANCIAL, RUSSIN GROUP, SIMON ARIAS, III, ARIAS AGENCIES, S.A. ARIAS HOLDINGS, LLC, AMERICAN INCOME LIFE INSURANCE COMPANY, | |
| Defendants. | |

**PLAINTIFF'S RESPONSE TO DEFENDANT AMERICAN INCOME LIFE INSURANCE COMPANY'S MOTION TO CONFIRM ARBITRATION AWARD**

AND NOW comes Plaintiff, Renee Zinsky, by and through her attorneys, Amy Williamson, Esquire, John R. Kane, Esquire and the law firm of Savinis, Kane, & Gallucci, L.L.C. and files the following response:

1. No award was entered in the arbitration filed with the American Arbitration Association ("AAA") Case Number 01-22-0004-0849. Consequently, the request by American Income Life ("AIL") for this Honorable Court to enter an order confirming "an award" and entering judgment in favor of AIL and against Zinsky is improper.

2. On page one of its motion, AIL claims in its motion that "a final award was issued in the Arbitration on March 4, 2024…" However, no such award occurred. Instead, Plaintiff, Renee Zinsky, voluntarily dismissed her claims in arbitration against AIL (and Arias Agencies, etc.) the day before the arbitration was scheduled to commence.

3. Attached to AIL's motion is the declaration of Jeffrey Hammer, Esquire, attorney for AIL. Mr. Hammer's declaration, made under penalty of perjury, does not state that an award was

2

entered in the arbitration. Instead, *that misrepresentation* only appears in the motion. Mr. Hammer's declaration correctly notes that only a "Final Order" was entered in the arbitration. Mr. Hammer's sworn statement does not claim that an "award" was entered. *See Exhibit A to the Declaration of Jeffrey Hammer, Esq.*

4. The law by which AIL claims that this Court may enter judgement in its favor against Ms. Zinsky is 9 U.S.C. §9. However, that statute notes that the Court may only enter judgment "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration...then any time within one year after the award is made any party...may apply to the court ... for an order confirming the award...." The contract cited by this Honorable Court in its July 22, 2022 opinion, does indeed state that "...any court having jurisdiction may enter judgment on the award rendered by the arbitrators." While Plaintiff contests the validity of this contract (and all others), the lawfulness of the contract need not be determined because the lack of an actual "award" precludes judgment on a nonexistent event pursuant to both the statute and the contract.[1] Thus, while 9 U.S.C. §9 may grant this Court jurisdiction to confirm an arbitration award when an agreement between the parties also provides for that jurisdiction, both 9 U.S.C. §9 and the contract require an "award" as a *de facto* prerequisite.

5. The fact that no award was entered is not merely an argument in semantics as both Arias and AIL requested an award be entered in their favor against Ms. Zinsky. Both AIL and Arias requested an award on the merits, and separately, both AIL and Arias requested an

---

[1] Plaintiff, Renee Zinsky, avers that the cited contract is unenforceable due to the doctrine of unclean hands since her signature had been forged onto the purported original contracts allegedly between the parties. Her signature was forged approximately 14 times on various documents dated February 13, 2019; although this evidence (and the expert report attesting to the forgery) has not yet been considered by this court. Nevertheless, such outrageous and illegal behavior should make any alleged subsequent contractual relationships null and void.

3

award of attorneys' fees and costs. The panel **refused** to grant those requests, and instead agreed to dismiss Zinsky's claims per her own request. Neitehr AIL nor Arias have sought to appeal, modify, or vacate the Panel's refusal to grant their requested relief. Instead, AIL and Arias seek an award from this Court that they were unable to obtain in arbitration. That request is improper and 9 U.S.C. §9 does not confer jurisdiction for such an action.

6. First, Arias Agencies moved for an award from the arbitrators, seeking an adjudication on the merits of Ms. Zinsky's claims. The attorney for Arias, Jean Novak, specifically moved the arbitration panel for an award, requesting an adjudication on the merits, and not merely a withdrawal of Ms. Zinsky's claims with prejudice.

> Arbitration - 3.8.24, (Page 16:14 to 16:21)
> 16
> 14  ATTORNEY NOVAK: We do believe
> 15  that the order should indicate that its
> 16  adjudication on the merits, they bore the
> 17  burden, they failed to appear. They presented
> 18  nothing. Therefore, in addition to withdrawing
> 19  with prejudice, the order should indicate that
> 20  they failed to appear, and that this was a
> 21  finding on the merits.[2]

7. Counsel for Plaintiff, Renee Zinsky, made it abundantly clear that Zinsky was only willing to withdraw her claims so long as it was not an adjudication on the merits:

> Arbitration - 3.8.24, (Page 22:12 to 22:16)
> 22
> 12  ATTORNEY KANE: So long as
> 13  it's not an adjudication on the merits we want
> 14  it dismissed. We believe it was withdrawn
> 15  yesterday, precluding an adjudication on the
> 16  merit.

---

[2] Defendant AIL filed the 3-4-24 Order of Court of the Arbitrators as part of its motion, necessitating the within citations to prevent the misrepresentation in Defendant's motion regarding an "award" allegedly occurring. While Judge Horan's Standard Order and Procedures on Civil Motion Practice strongly urges transcripts to be provided in full, the document is not being filed due to a protective order.

8. Even after Zinsky made it clear that she was only intending to withdraw her claims so long as there was <u>no</u> adjudication on the merits, counsel for AIL, then echoed Arias' request for an award, also seeking an adjudication on the merits.

