IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RENEE ZINSKY, | Civil Action No. 2:22-cv-547(MJH) |
| Plaintiff, | The Honorable Marilyn J. Horan |
| vs. | |
| MICHAEL RUSSIN, RUSSIN FINANCIAL, RUSSIN GROUP, SIMON ARIAS, III, ARIAS AGENCIES, S.A. ARIAS HOLDINGS, LLC, AMERICAN INCOME LIFE INSURANCE COMPANY, | ELECTRONICALLY FILED |
| Defendants. | |

**REPLY IN SUPPORT OF
AMERICAN INCOME LIFE INSURANCE COMPANY'S
<u>MOTION TO CONFIRM ARBITRATION AWARD</u>**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ...................................................................................................................... 2

    A. The Final Order Is a Final Award Under the FAA That Can Be Confirmed.......... 2

    B. The Court Should Reject Plaintiff's Attempt to Avoid the Preclusive Effect of the Panel's Dismissal of Her Claims with Prejudice ............................... 5

III. CONCLUSION ................................................................................................................... 8

I.   **INTRODUCTION**

Plaintiff does not dispute that the Panel dismissed her claims with prejudice—nor could she, given the Panel's clear and unequivocal Final Order.  Because the Final Order definitively resolves all issues that Plaintiff submitted to arbitration, it is an "award" that "must" be confirmed under Section 9 of the Federal Arbitration Act unless there is reason to vacate the award.  Plaintiff has presented no such basis (nor could she, given that she voluntarily and knowingly agreed to dismiss her claims with prejudice) and thus the Court should confirm the Final Order and dismiss Plaintiff's claims with prejudice.

Despite consenting to the Panel's dismissal of her claims with prejudice, Plaintiff opposes the confirmation of the Panel's Final Order.  This is only her latest attempt to evade the arbitration that this Court ordered and deny AIL the opportunity to clear its name.  First, after the close of discovery in the arbitration, Plaintiff moved the Panel to stay the arbitration on grounds the Panel found lacked "support in law or common sense."  Dkt. 116-2 (Panel's Order).  After the Panel denied that motion, Plaintiff filed a motion on the same grounds with this Court, incorporating a frivolous and immaterial forgery allegation for good measure.[1]  Dkt. 111.  After the Court denied that motion, Dkt. 119, Plaintiff continued to pursue her claims in arbitration until the night before the hearing, when her counsel sent an email "purporting to withdraw all" of her claims.  Dkt. 127-1 ("Final Order").  The following day, the Panel commenced the proceeding and urged Plaintiff to consider moving forward with the long-scheduled hearing, cautioning her that a dismissal would

---

[1] Plaintiff alleged in her Motion to Stay that her signature on a pre-contracting document was a forgery.  This allegation was made for the first time 18 months after this Court compelled arbitration and contrary to her own deposition testimony affirming her signature.  *See* Dkt. 111, 116, 118-2.  On this basis, Plaintiff asked the Court to reconsider its order compelling arbitration, ignoring that this document was not *any* of the agent contracts that Plaintiff signed, including the one upon which this Court compelled arbitration.  Dkt. 111, 116.  Despite the Court denying Plaintiff's request, Dkt. No. 119, Plaintiff again raises this allegation in her opposition.  Response at ¶ 4, n. 1.  This allegation has no more merit or relevance than it did previously.

1

be *with prejudice* and would preclude her from bringing her claims in any other forum, whether in arbitration or in court. Plaintiff's counsel acknowledged the preclusive effect of dismissing her claims with prejudice and the Panel issued the Final Order.

Now, Plaintiff opposes confirmation of the Final Order, arguing that "no claims currently exist" and that the Court lacks jurisdiction to confirm the Panel's Final Order. To the extent this argument is intelligible, it is both wrong as a matter of law and inequitable as a matter of common sense. The law is clear that the Panel's Final Order—which "dismiss[es] all of Claimant's claims (both pending and previously dismissed) with prejudice," Final Order at 1—is a final award under the FAA that can and should be confirmed, and it is also clear that a Plaintiff may not avoid the preclusive effect of a dismissal of her claims with prejudice through an eleventh-hour voluntary dismissal of her claims in arbitration.

Tellingly, Plaintiff does not request any alternative relief to resolve the federal action against AIL. There is none. The Panel dismissed Plaintiff's claims with prejudice after confirming on the record that Plaintiff's counsel "understands and agrees that a dismissal with prejudice will have Preclusive Effect." Final Order at 2. The only step that remains is for the Court to confirm the Final Order.

