# EXHIBIT A

CONFIDENTIAL

AMERICAN ARBITRATION ASSOCIATION

```
RENEE ZINSKY,                )
                             )
             Claimant,       )
                             )
        vs.                  )
                             )
ARIAS AGENCIES, ET AL.,      )   Case No.
                             )   01-22-0004-0849
             Respondent,     )
                             )
        vs.                  )
                             )
AMERICAN INCOME LIFE         )
INSURANCE COMPANY,           )
                             )
             Respondent.     )
```

     BEFORE:   ARBITRATOR CAROLE KATZ
               ARBITRATOR MELVIN VATZ
               ARBITRATOR STEPHEN JORDAN


                  March 4, 2024
                   9:42 a.m.



        CONFIDENTIAL TRANSCRIPT OF PROCEEDINGS




     Reported By:

     Maria M. Siatkowski
     Certified Diplomate Reporter
     Certified Realtime Reporter
     Certified Realtime Captioner

     Job No.: 8845

CONFIDENTIAL

Page 2

```
 1   APPEARANCES:
 2   For the Claimant:
 3   Savinis, Kane & Gallucci, LLC (via Zoom and
     phone):
 4   BY:  JOHN KANE, ESQUIRE
     BY:  JANICE SAVINIS, ESQUIRE
 5   BY:  MICHAEL GALLUCCI, ESQUIRE
     BY:  AMY WILLIAMSON, ESQUIRE
 6   Koppers Building
     436 Seventh Avenue #700
 7   Pittsburgh, PA  15219
     412-567-4931
 8
     For the Respondent Arias Agencies:
 9
     Strassburger, McKenna, Gutnick & Gefsky
10   BY:  JEAN E. NOVAK, ESQUIRE
     BY:  ERICA LAUGHLIN, ESQUIRE
11   Four Gateway Center
     444 Liberty Avenue #2200
12   Pittsburgh, PA  15222
     412-281-5423
13   jnovak@smgglaw.com
14   For the Respondent American Income Life
     Insurance Company:
15
     King and Spalding LLP
16   BY:  JEFFREY HAMMER, ESQUIRE
     BY:  JAMES A. UNGER, ESQUIRE
17   BY:  ANNE ROSE DANA, ESQUIRE
     633 West 5th Street
18   Suite 1600
     Los Angeles, CA  90071
19   junger@kslaw.com
20   ALSO PRESENT:
     Corey Herrick
21   Simon Arias
     Rebecca Regniere - (via phone)
22
23
24
25
```

CONFIDENTIAL

1                    P R O C E E D I N G S

2                         ARBITRATOR KATZ:  Would you

3        please, on the phone, state your names again,

4        slower, so the court reporter can get it down?

5                         ATTORNEY KANE:  John Kane,

6        K-A-N-E.

7                         ATTORNEY SAVINIS:  Janice

8        Savinis, S-A-V-I-N-I-S.

9                         ATTORNEY GALLUCCI:  Mike

10       Gallucci, G-A-L-L-U-C-C-I.

11                        ATTORNEY WILLIAMSON:  Amy

12       Williamson, W-I-L-L-I-A-M-S-O-N.

13                        ARBITRATOR KATZ:  Okay.  And

14       Respondents counsel, would you please enter

15       your appearances and you can go in whatever

16       order you choose.

17                        ATTORNEY HAMMER:  For

18       Respondent, American Income Life Insurance

19       Company, Jeffrey Hammer, and Anne Dana and

20       James Unger.  And as a representative for

21       American Income Life Insurance Company,

22       Corey Herrick is present as well.

23                        ARBITRATOR KATZ:  And how do

24       you spell your --

25                        ATTORNEY HERRICK:  It's

CONFIDENTIAL

Page 4

1    H-E-R-R-I-C-K.

2                    ARBITRATOR KATZ:  And Corey is

3    C-O-R-E-Y?

4                    ATTORNEY HERRICK:  Correct.

5                    ARBITRATOR KATZ:  Okay.

6                    ATTORNEY NOVAK:  For Arias

7    Agencies, Jean Novak, Erica Laughlin, and

8    corporate representative, Simon Arias.

9                    ARBITRATOR KATZ:  Claimants

10   counsel, is Claimant present with you?

11                   ATTORNEY KANE:  No.

12                   ARBITRATOR KATZ:  Okay.  We,

13   you know, received the E-mail communication

14   last night.  Actually, I saw it this morning,

15   and we have some questions about it.  If, you

16   know, on behalf of Claimant you choose not to

17   move forward at all, that is, I suppose, your

18   client's decision.

19                   But the E-mail is, basically, among

20   other things, says that there's a protective

21   order in the Federal Court that are -- by

22   signing the subpoena, the Russin subpoena, we

23   would be putting Claimant in a position of

24   violating.

25                   The protective order is publicly

CONFIDENTIAL

Page 5

1    filed and we're just confused on why Claimant's

2    position is that that would -- that the

3    protective order is implicated in the subpoena

4    that the panel signed.

5                    ATTORNEY KANE:  Well, if there

6    was a document that was marked Confidential

7    that did not allow either party to discuss it,

8    and then we were compelled to discuss something

9    we're not permitted to discuss, we would go on

10   to Federal Court and seek relief.

11                   But because this occurred between

12   Friday and Monday, Claimant felt that she had

13   no choice but to dismiss her claim yesterday,

14   March 3, 2024, in its entirety against any

15   pending claims, against any pending

16   Respondents, before being put in such a

17   position.

18                   ARBITRATOR KATZ:  When were

19   you planning on calling Russin?  He was the

20   first witness.

21                   And again, my understanding, and we

22   don't have a hard copy here of the protective

23   order, we can all pull it up on our screens

24   because that's a -- that protects certain

25   discovery materials marked as Confidential.

Page 6

1           Again, we're not -- we're just not
2    -- we're confused about why it -- understanding
3    there's two separate issues.
4           One, whether the protective order is
5    implicated and then, two, if the settlement
6    agreement is confidential, that's a contractual
7    issue.
8           So I'd like to stick with one at a
9    time and the -- and to understand what your
10   claim is as to the protective order.
11           ATTORNEY KANE:  Well, I don't
12   have the protective order in front of me, but I
13   would say to the Court there's two things -- I
14   would say there's three things.  It would be
15   the ongoing settlement negotiations pursuant to
16   a federal mandated mediation.  Any
17   conversations and any documents created
18   pursuant to that would also be protected for
19   the third issue.
20           So there are three issues involved.
21   One would be the protective order.  One would
22   be the protection from federal, I think it's
23   408.  And that the last one would be if there
24   is a settlement agreement, that would be an
25   entirely separate issue, which I don't think

CONFIDENTIAL

Page 7

1    the parties could take a position on at this

2    moment.

3                    ARBITRATOR KATZ:  So the Panel

4    signed a subpoena.  The import of which was to

5    have a witness bring one document with him and

6    that was a settlement agreement.  And I'm --

7    the Panel has not ruled that the content of any

8    settlement negotiations is in play.  So I want

9    to make that clear.  The sole issue is a

10   settlement agreement.

11                   ATTORNEY KANE:  Yeah.  We

12   don't speak for Mike Russin and so we don't

13   know what he would say.  We have probably a

14   different position on the matter than that he

15   would but none of this could be fleshed out in

16   Federal Court which is where we would have

17   fleshed it out.

18                   ARBITRATOR KATZ:  We're not

19   asking you to speak for Mike Russin.  We as the

20   Panel control the evidence admitted here and

21   control our rulings and the only action the

22   Panel has taken was to sign a subpoena to have

23   Russin bring with him a settlement agreement.

24   That -- so the Panel has not any -- made any

25   ruling that negotiations that led to that

CONFIDENTIAL

Page 8

1   settlement agreement are admissible.  So I want

2   to be clear on that.

3              (Arbitrator Katz conferred with

4   Arbitrator Vatz.)

5              ARBITRATOR KATZ:  Nor have we

6   ordered the Claimant to produce this one

7   document.

8              So, I mean, I, you know, again, the

9   Panel is just confused on the turn of events in

10  the last, you know -- less than 24 hours after

11  all the work that everyone's put into this for

12  Claimant to dismiss her case based on us

13  signing a subpoena -- a subpoena for one

14  document.

15             So we're just trying to understand.

16  Does Respondent want to be heard or --

17             ATTORNEY HAMMER:  There's been

18  no change in our position.  There's a subpoena

19  that's been issued, you know, that we think is

20  valid and enforceable.  We're here for the

21  hearing.  The clients are present.  We're ready

22  to proceed.

23             If the Panel wants to hear about

24  what the request is our position vis-a-vis the

25  E-mail that was sent last night, we can address

CONFIDENTIAL

1    that now, if that's what you're asking.

2                    ARBITRATOR KATZ:  Can you hear

3    on the phone?  I just want to make sure you can

4    hear.

5                    ATTORNEY KANE:  Yes.

6                    ARBITRATOR KATZ:  Okay.

7                    ATTORNEY HAMMER:  So, I mean,

8    our position vis-a-vis the E-mail that was sent

9    last night is that Claimant cannot unilaterally

10   withdraw claims without prejudice if that is

11   what they're attempting to do and that we

12   should proceed with the hearing then.

13                    ARBITRATOR KATZ:  Okay.  So to

14   Claimant's counsel, the Panel wants to be clear

15   before you make any unalterable decisions that

16   the only directive so far has been that your

17   witness bring with him and produce the

18   settlement agreement.

19                    If Claimant wishes to seek relief

20   from -- and again, we looked at the protective

21   order and see that as a -- you know, protecting

22   discovery documents marked as Confidential.

23   The Panel does not see the protective order as

24   relevant here.

25                    But if Claimant has concerns that

CONFIDENTIAL

Page 10

1    she would be violating a court order, the Panel

2    is open to working with Claimant if she wants

3    to reorder her witnesses and get the attention

4    of -- to try to get Judge Horan's attention,

5    that's one option.

6              If -- and again, the Panel is not

7    open -- has not been asked to entertain any

8    evidence about the negotiations leading up to

9    the settlement agreement, so we -- and I'm sure

10   there are other solutions other than Claimant

11   dismissing her claim and we're open to

12   discussing those.

13             If, however, Claimant chooses to

14   dismiss her claim, then it would be with

15   prejudice.  And so we -- we urge Claimant's

16   counsel to consider the option -- on behalf of

17   your client, to consider the options.  Panel is

18   open to discussing them.  And I urge you to

19   confer with each other before you make a

20   decision to dismiss the case with prejudice.

