IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RENEE ZINSKY, | Civil Action |
| Plaintiff, | No. 2:22-cv-547 |
| vs. | |
| MICHAEL RUSSIN, RUSSIN FINANCIAL, RUSSIN GROUP, SIMON ARIAS, III, ARIAS AGENCIES, S.A. ARIAS HOLDINGS, LLC, AMERICAN INCOME LIFE INSURANCE COMPANY, | |
| Defendants. | |

**PLAINTIFF'S SUR-REPLY TO DEFENDANT AMERICAN INCOME LIFE INSURANCE COMPANY'S REPLY TO RESPONSE MOTION TO CONFIRM ARBITRATION AWARD**

AND NOW comes Plaintiff, Renee Zinsky, by and through her attorneys, Amy Williamson, Esquire, John R. Kane, Esquire and the law firm of Savinis, Kane, & Gallucci, L.L.C. and files the following response:

1.  On July 22, 2022, this Honorable Court granted the motions to compel arbitration filed by AIL, Simon Arias, Arias Agencies, and S.A. Holdings, LLC, sending all claims by Plaintiff against those defendants to arbitration. Simultaneously, this Court stayed the claims brought in this lawsuit, pending the result of that arbitration.

2.  Arbitration was to commence on March 4, 2024. The day before the arbitration was to commence, Plaintiff advised the arbitration panel that it was dismissing all claims against all Defendants/Respondents.

3.  A plaintiff in an action filed in Pennsylvania State Court may voluntarily withdraw all claims against all Defendants prior to trial without Court approval pursuant to Pennsylvania

Rule of Civil Procedure 229.  In Federal Court, according to Federal Rule of Civil Procedure 41, the claims may be voluntarily dismissed by the plaintiff prior to a defendant filing an answer or a motion for summary judgment, or by consent of all parties.  Otherwise, a plaintiff may only voluntarily dismiss his or her case by court order.

4.  The AAA commercial rules, however, are silent on the process by which a plaintiff may have his or her case dismissed voluntarily.  Consequently, Plaintiff Zinsky provided notice to the arbitrators and opposing counsel, prior to the start of the arbitration, that she was withdrawing all claims against all remaining Defendants/Respondents.  The following day, before the arbitration proceedings commenced, the arbitrators sought confirmation that it was indeed Plaintiff's desire to withdraw all of her claims, even if the claims were dismissed with prejudice.  Plaintiff confirmed that it was indeed her desire.

5.  Defendants/Respondents thereafter requested from the arbitrators (1) an award (2) adjudicating the claims on the merits, and (3) attorneys' fees and costs.  Plaintiff opposed those requests.

6.  AIL requested its alternative relief under AAA Rule 32.  Two of the three arbitrators indicated that they could not grant Plaintiff's voluntary dismissal while also awarding the requested alternative relief.[1]  Arbitrator Katz indicated that granting AIL's request under the parameters of Rule 32 was not possible prior to commencement of the arbitration.  While Arbitrator Katz indicated that Rule 32 was as "clear as – clear as mud,"[2] she also indicated that Rule 32 only applied after the commencement of the actual arbitration hearing and the submission of evidence, and not beforehand, where the matter was at that time.  "I mean, and the alternative if you're talking about Rule 32 is then we go forward

---

[1] The third arbitrator remained silent on the point.
[2] Page 28, line 20 of the March 4, 2024 hearing.

with evidence."[3]   Arbitrator Vatz went a step further, indicating that he believed that a voluntary withdrawal of claims was mutually exclusive of either an award or a judgment.

> Arbitration - 3.8.24, (Page 29:3 to 29:10)
> 29
> 3          ARBITRATOR VATZ:  Well, let me
> 4   just muddy the waters.  If we did it that way,
> 5   because I don't think -- I don't think you can
> 6   do both.  I don't think you do a stipulation or
> 7   a dismissal with prejudice on the motion of the
> 8   Claimant and then an award.  Okay?
> 9          To me, that there's a little bit of
> 10  an inherent contradiction

7.   After listening to oral argument on Defendants/Respondents' requests, the arbitrators refused to grant an award, an adjudication on the merits, or Defendants/Respondents' request for attorneys' fees and costs.

