# Exhibit A

## AIL'S RESPONSE TO PLAINTIFF'S PROPOSED ORDER AND SUR-REPLY

Plaintiff, through her Sur-Reply and Proposed Order,[1] seeks to convert the Panel's Final Order dismissing Plaintiff's claims with prejudice into a dismissal without prejudice so that she may attempt to bring her claims in another forum of her choosing. Plaintiff states that she has "no intention of resurrecting her claims in ***the arbitration proceedings***, nor in the matter ***before this Court***," Dkt. No. 134 (emphasis added). The Panel rejected the exact same attempt by Plaintiff's counsel, *see* Dkt. No. 133-2 at 32:6-10, to limit the implications of dismissing Plaintiff's claims on the eve of the arbitration hearing, stating that Plaintiff's claims were "done, dead, permanently in any form." Dkt. No. 133-2 at 32:13-19. Adopting the language in Plaintiff's alternative Proposed Order (which in effect would result in a dismissal **without prejudice**) would be contrary to the Panel's Final Order; Plaintiff's agreement to arbitrate; this Court's Order compelling arbitration; the Federal Arbitration Act; the Federal Rules of Civil Procedure; and the clear authority that any eve of trial dismissal must be with prejudice to avoid abuse and forum shopping. Dkt. No. 133 at 7.

***AIL does not seek relief beyond the Panel's Final Order.*** Contrary to Plaintiff's assertions, Sur-Reply (Dkt. No 136) at ¶¶ 11-12, AIL is not seeking relief other than what was granted by the Panel's Final Order. The Panel did not permit Plaintiff to "withdraw" her claims, it dismissed her claims *with prejudice*, as she is forced to acknowledge. Sur-Reply at 4. AIL merely asks the Court to confirm the Panel's Final Order, as required under the FAA, in order to dismiss the claims that are currently stayed in this Court.

---

[1] Notably, Plaintiff failed to file her Proposed Order as an attachment to her Response to AIL's Motion to Confirm Arbitration Award (Dkt. No. 130), as required by this Court's Standing Order and Procedures on Civil Motion Practice at Section 2.a.

***Plaintiff's claims cannot be "withdrawn" without leave at the last minute.*** Plaintiff requests that the claims she brought before this Court which were stayed pending arbitration, as well as the claims she subsequently brought in arbitration, be deemed "withdrawn," which is clearly an attempt to avoid the preclusive effect of the Panel's Order dismissing her claims with prejudice. Dkt. Nos. 136, 136-1. Federal Rule of Civil Procedure 41 does not permit a plaintiff to "withdraw" claims at the eleventh hour; it allows voluntary dismissal of claims only *with leave*.

As Plaintiff acknowledges, Sur-Reply (Dkt. No. 136) at ¶ 3, a plaintiff may voluntarily dismiss an action without leave only before the defendant files an answer or a motion for summary judgment, or by consent of all parties. Fed. R. Civ. P. 41(a)(1)(A). Here, not only had the Court ordered arbitration[2] but—as Plaintiff neglects to mention—in the arbitration AIL and the other respondents had answered the demand; discovery was completed; AIL and the other respondents had moved for summary judgment; and the Panel granted summary judgment against Plaintiff as to numerous claims. Declaration of James Unger ¶ 2. It was not until the literal eve of the hearing that Plaintiff's counsel purported to withdraw her claims. *Id.* Plaintiff cannot dismiss her claims without leave of the Court under such circumstances and this Court should not countenance such transparently strategic behavior. *See* Fed. R. Civ. P. 41(1)(A).

Plaintiff provides no rationale as to why she would be permitted to dismiss the claims she brought in arbitration *without leave*, on the eve of the hearing, when she would not be permitted do so on the eve of trial under the Federal Rules. In fact, the record forecloses any suggestion by Zinsky that her claims were somehow unilaterally withdrawn by email without the Panel's leave. As the Panel stated in its Final Order, despite Zinsky "*purporting* to withdraw" all of her claims

---

[2] As demonstrated in AIL's Reply, for obvious reasons, a plaintiff may not dismiss their claims without prejudice, much less without leave, after arbitration has been ordered. Dkt. No. 133 at 6-7.

