IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RENEE ZINSKY,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL RUSSIN, RUSSIN FINANCIAL, RUSSIN GROUP, SIMON ARIAS, III, ARIAS AGENCIES, S.A. ARIAS HOLDINGS, LLC, AMERICAN INCOME LIFE INSURANCE COMPANY,<br><br>Defendants. | Civil Action<br><br>No. 2:22-cv-547<br><br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT RUSSIN'S PETITION TO ENFORCE SETTLEMENT** |

AND NOW COMES Plaintiff, by and through her counsel, John R. Kane, Esquire, Amy Williamson, Esquire, and Savinis, Kane, & Gallucci, LLC, and files the instant response to the Petition to Enforce filed by Defendant Russin:

1. Plaintiff and Defendant entered into court-sponsored formal mediation with David White, Esquire. Those settlement discussions were protected by Federal Rule of Evidence 408, and were confidential. Additionally, as part of the mediation process, all parties agreed that any discussions would be treated as confidential.

2. Pursuant to those settlement negotiations, the parties entered into a framework for what could potentially result in a settlement based on a variety of factors still to occur in the future. That framework required Mr. Russin to testify honestly regarding a series of topics that were at issue in the matter, based on various admissions that he made during the confidential settlement negotiations.

3. On October 18, 2023, Defendant Russin filed a motion to stay, arguing that a binding settlement agreement existed, and thus a stay was appropriate. While Plaintiff did not

oppose a stay, Plaintiff was concerned with certain representations made in the motion, and accordingly reached out to confer with Defendant.[1] Plaintiff advised Defendant that it disagreed with certain representations, and indicated that the parties should consult with David White, the mediator who facilitated the framework for a settlement. During the mediation negotiations, the parties understood that because a settlement could only occur in the future, based on future events, it was entirely likely that there could be a disagreement over whether a settlement ultimately came to fruition. As a result, the parties negotiated, and agreed, that David White would be the final authority on whether Russin had testified consistent with the admissions he gave during the settlement negotiations, and whether that resulted in a settlement.

4. Thus, because Russin was claiming in his October 2023 motion to stay that a binding settlement agreement had occurred, Plaintiff involved mediator David White, and requested his intervention. After further mediation and negotiations between David White and the parties, Russin filed an amended motion on October 26, 2023, reflecting that the parties were still negotiating, hoping to reach a settlement, and needed additional time to work on the details.

5. Despite all that occurred last fall regarding Russin's motion to stay, Defendant Russin, without speaking to Plaintiff, filed the instant motion without first reaching out to Mediator David White.

6. The agreement negotiated between the parties, and referenced above, was attached to Russin's instant motion, in direct violation of the agreement itself. This action was in direct breach of the explicit and plain language of the agreement. Plaintiff is hesitant

---

[1] Russin's motion was served on Defendants who were not party to the confidential agreement.

to discuss the specific terms in the agreement in this response, for fear of also violating the agreement. However, the issue of disclosure of confidentiality may now be moot given Russin's breach from his motion. Following the public filing of Russin's motion, the agreement was downloaded, copied, and incorporated into a news story and was publicly disseminated, as follows, on Twitter:

> Lawyer for former American Income Life $GL star Michael Russin, filed this revealing document today and later hid it from public view. By then, I'd downloaded it from http://Pacer.gov, which made it avail on http://courtlistener.com[2]

7. Plaintiff's position remains unchanged: no settlement exists.

8. Regardless, the parties, per the agreement, were required to first confer regarding whether Russin was sufficiently honest and forthright, and whether his testimony conformed to what was admitted to during mediation. If there was a disagreement, the issue must first be brought to mediator David White, and not to the Court, pursuant to the confidential terms negotiated during settlement discussions. Plaintiff and Defendant already went through this with David White last fall, and Defendant was obligated to do the same now.

9. Unfortunately for Defendant, however, his public filing of his motion also represents a material breach of the agreement, based on the explicit terms of the agreement, thereby negating even the *potential* for a settlement. *See, paragraph 1(d) of the agreement, as well as paragraph 6 of the agreement*.

---

[2] This tweet was made by journalist, Susan Antilla, on April 16, 2024 at 10:33 p.m., providing the confidential agreement to the public due to Russin's public filing.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court DENY Defendant's motion and order the parties to meet again with mediator David White.

Respectfully submitted,

__/s/ John R. Kane_____
John R. Kane, Esquire
Counsel for Plaintiff