# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RENEE ZINSKY, | ) | 2:22-CV-547 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge Marilyn J. Horan |
| MICHAEL RUSSIN, RUSSIN FINANCIAL, | ) | |
| RUSSIN GROUP, SIMON ARIAS III, | ) | |
| ARIAS AGENCIES, S.A. HOLDINGS, LLC | ) | |
| and AMERICAN INCOME LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| | | |
| Defendants | | |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT RUSSIN'S PETITION TO ENFORCE SETTLEMENT**

FILED ON BEHALF OF:

Defendants

Michale Russin, Russin Financial, and Russin Group

Matthew D. Gailey, Esquire
PA ID No. 90920
Mgailey@cozzalaw.com
400 Holiday Drive, Suite 210
Pittsburgh, PA 15220

1

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF
PENNSYLVANIA

| | | |
|---|---|---|
| RENEE ZINSKY, | ) | 2:22-CV-547 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge Marilyn J. Horan |
| MICHAEL RUSSIN, RUSSIN FINANCIAL, | ) | |
| RUSSIN GROUP, SIMON ARIAS III, | ) | |
| ARIAS AGENCIES, S.A. HOLDINGS, LLC | ) | |
| and AMERICAN INCOME LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| | | |
| Defendants | | |

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT RUSSIN'S PETITION TO ENFORCE SETTLEMENT

AND NOW, comes the Defendants, Michael Russin, Russin Financial, and Russin Group, hereinafter "Russin Defendants", by and through their attorneys, Cozza Law Group, and files the following Reply to Plaintiff's Response to Defendant Russin's Petition to Enforce Settlement averring as follows:

1. The averments in Paragraph 1 of the Plaintiff's Response are immaterial to Russin Defendants' Petition to Enforce Settlement. By way of further averment, the Russin Defendants are frankly perplexed why Plaintiff would refer to the Court Sponsored Mediation in their filing as alleged events leading up to the execution of the Settlement Agreement between Plaintiff and Russin Defendants are irrelevant.

2. The averments in Paragraph 2 of the Plaintiff's Response are denied. By way of further averment, it is specifically denied that the Settlement was based on a "variety of factors still to occur in the future." The Settlement was not contingent upon a variety of factors, it was contingent upon the willingness of Michael Russin to testify at an upcoming arbitration hearing

2

between Plaintiff and American Income Life Insurance Company and Simon Arias.  Pursuant to

the plain language of the Settlement Agreement, the Plaintiff was to dismiss the lawsuit within

30 days.  The Settlement Agreement, states in relevant part:

1. **Settlement.** In consideration for the execution of this Agreement, the Parties agree to the following:

   a. Russin shall testify truthfully about his tenure at AIL as set forth more fully in Exhibit A, to the extent he has personal knowledge regarding the same, in both a deposition and the Arbitration Hearing, if necessary, such necessity as determined by the Plaintiff (the "**Testimony**"); and

   b. Zinsky shall dismiss the Lawsuit Russin Parties (and the improperly named party, Russin Financial), in its entirety, and with prejudice, within thirty (30) days of the conclusion of the Arbitration Hearing against AIL and Simon Arias (the "**Dismissal**"); or

   c. If an appeal is taken regarding AIL, Arias Agencies, and /or Simon Arias, then Russin Parties Shall receive a dismissal from said Lawsuit within thirty (30) days.

   d. Should this matter ultimately result in a trial in federal court against AIL, Arias Agencies, and /or Simon Arias, Zinsky shall be permitted to use the Testimony in the federal court case; if Zinsky is specifically precluded from using Testimony in the federal court case by order of court, Russin agrees to testify consistent with this agreement in federal court.

   The Dismissal shall not be conditioned upon the outcome of the Arbitration Hearing against AIL and Simon Arias or against any other third party.

   Any disagreement between the Parties as to the quality of the Testimony shall be dispositively resolved by the Mediator appointed in the Lawsuit, David White.  Such neutral third party shall review the transcript of the Testimony (and Arbitration Hearing, if necessary) and determine whether Russin testified reasonably consistently with the stipulated facts set forth in Exhibit "A" of this Agreement.  For the avoidance of doubt, Zinsky need not testify verbatim to the facts stipulated in Exhibit "A."

Mr. Russin was available to testify, but the Plaintiff chose not to have Mr. Russin testify.

