IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RENEE ZINSKY, | Civil Action |
| Plaintiff, | No. 2:22-cv-547 |
| vs. | |
| MICHAEL RUSSIN, RUSSIN FINANCIAL, RUSSIN GROUP, SIMON ARIAS, III, ARIAS AGENCIES, S.A. ARIAS HOLDINGS, LLC, AMERICAN INCOME LIFE INSURANCE COMPANY, | **PLAINTIFF'S RESPONSE TO NON-PARTY AIL'S UNTIMELY OBJECTION** |
| Defendants. | |

AND NOW COMES Plaintiff, by and through her counsel, John R. Kane, Esquire, Amy Williamson, Esquire, and Savinis, Kane, & Gallucci, LLC, and files the instant response to non-party AIL's objection:

1. By order of court dated, April 3, 2024 (ECF No. 137), this Honorable Court dismissed AIL from the instant lawsuit.

2. Hence, AIL is not a party to the instant action, and consequently, it lacks standing to place any objection in this matter.

3. AIL did not file a motion to intervene, nor did it request leave of court to file an untimely objection.

4. On April 17, 2024, this Honorable Court ordered Plaintiff to respond to the Motion to Enforce Settlement, on or before April 24, 2024. While Plaintiff responded on April 24, 2024, non-party AIL provided an untimely objection on April 25, 2024, without leave of Court.

5. As AIL has been dismissed from this case, by its own request, its untimely and inappropriate objection should likewise be dismissed.

6. Plaintiff's position regarding the alleged settlement remains unchanged after non-party AIL's untimely objection.[1]  Russin's motion should be denied, and the parties should be directed to raise these issues with Arbitrator White, per the terms of the agreement reached at arbitration.  Only after the parties have first mediated these issues with Mr. White can the issue of the agreement, breaches of the agreement, or potential enforcement of the agreement be thereafter determined, per prior agreement.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court DENY Defendant's motion and order the parties to meet again with mediator, David White, Esquire.

Respectfully submitted,

_/s/ John R. Kane_
John R. Kane, Esquire
Counsel for Plaintiff

---

[1] Without waiving her objection to standing and untimeliness, Plaintiff disputes the merits of AIL's objection.  No money was exchanged for testimony, nor was it to occur in the future.  Plaintiff is free to file a motion for dismissal of claims at any time, subject to the tenets of Federal Rule of Civil Procedure 41.  How that would play out in the future would be determined by which parties remained in the case at that time, and what their respective positions would be to dismissal of any other party.  However, as it is no longer a party, AIL lacks standing to object.  Regardless, Plaintiff's position regarding the ultimate outcome of Russin's motion is the same as AIL's, as Plaintiff does not believe that Russin should be dismissed from this case, and his motion should be denied.  Even assuming *arguendo*, that Mediator White determines that Russin testified consistent with his prior representations, Russin materially breached the agreement per its express terms set forth in paragraph 6 of the agreement, as noted in Plaintiff's response to Russin's motion.