**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RENEE ZINSKY, | ) | 2:22-CV-547 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge Marilyn J. Horan |
| MICHAEL RUSSIN, RUSSIN FINANCIAL, RUSSIN GROUP, SIMON ARIAS III, ARIAS AGENCIES, S.A. HOLDINGS, LLC and AMERICAN INCOME LIFE INSURANCE COMPANY, | ) ) ) ) ) | |
| Defendants | | |

**DEFENDANTS' REPLY TO DEFENDANT AMERICAN INCOME LIFE INSURANCE COMPANY OBJECTION TO SETTLEMENT AGREEMENT**

FILED ON BEHALF OF:

Defendants

Michale Russin, Russin Financial, and Russin Group

Matthew D. Gailey, Esquire
PA ID No. 90920
Mgailey@cozzalaw.com
400 Holiday Drive, Suite 210
Pittsburgh, PA 15220

**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

RENEE ZINSKY, ) 2:22-CV-547

Plaintiff, )

v. )

) Judge Marilyn J. Horan

MICHAEL RUSSIN, RUSSIN FINANCIAL, RUSSIN GROUP, SIMON ARIAS III, ARIAS AGENCIES, S.A. HOLDINGS, LLC and AMERICAN INCOME LIFE INSURANCE COMPANY, )

Defendants

**DEFENDANTS' REPLY TO DEFENDANT AMERICAN INCOME LIFE INSURANCE COMPANY'S OBJECTION TO SETTLEMENT AGREEMENT**

AND NOW, comes the Defendants, Michael Russin, Russin Financial, and Russin Group, hereinafter "Russin Defendants", by and through their attorneys, Cozza Law Group, and files the following Reply to Defendant American Income Life Insurance Company's Objection to Settlement Agreement averring as follows:

**INTRODUCTION**

Defendant American Income Life Insurance Company, hereinafter "AIL", has filed an Objection to the Settlement Agreement of Zinsky and Russin Defendants. Russin Defendants disagree with AIL's assertions that Russin Defendants acted wrongly concerning the Settlement Agreement. This reply will briefly outline why Russin Defendants did not act inappropriately concerning the settlement agreement. Despite AIL's claims lacking merit against Russin Defendants in their Objection to the Settlement Agreement, for the sake of judicial economy and to avoid further litigation on this issue, Russin Defendants will also file a Motion to Withdraw the Petition to Enforce Settlement.

## I. AIL LACKS STANDING TO FILE OBJECTIONS TO THE SETTLEMENT AGREEMENT

Firstly, it appears from AIL's own filing that they lack standing to issue objections to the Settlement Agreement in this matter. AIL put forward their justification that they had standing in footnote #2 which states:

> A non-settling party has standing to object to the enforcement of a settlement agreement that affects the non-settling party's rights. See *Eichenholtz v. Brennan*, 52 F.3d 478, 482 (3d Cir. 1995); *In re Cendant Corp. Sec. Litig.*, No. 98-CV-1664 (WHW), 2007 WL 2164241, at *4 (D.N.J. July 25, 2007). AIL has standing to object to the Settlement Agreement because the purchased testimony appears to have been purposefully crafted to impact AIL's legal rights in the arbitration proceeding in the future.

This footnote contains all the justification that AIL for having standing to make their objections to the Settlement Agreement when it states: "AIL has standing to object to the Settlement Agreement because the purchased testimony appears to have been purposefully crafted to impact AIL's rights in the arbitration proceeding in the future." See ECF 149 at p. 2. As this Court and AIL know, there never was an arbitration proceeding in the future and Plaintiff's claims against AIL have been dismissed with prejudice. See ECF 149 at p. 2 Therefore, AIL is claiming to have standing to object to the Settlement Agreement based on their legal rights being impacted in a proceeding that never happened. As AIL had previously prevailed before any arbitration, as the Plaintiff dismissed all of their claims against them, then AIL had no rights remaining to protect given their clear victory. Therefore, as the case was over for AIL, AIL has no standing to object to the Settlement Agreement, as they no longer had any rights to protect.