> Arbitration - 3.8.24, (Page 24:16 to 24:23) (**emphasis** added)
> ```
>                  24
> 16          ATTORNEY HAMMER:  That's where
> 17   we are.  That's where we are.
> 18          We don't think that there's -- given
> 19   the silence of the arbitration rules on what it
> 20   is that Claimant is attempting to do here, we
> 21   feel that Rule 32 should govern and there
> 22   should be an award on the merits for failing to
> 23   meet the burden.
> ```

(with "an award on the merits" in bold)

9. On Ms. Zinsky's behalf, her counsel again brought the distinction to the forefront that she was only withdrawing her arbitration claims so long as it would not result in an award adjudicating her claims on the merits.

> Arbitration - 3.8.24, (Pages 37:22 to 38:5)
> ```
>                  37
> 22          ATTORNEY KANE:  The
> 23   distinction is just whether it's an
> 24   adjudication on the merits or withdrawal of all
> 25   claims.  So we understand that withdrawing
>                  38
> 1    these claims means that they are forever barred
> 2    and can't be brought again by Claimant in
> 3    arbitration.  We certainly understand the --
> 4    the issue with going to court because we were
> 5    in court and that's arbitration, so we get it.
> ```

10. The Arbitrators did <u>not</u> grant AIL and Arias' request for an award in their favor on the merits. Instead, the panel merely dismissed Zinsky's claims per her own request. *See, infra.*

11. Not only did AIL and Arias seek an award adjudicating the claims on the merits in their favor, but AIL also sought an award of costs and attorneys' fees. Claimant opposed an award of fees and costs.

> Arbitration - 3.8.24, (Page 39:9 to 39:19)
> 
>                                 39
> 
> 9          ATTORNEY HAMMER: With
> 10  Claimant's counsel's acknowledgment, that's
> 11  sufficient for Respondents. We do want to
> 12  request leave to seek fees and costs from the
> 13  Panel and would request, you know, a date by
> 14  which we can make that submission.
> 15          ARBITRATOR KATZ: Claimant's
> 16  counsel, are you still there?
> 17          ATTORNEY KANE: We are here.
> 18  We're obviously opposed to paying the costs and
> 19  such.

12. As with their request for an award adjudicating the claim on the merits, the arbitrators likewise denied AIL and Arias' request for an award of fees and costs. "The Panel ... are [sic] inclined to deny the request to seek fees and costs and to issue an order memorializing what are the results of this proceeding this morning and the order would dismiss the case with prejudice."[3] The final order notes that, contrary to the request by AIL and Arias "Each party will bear their own fees and costs."

13. The final order makes no award; it confirms dismissal of Zinsky's claims, per her own request. "After an extensive discussion on the record, Claimant's counsel: confirmed they are dismissing all of Claimant's claims (both pending and previously dismissed) with prejudice;"

14. AIL and Arias seek from this Court that which they could not obtain in arbitration. As this Court is granted jurisdiction pursuant to 9 U.S.C. §9 only to confirm an arbitration award,

---

[3] Arbitration Transcript page 42-43.

6

no judgment should be entered where no award was rendered. Instead, no claims currently exist; those claims were already dismissed in the arbitration before the claims could be adjudicated on the merits. Thus, AIL (and Arias) seek an award by the Court and judgment in its favor on claims that no longer exist.

15. AIL's proposed order requests that a "Judgement is entered for Defendant AIL on all of Plaintiff's claims against it and AIL is dismissed as a party in this action with prejudice." Since AIL and Arias' request for an award in their favor which was denied by the arbitrators, and any and all claims brought by Ms. Zinsky in arbitration have already been dismissed, entering judgment in favor of AIL and Arias against Zinsky would be improper.

WHEREFORE, Plaintiff respectfully requests this Honorable Court DENY the motion filed by AIL and joined by Arias.

Respectfully Submitted,

_____
John R. Kane, Esquire

## CERTIFICATE OF SERIVCE

I, John R. Kane, Esquire, hereby certify that a true and correct copy of Plaintiff's Response to Defendant AIL's Motion to Confirm Arbitration Award was electronically served upon counsel of record on this 18th day of March 2024 via email, addressed as follows:

| Benjamin D. Webb, Esq.<br>Cozza Law Group PLLC<br>400 Holiday Drive, Suite 210<br>Pittsburgh, PA 15220<br>bwebb@cozzalaw.com<br>*Counsel for Russin Defendants* | Jean E. Novak, Esq.<br>Strassburger, McKenna, et al<br>Four Gateway Cntr, Ste 2200<br>444 Liberty Ave.<br>Pittsburgh, PA 15222<br>jnovak@smgglaw.com<br>*Counsel for Arias Defendants* | Andrea Kirshenbaum, Esq.<br>Littler Mendelson, PC<br>1601 Cherry St., Ste 1400<br>Philadelphia, PA 19102<br>akirshenbaum@littler.com<br>*Counsel for AIL* |
|---|---|---|
| Amy Williamson, Esq.<br>Williamson Law LLC<br>355 Parkway Drive<br>Pittsburgh, PA 15228<br>awilliamson@awilliamsonlaw.com<br>*Counsel for Plaintiff Renee Zinsky* | Jeffrey Hammer, Esquire<br>King & Spalding LLP<br>633 West Fifth Street, Suite 1600<br>Los Angeles, CA 90071<br>jhammer@kslaw.com | David B. White, Esq.<br>BURNS WHITE<br>48 26th Street<br>Pittsburgh, PA 15222<br>dbwhite@burnswhite.com<br>*Mediator* |

SAVINIS, KANE, & GALLUCCI, L.L.C.

_____
John R. Kane, Esq.
Attorney for Plaintiff