## II.     ARGUMENT

### A.     *The Final Order Is a Final Award Under the FAA That Can Be Confirmed*

An arbitrator's order or decision need not be labeled "final award" to be confirmed under the FAA. Rather, regardless of how the arbitrator's order or decision is labeled, it "*must resolve all the issues* submitted to arbitration, and . . . it must resolve them definitively enough so that the rights and obligations of the two parties, *with respect to the issues submitted*, do not stand in need of further adjudication." *Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.*, 157 F.3d 174, 176 (2d Cir. 1998) (emphasis in original). Thus, courts routinely confirm arbitrator's orders that

resolve all issues that were submitted to arbitration prior to the arbitration hearing, *see Sherrock Bros., Inc. v. DaimlerChrysler Motors Co., LLC*, 260 F. Appx. 497, 501-02 (3d Cir. 2008) ("federal courts have affirmed arbitration awards where the arbitrator ruled on a motion for summary judgment or on summary disposition"), even where a plaintiff's claims are dismissed as a sanction. *See First Preservation Capital, Inc. v. Smith Barney, Harris Upham & Co., Inc.*, 939 F. Supp. 1559, 1565 (S.D. Fla. 1996) (confirming dismissal with prejudice as a sanction and rejecting plaintiffs' argument "the Panel does not have authority to render a decision unless that decision is on the merits"); *Wright v. NH Thornton Place, LLC*, Case No. 19-2063-DDC-GEB, 2020 WL 2836997, at *1-3 (D. Kan. June 1, 2020) (confirming arbitrator's dismissal with prejudice as a sanction after plaintiff failed to follow the arbitrator's order to appear at a deposition).

To determine whether a decision is final, courts "infer [the arbitrators'] intent from the attributes of the award and arbitration record." *PG Publ'g, Inc. v. Newspaper Guild of Pittsburgh*, 19 F.4th 308, 321-22 (3d Cir. 2021). Here, the Panel's intent to issue a decision that "resolve[s] all the issues submitted to arbitration," *Rocket Jewelry Box, Inc.*, 157 F.3d at 176, is clear from the face of the Final Order, which states that it is a "Final Order" and is "final and binding"; resolves all the issues by dismissing "all of Claimant's claims (both pending and previously dismissed) with prejudice," noting that such "dismissal with prejudice will have Preclusive Effect"; and states "the Panel hereby dismisses this case with prejudice." Final Order at 2. Thus, the attributes of the Final Order make clear that it is intended to resolve all issues and to bind the parties.

The transcript of the hearing further confirms the finality of the Panel's Final Order. Plaintiff opposes confirmation of the Final Order based on selective quotes[2] of statements by

---

[2] Plaintiff states that she did not file the transcript "due to a protective order." Dkt. 130 ("Response") at ¶ 6, n. 2. This is disingenuous. As Plaintiff is aware, under the relevant protective order a party may file an arbitration document as part of a confirmation proceeding, provided she

3

counsel, stating that the Panel did not grant an award in Respondents' favor on the merits. *See* Response at ¶¶ 6-11. The full transcript indicates that the Panel (a) did not allow Plaintiff to "withdraw" her claims, as she attempted to do by sending an email on the eve of the hearing, and (b) was determining the most appropriate procedure to resolve Plaintiff's claims with prejudice. Hammer Reply Decl., Ex. A. The Panel considered whether to dismiss Plaintiff's claims with prejudice or, under AAA Rule 32, enter an award in Plaintiff's absence because she had failed to appear.[3] *Id.* at 18:14-25, 22:17-28:20. The Panel decided to dismiss Plaintiff's claims with prejudice, but only after confirming that Plaintiff's counsel understood and agreed that Plaintiff would be precluded from bringing her claims in any forum:

> ARBITRATOR KATZ: **That's what preclusive means, is that these claims are done, dead, permanently in any form**. So if we're going to enter the order, that's the import. That's the impact and, again, if you need to consult with your client, we will allow you to do that.

Ex. A, 32:13-19 (emphasis added).

> ARBITRATOR KATZ: …What we are asking is do you and does your client understand that by dismissing the arbitration with prejudice, it would have the same preclusive effect as any dismissal with prejudice whether in arbitration or in Federal Court or in state court or any other -- whatever form it was pending in, it has the same preclusive effect as a dismissal with prejudice generally. There's no distinction –
>
> ATTORNEY KANE: Understood.

---

first gives the other party notice to provide an opportunity to request that the document be filed under seal. AIL has filed documents and given notice under this procedure, including in support of AIL's opposition to Plaintiff's motion to stay (Dkt. 118-1) and the instant Motion (Dkt. 127-1), and has provided Plaintiff notice before filing the full transcript in support of this Reply. Hammer Reply Decl. ¶ 3. Plaintiff could have done the same.

[3] AAA Rule 32 provides: "Unless the law provides to the contrary, the arbitration may proceed in the absence of any party or representative who, after due notice, fails to be present or fails to obtain a postponement. An award shall not be made solely on the default of a party. The arbitrator shall require the party who is present to submit such evidence as the arbitrator may require for the making of an award."