21             ATTORNEY KANE:  So just in

22   response to Mr. Hammer's comment about a valid

23   subpoena, we would object that it was a valid

24   subpoena being issued, but, you know, less than

25   24 hours from the first witness in the hearing.

CONFIDENTIAL

Page 11

1    We don't think of any -- that could be

2    categorized as a reasonable time period for a

3    subpoena.  They had four months to do so.

4              ARBITRATOR KATZ:  That is --

5    yeah, that was a question that we had.  When --

6    this is I guess a question to Respondent's

7    counsel.  When did you receive notice that

8    Mr. Russin was going to be called?

9              ATTORNEY HAMMER:  We received

10   notice that he was voluntarily appearing.  The

11   recent dates are a blur, but I believe it was

12   the day before we asked the Panel to issue the

13   subpoena.

14              So that was the -- that was the

15   first time we were on notice that he was not

16   appearing pursuant to a subpoena.

17              ARBITRATOR KATZ:  Putting

18   aside your position, Claimant's counsel, on the

19   validity or lack thereof of the subpoena,

20   again, we urge you to confer about your next

21   steps and they're willing to take a break here

22   to allow you to do that.

23              Anything you want to say?  Hold on

24   one minute.

25              (Arbitrators confer.)

CONFIDENTIAL

Page 12

1              ARBITRATOR KATZ:  I mean,

2     well, I'll -- we'll hear counsel on this.  I

3     mean, there's either the claimant is dismissing

4     it with prejudice, that's one thing.  If

5     Claimant is just not participating, then

6     there's a rule on that and we would go forward

7     with the evidence.

8              So we need Claimant's counsel on the

9     record on behalf of your client to advise us

10    what -- what your choice is.

11             Do you want to take some time to

12    discuss among yourselves?

13             ATTORNEY KANE:  Sure, we will.

14             ARBITRATOR KATZ:  Okay.  So

15    you can just mute us.  We don't have you on

16    video anyways and we'll stand by.  If you're

17    going to need more than, say, you know, ten

18    minutes, would you just come on and let us know

19    that?

20             ATTORNEY KANE:  The phone cut

21    out so I'm not sure what you said.  You need

22    more --

23             ARBITRATOR KATZ:  If you need

24    more than ten minutes -- I was just saying if

25    you need more than ten minutes to confer, just

CONFIDENTIAL

Page 13

1    as a courtesy, would you please unmute yourself

2    and let us know just so we know what's going

3    on?

4                    ATTORNEY KANE:  Will do.

5                    ARBITRATOR KATZ:  Okay.

6                    ATTORNEY KANE:  All right.

7    Hold on.

8             (Short recess taken.)

9                    ATTORNEY KANE:  Okay.

10   Claimant is back.  Is everybody ready?

11                   ARBITRATOR KATZ:  Hold on one

12   minute.

13                   ATTORNEY KANE:  You know what?

14   I think I need to get Amy Williamson again.

15   Hold on one second.

16                   ATTORNEY WILLIAMSON:  Hello?

17                   ATTORNEY KANE:  Hey, Amy.

18   We're waiting for the other side.  I have you

19   logged on to the Zoom call.

20                   ATTORNEY WILLIAMSON:  Okay.

21                   ATTORNEY KANE:  We're waiting

22   for the other side.

23                   ATTORNEY WILLIAMSON:  Yeah,

24   okay.

25                   ARBITRATOR KATZ:  So we're

CONFIDENTIAL

Page 14

```
 1   resuming after Claimant's counsel has conferred

 2   amongst themselves.

 3              What do you have to say?

 4              ATTORNEY KANE:  Claimant's

 5   position is that there are no claims pending,

 6   that they were withdrawn yesterday on March

 7   3rd.  And, you know, Claimant is sticking with

 8   that position.

 9              We don't agree that there's any

10   settlement agreement with Mike Russin.  We

11   believe he's an antagonistic witness to us, and

12   anything in writing reflects the settlement

13   negotiations as opposed to any final settlement

14   agreement.

15              And if you look at the Federal Court

16   docket, after Mr. Russin's counsel called it a

17   binding settlement agreement, we had to go and

18   confer again with Dave White before

19   confidential mediations and more confidential

20   negotiations and mediations and an amended

21   motion had to be filed to reflect that.

22              And so the Claimant's in a position

23   that Respondents have had four months to ask

24   for that document since that was filed in

25   October and has known about it the entire time.
```

CONFIDENTIAL

Page 15

1    They waited till the last possible second to

2    request the subpoena so that we can seek no

3    relief in Federal Court.  And so we had no

4    choice but to withdraw our claims yesterday.

5              Claimant believes we can prove that

6    Ms. Zinsky's signatures were forged on multiple

7    documents, but it was deemed too late in

8    January by the arbitrators to bring such a

9    claim, and yet Respondents are permitted to

10   conduct discovery on the first day of trial

11   with a hostile witness, which will allow him to

12   say anything and everything he wants to say

13   because he's not protected by the Federal Court

14   action.  So Claimant does not -- does not

15   believe that she has a choice.

16             Mr. Russin was testifying today as a

17   first witness because his wife is giving birth

18   tomorrow and we worked it out with his counsel

19   that he would testify today without a subpoena.

20   And yet, you know, we're stuck in this

21   position.

22             So it's our position to withdraw the

23   claims and we understand it's with prejudice

24   but that's where we stand.

25                  ARBITRATOR KATZ:  Does counsel

CONFIDENTIAL

Page 16

1  want to be heard on anything that you just

2  heard?

3                    ATTORNEY HAMMER:  We do

4  believe that any dismissal should be with

5  prejudice.  Unless they're not showing up, then

6  that should be -- it should not be a withdrawal

7  without prejudice, it certainly should be with

8  prejudice.

9                    ARBITRATOR KATZ:  Counsel?

10                    ATTORNEY NOVAK:  We do believe

11  that the order should indicate that --

12                    ARBITRATOR KATZ:  Speak up

13  just to make sure they can hear you.

14                    ATTORNEY NOVAK:  We do believe

15  that the order should indicate that its

16  adjudication on the merits, they bore the

17  burden, they failed to appear.  They presented

18  nothing.  Therefore, in addition to withdrawing

19  with prejudice, the order should indicate that

20  they failed to appear, and that this was a

21  finding on the merits.

22                    ARBITRATOR VATZ:  Can I ask a

23  question, Ms. Novak?

24                    ATTORNEY NOVAK:  Yes.

25                    ARBITRATOR VATZ:  How can we

CONFIDENTIAL

Page 17

1    have both?  If we enter an order that says that

2    the claims have been dismissed at the request

3    of the Claimant with prejudice, doesn't that

4    mean there was no hearing?

5              So are you objecting to a dismissal

6    in saying you want to proceed with the hearing

7    on the merits?  I just don't -- can you do

8    both?

9              ATTORNEY NOVAK:  Well, we

10   showed up for the hearing.

11             ARBITRATOR VATZ:  I

12   understand.

13             ATTORNEY NOVAK:  We were ready

14   to go but it is their burden and, therefore,

15   they would have been the first party to present

16   evidence.  They failed to appear.  We're

17   certainly not going to present evidence based

18   on what they might have done.

19             ATTORNEY HAMMER:  Yeah, you

20   can understand our situation.  We're here.

21   What we need is the final -- whatever wraps

22   this up needs to preclude Claimant the ability

23   of turning around and filing these claims

24   again.

25             You know, we're thinking through

CONFIDENTIAL

Page 18

```
1    what the appropriate procedural outcome for
2    that is.  I do, you know, hearing what
3    Ms. Novak is saying, I mean, whether that's a
4    final award, finding that they have not met
5    their burden, that might be the more
6    appropriate vehicle.
7              But we want to make sure that the
8    ultimate -- whatever is issued by the Panel
9    provides that -- that fact and, you know, an
10   award saying that Claimant is -- we're here,
11   the hearing's commenced, Claimant put in no
12   evidence.  Therefore, they have not met their
13   burden might be the appropriate way to do that.
14             ARBITRATOR KATZ:  Well, I
15   think the Panel -- and we're going to ask
16   everybody to remain where they are.  The
17   Panel's going to confer for a few minutes.  In
18   the meantime, the parties are directed there's
19   a -- to Rule 32 --
20             ATTORNEY KANE:  I'm sorry, the
21   phone cut out there.
22             ARBITRATOR KATZ:  The parties
23   are directed to Rule 32.  But in the meantime,
24   the Panel's going to confer for a couple
25   minutes and we'll be back.
```

CONFIDENTIAL

Page 19

1                     ARBITRATOR JORDAN:  This is

2       Steve --

3                     ATTORNEY KANE:  May I make one

4       quick response?

5                     ARBITRATOR KATZ:  Wait.  Hold

6       on.

7                     ARBITRATOR JORDAN:  Ms. Zinsky

8       is on the line; is that correct?

9                     ATTORNEY KANE:  She is not.

10                    ARBITRATOR JORDAN:  Oh, I

11      thought she called in.

12                    ARBITRATOR KATZ:  No, that was

13      Amy Williamson.

14                    ARBITRATOR JORDAN:  That was

15      Amy, sorry.

16                    ATTORNEY KANE:  May I make one

17      brief response?

18                    ARBITRATOR KATZ:  Yes.

19                    ATTORNEY KANE:  Thank you.

20            Claimant absolutely opposes any

21      ruling on the merit.  There's been no hearing.

22      Our claims were dismissed yesterday and they

23      were dismissed yesterday for a reason.  They

24      were withdrawn yesterday, so there is no ruling

25      on the merit because there was no hearing and

CONFIDENTIAL

Page 20

1    there was no evidence taken.  So --

2                    ARBITRATOR KATZ:  And just to

3    be -- just to be clear -- just to be clear, you

4    are representing on behalf of Ms. Zinsky that

5    you are withdrawing or -- and dismissing all

6    the claims that were present in this action

7    with prejudice?

8                    ATTORNEY KANE:  After more

9    than two hours on the phone with our client

10   yesterday and all counsel, it was agreed that

11   we would withdraw all pending claims against

12   all pending Respondents in arbitration.  It was

13   understood that it would likely be with

14   prejudice and the Claimant understood based on

15   the circumstances and was actually the one that

16   suggested it.  So we have no hesitation

17   suggesting that Ms. Zinsky is aware of

18   everything that we're discussing now.