8.   So that it is abundantly clear, however, Arbitrator Vatz predicted a scenario just like the one before this Court, and stated that there was nothing preventing the arbitrators from dismissing Plaintiff's claims at her request and <u>not entering an award or a judgment</u>:

> Arbitration - 3.8.24, (Page 25:3 to 25:23)
> 25
> 3          ARBITRATOR VATZ:  As an
> 4   analog, okay.  If a Plaintiff in Federal Court
> 5   comes in eve of trial or morning of trial and
> 6   says, "We move the Court to enter an order
> 7   dismissing all claims with prejudice, Defendant
> 8   objects, says we want an award or judgment."
> 9          The Court can under federal rules
> 10  say, "Claims are dismissed with prejudice upon
> 11  motion of the Plaintiff."
> 12           Correct?
> 13          ATTORNEY HAMMER:  Yes.
> 14          ARBITRATOR VATZ:  Okay.  So
> 15  using that as an analog, we can do the same
> 16  thing.  There's -- it doesn't appear to us to
> 17  be anything in the rules that would prevent us
> 18  from doing that.

---

[3] Page 28, lines 9-11 of the March 4, 2024 hearing.

```
19          ATTORNEY HAMMER:  Speaking for
20   AIL, that's an option.  I don't see anything in
21   the rules that prevents anything in the request
22   to dismiss with prejudice.  Of course, Arias'
23   counsel's may have a different view about it.
```

And that is exactly what the arbitrators decided to do – dismiss the claims <u>without</u> entering

an award or a judgment.

9.  The arbitrators were fully aware that AIL wanted an award and/or a judgment in addition

to the dismissal of Plaintiff's claims, and the arbitration panel did <u>not</u> grant AIL the relief

it requested.  And yet, AIL comes to *this* Court, asking this Court to grant them the relief

that was denied to them by the arbitrators.  Such a request is not permissible under 9 U.S.C.

§9.

10.  The arbitrators signed an order of court acknowledging that <u>Plaintiff</u> had withdrawn all of

her claims.  "After an extensive discussion on the record, Claimant's counsel: confirmed

**<u>they are dismissing</u>** all of Claimant's claims (both pending and previously dismissed) with

prejudice; …."[4] Given that Claimant had withdrawn all of her claims, the arbitrators

thereafter dismissed the case with prejudice.  "Accordingly, the Panel hereby **dismisses**

**this case with prejudice**." (**Emphasis** in original).

11.  The arbitrators chose not to enter an award, nor a judgment in favor of Defendants.

Defendant's request is more akin to a motion to vacate the order entered by the arbitration

panel in favor its requested relief than it is.  A request to confirm that which did not occur

would in essence be an appeal of the arbitrators' ruling under 9 U.S.C. §10, as opposed to

the stated 9 U.S.C. §9 which deals with confirmation of awards.  Yet Defendant cites to no

---

[4] March 4, 2024 Order by the Arbitration Panel.  (**<u>Emphasis</u>** added).

cases dealing with vacating an arbitration order in favor of alternative relief denied by the arbitrators.

12. Coincidentally, Defendant acts as though Plaintiff should request alternative relief. Defendant states in its reply that "[t]ellingly, Plaintiff does not request any alternative relief to resolve the federal action against AIL. There is none." Yet, one sentence later, Defendant thereafter says that "the only step that remains is for the Court to confirm the final award." Those two sentences are at odds. No final award occurred, and accordingly, no final award can be confirmed. Plaintiff did not suggest alternative relief as Plaintiff believes that no further steps need to be taken.

13. The arbitration is over; the case was dismissed after Plaintiff withdrew her claims. As far as Plaintiff is concerned, the matter is resolved, and no further actions need to occur in the instant case. However, to the extent that the Court deems that Plaintiff still has claims pending in Federal Court pursuant to the July 22, 2022 stay entered, Plaintiff hereby consents to voluntary dismissal of those claims pursuant to F.R.C.P. 41.

14. Plaintiff objects to the various other requests of Defendants, such as *confirmation of an arbitration award*, as no such award occurred at arbitration, or *entry of judgment in favor of Defendant*, as no judgment was entered in arbitration. Both requests go beyond what occurred in arbitration, as well as the scope and jurisdiction of 9 U.S.C. §9.