3

via email, "[t]he Panel directed all parties to appear for the hearing as scheduled." Dkt. No. 127-1, Ex. A at 1 (emphasis added). At that hearing, in response to AIL's position "that Claimant cannot unilaterally withdraw claims without prejudice if that is what they're attempting to do…," Dkt. No. 133-2 at 9: 7-12, the Panel imposed the condition that any dismissal would be "with prejudice." *Id.* at 10:13-15. It was only after analogizing to a situation where a Federal Court would "grant" an eve of trial dismissal "with prejudice," *id.* at 27:15-28:8, that the Panel confirmed that they would issue "an order memorializing what are the results of this proceeding this morning and the order would dismiss the case with prejudice," *id.* at 42:22-43:1, and "bring this matter to a final and preclusive conclusion." *Id.* at 43:7-10. This is inconsistent with any implication that Plaintiff did, or could, unilaterally dismiss her case on the eve of the hearing without leave and on whatever terms she wished.

Indeed, as AIL explained at length, such a result would defeat the federal policy favoring arbitration, allowing a Plaintiff to unilaterally "withdraw" their claims once ordered to arbitration, or in this case, on the eve of hearing after nearly two years of litigation. Dkt. No. 133 at 7. Plaintiff's position is both illogical and unsupported and would severely prejudice AIL which after years of hard-fought litigation is entitled to a with prejudice dismissal (which is exactly what the Panel provided and it now asks this Court to confirm).

***Dismissal without prejudice would be contrary to the Final Order and the law.*** Plaintiff makes no effort to argue that the circumstances would meet the standard for a voluntary dismissal *without prejudice*[3] and—given Plaintiff's eleventh-hour dismissal of her claims with prejudice—

---

[3] The Panel clearly had authority to order dismissal with prejudice under the circumstances. AAA Commercial Rule R-47 states "[t]he arbitrator may grant any remedy or relief that the arbitrator deems just and equitable and within the scope of the agreement of the parties." The parties' agreement is clear that "[t]he arbitrator shall have the power to award any relief that would

4

they clearly do not.  *See Est. of Ware v. Hosp. of the U. of Pennsylvania*, 871 F.3d 273, 285 (3d Cir. 2017) (finding trial court properly denied plaintiff's motion for leave to voluntarily dismiss claims without prejudice when defendant "had put significant time and resources into defending and already litigated to the summary-judgment stage"); *see also Hayden v. Westfield Ins. Co.*, 586 F. App'x 835, 843 (3d Cir. 2014) (finding plaintiffs' motion to voluntarily dismiss without prejudice was properly denied after discovery was closed); *Ferguson v. Eakle*, 492 F.2d 26, 29 (3d Cir. 1974) (District Court abused its discretion by granting withdrawal without prejudice "[f]ourteen months after [the objecting parties] became defendants in one case and had gone to the expense of retaining counsel, six months after they had gone through pre-trial, and at least two months after they had expected that all discovery had been completed[.]").

Therefore, AIL respectfully requests that the Court grant AIL's Motion to Confirm Arbitration Award and deny Plaintiff's request to "withdraw" her claims in this Court.

---

otherwise be available in court…The arbitrator's findings and award shall be final and binding on the Parties…" Dkt. 18-2 at 5.  Indeed, Zinsky does not challenge the Panel's authority to do so.

5

| | |
|---|---|
| April 3, 2024 | By: */s/ Andrea M. Kirshenbaum* |

                        **LITTLER MENDELSON, P.C.**
Andrea M. Kirshenbaum (Pa. Bar No. 88030)
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102Tel: (267) 402-3076
Fax: (267) 402-3131
Email:  AKirshenbaum@littler.com

**KING & SPALDING LLP**
Jeffrey Hammer* (Cal. Bar No. 264232)
James A. Unger* (Cal. Bar No. 325115)
633 West Fifth Street, Suite 1600
Los Angeles, California 90071
Tel: (213) 218-4002
Fax: (213) 443-4310
Email: jhammer@kslaw.com
Email: junger@kslaw.com

Anne R. Dana* (NY Bar No. 5011366)
1185 Avenue of the Americas
34th Floor
New York, NY 10036
Tel: (212) 556-2100
Email:  adana@kslaw.com

*Admitted Pro Hac Vice*