As such, there was no disagreement as to the quality of Mr. Russin's testimony as he did not

testify, and as such, any potential role of the Mediator David White to evaluate Mr. Russin's

testimony ended as there was no testimony.  The arbitration concluded, and the final Order of the

Arbitrators was entered on March 4, 2024, and later adopted by this Court on April 3, 2024.

More than 30 days have elapsed since the arbitration.  The Plaintiff has not dismissed the case as

required and is in clear breach of the Settlement Agreement.

      3.   Paragraph 3 of the Plaintiff's Response is denied as stated.  Again, it is unknown why

Plaintiff has made any averments regarding alleged negotiations concerning the formation of the

Settlement Agreement as that is axiomatic that alleged statements made during negotiations

towards a contract, such as the Settlement Agreement are irrelevant.  Furthermore, it is denied

that David White is the final authority on whether settlement shall be entered as it pertains to the

Russin Defendants.  This authority belongs solely with this Honorable Court. The plain language

of the Settlement Agreement states "Any disagreement between the Parties as to the quality of

the Testimony shall be dispositively resolved by the Mediator appointed in the Lawsuit, David

White." As Plaintiff is all too aware, Mr. Russin did ***not testify*** at the arbitration at Plaintiff's

choosing.  Therefore, there was no potential disagreement concerning the quality of Mr. Russin's

testimony to be evaluated by David White as no testimony took place.  Any future potential

hypothetical role Mediator White had, in this case, ended when Plaintiff did not call Mr. Russin

to testify.  As such, given the plain and clear language of the settlement agreement, it is

disingenuous at best, frankly bordering on a misrepresentation to this Court, for Plaintiff to

suggest that Mediator White had any role whatsoever determining if a settlement had been

reached as to the Russin Defendants.

      4.   The averments of Paragraph 4 are immaterial to Russin Defendants' Petition to

Enforce Settlement. Again, it is axiomatic that any alleged negotiations concerning an eventual settlement agreement are not relevant. Russin Defendants are frankly perplexed as to reasons why Plaintiff made any averments at all concerning alleged negotiations concerning a settlement.

5. Paragraph 5 of Plaintiff's Response is admitted. By way of further averment, Defendant attempted on multiple occasions to contact Plaintiff Counsel Williamson via phone call and by e-mail on April 12, 2024. A copy of the e-mail chain showing that Russin Defendants attempted to remedy the Plaintiff's breach by failing to dismiss the case is attached hereto as Exhibit 1. Russin Defendants waited four days to allow Plaintiff Counsel Williamson to contact them concerning Plaintiff's failure to dismiss the lawsuit. As such, for Plaintiff to assert to the Court that Russin Defendants did not speak to Plaintiff is improper as the only reason Plaintiff did not speak with Russin Defendants was Plaintiff Counsel's failure to respond to multiple efforts to contact her. Additionally, Russin Defendants cannot conceive of any rational reason to reach out to Mediator White. Mr. White had zero role remaining in the case as Plaintiff did not have Mr. Russin testify at the arbitration. Given the plain clear meaning of the language in the release demanding the case against Russin Defendants be dismissed, the assertion that Russin Defendants should have reached out to Mediator White is nonsensical.

6. Paragraph 6 of the Plaintiff's Response is denied. The plain clear language of the Settlement Agreement itself allows the Plaintiff to publish the Settlement Agreement to the Court to enforce its terms. Once again, had Plaintiff Counsel Williamson returned either a phone call or an e-mail to her, then the filing of the Russin Petition to Enforce Settlement could have been avoided. Furthermore, it is believed and therefore averred that Plaintiff is in flagrant and ongoing violation of the Confidentiality provisions in this case due to her repeated public disclosures in this case.

5

7.  Paragraph 7 of the Plaintiff's Response is denied. Given the plain clear language of the Settlement Agreement, which is referenced above so that the Court can understand and enforce the terms contained therein, the position that there is no settlement as to the Russin Defendants is ludicrous.