Additionally, the cases cited by AIL in their Objection to Settlement Agreement are clearly distinguishable from this case. *Eichenholtz v. Brennan* is a case centered around public offerings to generate underwriting fees and sell securities at an inflated value. In that case, the non-settling defendants argue that they would have standing under New Jersey law to object to

settlements that purport to strip it of a legal claim or cause of action, an action for indemnity or contribution for example. See: *Eichenhotlz v. Brennan*, 52 F.3d 478, 482 (1995) citing *Waller v. Financial Corp. Of America*, 828 F.2d 579, (9th Cir. 1987). None of those things happened here as AIL was never stripped of a legal claim or cause of action, an action for indemnity, or contribution. As such, this case does not confer standing on AIL. Additionally, *In re Cendant Corp. Sec. Litig* No. 98-CV-1664 (WHW), 2007 WL 2164241, at *4 (D.N.J. July 25, 2007) is a New York security litigation case that deals with indenture agreements that outline compliance by bondholders to prevent dismissal of their suit. This case has no relevance to the Settlement Agreement here. AIL has failed to provide any authority, support, or any basis whatsoever that they have standing to object to the Settlement Agreement.

## II. RUSSIN DEFENDANTS NEVER RECEIVED ANY COMPENSATION NOR DID RUSSIN EVER TESTIFY AT ARBITRATION IN THIS MATTER AS THE PLAINTIFF DISMISSED THEIR CASE AGAINST AIL

Based on the record and AIL's filing, it is also clear that Russin Defendants never got compensation for testimony in this matter. AIL relies on the Pennsylvania Rule of Professional Conduct 3.4(b) which states: "A lawyer shall not pay, offer to pay, or acquiesce in the payment of compensation to a witness contingent upon the content of the witness's testimony." As to Russin Defendants, this simply did not occur for various reasons. Firstly, Plaintiff was never compensated a penny for his testimony. Secondly, there never was any testimony offered by Russin Defendants at the arbitration as no arbitration occurred in this case. As Russin never testified at Arbitration, the Russin Defendants cannot have been said to exchange testimony for compensation. Finally, AIL continued to cite cases that are distinguishable from this case in that they dealt with cash payments for testimony. *In re Compl. Of PMD Enterprises Inc.*, 215 F.Supp. 2d 519, 530 (D.N.J. 2002), *Florida Bar v. Wohl*, 842 S. 2d

811 (Fla. 2003), and *U.S. v Blaszak*, 349 F.3d 881 (6th Cir. 2003) all deal with cases where a witness was paid cash for their testimony and have no relevance to this matter. Simply put, AIL has not cited any controlling authority in their objection that would show that the Settlement Agreement was illegal.

As a matter of clarity for the Court, new Counsel for Russin Defendants was not involved in any aspect of the formation of the Settlement Agreement. Furthermore, in response to AIL's Motion new Counsel merely sought enforcement of the Settlement Agreement as more than 30 days had elapsed since the Arbitrators issued their award. Also, the new Counsel removed the Settlement Agreement from the docket as a show of good faith at the request of Plaintiff Counsel and not because of any alleged illegality or any problem with its disclosure.

Finally, while the Russin Defendants have asserted that a settlement occurred, the Plaintiff vehemently disagreed. As the Plaintiff has argued in filings that no settlement has occurred and that they wish to proceed against Russin Defendants, nothing of value has ever been delivered to the Russin Defendants by the Plaintiff. Consequently, it cannot legitimately be argued by AIL that this Settlement Agreement conferred value upon the Russin Defendants in an illicit manner if the Plaintiff refuses to honor its terms.

## III. CONCLUSION

In conclusion, AIL does not even possess the standing to assert an objection to the Settlement Agreement as AIL asserts their standing to object is based on an impact on AIL's legal rights in a proceeding that never happened, namely the Arbitration. This Honorable Court need not even review the merits of their objection to the Settlement Agreement. Furthermore, although there is no merit to the objection of AIL to the Settlement Agreement, Russin Defendants responded to AIL's Objection as requested by this Honorable Court. While Russin

Defendants believe that this case should be dismissed, for the sake of judicial economy and to avoid protracted litigation on this issue, Russin Defendants shall withdraw their Petition to Enforce the Settlement Agreement.

Respectfully Submitted,

COZZA LAW GROUP

Date: 5/7/24

Matthew D. Gailey, Esquire
PA I.D. # 90920
mgailey@cozzaalaw.com
400 Holiday Drive, Suite 210
Pittsburgh, PA 15220
(412) 294-8444

*Counsel for Defendants Michael Russin, Russin Financial, and Russin Group*