4

ARBITRATOR KATZ: You understand. Okay.

*Id.*, 38:11-22.

It was on this basis that the Panel stated it would order a dismissal with prejudice and that AIL did not object to resolving the arbitration in that manner. The Final Order does not in any way divest this Court of jurisdiction to confirm the Final Order, Response at ¶ 5, and Plaintiff cites no authority in support of this outlandish proposition. Rather, the Court compelled Plaintiff's claims to arbitration and stayed the case, Dkt. 37, and now that Plaintiff's claims have been dismissed with prejudice in arbitration, the Court must confirm the Final Order. 9 U.S.C. § 9.

### B. The Court Should Reject Plaintiff's Attempt to Avoid the Preclusive Effect of the Panel's Dismissal of Her Claims with Prejudice

Plaintiff states repeatedly that the Final Order was not an "adjudication on the merits," Response at ¶¶ 6-11, 14, apparently hoping to avoid the preclusive effect of the Final Order. The Court should reject Plaintiff's gamesmanship.

As discussed above, Plaintiff's counsel has already acknowledged that the Panel's dismissal with prejudice "would have the same preclusive effect as any dismissal with prejudice" in arbitration or in court, Ex. A at 38:11-22, which is further reflected in the Final Order. Final Order at 2.

In addition, and regardless of Plaintiff's assertions to the contrary, "[a] dismissal with prejudice 'operates as an adjudication on the merits,' so it ordinarily precludes future claims." *Papera v. Pa. Quarried Bluestone Co.*, 948 F.3d 607, 611 (3d Cir. 2020) (quoting *Landon v. Hunt*, 977 F.2d 829, 832-33 (3d Cir. 1992)) ("A dismissal with prejudice 'operates as an adjudication on the merits,' so it ordinarily precludes future claims."); *Argen v. Attorney General New Jersey*, No. 21-2571, 2022 WL 3369109, at *5 n.17 (3d Cir. Aug. 16, 2022) ("A final judgment on the merits for purposes of res judicata is any dismissal with prejudice."); *Jackson v. Dow Chemical Co.*, 518

5

F.App'x 99, 102 (3d Cir. 2013) (finding a "voluntary dismissal with prejudice . . . operate[s] as a final judgment on the merits for purposes of claim preclusion"). In *Payne v. Equicredit Corp. of America*, No. Civ.A. 00-6442, 2002 WL 32348251 (E.D. Pa. April 12, 2002), for example, the district court found an arbitrator's dismissal with prejudice to be a final judgment on the merits for preclusion purposes. *Id.* at *3. In that case, "[t]he parties engaged in extensive pleadings and written discovery" in arbitration until the plaintiff passed away days before the arbitration hearing. *Id.* at *2-3. After the hearing was continued, Plaintiff's counsel did not raise an estate or appear at the rescheduled hearing, causing the arbitrators to dismiss the claims with prejudice. *Id.* The district court found the dismissal with prejudice to be a final judgment on the merits because the plaintiff's estate had an *opportunity* to have her claims heard. *Id.* Likewise, Plaintiff deliberately dismissed her claims with prejudice in lieu of presenting her claims at the hearing.

Plaintiff asserts that, because she dismissed her claims with prejudice in the arbitration, the Court cannot confirm the Final Order and dismiss her claims with prejudice. Response at ¶ 15. Plaintiff provides no legal authority for this absurd position because there is none. Once compelled to arbitration, a plaintiff's claims are properly dismissed with prejudice even if the plaintiff refuses altogether to arbitrate.[4] *See R and C Oilfield Services LLC v. American Wind Transport Group LLC*, 45 F.4th 655, 661-62 (3d Cir. 2022) (holding that district court properly dismissed plaintiff's complaint with prejudice when plaintiff refused to comply with order compelling arbitration); *Windward Agency, Inc. v. Cologne Life Reins. Co.*, 353 F. Supp. 2d 538, 540-43 (E.D. Pa. 2003),

---

[4] Relatedly, a plaintiff also may not voluntarily dismiss their claims after being compelled to arbitration in order to appeal the decision compelling them to arbitration. *Langere v. Verizon Wireless Services, LLC*, 983 F.3d 1115, 1122 (9th Cir. 2020). Such a "voluntary-dismissal tactic" undermines the scheme designed by Congress in the FAA. *Id.* (citing 9 U.S.C. § 16). The FAA embodies "Congress' deliberate determination that appeal rules should reflect a strong policy favoring arbitration." *Id.*

6

aff'd, 123 F. App'x 481 (3d Cir. 2005) (holding that failure to proceed with arbitration once ordered is grounds for dismissal with prejudice and "**[i]f it were otherwise, a plaintiff could disregard with impunity an order to arbitrate**") (emphasis added); *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (dismissing case with prejudice for failure to prosecute where party refused to comply with an order compelling arbitration because "[o]nce a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party can not decide for itself when it feels like pressing its action"); *Hoffman v. Genpact*, No. 3:22-CV-00009, 2023 WL 6609020, at *1 (M.D. Pa. Oct. 10, 2023) (dismissing claims with prejudice for failure to proceed with arbitration). Here, where Plaintiff commenced arbitration, litigated those claims for nearly two years, and dismissed them with prejudice the day the arbitration hearing was scheduled to commence, dismissal with prejudice is even more warranted.