19                    ARBITRATOR KATZ:  Okay.  So

20   we're going to put you on mute and we'll be

21   back.

22                    ATTORNEY NOVAK:  If you want

23   to go out that door --

24                    ARBITRATOR KATZ:  Okay.

25                    ATTORNEY NOVAK:  -- I'll meet

CONFIDENTIAL

Page 21

1    you in the front.

2              (Short recess taken.)

3                   ARBITRATOR KATZ:  Okay.  We're

4    back on the record.

5              Claimant's counsel, are you there?

6                   ATTORNEY KANE:  Yes.

7                   ARBITRATOR KATZ:  Okay.  Well,

8    the Panel would like to -- we'll say the

9    following:

10                   Number one, this one document that

11   was -- that the witness was directed to bring

12   with him in the subpoena is potentially

13   relevant to his credibility as a witness that

14   Claimant is choosing to call.  If there is no

15   final settlement agreement, then there is

16   nothing for the witness to bring.

17                   However, the Panel before we -- one

18   final time confirm that Claimant -- the

19   Claimant's course of action, the Panel wants to

20   be clear that as I think we've said we would be

21   willing to take a pause if Claimant wants to

22   reach out to Judge Horan.  We also would be

23   willing to take this witness out of order if

24   he's tied up with the birth of a child.  We

25   would be willing to hold it -- to go forward

CONFIDENTIAL

Page 22

1  with the evidence and hold the hearing open for

2  this one witness by Zoom afterwards.

3            And we want Claimant's counsel to be

4  clear that there are other options.  Those

5  happen to be the ones we've thought of.  There

6  may be others that you or other -- that you

7  would offer and we'd be open to hearing them.

8            With that, then we ask Claimant's

9  counsel do you want -- are you sure you want to

10 dismiss this case with prejudice or do you want

11 to reconsider that?

12           ATTORNEY KANE:  So long as

13 it's not an adjudication on the merits we want

14 it dismissed.  We believe it was withdrawn

15 yesterday, precluding an adjudication on the

16 merit.

17           ARBITRATOR KATZ:  So

18 Claimant's counsel, on the record, you are

19 dismissing and withdrawing this case, including

20 all claims brought, whether they've been

21 disposed of prior to the hearing or would have

22 been the subject of the hearing, you are

23 dismissing with -- and withdrawing all of those

24 with prejudice?

25           ATTORNEY KANE:  We're

CONFIDENTIAL

Page 23

1    withdrawing all claims that are pending or were

2    pending in this case in arbitration.

3                    ARBITRATOR KATZ:  Are you --

4              (Reporter interrupted for

5    clarification.)

6                    ARBITRATOR KATZ:  What was

7    that?

8                    ATTORNEY KANE:  With

9    prejudice.  I was acknowledging that it was

10   with prejudice.

11                   ARBITRATOR KATZ:  Okay.

12   Anything else?  Anything else?

13                   ATTORNEY HAMMER:  Well, does

14   the Panel -- our preference would be for an

15   award -- an award finding that we're here for

16   the hearing and Claimant failed to meet the

17   burden -- it's her burden to prove her claims.

18                   ARBITRATOR KATZ:  The -- go

19   ahead.

20                   ATTORNEY HAMMER:  That's --

21   and that the unilateral withdrawal for

22   dismissal with prejudice, the Claimant's not

23   permitted to do that.  That we're here for the

24   hearing.  And if --

25                   ARBITRATOR KATZ:  What is your

CONFIDENTIAL

Page 24

1    authority for that?  If we were in Federal

2    Court --

3                    ATTORNEY HAMMER:  If we were

4    in Federal Court, you actually do need to file

5    a motion for relief or to dismiss, you do, and

6    it's true that under the arbitration rules

7    there's the absence of a rule addressing this

8    very unique situation we're in.

9                    ARBITRATOR KATZ:  Right.

10                   ATTORNEY HAMMER:  But there is

11   a rule that addresses a scenario where a

12   witness doesn't show up for the hearing.  And

13   so --

14                   ARBITRATOR KATZ:  That's real

15   clear --

16                   ATTORNEY HAMMER:  That's where

17   we are.  That's where we are.

18           We don't think that there's -- given

19   the silence of the arbitration rules on what it

20   is that Claimant is attempting to do here, we

21   feel that Rule 32 should govern and there

22   should be an award on the merits for failing to

23   meet the burden.

24                   ARBITRATOR VATZ:  So using the

25   Federal Court rules as a parallel, as a guide.

CONFIDENTIAL

Page 25

1          ATTORNEY HAMMER:  As an

2    analog.

3          ARBITRATOR VATZ:  As an

4    analog, okay.  If a Plaintiff in Federal Court

5    comes in eve of trial or morning of trial and

6    says, "We move the Court to enter an order

7    dismissing all claims with prejudice, Defendant

8    objects, says we want an award or judgment."

9          The Court can under federal rules

10   say, "Claims are dismissed with prejudice upon

11   motion of the Plaintiff."

12          Correct?

13          ATTORNEY HAMMER:  Yes.

14          ARBITRATOR VATZ:  Okay.  So

15   using that as an analog, we can do the same

16   thing.  There's -- it doesn't appear to us to

17   be anything in the rules that would prevent us

18   from doing that.

19          ATTORNEY HAMMER:  Speaking for

20   AIL, that's an option.  I don't see anything in

21   the rules that prevents anything in the request

22   to dismiss with prejudice.  Of course, Arias'

23   counsel's may have a different view about it.

24          ARBITRATOR VATZ:  And maybe

25   this is just my curiosity.  Why is there a

CONFIDENTIAL

Page 26

1    difference between an award on the merits which

2    is not binding in any other proceeding and a

3    dismissal with prejudice?

4              ATTORNEY HAMMER:  We simply

5    want, as you might imagine, to avoid being back

6    here litigating these claims, or anywhere.

7              And so we want what has the most

8    preclusive effect and we think there might --

9    you know, this is an atypical situation but an

10   award finding in favor of Respondents we think

11   may have benefit in ensuring that the same

12   Respondents are not facing these same claims by

13   the same Claimant in some other form.

14             ARBITRATOR KATZ:  I guess

15   that's my confusion, too, is why if we would do

16   a written order laying out this is one scenario

17   that -- that the Claimant on the morning or

18   night before, whichever the case may be, the

19   hearing, after, you know, all parties had

20   traveled and gathered and prepared for a

21   hearing to -- chose to dismiss her claims with

22   prejudice, why wouldn't that have a preclusive

23   with a capital P effect?

24             ATTORNEY HAMMER:  Well, let me

25   be very clear on the record.  I think that

CONFIDENTIAL

Page 27

1    would have a preclusive effect and our position

2    is that, you know, in any further proceeding

3    that would be preclusive.

4             And as you might imagine, we got

5    this -- we have not fully researched this.  And

6    so we're, you know -- we've had time to sit and

7    think about all of the scenarios of how this

8    plays out.  That's our preference.

9             We think either way, our view is

10   that whether it's a dismissal with prejudice or

11   it's an award on the merits of the hearing,

12   that it should be preclusive and we just -- you

13   know, that that's our view of what might be --

14   might have a more full-proof effect.

15             ARBITRATOR KATZ:  I guess

16   another question because I don't remember ever

17   having dealt with this.  If it were a Federal

18   Court and the Plaintiff came in on the, you

19   know, morning or eve before trial and said, "I

20   want to dismiss my case with prejudice," you

21   know, what would be the reason or reasons a

22   court would -- would not grant that?  I mean --

23             ARBITRATOR VATZ:  That's a

24   good question.

25             ARBITRATOR KATZ:  I mean,

CONFIDENTIAL

Page 28

1    again, I've never dealt -- I don't remember

2    ever dealing with a situation like this.  But

3    why -- you know, I understand, you know,

4    counsel's withdrawing, then there are all kinds

5    of reasons a court wouldn't grant that but if

6    counsel with full consent of their client is

7    dismissing all claims with prejudice, why would

8    a court not grant that?

9            I mean, and the alternative if

10   you're talking about Rule 32 is then we go

11   forward with evidence.  We don't just say --

12           ATTORNEY HAMMER:  Well,

13   Rule 32 contemplates what the -- contemplates

14   the evidence that the arbitrators may require.

15           ARBITRATOR KATZ:  "The

16   arbitrators shall require the party who is

17   present to submit such evidence as the

18   arbitrator may require for the making of an

19   award."

20           It's clear as -- clear as mud.

21           ATTORNEY HAMMER:  You know,

22   and our view is it's -- these are Claimant's

23   claims.  She bears the burden.  She puts on no

24   evidence.  We have no obligation to put on

25   any -- any evidence ourselves.  She has not met

CONFIDENTIAL

Page 29

1   her burden so there should be no evidence

2   that's required to be put in.

3                    ARBITRATOR VATZ:  Well, let me

4   just muddy the waters.  If we did it that way,

5   because I don't think -- I don't think you can

6   do both.  I don't think you do a stipulation or

7   a dismissal with prejudice on the motion of the

8   Claimant and then an award.  Okay?

9                    To me, that there's a little bit of

10  an inherent contradiction.  Again, I've never

11  researched this either or come across this

12  situation.

13                   But let's just assume that we went

14  forward with a hearing and we entered an award.

15  Doesn't that give the Claimant some option to

16  then appeal the award based on, you know,

17  whatever the limited grounds for appeal of an

18  arbitration award are?  I'm not saying it would

19  be successful or not, but still that leaves

20  that open.

21                   It seems to me that a dismissal with

22  prejudice ends it forever.  You tell me if I'm

23  wrong.