15. While Defendant cites to a number of cases in its reply, not one of those cases deals with facts even similar to those of this case. Not one of the cases deals with a plaintiff's voluntary dismissal of claims in arbitration. Each one of the cases cited by Defendant has two critical differences from the instant one. Specifically, each one of those cases had (1) an award (or judgment) entered by the arbitrator(s) after (2) considering the merits of the

case before the arbitrator(s).  Here, the merits were never considered, and no reasoned award was entered because the claims were first withdrawn.

16. Defendant's citation to *Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc., 157 F.3d 174 (2nd Cir. 1998)* is completely inapposite.  In that case, the claims were submitted to the arbitration panel, who issued an award for the plaintiff.  The question was whether the award was a "final" award or not, as there was a question as to whether all issues were resolved, or whether one issue was still outstanding.  That case is immaterial, as <u>no</u> issues were submitted to the arbitration panel here, and <u>no</u> award was rendered here.  The claims herein were withdrawn and the arbitration was dismissed accordingly.  That case has no relevance to the facts at issue herein.

17. Defendant cites to other cases, none of which are relevant, let alone on-point.  In *First Preservation Capital, Inc. v. Smith Barney, Harris Upham & Co., Inc.* an arbitration was conducted for three days, an award was entered on the merits after several days, dismissing the case due to the conduct of Plaintiff.  In the *Sherrock Bros. v. DaimlerChrysler Motors Co., LLC*, the arbitration panel granted summary judgment, dismissing the appeal based on the legal principles of res judicata, collateral estoppel, and waiver.  The district court confirmed the judgment that had been entered by the arbitration panel, which was upheld on appeal.  The initial obvious distinction is that the panel entered judgment against the plaintiff, which the district court merely confirmed.  Further, the plaintiff acknowledged that the dismissal on the merits was an "award," unlike here where no judgement or award was entered.  In *PG Publ., Inc. v. Newspaper Guild of Pittsburgh*, 19 F4th 308 (2021), unlike here, "a 21 page" arbitration award, on the merits, was appealed.  In *Wright v. NH Thornton Place, LLC*, 2020 U.S. Dist. LEXIS 95183 (2020), the District Court was asked

to confirm an award dismissing an arbitration award entered as a sanction.  The plaintiff in that matter was advised that if he failed to show up for a deposition, the entire arbitration would be dismissed.  The plaintiff did not show up, and the arbitration was dismissed as a sanction.  When the defendant asked the District Court to confirm the award, the plaintiff was not part of the appeal.  The plaintiff did not file *any* response and thus did not oppose confirmation of an award, unlike here.

18. Defendant also cites to a number of cases, arguing that a dismissal with prejudice equates to an adjudication on the merits.  The effect of a prior dismissal in a subsequent action is not an issue presently before the Court as no subsequent action has been filed.  Requestning this Court to enter an advisory opinion determining what effect the dismissal of claims in arbitration would have in a subsequent action is improper and not relevant to the matters herein.  Defendants requested an adjudication on the merits from the arbitrators and were denied that relief.  Moreover, it was clear that the withdrawal of Plaintiff's claims was conditioned on there being no adjudication on the merits.  Defendant's *pro hoc* attempt to alter what actually occurred at arbitration is beyond the scope of 9 U.S.C. §9.

19. Defendants claim that judgment should be entered in their favor, despite the arbitrators not ruling in Defendants' favor on *any* point, or entering judgment in their favor.  Defendants further want this Court to confirm an arbitration award that does not exist.  Both of Defendant's requests stray far afield from the actual occurrences at arbitration.  By requesting that this Court grant them the relief that they requested at arbitration, and were denied at arbitration, Defendants are essentially requesting that this Court vacate the Order dismissing the arbitration, and overrule the arbitrators decision not to enter an award and

7

judgment in their favor.  To that end, Defendant's requests fall outside of 9 U.S.C. §9, and should accordingly be denied.

20. Plaintiff avers that no further action needs to be taken after denial of Defendant's motion. However, to the extent that the Court deems that any further action is necessary, the only proper action to be taken would be the voluntary withdrawal of the claims brought by Zinsky in this case.[5]

WHEREFORE, Plaintiff respectfully requests this Honorable Court Deny Defendant's motion.

Respectfully Submitted,

_/s/ John R. Kane_____
John R. Kane, Esquire

---

[5] *See proposed Order of Court acknowledging withdrawal of Plaintiff's claims.*