8.  Paragraph 8 of Plaintiff's Response is denied. The Plaintiff made multiple misrepresentations to the Court concerning the Settlement Agreement language.  Firstly, there was no requirement that Plaintiff and Russin confer about whether Russin was sufficiently honest.  Only if there was disagreement about the nature of the testimony of Russin was Mediator David White to be contacted.  Again, *Mr. Russin never testified at the arbitration*.  As Mr. Russin never testified at the arbitration, at Plaintiff's choosing, there cannot be a dispute as to the quality of testimony that never happened. It strains credulity that Plaintiff would assert to this Court that Mediator White needed to be contacted first to evaluate testimony that never happened. Finally, it is difficult to understand any rational, legitimate, or legal reason for Mediator White to even be mentioned at this point in the proceedings, let alone the ridiculous assertion that Mediator White needs to be contacted to evaluate testimony that didn't happen.

9.  Paragraph 9 of the Plaintiff's Response is denied.  The Russin Defendants have complied with all terms of the Settlement Agreement. The Plaintiff would have once again posted the Settlement Agreement so that the Court could evaluate the Russin Defendants' Petition to Enforce Settlement. The Plaintiff has not posted the Settlement Agreement in full at this time to avoid the overwrought objections of Plaintiff's Counsel.  The Plaintiff has executed a settlement agreement with the Russin Defendants.  Given the uncontroverted fact that a settlement agreement was entered into by the respective parties, it is a fanciful absurdity for Plaintiff to assert that there is not a settlement as to the Russin Defendants. The averments

contained in the Plaintiff's Response to Russin Defendants Petition to Enforce Settlement are so preposterous and delusional that the Court would be justified in issuing sanctions against Plaintiff.

Respectfully Submitted,

COZZA LAW GROUP

Matthew D. Gailey, Esquire
PA I.D. # 90920
mgailey@cozzaalaw.com
400 Holiday Drive, Suite 210
Pittsburgh, PA 15220
(412) 294-8444

*Counsel for Defendants Michael Russin, Russin Financial, and Russin Group*

Date: 4/25/24

7

4/25/24, 11:31 AM                                        Cozza Law Group PLLC Mail - Russin Defendants

 Gmail                                          **Matthew Gailey <mgailey@cozzalaw.com>**

## Russin Defendants
11 messages

---

**Matthew Gailey** <mgailey@cozzalaw.com>                          Fri, Apr 12, 2024 at 9:48 AM
To: awilliamson@awilliamsonlaw.com

Amy:

It has been a while since we last spoke.  I hope all is going well. I am now working here with commercial litigation.  Along those lines, I am following up on the settlement agreement in the Russin matter.

I have reviewed the same and it appears that our client is in line to have the case formally dismissed with the Court.  I request that you please go ahead and formally dismiss the matter as to Russin defendants.

Please let me know if there is something that I am missing on this issue.  Naturally, we will follow up with the Court with a petition to enforce the settlement if necessary.  Of course, I would like to avoid us both having to do extra unnecessary work in the matter.

I look forward to hearing from you.
**Matthew Gailey, Esq.**
Attorney, Cozza Law Group PLLC

**A** 400 Holiday Drive, Suite 210, Pittsburgh, PA 15220
**O** 412-294-8444   **M** 412-760-9087   **E** mgailey@cozzalaw.com
**W** cozzalaw.com

---

IRS Circular 230 Disclosure. To ensure compliance with requirements imposed by the IRS, we inform you that the federal tax advice (if any) contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.This email (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C.A. Sections 2510-2521. It contains confidential information for the addressee and may be protected by the attorney-client privilege. It is prohibited to read, copy, retain, or disseminate this communication unless you are the intended addressee. If you receive this e-mail by error, please contact the sender by reply e-mail or by phone at 412-294-8444. Please delete the email and its attachments from your computer. Receipt by anyone other than the proper recipient is not a waiver of any attorney-client, work product, or other applicable privilege. Thank you.

---

**Amy Williamson** <awilliamson@awilliamsonlaw.com>                Tue, Apr 16, 2024 at 1:33 PM
To: Matthew Gailey <mgailey@cozzalaw.com>

Hi Matt! Sorry I've been in all day depos … I can call you back later.
Just saw that you published the settlement agreement on pacer .. can you pls remove it off the public docket ASAP as it's confidential??
[Quoted text hidden]

---

**Amy Williamson** <awilliamson@awilliamsonlaw.com>                Tue, Apr 16, 2024 at 1:35 PM
To: Matthew Gailey <mgailey@cozzalaw.com>

I'm referring to the agreement itself … not the motion. We are fine with the motion filed online.  I already have reporters contacting me about this and it's confidential under rule 408.  Please remove it asap!!