Finally, Plaintiff's opposition to confirming the Final Order make clear that she is attempting to preserve her claims so that she can proceed with them in some other forum. This clearly is forbidden. "It is inappropriate for a plaintiff to use voluntary dismissal as an avenue for seeking a more favorable forum." *Hayden v. Westfield Ins. Co.*, Civil Action No. 12-0390, 2013 WL 5781121, at *4 (W.D. Pa. Oct. 25, 2013) (denying the plaintiffs' motion for leave to voluntarily dismiss their action based solely on evidence that "points to nothing more than improper forum-shopping"); *see also Spain v. Gallegos*, 26 F.3d 439, 455 (3d Cir. 1994) ("[Plaintiff] willfully refused to prosecute her remaining claims after receiving an adverse ruling by the district court on the sexual discrimination and harassment claims. In these circumstances, we cannot fault the district court for dismissing the suit."); *Ewideh v. Homesite Ins. Co. of the Midwest*, No. 1:23-CV-812, 2023 WL 5170379, at *4 (M.D. Pa. July 17, 2023) ("Simply put, the plaintiffs' attempt to unilaterally abandon this case and indulge in forum shopping through the

7

expedient of filing a notice of voluntary dismissal after an answer has been filed fails as a matter of law.").

The Court should reject Plaintiff's abusive tactics and confirm the Final Order.

## III.  CONCLUSION

For the foregoing reasons, the Final Order therefore must be confirmed, and all claims brought in this action and compelled to arbitration, and all claims subsequently brought in arbitration, must be dismissed with prejudice, and judgment entered for AIL as to all claims.

Dated:  March 25, 2024                                          Respectfully submitted,

By: /s/ *Jeffrey Hammer*

**LITTLER MENDELSON, P.C.**
Andrea M. Kirshenbaum (Pa. Bar No. 88030)
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102Tel: (267) 402-3076
Fax: (267) 402-3131
Email:  AKirshenbaum@littler.com

**KING & SPALDING LLP**
Jeffrey Hammer* (Cal. Bar No. 264232)
James A. Unger* (Cal. Bar No. 325115)
633 West Fifth Street, Suite 1600
Los Angeles, California 90071
Tel: (213) 218-4002
Fax: (213) 443-4310
Email: jhammer@kslaw.com
Email: junger@kslaw.com

Anne R. Dana* (NY Bar No. 5011366)
1185 Avenue of the Americas
34th Floor
New York, NY 10036
Tel: (212) 556-2100
Email:  adana@kslaw.com

*Admitted Pro Hac Vice*

8

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2024 a true and correct copy of the foregoing document was served and filed using the Western District of Pennsylvania's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon the following counsel of record:

Amy Williamson, Esquire
WILLIAMSON LAW
429 Fourth Avenue, Suite 300
Pittsburgh, PA 15219
awilliamson@awilliamsonlaw.com

Janice Marie Savinis
SAVINIS, KANE, & GALLUCCI
436 7th Avenue, Suite 322
Pittsburgh, PA 15219
jsavinis@sdklaw.com

John R. Kane
SAVINIS, KANE, AND GALLUCCI
436 7th Avenue, Suite 322
Pittsburgh, PA 15219
jkane@sdklaw.com

Michael J. Gallucci
SAVINIS, KANE, & GALLUCCI
436 7th Avenue, Suite 322
Pittsburgh, PA 15219
mgallucci@sdklaw.com

*Attorneys for Plaintiff Renee Zinsky*

Jean E. Novak, Esquire
STRASSBURGER MCKENNA GUTNICK AND GEFSKY
Four Gateway Center, Suite 2200 444
Liberty Avenue Pittsburgh, PA 15222
jnovak@smgglaw.com

*Attorneys for Defendants Simon Arias, III, Arias Agencies and S.A. Holdings, LLC*

Benjamin D. Webb, Esquire<br>
COZZA LAW GROUP<br>
510 Washington Avenue Carnegie, PA 15106<br>
bwebb@cozzalaw.com

*Attorney for Defendants Michael Russin, Russin Group, LLC and Russin Financial*

                                         */s/ Jeffrey Hammer*  
                                         Jeffrey Hammer