24                    ATTORNEY HAMMER:  One thing I

25  think would be fair to ask the Claimant's

CONFIDENTIAL

Page 30

```
1   counsel -- I mean, obviously, the intent here
2   is to have a preclusive effect.
3                    ARBITRATOR VATZ:  Right.
4                    ATTORNEY HAMMER:  You know, I
5   think it's fair to ask Claimant's counsel if
6   they acknowledge the preclusive effect of a
7   dismissal with prejudice and that would go a
8   long way toward figuring out.
9                    ARBITRATOR VATZ:  I would have
10  preferred to have asked those questions also of
11  Claimant but we don't seem to have that
12  opportunity here.
13                    ARBITRATOR KATZ:  Well, okay.
14  I think that's a fair, you know, obviously,
15  the -- well, I won't say anything's obvious.
16                    In choosing on behalf -- in
17  representing on behalf of your client -- this
18  is directed to Claimant's counsel -- that with
19  her consent all of her claims in this
20  arbitration are being dismissed and withdrawn
21  with prejudice, does counsel understand and
22  does Claimant -- can you represent that
23  Claimant understands that that will have a
24  preclusive effect on all of those claims that
25  were brought in this matter?
```

CONFIDENTIAL

Page 31

```
 1                    ATTORNEY KANE:  Claimant
 2   understands that "with prejudice" means that
 3   all pending claims cannot be brought again in
 4   arbitration forever.  So giving us authority
 5   based on our conversations what --
 6                    ARBITRATOR KATZ:  Wait, your
 7   voice cut out.  Hello?
 8                    ATTORNEY KANE:  That she gave
 9   us authority --
10            Can you hear me?
11                    ARBITRATOR KATZ:  Now we can,
12   yes.
13                    ATTORNEY KANE:  I said that
14   based on our more than two-hour conversation
15   with our client yesterday, she understands that
16   by withdrawing her claims in this matter with
17   prejudice, she cannot thereafter bring the same
18   claims in arbitration against these same
19   parties.  She understands that and has given us
20   authority to withdraw all pending claims
21   against all pending Respondents in arbitration.
22                    ARBITRATOR KATZ:  Well, does
23   she understand that by withdrawing with
24   prejudice, she cannot -- there will be a
25   preclusive effect not only on pending claims
```

CONFIDENTIAL

Page 32

1    but all claims that were brought in this matter

2    and it will be preclusive as to not just future

3    arbitrations but any future proceeding?

4                   ATTORNEY KANE:  I don't know

5    that I agree that future proceedings is

6    necessarily applicable.  I certainly agree

7    that, you know, she's precluded from

8    resurrecting any of these claims in

9    arbitration, any claims she had or ones that

10   were dismissed in arbitration.

11                  But preclusive of ever doing

12   anything anywhere is I think overly broad.

13                  ARBITRATOR KATZ:  That's what

14   preclusive means, is that these claims are

15   done, dead, permanently in any form.  So if

16   we're going to enter the order, that's the

17   import.  That's the impact and, again, if you

18   need to consult with your client, we will allow

19   you to do that.

20                  ATTORNEY HAMMER:  Can I add

21   something?

22                  ATTORNEY KANE:  Can you give

23   us one minute, please?

24                  ARBITRATOR KATZ:  Wait.

25   Counsel for AIL wants to say something before

CONFIDENTIAL

Page 33

1    you do.

2                    ATTORNEY HAMMER:  I mean, the

3    way the doctrines of --

4                    ARBITRATOR KATZ:  Are you

5    there?  Are you still on the phone?

6                    ATTORNEY KANE:  Yeah.  We're

7    here.

8                    ARBITRATOR KATZ:  Okay.  Go

9    ahead.

10                    ATTORNEY HAMMER:  I mean, to

11   have a preclusive effect is not only on these

12   specific causes of action but it's the claims

13   that arise out of these.

14                    ARBITRATOR KATZ:  I --

15                    ATTORNEY HAMMER:  You know, it

16   is -- I'm not making up law here.  So whatever

17   the law is --

18                    ARBITRATOR KATZ:  Whatever the

19   law is.

20                    ATTORNEY HAMMER:  -- not

21   necessarily limited to the specific causes of

22   action.

23                    ARBITRATOR KATZ:  Right.  It

24   is preclusive however that's defined in the

25   controlling law as to any and all fora I think

CONFIDENTIAL

Page 34

```
1    is the proper word.

2              So, okay.  You go ahead and confer

3    and I'll mute and you can let us know when

4    you're back.

5              ATTORNEY KANE:  Thanks.

6              (Short recess taken.)

7              ATTORNEY KANE:  Can we have

8    more than ten minutes?  I wanted to ask so

9    you're not all sitting here waiting.

10             ARBITRATOR KATZ:  Yeah, just

11   before you do that, Rebecca from the AAA just

12   joined and I just want to update her

13   procedurally on what's going on and I didn't

14   want to do that without you.

15             ATTORNEY KANE:  Okay.

16             ARBITRATOR KATZ:  Rebecca, are

17   you there?

18             ATTORNEY REGNIERE:  I am.

19   Thank you very much.

20             ARBITRATOR KATZ:  Okay.  So

21   you saw the E-mail communications.  Claimant's

22   counsel -- Claimant is not with them -- joined

23   by Zoom and we have made a record of everything

24   that's been discussed this morning.

25             Claimant's counsel has stated
```

CONFIDENTIAL

Page 35

1    repeatedly on the record that they wish,

2    despite the Panel presenting other options to

3    deal with this subpoena and their concerns, the

4    Claimant has stated that she wishes --

5    Claimant's counsel has stated the Claimant

6    wishes to withdraw and dismiss all her claims

7    with prejudice.

8              The Panel at Respondent's counsel's

9    request asked Claimant's counsel whether they

10   understood the preclusive effect that this

11   would have and they are consulting among

12   themselves.  So we're putting it on mute until

13   they're back.

14              ATTORNEY REGNIERE:  Okay.  All

15   right.  Thank you for the update.  I appreciate

16   that.

17              ATTORNEY KANE:  Can we resume

18   at 11:00 to give everybody a break?

19              ARBITRATOR KATZ:  Yes.

20              ATTORNEY KANE:  Okay.

21         (Short recess taken.)

22              ARBITRATOR KATZ:  Okay.  We're

23   back on the record.

24              Claimant's counsel, I'll give you

25   the mic.

CONFIDENTIAL

Page 36

1              ATTORNEY KANE:  Part of that
2    -- the phone cut out there so I didn't catch
3    the end of that but I assume you're asking us
4    to speak?
5              ARBITRATOR KATZ:  Yes.
6              ATTORNEY KANE:  Okay.  After
7    conferring, Claimant's counsel and Claimant
8    stand by her decision to withdraw all of her
9    claims with prejudice and understands the
10   preclusive effect of withdrawing those pending
11   and dismissed claims in arbitration.
12             ARBITRATOR KATZ:  Okay.  We're
13   going to put this on pause one more time
14   because the case manager at the AAA has asked
15   us to keep her apprised, so I don't think we'll
16   be much longer.
17             Anybody want to say anything else on
18   the record?
19             ATTORNEY HAMMER:  Yes.  You
20   know, counsel for Claimant just spoke and I
21   believe at the end there said "understands the
22   preclusive effect in arbitration."  If there's
23   not an --
24             ARBITRATOR KATZ:  Oh, I didn't
25   catch the last two words.

CONFIDENTIAL

Page 37

1              ATTORNEY HAMMER:  And so I
2   would ask that there's an acknowledgment of
3   preclusive effect in all fora.
4              ARBITRATOR KATZ:  Do you
5   understand --
6              ATTORNEY KANE:  I understand
7   what Mr. Hammer said.
8              ARBITRATOR KATZ:  He was
9   picking up on the end of what you said after
10  you said that -- that Claimant understands the
11  preclusive effect, AIL's counsel heard you to
12  say and I believe he's correct I just didn't --
13  it didn't register with me, "in arbitration."
14           And is that your -- is that -- did
15  you say that as opposed to the preclusive
16  effect generally?
17             ATTORNEY KANE:  I did make
18  that distinction, correct.
19             ARBITRATOR KATZ:  And what is
20  the distinction then that you're making?  I
21  mean, what --
22             ATTORNEY KANE:  The
23  distinction is just whether it's an
24  adjudication on the merits or withdrawal of all
25  claims.  So we understand that withdrawing

CONFIDENTIAL

Page 38

1    these claims means that they are forever barred

2    and can't be brought again by Claimant in

3    arbitration.  We certainly understand the --

4    the issue with going to court because we were

5    in court and that's arbitration, so we get it.

6                    ARBITRATOR KATZ:  What do you

7    get?  I mean, we are not here -- the Panel is

8    not here to issue a legal opinion on what is

9    the preclusive effect of a dismissal with

10   prejudice.

11              What we are asking is do you and

12   does your client understand that by dismissing

13   the arbitration with prejudice, it would have

14   the same preclusive effect as any dismissal

15   with prejudice whether in arbitration or in

16   Federal Court or in state court or any other --

17   whatever form it was pending in, it has the

18   same preclusive effect as a dismissal with

19   prejudice generally.  There's no distinction --

20                    ATTORNEY KANE:  Understood.

21                    ARBITRATOR KATZ:  You

22   understand.  Okay.

23              Anything else that you think that

24   needs to be clarified?  I'm looking at

25   Respondent's counsel.

CONFIDENTIAL

Page 39

1              ATTORNEY HAMMER:  Can you give
2    us just one moment?
3              ARBITRATOR VATZ:  Sure.
4              ARBITRATOR KATZ:  Mm-hmm.
5         (Short recess taken.)
6              ATTORNEY HAMMER:  With --
7              ARBITRATOR KATZ:  Wait, wait,
8    I have it muted.  Okay, go ahead.
9              ATTORNEY HAMMER:  With
10   Claimant's counsel's acknowledgment, that's
11   sufficient for Respondents.  We do want to
12   request leave to seek fees and costs from the
13   Panel and would request, you know, a date by
14   which we can make that submission.
15             ARBITRATOR KATZ:  Claimant's
16   counsel, are you still there?
17             ATTORNEY KANE:  We are here.
18   We're obviously opposed to paying the costs and
19   such.
20             ARBITRATOR KATZ:  And what's
21   your basis?
22             ATTORNEY HAMMER:  Well, we
23   would make -- we're just now dealing with this
24   now and we want to assess the basis for seeking
25   fees and costs and, obviously, that would be

CONFIDENTIAL

Page 40

1    part of our submission is making that case to

2    the Panel, why we believe given how things

3    played out here we are entitled to fees and

4    costs.

5                    ARBITRATOR KATZ:  And if the

6    case is dismissed with prejudice, it's over.  I

7    mean, I'm not sure -- now I'm rethinking the

8    procedural --

9            (Arbitrators confer.)

10                   ARBITRATOR VATZ:  Wouldn't

11   that have to be, Mr. Hammer, in the arbitration

12   agreement for you to seek that?  Again, I don't

13   think any of us have ever dealt with this

14   situation.  But just spit balling, do you have

15   any basis for saying it should be in -- it's in

16   the arbitration agreement or it's in the rules?