Ex. 1

[Quoted text hidden]

---

**Matthew Gailey** <mgailey@cozzalaw.com>                                    Tue, Apr 16, 2024 at 1:38 PM
To: Amy Williamson <awilliamson@awilliamsonlaw.com>

I will get it removed.
**Matthew Gailey, Esq.**
Attorney, Cozza Law Group PLLC

A 400 Holiday Drive, Suite 210, Pittsburgh, PA 15220
O 412-294-8444   M 412-760-9087   E mgailey@cozzalaw.com
W cozzalaw.com

IRS Circular 230 Disclosure. To ensure compliance with requirements imposed by the IRS, we inform you that the
federal tax advice (if any) contained in this communication (including any attachments) is not intended or written to
be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any transaction or matter addressed herein.This email
(including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C.A. Sections 2510-2521.
It contains confidential information for the addressee and may be protected by the attorney-client privilege. It is
prohibited to read, copy, retain, or disseminate this communication unless you are the intended addressee. If you
receive this e-mail by error, please contact the sender by reply e-mail or by phone at 412-294-8444. Please delete
the email and its attachments from your computer. Receipt by anyone other than the proper recipient is not a waiver
of any attorney-client, work product, or other applicable privilege. Thank you.

[Quoted text hidden]

---

**Amy Williamson** <awilliamson@awilliamsonlaw.com>                          Tue, Apr 16, 2024 at 1:40 PM
To: Matthew Gailey <mgailey@cozzalaw.com>

Thank you!!
[Quoted text hidden]

---

**Rocco Cozza** <rcozza@cozzalaw.com>                                        Tue, Apr 16, 2024 at 1:47 PM
To: Matthew Gailey <mgailey@cozzalaw.com>

FYI.

---------- Forwarded message ---------
From: **Amy Williamson** <awilliamson@awilliamsonlaw.com>
Date: Tue, Apr 16, 2024 at 1:40 PM
Subject: Fwd: Russin Defendants
To: Rocco Cozza <rcozza@cozzalaw.com>


Rocco - including you on this as well in case Matt is out and time is of the essence.  I have already received calls from
reporters about it who have already obtained the ageeement and will likely publish it.  I am in the middle of a depo but can
talk later if needed.
[Quoted text hidden]


--



**Rocco E. Cozza, Esq.**
Founder and Managing Partner, Cozza Law Group PLLC

**A** 400 Holiday Drive, Suite 210, Pittsburgh, PA 15220
**O** 412-294-8444   **M** 412-527-3561   **E** rcozza@cozzalaw.com
**W** cozzalaw.com
**Watch my tedx talk** https://youtu.be/MFxj7MtGr9s

 

IRS Circular 230 Disclosure. To ensure compliance with requirements imposed by the IRS, we inform you that the federal tax advice (if any) contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.This email (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C.A. Sections 2510-2521. It contains confidential information for the addressee and may be protected by the attorney-client privilege. It is prohibited to read, copy, retain, or disseminate this communication unless you are the intended addressee. If you receive this e-mail by error, please contact the sender by reply e-mail or by phone at 412-294-8444. Please delete the email and its attachments from your computer. Receipt by anyone other than the proper recipient is not a waiver of any attorney-client, work product, or other applicable privilege. Thank you.

---

**Matthew Gailey** <mgailey@cozzalaw.com>                                    Tue, Apr 16, 2024 at 2:03 PM
To: Amy Williamson <awilliamson@awilliamsonlaw.com>

Amy:

Please note that I reached out to you four days ago via phone message and via e-mail in an attempt to have the case dismissed without contacting the Court.  I did not hear from you so I filed the Petition.

I initially attached the settlement agreement because the Court would need to review the same to determine if my averments were accurate.  Naturally,  the Court would not just take my word for it, as they would want to review the terms of the agreement.

However, when you said that it is confidential, I took another look at the agreement to make sure that no error was made on our end.  I would direct your attention to Paragraph 6 which states as follows:

6. Confidentiality

The terms and conditions of this Agreement are absolutely confidential between the Parties and shall not be disclosed to anyone else, except as shall be necessary to effectuate its terms...