17                   ATTORNEY HAMMER:  The

18   arbitration agreement does provide that the

19   Panel may grant any relief that's otherwise

20   available in court.

21                   ARBITRATOR VATZ:  It's

22   typical.

23                   ATTORNEY HAMMER:  Yeah, which

24   is typical and, you know, we're all familiar

25   with the law surrounding what entitles a party

CONFIDENTIAL

Page 41

1    to attorney's fees.  They're also -- and this

2    is what would be part of any submission that we

3    need time to look into is the particular

4    circumstances here.  And there -- we believe

5    there is law that addresses this type of

6    situation but we need to have an opportunity to

7    look into that.

8                    ARBITRATOR KATZ:  Anything

9    else anyone wants to say on the record before

10   we pause for what we believe will be the last

11   time?  Okay, everyone.

12                   ATTORNEY KANE:  I guess the

13   question --

14                   ARBITRATOR KATZ:  Go ahead.

15                   ATTORNEY KANE:  I guess the

16   question that Claimant -- the question the

17   Claimant would have would be whether the Panel

18   was going to entertain the motion for fees and

19   costs.  And if that's the case, we may have to

20   call our client and ask if she wants to proceed

21   in light of that.

22                   ARBITRATOR KATZ:  Well, the

23   Panel's going to confer and in the meantime,

24   you can confer with your client.

25                   ATTORNEY KANE:  Very good.

CONFIDENTIAL

Page 42

1                    (Short recess taken.)

2                         ARBITRATOR KATZ:  Okay.  We're

3     back on the record.

4                    Claimant's counsel, are you there?

5                         ATTORNEY KANE:  Yes.

6                         ARBITRATOR KATZ:  Okay.  The

7     Panel has reviewed the arbitration provision or

8     contract which is the foundational document for

9     what brings us -- for why we're in this forum.

10    And that document provides quote, "The

11    arbitrator shall have the power to award any

12    relief that would otherwise be available in

13    court, comma, including attorney's fees if

14    permitted by statute, injunctive or other

15    equitable relief."  End quote.

16                    The Panel finds that this is not a

17    general fee shifting to prevailing party

18    provision and that the -- that they're not

19    aware of a statute, injunctive or other

20    equitable relief that would give Respondents a

21    right to fee shifting in this situation.

22                    And accordingly are inclined to deny

23    the request to seek fees and costs and to issue

24    an order memorializing what are the results of

25    this proceeding this morning and the order

CONFIDENTIAL

Page 43

1    would dismiss the case with prejudice.

2              We also note that there's language

3    in the arbitration provision that says that the

4    award shall be final and binding on the parties

5    and their beneficiaries, successors and

6    ensigns, et cetera.

7              And the Panel may include that

8    language in the dismissal with prejudice and

9    that will bring this matter to a final and

10   preclusive conclusion.

11             That's our inclination.  If anybody

12   wants to say anything before we close the

13   record, we will allow that.

14             Anything Claimant's counsel wants to

15   say?

16             ATTORNEY KANE:  Nothing from

17   Claimant.

18             ARBITRATOR KATZ:  Anything --

19   any Respondent's counsel?  I'll start with

20   Arias' counsel.

21             ATTORNEY NOVAK:  Nothing.

22             ARBITRATOR KATZ:  AIL counsel?

23             ATTORNEY HAMMER:  Nothing from

24   AIL.

25             ARBITRATOR KATZ:  Okay.  This

CONFIDENTIAL

Page 44

1    hearing is -- or proceeding is now at a close

2    and an order will be issued today.

3              Thank you.

4                   ATTORNEY KANE:  Thank you.

5                   ATTORNEY NOVAK:  Yes, I need a

6    copy for sure.  Electronic only.

7              (At 11:26 a.m., the arbitration was

8    concluded.)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

CONFIDENTIAL

Page 45

1                    C E R T I F I C A T E

2

3            I hereby certify that the

4    proceedings and evidence are contained fully

5    and accurately in the stenographic notes taken

6    by me on the hearing of the within cause, and

7    that this is a correct transcript of the same.

8

9

10           _____

11           Maria M. Siatkowski
             Registered Diplomate Reporter
12           Certified Realtime Reporter
             Certified Realtime Captioner
13

14

15

16

17

18

19

20

21

22

23

24

25

## A

**a.m** 1:14 44:7
**AAA** 34:11 36:14
**ability** 17:22
**absence** 24:7
**absolutely** 19:20
**accurately** 45:5
**acknowledge** 30:6
**acknowledging** 23:9
**acknowledgment** 37:2 39:10
**action** 7:21 15:14 20:6 21:19 33:12 33:22
**add** 32:20
**addition** 16:18
**address** 8:25
**addresses** 24:11 41:5
**addressing** 24:7
**adjudication** 16:16 22:13,15 37:24
**admissible** 8:1
**admitted** 7:20
**advise** 12:9
**Agencies** 1:5 2:8 4:7
**agree** 14:9 32:5,6
**agreed** 20:10
**agreement** 6:6,24 7:6,10,23 8:1 9:18 10:9 14:10,14,17 21:15 40:12,16,18
**ahead** 23:19 33:9 34:2 39:8 41:14
**AIL** 25:20 32:25 43:22,24
**AIL's** 37:11
**AL** 1:5
**allow** 5:7 11:22 15:11 32:18 43:13
**alternative** 28:9
**amended** 14:20
**American** 1:1,8

2:14 3:18,21
**Amy** 2:5 3:11 13:14 13:17 19:13,15
**analog** 25:2,4,15
**Angeles** 2:18
**Anne** 2:17 3:19
**antagonistic** 14:11
**anybody** 36:17 43:11
**anything's** 30:15
**anyways** 12:16
**appeal** 29:16,17
**appear** 16:17,20 17:16 25:16
**appearances** 2:1 3:15
**appearing** 11:10,16
**applicable** 32:6
**appreciate** 35:15
**apprised** 36:15
**appropriate** 18:1,6 18:13
**arbitration** 1:1 20:12 23:2 24:6 24:19 29:18 30:20 31:4,18,21 32:9 32:10 36:11,22 37:13 38:3,5,13 38:15 40:11,16,18 42:7 43:3 44:7
**arbitrations** 32:3
**arbitrator** 1:11,11 1:12 3:2,13,23 4:2 4:5,9,12 5:18 7:3 7:18 8:3,4,5 9:2,6 9:13 11:4,17 12:1 12:14,23 13:5,11 13:25 15:25 16:9 16:12,22,25 17:11 18:14,22 19:1,5,7 19:10,12,14,18 20:2,19,24 21:3,7 22:17 23:3,6,11 23:18,25 24:9,14 24:24 25:3,14,24

26:14 27:15,23,25
28:15,18 29:3
30:3,9,13 31:6,11
31:22 32:13,24
33:4,8,14,18,23
34:10,16,20 35:19
35:22 36:5,12,24
37:4,8,19 38:6,21
39:3,4,7,15,20
40:5,10,21 41:8
41:14,22 42:2,6
42:11 43:18,22,25
**arbitrators** 11:25
15:8 28:14,16
40:9
**Arias** 1:5 2:8,21 4:6
4:8
**Arias'** 25:22 43:20
**aside** 11:18
**asked** 10:7 11:12
30:10 35:9 36:14
**asking** 7:19 9:1
36:3 38:11
**assess** 39:24
**ASSOCIATION**
1:1
**assume** 29:13 36:3
**attempting** 9:11
24:20
**attention** 10:3,4
**ATTORNEY** 3:5,7
3:9,11,17,25 4:4,6
4:11 5:5 6:11
7:11 8:17 9:5,7
10:21 11:9 12:13
12:20 13:4,6,9,13
13:16,17,20,21,23
14:4 16:3,10,14
16:24 17:9,13,19
18:20 19:3,9,16
19:19 20:8,22,25
21:6 22:12,25
23:8,13,20 24:3
24:10,16 25:1,13
25:19 26:4,24

28:12,21 29:24
30:4 31:1,8,13
32:4,20,22 33:2,6
33:10,15,20 34:5
34:7,15,18 35:14
35:17,20 36:1,6
36:19 37:1,6,17
37:22 38:20 39:1
39:6,9,17,22
40:17,23 41:12,15
41:25 42:5 43:16
43:21,23 44:4,5
**attorney's** 41:1
42:13
**atypical** 26:9
**authority** 24:1 31:4
31:9,20
**available** 40:20
42:12
**Avenue** 2:6,11
**avoid** 26:5
**award** 18:4,10
23:15,15 24:22
25:8 26:1,10
27:11 28:19 29:8
29:14,16,18 42:11
43:4
**aware** 20:17 42:19

## B

**back** 13:10 18:25
20:21 21:4 26:5
34:4 35:13,23
42:3
**balling** 40:14
**barred** 38:1
**based** 8:12 17:17
20:14 29:16 31:5
31:14
**basically** 4:19
**basis** 39:21,24
40:15
**bears** 28:23
**behalf** 4:16 10:16
12:9 20:4 30:16

30:17
**believe** 11:11 14:11
15:15 16:4,10,14
22:14 36:21 37:12
40:2 41:4,10
**believes** 15:5
**beneficiaries** 43:5
**benefit** 26:11
**binding** 14:17 26:2
43:4
**birth** 15:17 21:24
**bit** 29:9
**blur** 11:11
**bore** 16:16
**break** 11:21 35:18
**brief** 19:17
**bring** 7:5,23 9:17
15:8 21:11,16
31:17 43:9
**brings** 42:9
**broad** 32:12
**brought** 22:20
30:25 31:3 32:1
38:2
**Building** 2:6
**burden** 16:17 17:14
18:5,13 23:17,17
24:23 28:23 29:1

## C

**C** 3:1 45:1,1
**C-O-R-E-Y** 4:3
**CA** 2:18
**call** 13:19 21:14
41:20
**called** 11:8 14:16
19:11
**calling** 5:19
**capital** 26:23
**Captioner** 1:24
45:12
**CAROLE** 1:11
**case** 1:5 8:12 10:20
22:10,19 23:2
26:18 27:20 36:14