I believe that Judge Horan needs to review the document in order for her to rule on the Petition.  As such, I believe its publication was justified.  Nevertheless, as a show of good faith, I am in the process of removing the same.  Along these lines, my staff has informed me that the Court is going to take the filing down.  I will refile with my brief description of the relevant section of the agreement without attaching the agreement itself.

On another note, it appears to my client that there have already been material breaches of the agreement.  My client believes that your client has continued to disparage him in the press despite the existence of the settlement agreement.  Please direct your client to cease and desist making any disparaging remarks concerning my client.

Thank you.

**Matthew Gailey, Esq.**
Attorney, Cozza Law Group PLLC

**A** 400 Holiday Drive, Suite 210, Pittsburgh, PA 15220
**O** 412-294-8444   **M** 412-760-9087   **E** mgailey@cozzalaw.com

W cozzalaw.com

---

IRS Circular 230 Disclosure. To ensure compliance with requirements imposed by the IRS, we inform you that the
federal tax advice (if any) contained in this communication (including any attachments) is not intended or written to
be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any transaction or matter addressed herein.This email
(including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C.A. Sections 2510-2521.
It contains confidential information for the addressee and may be protected by the attorney-client privilege. It is
prohibited to read, copy, retain, or disseminate this communication unless you are the intended addressee. If you
receive this e-mail by error, please contact the sender by reply e-mail or by phone at 412-294-8444. Please delete
the email and its attachments from your computer. Receipt by anyone other than the proper recipient is not a waiver
of any attorney-client, work product, or other applicable privilege. Thank you.

[Quoted text hidden]

---

**Amy Williamson** <awilliamson@awilliamsonlaw.com>                                   Tue, Apr 16, 2024 at 2:44 PM
To: Matthew Gailey <mgailey@cozzalaw.com>

I understand that judge Horan may need to review the agreement but I would ask that you not file the actual agreement.
In the alternative, I think there's a potential that you may not have to file anything if we can discuss first?  I know that you
are new to this case but it's a bit complicated

Im not aware of any breaches on behalf of my client but pls feel free to send me whatever you're referring to in that
regard.
[Quoted text hidden]

---

**Matthew Gailey** <mgailey@cozzalaw.com>                                             Tue, Apr 16, 2024 at 3:51 PM
To: Amy Williamson <awilliamson@awilliamsonlaw.com>

I reached out to you four days ago in order to avoid filing anything.  I heard nothing.  I understand that the case may be
complicated, but I don't really need to know all that much about it given that the case is over.

 I am going to file a revised motion which does not attach the agreement.

**Matthew Gailey, Esq.**
Attorney, Cozza Law Group PLLC

A 400 Holiday Drive, Suite 210, Pittsburgh, PA 15220
O 412-294-8444    M 412-760-9087    E mgailey@cozzalaw.com
W cozzalaw.com

---

IRS Circular 230 Disclosure. To ensure compliance with requirements imposed by the IRS, we inform you that the
federal tax advice (if any) contained in this communication (including any attachments) is not intended or written to
be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any transaction or matter addressed herein.This email
(including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C.A. Sections 2510-2521.
It contains confidential information for the addressee and may be protected by the attorney-client privilege. It is
prohibited to read, copy, retain, or disseminate this communication unless you are the intended addressee. If you
receive this e-mail by error, please contact the sender by reply e-mail or by phone at 412-294-8444. Please delete

the email and its attachments from your computer. Receipt by anyone other than the proper recipient is not a waiver
of any attorney-client, work product, or other applicable privilege. Thank you.

[Quoted text hidden]

---

**Amy Williamson** <awilliamson@awilliamsonlaw.com>                          Tue, Apr 16, 2024 at 8:29 PM
To: Matthew Gailey <mgailey@cozzalaw.com>

Again, it's not that simple. But thanks
[Quoted text hidden]

---

**Amy Williamson** <awilliamson@awilliamsonlaw.com>                          Tue, Apr 16, 2024 at 8:39 PM
To: Matthew Gailey <mgailey@cozzalaw.com>

I appreciate your call and was planning on calling you back but have been in depos every day all day this week. I thought
that you could hold off on the filing until we talked. In any case, I think the same goal could have been accomplished
without publishing the entire agreement on the public docket.

As you may have seen, it's already been secured by reporters and reported on publicly. I can't imagine your client is going
to be pleased.
[Quoted text hidden]