40:1,6 41:19 43:1
**catch** 36:2,25
**categorized** 11:2
**cause** 45:6
**causes** 33:12,21
**Center** 2:11
**certain** 5:24
**certainly** 16:7
  17:17 32:6 38:3
**Certified** 1:23,23
  1:24 45:12,12
**certify** 45:3
**cetera** 43:6
**change** 8:18
**child** 21:24
**choice** 5:13 12:10
  15:4,15
**choose** 3:16 4:16
**chooses** 10:13
**choosing** 21:14
  30:16
**chose** 26:21
**circumstances**
  20:15 41:4
**claim** 5:13 6:10
  10:11,14 15:9
**claimant** 1:3 2:2
  4:10,16,23 5:12
  8:6,12 9:9,19,25
  10:2,10,13 12:3,5
  13:10 14:7 15:5
  15:14 17:3,22
  18:10,11 19:20
  20:14 21:14,18,21
  23:16 24:20 26:13
  26:17 29:8,15
  30:11,22,23 31:1
  34:22 35:4,5 36:7
  36:20 37:10 38:2
  41:16,17 43:17
**Claimant's** 5:1
  9:14 10:15 11:18
  12:8 14:1,4,22
  21:5,19 22:3,8,18
  23:22 28:22 29:25

30:5,18 34:21,25
  35:5,9,24 36:7
  39:10,15 42:4
  43:14
**Claimants** 4:9
**claims** 5:15 9:10
  14:5 15:4,23 17:2
  17:23 19:22 20:6
  20:11 22:20 23:1
  23:17 25:7,10
  26:6,12,21 28:7
  28:23 30:19,24
  31:3,16,18,20,25
  32:1,8,9,14 33:12
  35:6 36:9,11
  37:25 38:1
**clarification** 23:5
**clarified** 38:24
**clear** 7:9 8:2 9:14
  20:3,3 21:20 22:4
  24:15 26:25 28:20
  28:20
**client** 10:17 12:9
  20:9 28:6 30:17
  31:15 32:18 38:12
  41:20,24
**client's** 4:18
**clients** 8:21
**close** 43:12 44:1
**come** 12:18 29:11
**comes** 25:5
**comma** 42:13
**commenced** 18:11
**comment** 10:22
**communication**
  4:13
**communications**
  34:21
**Company** 1:8 2:14
  3:19,21
**compelled** 5:8
**concerns** 9:25 35:3
**concluded** 44:8
**conclusion** 43:10
**conduct** 15:10

**confer** 10:19 11:20
  11:25 12:25 14:18
  18:17,24 34:2
  40:9 41:23,24
**conferred** 8:3 14:1
**conferring** 36:7
**confidential** 1:16
  5:6,25 6:6 9:22
  14:19,19
**confirm** 21:18
**confused** 5:1 6:2
  8:9
**confusion** 26:15
**consent** 28:6 30:19
**consider** 10:16,17
**consult** 32:18
**consulting** 35:11
**contained** 45:4
**contemplates** 28:13
  28:13
**content** 7:7
**contract** 42:8
**contractual** 6:6
**contradiction**
  29:10
**control** 7:20,21
**controlling** 33:25
**conversation** 31:14
**conversations** 6:17
  31:5
**copy** 5:22 44:6
**Corey** 2:20 3:22
  4:2
**corporate** 4:8
**correct** 4:4 19:8
  25:12 37:12,18
  45:7
**costs** 39:12,18,25
  40:4 41:19 42:23
**counsel** 3:14 4:10
  9:14 10:16 11:7
  11:18 12:2,8 14:1
  14:16 15:18,25
  16:9 20:10 21:5
  22:3,9,18 28:6

30:1,5,18,21
  32:25 34:22,25
  35:5,9,24 36:7,20
  37:11 38:25 39:16
  42:4 43:14,19,20
  43:22
**counsel's** 25:23
  28:4 35:8 39:10
**couple** 18:24
**course** 21:19 25:22
**court** 3:4 4:21 5:10
  6:13 7:16 10:1
  14:15 15:3,13
  24:2,4,25 25:4,6,9
  27:18,22 28:5,8
  38:4,5,16,16
  40:20 42:13
**courtesy** 13:1
**created** 6:17
**credibility** 21:13
**curiosity** 25:25
**cut** 12:20 18:21
  31:7 36:2

---
### D

**D** 3:1
**Dana** 2:17 3:19
**date** 39:13
**dates** 11:11
**Dave** 14:18
**day** 11:12 15:10
**dead** 32:15
**deal** 35:3
**dealing** 28:2 39:23
**dealt** 27:17 28:1
  40:13
**decision** 4:18 10:20
  36:8
**decisions** 9:15
**deemed** 15:7
**Defendant** 25:7
**defined** 33:24
**deny** 42:22
**despite** 35:2
**difference** 26:1

**different** 7:14
  25:23
**Diplomate** 1:23
  45:11
**directed** 18:18,23
  21:11 30:18
**directive** 9:16
**discovery** 5:25 9:22
  15:10
**discuss** 5:7,8,9
  12:12
**discussed** 34:24
**discussing** 10:12,18
  20:18
**dismiss** 5:13 8:12
  10:14,20 22:10
  24:5 25:22 26:21
  27:20 35:6 43:1
**dismissal** 16:4 17:5
  23:22 26:3 27:10
  29:7,21 30:7 38:9
  38:14,18 43:8
**dismissed** 17:2
  19:22,23 22:14
  25:10 30:20 32:10
  36:11 40:6
**dismissing** 10:11
  12:3 20:5 22:19
  22:23 25:7 28:7
  38:12
**disposed** 22:21
**distinction** 37:18
  37:20,23 38:19
**docket** 14:16
**doctrines** 33:3
**document** 5:6 7:5
  8:7,14 14:24
  21:10 42:8,10
**documents** 6:17
  9:22 15:7
**doing** 25:18 32:11
**door** 20:23

---
### E

**E** 2:10 3:1,1 45:1,1

**E-mail** 4:13,19
  8:25 9:8 34:21
**effect** 26:8,23 27:1
  27:14 30:2,6,24
  31:25 33:11 35:10
  36:10,22 37:3,11
  37:16 38:9,14,18
  either 5:7 12:3 27:9
  29:11
**Electronic** 44:6
**ends** 29:22
**enforceable** 8:20
**ensigns** 43:6
**ensuring** 26:11
**enter** 3:14 17:1
  25:6 32:16
**entered** 29:14
**entertain** 10:7
  41:18
**entire** 14:25
**entirely** 6:25
**entirety** 5:14
**entitled** 40:3
**entitles** 40:25
**equitable** 42:15,20
**Erica** 2:10 4:7
**ESQUIRE** 2:4,4,5
  2:5,10,10,16,16
  2:17
**et** 1:5 43:6
**eve** 25:5 27:19
**events** 8:9
**everybody** 13:10
  18:16 35:18
**everyone's** 8:11
**evidence** 7:20 10:8
  12:7 17:16,17
  18:12 20:1 22:1
  28:11,14,17,24,25
  29:1 45:4

**F**

**F** 45:1
**facing** 26:12
**fact** 18:9

**failed** 16:17,20
  17:16 23:16
**failing** 24:22
**fair** 29:25 30:5,14
**familiar** 40:24
**far** 9:16
**favor** 26:10
**federal** 4:21 5:10
  6:16,22 7:16
  14:15 15:3,13
  24:1,4,25 25:4,9
  27:17 38:16
**fee** 42:17,21
**feel** 24:21
**fees** 39:12,25 40:3
  41:1,18 42:13,23
**felt** 5:12
**figuring** 30:8
**file** 24:4
**filed** 5:1 14:21,24
**filing** 17:23
**final** 14:13 17:21
  18:4 21:15,18
  43:4,9
**finding** 16:21 18:4
  23:15 26:10
**finds** 42:16
**first** 5:20 10:25
  11:15 15:10,17
  17:15
**fleshed** 7:15,17
**following** 21:9
**fora** 33:25 37:3
**forever** 29:22 31:4
  38:1
**forged** 15:6
**form** 26:13 32:15
  38:17
**forum** 42:9
**forward** 4:17 12:6
  21:25 28:11 29:14
**foundational** 42:8
**four** 2:11 11:3
  14:23
**Friday** 5:12

**front** 6:12 21:1
**full** 28:6
**full-proof** 27:14
**fully** 27:5 45:4
**further** 27:2
**future** 32:2,3,5

**G**

**G** 3:1
**G-A-L-L-U-C-C-I**
  3:10
**Gallucci** 2:3,5 3:9
  3:10
**Gateway** 2:11
**gathered** 26:20
**Gefsky** 2:9
**general** 42:17
**generally** 37:16
  38:19
**give** 29:15 32:22
  35:18,24 39:1
  42:20
**given** 24:18 31:19
  40:2
**giving** 15:17 31:4
**go** 3:15 5:9 12:6
  14:17 17:14 20:23
  21:25 23:18 28:10
  30:7 33:8 34:2
  39:8 41:14
**going** 11:8 12:17
  13:2 17:17 18:15
  18:17,24 20:20
  32:16 34:13 36:13
  38:4 41:18,23
**good** 27:24 41:25
**govern** 24:21
**grant** 27:22 28:5,8
  40:19
**grounds** 29:17
**guess** 11:6 26:14
  27:15 41:12,15
**guide** 24:25
**Gutnick** 2:9

**H**

**H-E-R-R-I-C-K**
  4:1
**Hammer** 2:16 3:17
  3:19 8:17 9:7
  11:9 16:3 17:19
  23:13,20 24:3,10
  24:16 25:1,13,19
  26:4,24 28:12,21
  29:24 30:4 32:20
  33:2,10,15,20
  36:19 37:1,7 39:1
  39:6,9,22 40:11
  40:17,23 43:23
**Hammer's** 10:22
**happen** 22:5
**hard** 5:22
**hear** 8:23 9:2,4
  12:2 16:13 31:10
**heard** 8:16 16:1,2
  37:11
**hearing** 8:21 9:12
  10:25 17:4,6,10
  18:2 19:21,25
  22:1,7,21,22
  23:16,24 24:12
  26:19,21 27:11
  29:14 44:1 45:6
**hearing's** 18:11
**Hello** 13:16 31:7
**Herrick** 2:20 3:22
  3:25 4:4
**hesitation** 20:16
**Hey** 13:17
**hold** 11:23 13:7,11
  13:15 19:5 21:25
  22:1
**Horan** 21:22
**Horan's** 10:4
**hostile** 15:11
**hours** 8:10 10:25
  20:9

**I**

**imagine** 26:5 27:4

**impact** 32:17
**implicated** 5:3 6:5
**import** 7:4 32:17
**inclination** 43:11
**inclined** 42:22
**include** 43:7
**including** 22:19
  42:13
**Income** 1:8 2:14
  3:18,21
**indicate** 16:11,15
  16:19
**inherent** 29:10
**injunctive** 42:14,19
**Insurance** 1:8 2:14
  3:18,21
**intent** 30:1
**interrupted** 23:4
**involved** 6:20
**issue** 6:7,19,25 7:9
  11:12 38:4,8
  42:23
**issued** 8:19 10:24
  18:8 44:2
**issues** 6:3,20

**J**

**James** 2:16 3:20
**Janice** 2:4 3:7
**January** 15:8
**Jean** 2:10 4:7
**Jeffrey** 2:16 3:19
**jnovak@smggla...**
  2:13
**Job** 1:25
**John** 2:4 3:5
**joined** 34:12,22
**JORDAN** 1:12
  19:1,7,10,14
**Judge** 10:4 21:22
**judgment** 25:8
**junger@kslaw.c...**
  2:19

**K**

CONFIDENTIAL

Page 49

**K-A-N-E** 3:6
**Kane** 2:3,4 3:5,5
   4:11 5:5 6:11
   7:11 9:5 10:21
   12:13,20 13:4,6,9
   13:13,17,21 14:4
   18:20 19:3,9,16
   19:19 20:8 21:6
   22:12,25 23:8
   31:1,8,13 32:4,22
   33:6 34:5,7,15
   35:17,20 36:1,6
   37:6,17,22 38:20
   39:17 41:12,15,25
   42:5 43:16 44:4
**Katz** 1:11 3:2,13,23
   4:2,5,9,12 5:18
   7:3,18 8:3,5 9:2,6
   9:13 11:4,17 12:1
   12:14,23 13:5,11
   13:25 15:25 16:9
   16:12 18:14,22
   19:5,12,18 20:2
   20:19,24 21:3,7
   22:17 23:3,6,11
   23:18,25 24:9,14
   26:14 27:15,25
   28:15 30:13 31:6
   31:11,22 32:13,24
   33:4,8,14,18,23
   34:10,16,20 35:19
   35:22 36:5,12,24
   37:4,8,19 38:6,21
   39:4,7,15,20 40:5
   41:8,14,22 42:2,6
   43:18,22,25
**keep** 36:15
**kinds** 28:4
**King** 2:15
**know** 4:13,16 7:13
   8:8,10,19 9:21
   10:24 12:17,18
   13:2,2,13 14:7
   15:20 17:25 18:2
   18:9 26:9,19 27:2

27:6,13,19,21
   28:3,3,21 29:16
   30:4,14 32:4,7
   33:15 34:3 36:20
   39:13 40:24
**known** 14:25
**Koppers** 2:6

**L**

**lack** 11:19
**language** 43:2,8
**late** 15:7
**Laughlin** 2:10 4:7
**law** 33:16,17,19,25
   40:25 41:5
**laying** 26:16
**leading** 10:8
**leave** 39:12
**leaves** 29:19
**led** 7:25
**legal** 38:8
**let's** 29:13
**Liberty** 2:11
**Life** 1:8 2:14 3:18
   3:21
**light** 41:21
**limited** 29:17 33:21
**line** 19:8
**litigating** 26:6
**little** 29:9
**LLC** 2:3
**LLP** 2:15
**logged** 13:19
**long** 22:12 30:8
**longer** 36:16
**look** 14:15 41:3,7
**looked** 9:20
**looking** 38:24
**Los** 2:18

**M**

**M** 1:22 45:11
**making** 28:18
   33:16 37:20 40:1
**manager** 36:14

**mandated** 6:16
**March** 1:13 5:14
   14:6
**Maria** 1:22 45:11
**marked** 5:6,25 9:22
**materials** 5:25
**matter** 7:14 30:25
   31:16 32:1 43:9
**McKenna** 2:9
**mean** 8:8 9:7 12:1,3
   17:4 18:3 27:22
   27:25 28:9 30:1
   33:2,10 37:21
   38:7 40:7
**means** 31:2 32:14
   38:1
**mediation** 6:16
**mediations** 14:19
   14:20
**meet** 20:25 23:16
   24:23
**MELVIN** 1:11
**memorializing**
   42:24
**merit** 19:21,25
   22:16
**merits** 16:16,21
   17:7 22:13 24:22
   26:1 27:11 37:24
**met** 18:4,12 28:25
**mic** 35:25
**MICHAEL** 2:5
**Mike** 3:9 7:12,19
   14:10
**minute** 11:24 13:12
   32:23
**minutes** 12:18,24
   12:25 18:17,25
   34:8
**Mm-hmm** 39:4
**moment** 7:2 39:2
**Monday** 5:12
**months** 11:3 14:23
**morning** 4:14 25:5
   26:17 27:19 34:24

42:25
**motion** 14:21 24:5
   25:11 29:7 41:18
**move** 4:17 25:6
**mud** 28:20
**muddy** 29:4
**multiple** 15:6
**mute** 12:15 20:20
   34:3 35:12
**muted** 39:8

**N**

**N** 3:1
**names** 3:3
**necessarily** 32:6
   33:21
**need** 12:8,17,21,23
   12:25 13:14 17:21
   24:4 32:18 41:3,6
   44:5
**needs** 17:22 38:24
**negotiations** 6:15
   7:8,25 10:8 14:13
   14:20
**never** 28:1 29:10
**night** 4:14 8:25 9:9
   26:18
**note** 43:2
**notes** 45:5
**notice** 11:7,10,15
**Novak** 2:10 4:6,7
   16:10,14,23,24
   17:9,13 18:3
   20:22,25 43:21
   44:5
**Number** 21:10

**O**

**O** 3:1
**object** 10:23
**objecting** 17:5
**objects** 25:8
**obligation** 28:24
**obvious** 30:15
**obviously** 30:1,14

39:18,25
**occurred** 5:11
**October** 14:25
**offer** 22:7
**Oh** 19:10 36:24
**okay** 3:13 4:5,12
   9:6,13 12:14 13:5
   13:9,20,24 20:19
   20:24 21:3,7
   23:11 25:4,14
   29:8 30:13 33:8
   34:2,15,20 35:14
   35:20,22 36:6,12
   38:22 39:8 41:11
   42:2,6 43:25
**ones** 22:5 32:9
**ongoing** 6:15
**open** 10:2,7,11,18
   22:1,7 29:20
**opinion** 38:8
**opportunity** 30:12
   41:6
**opposed** 14:13
   37:15 39:18
**opposes** 19:20
**option** 10:5,16
   25:20 29:15
**options** 10:17 22:4
   35:2
**order** 3:16 4:21,25
   5:3,23 6:4,10,12
   6:21 9:21,23 10:1
   16:11,15,19 17:1
   21:23 25:6 26:16
   32:16 42:24,25
   44:2
**ordered** 8:6
**outcome** 18:1
**overly** 32:12

**P**

**P** 3:1 26:23
**PA** 2:7,12
**panel** 5:4 7:3,7,20
   7:22,24 8:9,23

9:14,23 10:1,6,17
11:12 18:8,15
21:8,17,19 23:14
35:2,8 38:7 39:13
40:2,19 41:17
42:7,16 43:7
**Panel's** 18:17,24
41:23
**parallel** 24:25
**part** 36:1 40:1 41:2
**participating** 12:5
**particular** 41:3
**parties** 7:1 18:18
18:22 26:19 31:19
43:4
**party** 5:7 17:15
28:16 40:25 42:17
**pause** 21:21 36:13
41:10
**paying** 39:18
**pending** 5:15,15
14:5 20:11,12
23:1,2 31:3,20,21
31:25 36:10 38:17
**period** 11:2
**permanently** 32:15
**permitted** 5:9 15:9
23:23 42:14
**phone** 2:3,21 3:3
9:3 12:20 18:21
20:9 33:5 36:2
**picking** 37:9
**Pittsburgh** 2:7,12
**Plaintiff** 25:4,11
27:18
**planning** 5:19
**play** 7:8
**played** 40:3
**plays** 27:8
**please** 3:3,14 13:1
32:23
**position** 4:23 5:2
5:17 7:1,14 8:18
8:24 9:8 11:18
14:5,8,22 15:21

15:22 27:1
**possible** 15:1
**potentially** 21:12
**power** 42:11
**preclude** 17:22
**precluded** 32:7
**precluding** 22:15
**preclusive** 26:8,22
27:1,3,12 30:2,6
30:24 31:25 32:2
32:11,14 33:11,24
35:10 36:10,22
37:3,11,15 38:9
38:14,18 43:10
**preference** 23:14
27:8
**preferred** 30:10
**prejudice** 9:10
10:15,20 12:4
15:23 16:5,7,8,19
17:3 20:7,14
22:10,24 23:9,10
23:22 25:7,10,22
26:3,22 27:10,20
28:7 29:7,22 30:7
30:21 31:2,17,24
35:7 36:9 38:10
38:13,15,19 40:6
43:1,8
**prepared** 26:20
**present** 2:20 3:22
4:10 8:21 17:15
17:17 20:6 28:17
**presented** 16:17
**presenting** 35:2
**prevailing** 42:17
**prevent** 25:17
**prevents** 25:21
**prior** 22:21
**probably** 7:13
**procedural** 18:1
40:8
**procedurally** 34:13
**proceed** 8:22 9:12
17:6 41:20

**proceeding** 26:2
27:2 32:3 42:25
44:1
**proceedings** 1:16
32:5 45:4
**produce** 8:6 9:17
**proper** 34:1
**protected** 6:18
15:13
**protecting** 9:21
**protection** 6:22
**protective** 4:20,25
5:3,22 6:4,10,12
6:21 9:20,23
**protects** 5:24
**prove** 15:5 23:17
**provide** 40:18
**provides** 18:9
42:10
**provision** 42:7,18
43:3
**publicly** 4:25
**pull** 5:23
**pursuant** 6:15,18
11:16
**put** 5:16 8:11 18:11
20:20 28:24 29:2
36:13
**puts** 28:23
**putting** 4:23 11:17
35:12

_____
**Q**
**question** 11:5,6
16:23 27:16,24
41:13,16,16
**questions** 4:15
30:10
**quick** 19:4
**quote** 42:10,15

_____
**R**
**R** 3:1 45:1
**reach** 21:22
**ready** 8:21 13:10

17:13
**real** 24:14
**Realtime** 1:23,24
45:12,12
**reason** 19:23 27:21
**reasonable** 11:2
**reasons** 27:21 28:5
**Rebecca** 2:21 34:11
34:16
**receive** 11:7
**received** 4:13 11:9
**recess** 13:8 21:2
34:6 35:21 39:5
42:1
**reconsider** 22:11
**record** 12:9 21:4
22:18 26:25 34:23
35:1,23 36:18
41:9 42:3 43:13
**reflect** 14:21
**reflects** 14:12
**register** 37:13
**Registered** 45:11
**Regniere** 2:21
34:18 35:14
**relevant** 9:24 21:13
**relief** 5:10 9:19
15:3 24:5 40:19
42:12,15,20
**remain** 18:16
**remember** 27:16
28:1
**RENEE** 1:2
**reorder** 10:3
**repeatedly** 35:1
**Reported** 1:21
**reporter** 1:23,23
3:4 23:4 45:11,12
**represent** 30:22
**representative** 3:20
4:8
**representing** 20:4
30:17
**request** 8:24 15:2
17:2 25:21 35:9

39:12,13 42:23
**require** 28:14,16
28:18
**required** 29:2
**researched** 27:5
29:11
**Respondent** 1:6,9
2:8,14 3:18 8:16
**Respondent's** 11:6
35:8 38:25 43:19
**Respondents** 3:14
5:16 14:23 15:9
20:12 26:10,12
31:21 39:11 42:20
**response** 10:22
19:4,17
**results** 42:24
**resume** 35:17
**resuming** 14:1
**resurrecting** 32:8
**rethinking** 40:7
**reviewed** 42:7
**right** 13:6 24:9
30:3 33:23 35:15
42:21
**ROSE** 2:17
**rule** 12:6 18:19,23
24:7,11,21 28:10
28:13
**ruled** 7:7
**rules** 24:6,19,25
25:9,17,21 40:16
**ruling** 7:25 19:21
19:24
**rulings** 7:21
**Russin** 4:22 5:19
7:12,19,23 11:8
14:10 15:16
**Russin's** 14:16

_____
**S**
**S** 3:1
**S-A-V-I-N-I-S** 3:8
**Savinis** 2:3,4 3:7,8
**saw** 4:14 34:21

**saying** 12:24 17:6
  18:3,10 29:18
  40:15
**says** 4:20 17:1 25:6
  25:8 43:3
**scenario** 24:11
  26:16
**scenarios** 27:7
**screens** 5:23
**second** 13:15 15:1
**see** 9:21,23 25:20
**seek** 5:10 9:19 15:2
  39:12 40:12 42:23
**seeking** 39:24
**sent** 8:25 9:8
**separate** 6:3,25
**settlement** 6:5,15
  6:24 7:6,8,10,23
  8:1 9:18 10:9
  14:10,12,13,17
  21:15
**Seventh** 2:6
**shifting** 42:17,21
**Short** 13:8 21:2
  34:6 35:21 39:5
  42:1
**show** 24:12
**showed** 17:10
**showing** 16:5
**Siatkowski** 1:22
  45:11
**side** 13:18,22
**sign** 7:22
**signatures** 15:6
**signed** 5:4 7:4
**signing** 4:22 8:13
**silence** 24:19
**Simon** 2:21 4:8
**simply** 26:4
**sit** 27:6
**sitting** 34:9
**situation** 17:20
  24:8 26:9 28:2
  29:12 40:14 41:6
  42:21

**slower** 3:4
**sole** 7:9
**solutions** 10:10
**sorry** 18:20 19:15
**Spalding** 2:15
**speak** 7:12,19
  16:12 36:4
**Speaking** 25:19
**specific** 33:12,21
**spell** 3:24
**spit** 40:14
**spoke** 36:20
**stand** 12:16 15:24
  36:8
**start** 43:19
**state** 3:3 38:16
**stated** 34:25 35:4,5
**statute** 42:14,19
**stenographic** 45:5
**STEPHEN** 1:12
**steps** 11:21
**Steve** 19:2
**stick** 6:8
**sticking** 14:7
**stipulation** 29:6
**Strassburger** 2:9
**Street** 2:17
**stuck** 15:20
**subject** 22:22
**submission** 39:14
  40:1 41:2
**submit** 28:17
**subpoena** 4:22,22
  5:3 7:4,22 8:13,13
  8:18 10:23,24
  11:3,13,16,19
  15:2,19 21:12
  35:3
**successful** 29:19
**successors** 43:5
**sufficient** 39:11
**suggested** 20:16
**suggesting** 20:17
**Suite** 2:18
**suppose** 4:17

**sure** 9:3 10:9 12:13
  12:21 16:13 18:7
  22:9 39:3 40:7
  44:6
**surrounding** 40:25

—— T ——
**T** 45:1,1
**take** 7:1 11:21
  12:11 21:21,23
**taken** 7:22 13:8
  20:1 21:2 34:6
  35:21 39:5 42:1
  45:5
**talking** 28:10
**tell** 29:22
**ten** 12:17,24,25
  34:8
**testify** 15:19
**testifying** 15:16
**Thank** 19:19 34:19
  35:15 44:3,4
**Thanks** 34:5
**thereof** 11:19
**thing** 12:4 25:16
  29:24
**things** 4:20 6:13,14
  40:2
**think** 6:22,25 8:19
  11:1 13:14 18:15
  21:20 24:18 26:8
  26:10,25 27:7,9
  29:5,5,6,25 30:5
  30:14 32:12 33:25
  36:15 38:23 40:13
**thinking** 17:25
**third** 6:19
**thought** 19:11 22:5
**three** 6:14,20
**tied** 21:24
**till** 15:1
**time** 6:9 11:2,15
  12:11 14:25 21:18
  27:6 36:13 41:3
  41:11

**today** 15:16,19
  44:2
**tomorrow** 15:18
**transcript** 1:16
  45:7
**traveled** 26:20
**trial** 15:10 25:5,5
  27:19
**true** 24:6
**try** 10:4
**trying** 8:15
**turn** 8:9
**turning** 17:23
**two** 6:3,5,13 20:9
  36:25
**two-hour** 31:14
**type** 41:5
**typical** 40:22,24

—— U ——
**ultimate** 18:8
**unalterable** 9:15
**understand** 6:9
  8:15 15:23 17:12
  17:20 28:3 30:21
  31:23 37:5,6,25
  38:3,12,22
**understanding**
  5:21 6:2
**understands** 30:23
  31:2,15,19 36:9
  36:21 37:10
**understood** 20:13
  20:14 35:10 38:20
**Unger** 2:16 3:20
**unilateral** 23:21
**unilaterally** 9:9
**unique** 24:8
**unmute** 13:1
**update** 34:12 35:15
**urge** 10:15,18
  11:20

—— V ——
**valid** 8:20 10:22,23

**validity** 11:19
**Vatz** 1:11 8:4 16:22
  16:25 17:11 24:24
  25:3,14,24 27:23
  29:3 30:3,9 39:3
  40:10,21
**vehicle** 18:6
**video** 12:16
**view** 25:23 27:9,13
  28:22
**violating** 4:24 10:1
**vis-a-vis** 8:24 9:8
**voice** 31:7
**voluntarily** 11:10
**vs** 1:4,7

—— W ——
**W-I-L-L-I-A-M-...**
  3:12
**wait** 19:5 31:6
  32:24 39:7,7
**waited** 15:1
**waiting** 13:18,21
  34:9
**want** 7:8 8:1,16 9:3
  11:23 12:11 16:1
  17:6 18:7 20:22
  22:3,9,9,10,13
  25:8 26:5,7 27:20
  34:12,14 36:17
  39:11,24
**wanted** 34:8
**wants** 8:23 9:14
  10:2 15:12 21:19
  21:21 32:25 41:9
  41:20 43:12,14
**waters** 29:4
**way** 18:13 27:9
  29:4 30:8 33:3
**we'll** 12:2,16 18:25
  20:20 21:8 36:15
**we're** 5:1,9 6:1,1,2
  7:18 8:15,20,21
  10:11 13:18,21,25
  15:20 17:16,20,25

CONFIDENTIAL

18:10,15 20:18,20
21:3 22:25 23:15
23:23 24:8 27:6
32:16 33:6 35:12
35:22 36:12 39:18
39:23 40:24 42:2
42:9
**we've** 21:20 22:5
27:6
**went** 29:13
**West** 2:17
**whichever** 26:18
**White** 14:18
**wife** 15:17
**Williamson** 2:5
3:11,12 13:14,16
13:20,23 19:13
**willing** 11:21 21:21
21:23,25
**wish** 35:1
**wishes** 9:19 35:4,6
**withdraw** 9:10
15:4,22 20:11
31:20 35:6 36:8
**withdrawal** 16:6
23:21 37:24
**withdrawing** 16:18
20:5 22:19,23
23:1 28:4 31:16
31:23 36:10 37:25
**withdrawn** 14:6
19:24 22:14 30:20
**witness** 5:20 7:5
9:17 10:25 14:11
15:11,17 21:11,13
21:16,23 22:2
24:12
**witnesses** 10:3
**word** 34:1
**words** 36:25
**work** 8:11
**worked** 15:18
**working** 10:2
**wouldn't** 26:22
28:5 40:10

**wraps** 17:21
**writing** 14:12
**written** 26:16
**wrong** 29:23

**X**

**Y**

**yeah** 7:11 11:5
13:23 17:19 33:6
34:10 40:23
**yesterday** 5:13 14:6
15:4 19:22,23,24
20:10 22:15 31:15

**Z**

**Zinsky** 1:2 19:7
20:4,17
**Zinsky's** 15:6
**Zoom** 2:3 13:19
22:2 34:23

**0**

**01-22-0004-0849**
1:5

**1**

**11:00** 35:18
**11:26** 44:7
**15219** 2:7
**15222** 2:12
**1600** 2:18

**2**

**2024** 1:13 5:14
**2200** 2:11
**24** 8:10 10:25

**3**

**3** 5:14
**32** 18:19,23 24:21
28:10,13
**3rd** 14:7

**4**

**4** 1:13
**408** 6:23

**412-281-5423** 2:12
**412-567-4931** 2:7
**436** 2:6
**444** 2:11

**5**

**5th** 2:17

**6**

**633** 2:17

**7**

**700** 2:6

**8**

**8845** 1:25

**9**

**9:42** 1:14
**90071** 2:18